UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK, | |
| *Plaintiff*, | |
| v. | Case No.: 1:23-cv-01373-DII |
| EXPEDIA, INC., AND MICHAEL DAVIS VELASCO, | |
| *Defendants*. | |

## PLAINTIFF MICHAEL KASCSAK'S CONDITIONAL MOTION FOR LEAVE TO AMEND

On January 22, 2024, Defendants Expedia, Inc. and Michael Davis Velasco—Expedia's Chief People, Diversity, and Inclusion Officer—filed a motion to dismiss Plaintiff Michael Kascsak's complaint. Their motion focused on three central arguments: First, that Kascsak's 42 U.S.C. § 1981 claim against Davis Velasco should be dismissed because Kascsak's complaint does not make a *prima facie* case for this Court's personal jurisdiction over him. Second, that the fiduciary shield doctrine precludes § 1981 liability over Davis Velasco. And third, that Kascsak's complaint does not plausibly allege race as a but-for cause of Defendants' relevant adverse employment actions.

Kascsak's response to Defendants' motion clearly demonstrates all three of Defendants' arguments are without merit and that the motion should be denied in full. However, in the event this Court disagrees then Kascsak intends to amend his Complaint or provide additional evidence consistent with the Court's ruling. Because Fifth Circuit courts require "some notice of the nature of [] proposed amendments" to a complaint, *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590

1

(5th Cir. 2016), Kascsak attaches this Conditional Motion as an exhibit to his response. He also respectfully insists that this Conditional Motion is presented only to comply with such procedural requirements and thus the Court should not view its inclusion as conceding the strength of his response arguments in any way.

Pivoting to the merits of this Conditional Motion, a court should "freely" give leave to amend when "justice so requires." Fed. R. Civ. P. 15(a)(2). In the event this Court grants the motion, justice requires leave to amend because of the law's substantial interest in remedying racial discrimination, because Kascsak has complied as a litigant with the rules and demands of this Court, and because relatively minor pleading semantics should not preclude Kascsak from asserting his substantive rights.

Based on Defendants' motion to dismiss, Kascsak anticipates potential angles for amendment in the event the Court grants the motion. First, should the Court find it lacks personal jurisdiction over Davis Velasco for the § 1981 claim based on the briefings alone, Kascsak will request limited discovery as to Davis Velasco's interactions with Expedia's Austin office and his Texas travel. He will then seek leave to amend to provide further detail based on this discovery and to better document his relevant interactions with Davis Velasco. Second, if the Court finds Kascsak did not plausibly allege race was a but-for cause of Defendants' adverse action due to the declaration statements cited in their motion, he will seek leave to amend and clarify in a subsequent declaration that his quote about age, race, and sex was a snapshot evaluation of what Allison Allen told him at that relevant moment, not a factual allegation. Third, if the Court finds Davis Velasco did not clearly demonstrate but-for causation, Plaintiff seeks leave to amend and clarify the nexus between Defendants' racial policies and their decision not to hire Kascsak. Finally, in the event the Court

identifies a flaw in Kascsak's complaint that it lawfully raises *sua sponte*, Kascsak would also request leave to amend consistent with that issue.

Plaintiff respectfully requests that if the Defendants' Rule 12(b)(6) Motion is granted in any respect that this Motion for Conditional Leave to Amend should be GRANTED.

Respectfully submitted on this TBD,

//s Max Schreiber_____

Ashley Courtney Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1030747
ashleycourtney@protonmail.com
845-270-3843

Alexander Liebmann, Esq.*
**bar admission pending* and *pro hac vice*
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
**pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

**PROOF OF SERVICE**

I hereby certify that on TBD, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system. Because defense counsel has not yet appeared in this case, I have served this declaration on them via email with their permission.

*/s/Max Schreiber*
Max A. Schreiber
Counsel of Record

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK, | |
| *Plaintiff,* | |
| v. | Case No.: 1:23-cv-01373-DII |
| EXPEDIA, INC., AND MICHAEL DAVIS VALASCO, | |
| *Defendants.* | |

**ORDER ON PLAINTIFF MICHAEL KASCSAK'S CONDITIONAL
MOTION FOR LEAVE TO AMEND**

IT IS HEREBY **ORDERED** that Plaintiff be given leave to amend his complaint under Fed.
R. Civ. P. 15(a)(2). Plaintiff shall be allowed to freely amend his complaint as outlined in his
conditional motion for leave to amend and as otherwise allowed under the Rules of Procedure and
the Court's Local Rules, consistent with this Court's granting of Defendants' motion to dismiss.

IT IS HEREBY **ORDERED AND ADJUDGED**.

_____
DISTRICT JUDGE