# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC., AND MICHAEL DAVIS VELASCO,<br><br>*Defendants*. | Case No.: 1:23-cv-01373-DII |

### PLAINTIFF MICHAEL KASCSAK'S OBJECTION
### TO THE REPORT AND RECOMMENDATION

### ARGUMENT

Plaintiff Michael Kascsak of Leander, Texas, writes to respectfully object to the Report and Recommendation, Dkt.19 ("the Report"), because it makes legal errors as to the Court's personal jurisdiction over Defendant Michael Davis Velasco. Separately, Kascsak respectfully objects out of an abundance of caution to two *potential* factual errors in the Report's otherwise favorable and correct 42 U.S.C. § 1981 recommendation, to preserve and protect appellate rights. For the following reasons, the Court should correct the Report's deficiencies and then deny Defendants' motion to dismiss.

**A. The Report erroneously dismissed Davis Velasco's relevant jurisdictional facts as "general" and did not apply the correct legal standard to Davis Velasco's directive to not hire Kascsak, a Texas resident, for a job in Texas.**

In his response brief, Kascsak presented two arguments to establish personal jurisdiction over Davis Velasco in this Court. The first centered on the fact that the aggregation of Davis Velasco's relevant contacts with Texas gave rise and related to Kascsak's 42 U.S.C. § 1981 claim against

him. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (2014); Dkt.13 at 5-7. The second argument was that Davis Velasco's contacts with Texas were intentional and initiated by him, such that the harm there was not random. Dkt.13 at 8-9 (citing *Walden v. Fiore*, 571 U.S. 277, 289-90 (2014)). The Report did not address each argument individually, but instead asserted that the Court lacked personal jurisdiction because many of the jurisdictional facts Kascsak submitted were "general[]"—and thus not relevant—and because Davis Velasco's relevant contact with Texas was "random." Dkt.19 at 7 n.2, 9. But the Report's conclusions as to personal jurisdiction are wrong.

> **i. Davis Velasco promulgates discriminatory policies into Expedia's Austin office and concedes that he travels to Texas to fulfill those policies—it was completely predictable a § 1981 claim like Kascsak's would arise against Davis Velasco from these actions.**

The Report is flawed because its personal jurisdiction analysis only considers one "alleged action" by Davis Velasco toward the State of Texas, specifically his "directive from New York for Expedia to not hire Kascsak and to search for more diverse applicants." Dkt.19 at 9. But Kascsak presented a plethora of jurisdictional facts in his complaint and response motion that connected Davis Velasco to Texas. For example, the corporate diversity policies that Davis Velasco promulgates are implemented in Expedia's Austin office—one of only four offices in the United States. Dkt.13 at 6 (citing Dkt.13-6, Dkt.8-6 and Comp. ¶¶ 25, 35). He travels to Texas and attends various diversity conferences to promote these policies. Dkt.13 at 5 (citing Dkt.13-1, Dkt.13-2, Dkt.13-3, Dkt.13-4, Dkt.13-6). And Davis Velasco interviewed Kascsak while Kascsak sat in the Texas, decided not to hire Kascsak for a job in Texas, and—through agents Lisa Christensen and Kristin Stencil—he cancelled a rescheduled video-discussion with Kascsak and told him he would not get the pertinent job while Kascsak was at home in Texas. *See Lee v. Verimatrix, Inc.*, CIVIL ACTION NO. 3:19-CV-0898-B, 5 (N.D. Tex. Oct. 25, 2019) (citing *Walden*, 571 U.S. at 285, to

2

note an agent's contacts with a State are imputed to Defendant); Dkt.13 at 5 (citing Comp. ¶¶ 18, 43, 61-65). All of these "suit-related contacts—professional and personal—factor into the personal jurisdiction analysis" for Davis Velasco. *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 46 (D.C. Cir. 2020) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) and *Calder v. Jones*, 465 U.S. 783, 790 (1984)).

