**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Michael Kascsak**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-cv-1373-DII |
| | § | |
| **Expedia, Inc.**, and | § | |
| **Michael Davis Velasco,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTION**
**TO THE REPORT AND RECOMMENDATION**

4855-1943-1860

## I.   INTRODUCTION

Defendants Expedia, Inc. and Michael Davis Velasco respectfully object to the Magistrate Judge's Report and Recommendation's ("Report") finding that Plaintiff Michael Kascsak ("Kascsak") has "adequately pleaded a claim under 42 U.S.C. § 1981" and recommendation that "Kascsak's Section 1981 claims should not be dismissed." Dkt. 19 at 10-14.

This recommendation is squarely at odds with this Court's decision last year in *Hopkins v. Wayside*, where the Court held that a plaintiff who asserts multiple reasons for an adverse employment action (as Kascsak does here) fails to adequately plead that race is a but-for cause of that employment action and, thus, fails to state a valid claim for race discrimination under Section 1981. *See Hopkins v. Wayside Sch.*, No. 1:21-CV-0334-RP, 2023 WL 5186881, at *6 (W.D. Tex. Aug. 11, 2023) (on appeal) ("Hopkins does not claim race was a but-for cause of his injury; he claims that he was fired at least partially because of his alleged whistleblowing activities. Therefore, he has not sufficiently pled a § 1981 claim, and the Court will grant Wayside's motion [to dismiss] as to that claim.").

Although the Magistrate Judge recommends adopting a new interpretation of Section 1981, Defendants respectfully ask that this Court follow its prior holding in *Hopkins*, and dismiss Kascsak's Section 1981 claim.

## II.   ARGUMENT

There is no dispute that the Supreme Court's seminal decision in *Comcast* sets forth the controlling law governing the "but-for" causation standard under Section 1981. The *Comcast* opinion explained that for a plaintiff to satisfy this "but-for" standard, the plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

In his Report and Recommendation, the Magistrate Judge attempts to answer this question by reasoning that: "Had Kascsak been Black instead of white, he would have been a 'diverse' candidate and therefore would have been hired, or so Kascsak alleges . . . Accordingly, Kascsak's race was a but-for cause of his injury. That is true even if his age or sex were also but-

1

for causes of his injury." Dkt. 19 at 14.

Respectfully, that finding was in error.  Plaintiff has filed claims against Expedia for discrimination on the basis of race (Counts 1, 2, and 3) and on the basis of gender (Counts 4 and 5). By asserting both of these claims, Kascsak cannot satisfy the *Comcast* causation test because he is necessarily alleging that, even if he had been Black instead of white, he still would not have been hired by Expedia because Defendants allegedly discriminated against him on the basis of gender as well.  As this Court held in *Hopkins*, by asserting multiple grounds for discrimination, Kascsak cannot show that race was the "but-for" cause of his alleged injury and thus cannot satisfy the *Comcast* test. *Hopkins*, 2023 WL 5186881, at *6.

The Magistrate Judge correctly observed that several courts, including this Court, have held that when a plaintiff claims to have suffered an adverse employment action because of his race *and* other attributes or reasons, the plaintiff fails to allege that he would not have suffered that adverse action "but for" his race. Dkt. 19 at 11–12. Nonetheless, the Magistrate Judge chose to depart from these cases and now recommends that this Court depart from its own precedent. *Id*. at 15.  In reaching his decision, the Magistrate Judge relied heavily on *Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) and *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020). Dkt. 19 at 13-14.  Neither of these cases, however, are apposite because neither involved Section 1981, the relevant statute here.

*Leal v. McHugh* involved a claim under the Age Discrimination in Employment Act ("ADEA"), and specifically, the Fifth Circuit's attempt to apply the Supreme Court's then-recent opinion in *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 169 (2009), a case about the correct burden of proof under the ADEA. *Leal's* statements regarding but-for causation *under the ADEA* are dicta for two reasons: (1) *Leal* involved a federal sector claim, and the Fifth Circuit declined to decide whether "a plaintiff must prove but-for causation or some lesser standard," and more importantly, (2) the court acknowledged that *Gross* and its progeny "concern a plaintiff's ultimate proof burden in ADEA claims, *not the pleading burden*."  731 F.3d 412, 415 (5th Cir. 2013).

