UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK, <br><br> *Plaintiff*, <br><br> v. <br><br> EXPEDIA, INC., AND MICHAEL DAVIS VELASCO, <br><br> *Defendants*. | Case No.: 1:23-cv-01373-DII |

### PLAINTIFF MICHAEL KASCSAK'S RESPONSE TO THE DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### INTRODUCTION

Defendants' Objection, Dkt.22 ("Def. Obj."), asks this Court to extend and elevate an unpublished, inapposite district court decision above direct Supreme Court caselaw and analogous Fifth Circuit caselaw. It should not do so: Here, Plaintiff Michael Kascsak brings a 42 U.S.C. § 1981 claim against the Defendants because they declined to employ him because he was not "diverse," which the Defendants determine based on race or sex. Dkt.8 at ¶¶ 24-30, 61-64. The Magistrate Judge's Report and Recommendation ("Report"), Dkt.19, used the Supreme Court's test in *Comcast v. NAACP*, 140 S. Ct. 1009, 1013 (2020), to find Plaintiff adequately pleaded but-for causation under § 1981 because if the Plaintiff was a different race he would have been "diverse," and thus have the job at issue. Report at 14. Because *Comcast*'s express test is fatal to their argument, the Defendants cling to *Hopkins v. Wayside Schs.*, 2023 U.S. Dist. LEXIS 140193 (W.D. Tex. 2023) (on appeal). But that case is not precedential, and more importantly, is easily

1

distinguished: (1) *Hopkins* did not involve pleading discrimination based on multiple *protected* characteristics; (2) the *Comcast* inquiry as applied to *Hopkins* does not manifest the same conclusion as it does in this case; and, (3) *Hopkins* was a § 1981 claim pleaded *through* a § 1983 claim against state actors, with an elevated causation standard. Moreover, the Defendants' criticism of the Report incorporating language from *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739 (2020), and *Leal v. McHugh*, 731 F.3d 412, 415 (5th Cir. 2013), is misguided—these cases are certainly invaluable and dispositive authority as to why the Plaintiff pleads but-for causation. For the following reasons, the Report's recommendation as to Plaintiff's § 1981 claim should be adopted and Defendants' Motion to Dismiss should be denied.

**A. The Report correctly identified that Plaintiff pleaded but-for causation using the express test in *Comcast v. NAACP*.**

The Report's but-for causation standard is not "new" as Defendants proclaim—it is taken *verbatim* from *Comcast*, which Defendants concede "sets forth the controlling law governing the 'but-for' causation standard under Section 1981." Def. Obj. at 1-2; *see* Report at 14 (quoting *Comcast*).

In *Comcast*, the Court explained the relevant inquiry for "a plaintiff [to] prove but-for causation" is to ask, "what would have happened if the plaintiff had been white?" 140 S. Ct. at 1015. The Report applied that question to this case—where the Plaintiff is white—and asked what would have happened if his race were different. Report at 11 n.5 & 14. Plaintiff alleged that Defendants delayed his hiring and ultimately did not hire him because he was not "diverse" (as told to him by an Expedia executive), Dkt.8 at ¶¶ 61-64, which the Company defines based on either race or sex classification. Dkt.8 at ¶¶ 24-30. As the Report reasoned, if Plaintiff was "Black

2

instead of white," then he'd be "diverse" and would be working at Expedia today.[1] Report at 14. This is the correct but-for causation test under *Comcast* and the Report correctly applied it to the facts of this case.

Defendants evade the central *Comcast* inquiry in their Objection, as it is fatal to their argument. Instead, they deflect by asserting that "Kascsak's complaint fails [] *Comcast* [] because he is [] alleging that, had he been Black instead of white, Expedia still would not have hired him because … of gender." Def. Obj. at 4. Wrong. Kascsak alleges that he was not hired because he was not diverse. Dkt.8 at ¶¶ 61-64. Under Defendants' policies, race and sex are independent avenues—or "multiple but-for causes," *Bostock*, 140 S. Ct. at 1739—to achieve diverse status. As the Report identified, a change in Plaintiff's race would have made him diverse, and that would have gotten him the relevant job. Report at 14.

