UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-cv-1373-DII |
| | § | |
| **EXPEDIA, INC.**, AND | § | |
| **MICHAEL DAVIS VELASCO**, | § | |
| | § | |
| Defendants. | § | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff and Defendants jointly request that the Court enter the Confidentiality and Protective Order ("Order") attached as Exhibit 1. This Order is in the form of Appendix H-1 to the Local Rules of the Western District of Texas, with one change requested by Plaintiff—that a parenthetical be added to paragraph 11, as reflected below:

> A party shall not be obligated to challenge the propriety of a designation Confidential information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information <span style="color:red">(using the appropriate balancing test for sealing documents if the disputing party wishes to use the document or information in a dispositive motion)</span>. The disputed information shall remain Confidential information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential information.

Defendants are not opposed to this request, which is the Plaintiff's only proposed change from the Court's Appendix H-1 form.

The Parties agree that their agreement to and request for entry of the Order is not a waiver of Defendants' right to seek entry of the Appendix H-2 form that includes the Attorneys' Eyes Only ("AEO") designation provisions, in the event that a dispute arises over the production of documents that Defendants contend should be labeled AEO.

Plaintiff and Defendants therefore respectfully request that the Court enter the Order attached as Exhibit 1.

Respectfully submitted,

LIEBMANN & LEIBMANN, P.A.
714 N. Spring Street
Pensacola, FL 32501
(845) 270-3843

By: /s/ Max Schreiber
    Alexander Liebmann
    FL #1032726
    alex@liebmannlaw.net
    Max Schreiber
    IN #37357-45
    maxschreiber145@gmail.com

*Counsel for Plaintiff*

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: _____
    David D. Shank
    Texas Bar No. 24075056
    dshank@scottdoug.com
    Amy Lee Dashiell
    Texas Bar No. 90001564
    adashiell@scottdoug.com
    Robert P. Earle
    Texas Bar No. 241245566
    rearle@scottdoug.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I certify that on April 8, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
(845) 270-3843

*Counsel for Plaintiff Michael Kascsak*

                                                            */s/ Amy Lee Dashiell*
                                                             Amy Lee Dashiell