In a footnote the Report incorrectly dismisses Davis Velasco's "travel[] to Texas for work" and "promot[ion of] diversity policies generally" as lacking a "nexus" with Kascsak's "alleged harm." Dkt.19 at 7 n.2; *see also* Dkt.19 at 10 n.4 (reiterating the conclusion in n.2).[1] But Defendant himself concedes the nexus: In a blog post which reports on Expedia's attendance at a race-based networking event in Texas—published after the Parties briefed the Court on Defendants' Motion to Dismiss—Davis Velasco is quoted as saying that attendance at such events is "*designed* to … progress [Expedia's] hiring [] representation goals."[2,3] Ex. A at 3. These "representation goals" are the backbone of Kascsak's § 1981 claim against Davis Velasco, because they are written and implemented by him and caused him to discriminate against Kascsak based on race. *See, e.g.*, Comp. ¶¶ 25-36. There's the nexus. Further, when a corporate officer "play[s] a role in the initial creation of" discriminatory "policies at issue" from one State and those policies are "at the core of

---

[1] Technically, the Report says that Kascsak does not "allege a nexus." Kascsak reads this to be a substantive critique that can be addressed in briefing rather than a literal one, since a "complaint need not include facts alleging personal jurisdiction." *See Gen. Elec. Cap. Corp. v. Posey*, No. 4:02-CV-319-Y, 11 (N.D. Tex. Mar. 20, 2006); *see also Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). If the Report meant literally that Kascsak had to allege a nexus in his complaint, then that is further independent error.
[2] According to the blog's source code, the post was published on March 6, 2024, and then modified on March 14, 2024.
[3] Kascsak can introduce new jurisdictional evidence after the Report is issued, especially if it didn't exist before the Report was briefed. *Cf. Maverick Whiskey v. Brewery on Half Moon Bay*, 2020 U.S. Dist. LEXIS 256030, *6 (W.D. Tex. 2020) (accepting the report and recommendation's dismissal on personal jurisdiction grounds because "Plaintiff has no new information to show that personal jurisdiction exists over Defendant."); *see also Gen. Elec.*, No. 4:02-CV-319-Y at 11.

the instant case" in another State, that creates a nexus between the corporate officer and the forum with which "the Court can [] exercise personal jurisdiction." *Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 8-9 (D.D.C. 2009) (addressing discrimination claims against a corporate officer); *see also Urquhart-Bradley*, 964 F.3d at 48 (noting the defendant officer's managerial authority and continuing contact in the D.C. office, along with direct contact with the plaintiff, meant "for personal jurisdiction purposes, this case is about more than a single termination telephone call.").[4] Thus, Davis Velasco's discriminatory policies are relevant to the personal jurisdiction analysis, too.

By accounting for the jurisdictional facts the Report disregarded, it is clear Davis Velasco "traveled to, conducted activities within, [and] contacted [someone] in" Texas. *Walden*, 571 U.S. at 289; Dkt.13 at 5-6. Kascsak's claim against Davis Velasco "arises out of or relate[s] to" these contacts. *Ford Motor Co.*, 141 S. Ct. at 1025. Accordingly, this Court has personal jurisdiction.

**ii.  Davis Velasco's tortious contact with Texas was intentionally "initiated" by him, not Kascsak, and thus the Court has personal jurisdiction independently on these grounds.**

Separately, the Report is independently flawed because it held Davis Velasco's "directive for Expedia to not hire Kascsak and to instead look for a more diverse candidate," Dkt.19 at 7, to be a "fortuitous," "random," and "attenuated" contact with Texas. *See* Dkt.19 at 9 (citing *Walden*, 571 U.S. at 290 and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This finding does not correctly apply Fifth Circuit law applying *Walden* to intentional torts. The Report cites the right cases but misreads the law: Davis Velasco's relevant contact with Texas was *intentional* and *initiated* by him, so the Court has jurisdiction.

---

[4] *Urquhart-Bradley* remanded on fiduciary shield grounds, but its personal jurisdiction dicta led the defendant to stipulate to concede the issue on remand. *See Urquhart-Bradley v. Cushman & Wakefield, Inc.*, 2020 U.S. Dist. LEXIS 239771, *5 n.2 (D.D.C. 2020).

4

The most informative Fifth Circuit cases on point here are *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485 (5th Cir. 2018), *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491 (5th Cir. 2022), and *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994). These cases all analyze personal jurisdiction involving tortious conduct and a singular contact with the relevant State. And the Report cites the first two cases while *Wilson* is cited and discussed in both. In *Trois*, the Fifth Circuit found personal jurisdiction because the defendant was "the key negotiating party" "in a [single] call to Texas" whose "intentional conduct … led to this litigation." 882 F.3d at 491. But in *Danziger* and *Wilson*, the panels rejected personal jurisdiction because in both cases the defendants' relevant actions—while tortious—were *initiated* by the respective plaintiffs. Neither the single "unsolicited phone call" from Texas that the defendant answered in *Wilson* nor the "single unsolicited email" from Texas that the defendant responded to in *Danziger* could fairly justify dragging them into Court there. *Wilson*, 20 F.3d at 649; Dkt.19 at 10 (citing *Danziger*, 24 F.4th at 498).