2

In contrast, the Supreme Court in *Comcast* expressly held under Section 1981: "To pre-vail, a plaintiff must ***initially plead*** and ultimately prove that, but for race, it would not have suf-fered the loss of a legally protected right." *Comcast*, 589 U.S. at 341(emphasis added). *Leal* has not been cited by any court (other than by the Magistrate Judge in the Report) in addressing *Comcast's* but-for pleading standard under Section 1981—because under *Gross*[1] and *Leal* there is no "but-for" pleading standard at all. This Court should not rely on *Leal* and should look instead to *Comcast* and *Hopkins*, cases interpreting the specific pleading requirements of Section 1981. Under those cases, it is clear that Kascsak cannot meet his burden.

*Bostock*, as well, is inapposite because it addressed a claim under Title VII, to which the Court expressly limited its holding. *See Bostock*, 590 U.S. at 680-83. And as the Supreme Court held in *Comcast*, Title VII and Section 1981 are different statutes with different backgrounds and standards that cannot be applied interchangeably:

> Title VII was enacted in 1964; this Court recognized its motivating factor test in 1989; and Congress replaced that rule with its own version two years later. Mean-while, §1981 dates back to 1866 and has never said a word about motivating fac-tors. So we have two statutes with two distinct histories, and not a shred of evi-dence that Congress meant them to incorporate the same causation standard."

*See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 337 (2020).

Courts have thus expressly distinguished *Bostock* as limited to Title VII claims in finding that allegations of multiple alleged reasons for a discriminatory action fail to adequately plead a claim under Section 1981. *See, e.g., Arora v. Nav Consulting Inc.*, No. 21 C 4443, 2022 WL 7426211, at *3 (N.D. Ill. Oct. 13, 2022). Indeed, post-*Bostock*, courts across the country have held, and continue to hold, that pleading multiple non-race-based reasons for the alleged discrim-inatory action is insufficient to support a Section 1981 claim. *See, e.g.* Defendants' Motion, Dkt. 12 at 13; *Walker v. Bank of Am., N.A.*, No. 21-CV-03589, 2024 WL 989391, at *5 (N.D. Ill. Mar. 7, 2024) (dismissing the plaintiff's Section 1981 claim, finding that the allegation that "greed,

---

[1] As noted by the Fifth Circuit in *Leal*, "the question presented to the *Gross* Court was whether a plaintiff must present direct evidence of discrimination in order to obtain a mixed-motive jury instruction." *Leal*, 731 F.3d at 411 (citing *Gross*, 557 U.S. at 169-70).

4855-1943-1860

jealousy and race" were the reason for the alleged discriminatory actions did not sufficiently allege race as the "but-for" cause).

In sum, Kascsak, like the plaintiff in *Hopkins*, "bears the burden of showing that race was a but-for cause of his injury." 2023 WL 5186881, at *6. And like the plaintiff in *Hopkins*, Kascsak "does not claim race was a but-for cause of [his] injury" because he claims that he was injured when Expedia allegedly discriminated against him on the basis of gender. *Id.* In other words, Kascsak's complaint fails the *Comcast* test because he is necessarily alleging that, had he been Black instead of white, Expedia still would not have hired him because it also allegedly discriminated against him on the basis of gender.

Accordingly, the Court should not adopt the Magistrate Judge's Report and Recommendation with respect to Kascsak's Section 1981 Claim, and that claim should be dismissed.[2]

## III.   CONCLUSION

For the reasons set forth above, Defendants thus respectfully urge the Court to follow its prior decision in *Hopkins* and dismiss Kascsak's Section 1981 claim.

Dated: April 5, 2024.

---

[2] Defendants note that Kascsak has objected to certain "factual errors" in the Report and Recommendation relating to his Section 1981 claim. Dkt. 21 at 8. For the sake of clarity, Defendants will address Kascsak's attempts to "correct the Report's deficiencies" in a forthcoming response to his objection. *See Id.* at 1.

4855-1943-1860

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: _____
    David D. Shank
    Texas Bar No. 24075056
    dshank@scottdoug.com
    Amy Lee Dashiell
    Texas Bar No. 90001564
    adashiell@scottdoug.com
    Robert P. Earle
    Texas Bar No. 241245566
    rearle@scottdoug.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 5, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
(845) 270-3843

*Counsel for Plaintiff Michael Kascsak*

/s/ Robby Earle
_____
Robert P. Earle

5