To be clear, what Defendants implicitly and incorrectly argue here is that when *Comcast* decided that § 1981 requires race be a but-for cause, what the Court meant was race must be the "sole cause." *See Maldonado v. FirstService Residential, Inc.*, 2021 U.S. Dist. LEXIS 188097, *14 (S.D. Tex. 2021) (rejecting that "but for cause" under § 1981 means sole cause); *Moore v. Gregory*, 2024 U.S. Dist. LEXIS 24591, *15 (E.D. Va. 2024) (same); *McCrae v. Emory Univ.*, 2023 U.S. Dist. LEXIS 90950, *35-36 (N.D. Ga. 2023) (same). This argument has been litigated in a wide swath of different statutory contexts, all with but-for causation standards, and it is consistently rejected.[2] And when the Court held in *Comcast* that "a plaintiff bears the burden of showing that

---

[1] As Plaintiff notes in his Complaint, Expedia lists the "underrepresented identities" it considers diverse, and white is not included. Dkt.8 at ¶¶ 26-28 (citing Dkt.8-6 at 8).

[2] *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 385 (2013) (Title VII retaliation context); *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (§ 1981 retaliation context); *Ponce v. Billington*, 679 F.3d 840, 846 (D.C. Cir. 2012) (ADEA context); *Akridge v. Alfa Ins. Co.*, 2024 U.S. App. LEXIS 3731, *19-24 (11th Cir. 2024) (ADA context); *In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 97 (2d Cir. 2017) (antitrust context); *Barrick v. Parker-Migliorini*

race was *a* but-for cause of its injury," 140 S. Ct. at 1014 (emphasis added), the choice of that word—"a"—expressly imagines the possibility of multiple but-for causes.

Accordingly, *Comcast* alone—which the Parties agree "sets forth the controlling law governing the 'but-for' causation standard under Section 1981," Def. Obj. at 2—justifies denying Defendants' Motion to Dismiss.

**B.  *Hopkins* does not bind this Court nor is it applicable to this case.**

Defendants' Objection relies on the unpublished *Hopkins v. Wayside Sch.* like gospel, 2023 U.S. Dist. LEXIS 140193, asserting that the Report recommends "this Court depart from its own precedent," Def. Obj. at 3, and citing it on every page. But there is no such thing as district court precedent. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent … even upon the same judge in a different case."); *see also In re Executive Office of President*, 215 F.3d 20, 24 (D.C. Cir. 2000) (holding a district court decision "do[es] not establish the law of the circuit, nor, indeed, do[es it] even establish the law of the district."). And *Hopkins*—which dismissed "a § 1981 claim [brought] through [42 U.S.C.] § 1983" in two short sentences—is easily distinguished from this case. 2023 U.S. Dist. LEXIS 140193 at *15.

For one, Plaintiff here alleges "discrimination based on [his] membership in multiple classes protected under non-discrimination law, as opposed to cases" like *Hopkins* where "plaintiffs alleged racial discrimination in addition to some non-discriminatory basis for the adverse

---

*Int'l, LLC*, 79 F.4th 1262, 1276 (10th Cir. 2023) (FCA context); *see also Burrage v. United States*, 571 U.S. 204, 211-214 (2014) (describing but-for cause in detail); *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 769 (2018) (distinguishing sole cause and but-for cause, and holding the Failure-to-Vote Clause utilized the former); *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013) (noting unlike but-for cause under the ADA, the Rehabilitation Act requires the disability to be the sole cause of the relevant action).