The jurisdictional fact upon which the Report relies is *much more* like *Trois* than *Danziger*/*Wilson* because Davis Velasco intentionally initiated the relevant tortious contact with Texas.[5] As the Report states, Davis Velasco "issued a directive for Expedia to not hire Kascsak and to instead look for a more diverse candidate." Dkt.19 at 7. This is "intentional conduct" and, while it was communicated to Kascsak by Lisa Christensen, Davis Velasco was the "key party" for the decision and Christensen acted as his agent in delivering the news to Kascsak. *Trois*, 882 F.3d at 491. Jurisdiction might be a different story if the same news was delivered to Kascsak when Davis Velasco first interviewed him, since *that* hypothetical discussion—like in *Wilson* and

---

[5] Of course, if the Court incorporates the additional jurisdictional facts which Kascsak presents, *supra*, then personal jurisdiction is much stronger than even in *Trois*.

5

*Danziger*—wouldn't have been initiated by Davis Velasco; he would be simply a cog in the Company's interview process. But by the time Davis Velasco made the illegal decision not to hire Kascsak because of race, he had already interviewed him, considered his candidacy, knew where he was based, *and* made further efforts to meet with him. *See* Dkt.13 at 5. Thus, Davis Velasco intentionally initiated tortious contact with Texas himself when he ultimately decided not to give Kascsak the job and had Christensen communicate that. And, while the Report cites *Danziger* to say "none of [Davis Velasco's] conduct occurred in Texas," this is *not* a requirement for personal jurisdiction. *See, e.g.*, *Trois*, 882 F.3d at 491; *Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001); *see also Lee*, CIVIL ACTION NO. 3:19-CV-0898-B at 5 (noting an agent's contacts with Texas, such as Lisa Christensen calls to Kascsak, count for personal jurisdiction purposes). Thus, the Court independently has jurisdiction over Davis Velasco based on this argument.

### iii. Should the Court not believe personal jurisdiction has been met, it should hold the Motion to Dismiss in abeyance and permit limited jurisdictional discovery.

If the Court still is not convinced as to personal jurisdiction over Davis Velasco, it should permit limited jurisdictional discovery on this issue. Kascsak has "provided evidence that [Davis Velasco] may have had specific, suit-related contacts with Texas." *Donohue v. Zhenyin Wang*, 2022 U.S. Dist. LEXIS 245794, *2 (W.D. Tex. 2022) (allowing jurisdictional discovery after a Magistrate's Report and Recommendation concluded there was no personal jurisdiction). The Court has "broad discretion to permit a party to conduct jurisdictional discovery." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Kascsak notified the Court of his intent to ask for limited discovery if he was unsuccessful in proving personal jurisdiction in his response brief, including by attaching a proposed motion for such relief. *See* Dkt.13 at 18 n.6; Dkt.13-7 (attaching a conditional motion for leave to amend the complaint in the event Kascsak failed to demonstrate personal jurisdiction). Holding the motion in abeyance for jurisdictional discovery would be

6

appropriate if the Court is inclined to grant Defendant's motion to dismiss, since Kascsak has already demonstrated Davis Velasco has contacts with Texas and that they are related to the race-conscious hiring policies he promulgates at Expedia. Further, this is more efficient than dismissing without prejudice and having Kascsak file for limited jurisdictional discovery. The Court can grant this relief at this stage without requiring independent briefing, and it should do so because Kascsak—at worst—demonstrated relevant contacts with Texas that warrant further investigation. *See*, *e.g.*, *Donohue v. Zhenyin Wang*, 2022 U.S. Dist. LEXIS 245794; *Schultz v. Moser Engine Serv.*, 2017 U.S. Dist. LEXIS 222764, *4 (W.D. Tex. 2017).