employment action." *Walton v. Medtronic USA, Inc.*, 2023 U.S. Dist. LEXIS 74012, *17 (D. Minn. 2023). This distinction is important because of the public policy "ends of non-discrimination law." *Id*. It would be "illogical" and "odd" if Plaintiff—after being told he did not get a job from Defendants because he wasn't diverse—had to pick *at the pleading stage* between pursuing a race-only theory of discrimination under § 1981 and Title VII, or a more comprehensive theory under only Title VII. *Warrick v. N.J. Off. Att'y Gen.*, 2022 U.S. Dist. LEXIS 96999, *4 n.4 (D.N.J. 2022); *Peaster v. McDonald's Corp.*, 2023 U.S. Dist. LEXIS 146736, *13 (N.D. Ill. 2023). Defendants' interpretation of but-for causation would also mean that a plaintiff would lose a § 1981 suit as a matter of law if a defendant could provide *any* non-racial pretext for its discriminatory behavior. Because of this, a strong majority of district courts have rejected the argument that a Plaintiff fails to plead but-for causation under § 1981 by alleging discrimination based on multiple protected characteristics.[3] In arguing to extend *Hopkins* to this case, the Defendants advocate for a substantial rollback of egalitarian civil rights law by judicial fiat—the Court should soundly reject their invitation.

---

[3] *See*, *e.g.*, *Thomas v. Cook Children's Health Care Sys.*, 2021 WL 4796679, at *7 (N.D. Tex. 2021), *aff'd*, 2023 WL 5972048 (5th Cir. 2023) (alleging both race and sex discrimination doesn't defeat a § 1981 claim); *Walton*, 2023 U.S. Dist. LEXIS 74012 at *1-20 (race, sex, and age); *Warrick*, 2022 U.S. Dist. LEXIS 96999 at *4 n.4; *Moore*, 2024 U.S. Dist. LEXIS 24591, *15 (race and sex); *Newman v. Amazon.com, Inc.*, 2022 U.S. Dist. LEXIS 60951, *7 (D.D.C. 2022) (race and sex); *Turner v. Fed. Express Corp.*, 2022 U.S. Dist. LEXIS 160186, *3-4 (W.D. Tenn. 2022) (race and sexual orientation); *Stankiewicz v. Pump N'Pantry, Inc.*, 2022 U.S. Dist. LEXIS 1452, at *3 n.3 (M.D. Pa. 2022) (race and sex); *Harris v. Cellco P'ship*, 2021 U.S. Dist. LEXIS 257227, at *5 (S.D. Fla. 2021) (race, sex, and sexual orientation); *McCrae*, 2023 U.S. Dist. LEXIS 90950, *35-36 (race and pregnancy); *Munoz v. Union Pac. RR. Co.*, 2021 U.S. Dist. LEXIS 152878, at *2-3 (D. Or. 2021) (race and disability); *Seals v. Bd. of Regents of the Univ. of Neb.*, 8:22-CV-420, 14 (D. Neb. Jul. 28, 2023) (race and disability); *Peaster*, 2023 U.S. Dist. LEXIS 146736 at *13 ("a § 1981 plaintiff may plead that discrimination based on the combination of two protected characteristics was a but-for cause of disparate treatment").

Separately, the *Comcast* inquiry—"what would have happened if the Plaintiff had been white?," 140 S. Ct. at 1015—manifests a different conclusion in *Hopkins* than this case. Here, if Plaintiff were a different race, he would have been "diverse" as Defendants understood it and be working at Expedia right now. *Supra* A; Report at 14. But if the plaintiff in *Hopkins* were white, his complaint *still* alleges he'd be terminated via retaliation of his whistleblowing efforts. No. 1:21-cv-00334-RP, Dkt.40 at ¶¶ 57-59 (W.D. Tex. Nov. 9, 2022). This distinction is magnified by the *Hopkins* plaintiff pleading the whistleblowing and § 1981 allegations alongside one another as subcomponents of the same cause of action—a 42 U.S.C. § 1983 claim—versus in the alternative like Plaintiff does here. No. 1:21-cv-00334-RP, Dkt.40 at ¶¶ 57-59 (W.D. Tex. Nov. 9, 2022); *see also Munoz v. Union Pac. RR. Co.,* 2021 U.S. Dist. LEXIS 152878, at *2-3 (D. Or. 2021) (holding § 1981 claims can have multiple but-for causes, but observing that even if this weren't true, such inconsistency is permissible at the pleading stage).