**B. The Report correctly concluded that Kascsak pleaded "but-for" causation on his § 1981 claim but made erroneous factual observations in Defendants' favor which should be corrected, and which further militate against dismissal.**

Out of an abundance of caution to preserve his appellate rights, Kascsak submits a narrow objection to two factual observations in the Report, specifically (a) that he alleged "he was denied an executive position at Expedia due to his race *and* sex," Dkt.19 at 1 (emphasis added), and (b) that that "Kascsak *alleged* he was discriminated against because of his race or his gender or his age." Dkt.19 at 11 (citing Dkt. 8-1 ¶¶ 49, 50) (emphasis added). It is more likely that these "are assumptions" in Defendants' favor "made by the district court for the sake of argument en route" to ruling for Kascsak, rather than factual findings. *Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 628 (9th Cir. 2018). However, the Report does not make this clear, so Kascsak objects to these statements in case the Court is inclined to interpret them as findings so that he can preserve arguments and standard of review. *See Medina v. Wal-Mart Stores Tex., L.L.C.*, No. EP-17-CV-00320-DCG, 2 (W.D. Tex. 2019) (noting "*any* portion for which no objection is filed, the Court reviews for clearly erroneous factual findings" (emphasis added)).

7

First, Kascsak never alleged "race *and* sex" motivated Defendants' actions. Dkt.19 at 1 (emphasis added). Instead, he separately alleges race *or* sex drove them to withdraw the offer of employment by using alternate pleadings—but he does not make a cumulative allegation as to race *and* sex in the complaint. *See generally* Dkt.8; Dkt.13 at 15 (citing FRCP 8(d)(3) which states a "party may state as many separate claims [] as it has, regardless of consistency."). Second, Kascsak did not "*allege*[] he was discriminated against because of his race or his gender or his age." Dkt.19 at 11 (citing Dkt. 8-1 ¶¶ 49, 50) (emphasis added). Age goes unmentioned in Kascsak's complaint, and this statement is plucked from an attached affidavit—this is *not* an allegation in his complaint, and thus not relevant to the Rule 12(b)(6) analysis. *Leonard v. Coalinga State Hosp.*, 2019 U.S. Dist. LEXIS 88170, *20-21 (E.D. Cal. 2019) (dismissing a complaint because it did not make allegations demonstrated by the attached exhibits). Moreover, the statement reflects Kascsak's initial reaction from being told by Expedia that they wanted a diverse candidate for the role; it is a thought, not a factual allegation. *See* Dkt.13 at 17-18. The Report doesn't address this.

These two factual errors are important because they distinguish this case from Defendants' single example of in-circuit caselaw, *Hopkins v. Wayside Schs.*, No. 1:21-CV-0334-RP (W.D. Tex. 2023) (notice of appeal filed). In that case, the plaintiff alleged *within the same cause of action*— in fact, in back-to-back paragraphs—that *both* race and his whistleblowing motivate the defendant's adverse action. *Id.* at ECF No. 40 ¶¶ 57-59.[6] The *Hopkins* Court granted the motion to dismiss on but-for causation grounds, but there was no alternate pleading in *Hopkins* like here; even more important, the § 1981 race claim in *Hopkins* was only a blanket legal conclusion. *Id.* at ECF No. 40 ¶ 59. Once that conclusion in ¶ 59 was dropped from the Complaint, the

---

[6] In his Response brief, Kascsak mistakenly cited to the original *Hopkins* complaint rather than the amended complaint as intended by the paragraph cites. Dkt.13 at 16. Kascsak corrects the error here and his counsel apologize to the Court.

whistleblowing allegation is what remained—so the *Hopkins* court had multiple reasons to dismiss on but-for causation grounds that aren't present in this case.

Of course, as the Report demonstrates the Court has ample and independent reasons to adopt the Report's recommendations on § 1981, like the caselaw in *Comcast Corp. v. NAACP*, 140 S. Ct. 1009 (2020), *Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013), and *Bostock v. Clayton County*, 140 S. Ct. 1731, 1739 (2020); *see also* Dkt.19 at 10-14; Dkt.13 at 11-19. Nevertheless, if this Court finds the pertinent statements in the Report to be findings, rather than "assumptions," Kascsak respectfully requests that it correct them. *Solis*, 885 F.3d at 628.

## CONCLUSION

For these reasons and those made in Plaintiff's initial response brief, Defendants' motion to dismiss should be DENIED.

Respectfully submitted on this THIRTIETH of MARCH, 2024,

//s Max Schreiber_____

Alexander Liebmann, Esq.
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
**pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

## PROOF OF SERVICE

I hereby certify that on March 30, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

<u>/s/Max Schreiber</u><br>
Max A. Schreiber<br>
Counsel of Record