Finally, *Hopkins*'s embedding his § 1981 claim within a § 1983 cause of action is required when suing a state actor, *see Montgomery-Smith v. George*, 810 Fed. App'x 252, 256-57 (5th Cir. 2020), but it implicitly elevates the plaintiff's causation standard. This is because § 1981 requires race as a but-for cause, *supra*, while its "parent" § 1983 claim adds the *additional* burden that government policy caused the discrimination—even when the suit is against individuals. *See, e.g., Shahrivar v. City of San Jose*, 752 Fed. App'x. 415, 418 (9th Cir. 2018) (quoting *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)); *see also Montgomery-Smith*, 810 Fed. App'x at 256 (noting the defendants "are both state actors because they are state employees."). When the *Hopkins* plaintiff pointed to retaliation as motivating his termination, that undercut his causation argument that the defendants were acting under official discriminatory policy. Such intertwined causation standards are not an issue here.

6

For these reasons, *Hopkins* should not apply to this case.

**C. *Comcast* and *Leal* provide invaluable authority as to interpreting but-for causation under § 1981.**

Defendants dismiss the Supreme Court's analysis in *Bostock*, 140 S. Ct. at 1739, and the Fifth Circuit's decision in *Leal*, 731 F.3d at 415, because "neither involved Section 1981." Def. Obj. at 2. However, but-for causation's "general meaning[] … [is] well-known in the law," *United States v. Wells*, 873 F.3d 1241, 1266 (10th Cir. 2017), and thus it is appropriate to consult its application in other statutes to ascertain its meaning in § 1981—especially discrimination statutes like those at issue in *Bostock* and *Leal*. This is what the Report did in recognizing *Leal*'s observation that "'but-for cause' does not mean 'sole cause,'" Report at 13 (citing 731 F.3d at 415), and *Bostock*'s holding that there can be "multiple but-for causes" in a discrimination action. Report at 13 (citing 140 S. Ct. at 1739). Such "traditional principles" apply to § 1981 but-for causation. *Nassar*, 570 U.S. at 360 (discussing causation under a Title VII retaliation claim).

Defendants make two misguided attempts to distinguish *Leal* and *Bostock*, neither of which supports their argument. First, they assert that *Leal* doesn't apply "because [it] … concern[ed] a plaintiff's ultimate proof burden in ADEA claims, *not the pleading burden*." Def. Obj. at 3 (citing 731 F.3d at 415). But the pleading burden is "much less stringent" than the ultimate proof burden. *Pub. Employees' Ret. Sys. of Miss. v. Amedisys*, Inc., 769 F.3d 313, 321 n.2 (5th Cir. 2014). Thus, *Leal*'s holding that but-for causation is not sole cause for the purposes of ultimate proof means it *certainly* doesn't have the limiting interpretation Defendants suggest at pleading. *Cf. id.* Second, Defendants argue that *Bostock* "is inapposite because it addressed a claim under Title VII, to which the Court expressly limited its holding." Def. Obj. at 4 (citing 140 S. Ct. at 1753-54). But that limitation cabined *Bostock*'s meaning of "sex" to Title VII, because of concern about laws protecting "sex-segregated bathrooms, locker rooms, and dress codes," amongst other issues.

7

*Bostock*, 140 S. Ct. at 1753. The "limit[ing]" language *Bostock* used did not address but-for causation. Def. Obj. at 4 (citing 140 S. Ct. at 1753-54); *see also Walton*, 2023 U.S. Dist. LEXIS 74012 at *18. Thus *Bostock*'s holding that "[o]ften, events have multiple but-for causes" applies here. 140 S. Ct. at 1739. Accordingly, the Report was correct to consult both *Bostock* and *Leal* to further substantiate its ultimate legal conclusion.

## CONCLUSION

For the foregoing reasons, the Court should adopt the Report's recommendation as to Plaintiff's § 1981 claim and deny the Motion to Dismiss.

Respectfully submitted on this SEVENTH of APRIL, 2024,

/s/Max Schreiber

Alexander Liebmann, Esq.
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
**pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

**PROOF OF SERVICE**

I hereby certify that on April 7, 2024, I served this document on the parties by electronically filing the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system.

*/s/Max Schreiber*
Max A. Schreiber
Counsel of Record
