**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Michael Kascsak**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-cv-1373-DII |
| | § | |
| **Expedia, Inc.**, and | § | |
| **Michael Davis Velasco,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION**
**TO THE REPORT AND RECOMMENDATION**

I.     **INTRODUCTION**

Plaintiff Michael Kascsak ("Kascsak") filed an Objection to the Magistrate Judge's Report and Recommendation ("Report"), claiming that the Report is "flawed" because the Magistrate Judge failed to give weight to Defendant Michael Velasco's ("Velasco") *general* contacts with Texas in evaluating whether the Court could exercise *specific* jurisdiction over him.

Plaintiff's argument is without merit as he continues to ignore the directives of *Walden v. Fiore* and the Fifth Circuit that to impose such jurisdiction over an out-of-state defendant, the court must find specific conduct by the defendant directed *to the forum state* rather than "random, fortuitous, or attenuated contacts [made] by interacting with other persons affiliated with the State." *Walden,* 571 U.S. 277, 284 (2014) (cleaned up). The Magistrate Judge properly found that neither Velasco's alleged involvement in developing Expedia's anti-discrimination policies nor his attendance at several industry conferences in Texas establish the required "specific nexus" between Velasco's contacts and Kascsak's claims. *See* Report, Dkt. 19 at 7. No personal jurisdiction exists over Velasco, and he should be dismissed from this Action.

Next, Kascsak makes the bizarre argument that the Magistrate Judge's recommendation as to Kascsak's Section 1981 claim (a recommendation Kascsak agrees with) was premised on factual errors. Specifically, Kascsak argues that the Magistrate Judge made "erroneous factual observations" by considering Kascsak's own sworn statements in the context of Defendants' 12(b)(6) motion. Dkt. 21 at 7-9. Plaintiff is wrong. It is black-letter law that documents appended to a complaint as exhibits, such as Kascsak's Declaration, are considered to be part of the complaint and thus properly considered in the context of a motion to dismiss. Moreover, as explained in Defendant's separate Objection to the Report (Dkt. 22), the Magistrate Judge's recommendation regarding Kascsak's Section 1981 claim was erroneous, and that claim should be dismissed due to his failure to properly plead race as the "but-for" cause of Defendants' alleged refusal to hire him.

## II. ARGUMENTS

### A. Kascsak Cannot Establish Minimum Contacts with Texas Necessary for Specific Jurisdiction Over Velasco.

In his Objection to the Report and Recommendation, Kascsak complains that the Magistrate Judge wrongly ignored "a plethora of jurisdictional facts," when he recommended dismissal for lack of jurisdiction. Plaintiff's Objection, Dkt. 21 at 2. Though Kascsak still claims that Velasco's "single substantial act" of refusing to hire a Texas resident is sufficient to subject Velasco to jurisdiction in Texas, he insists that the Magistrate Judge should have also given greater weight to Velasco's promulgation of allegedly discriminatory policies, his participation in "various diversity conferences to promote these policies" in Texas, and his remote Zoom interview (from New York) with Kascsak. Dkt. 21 at 3. But none of these alleged facts, taken individually or in the aggregate, establish the *specific* jurisdiction that is required here. Velasco's attendance at diversity conferences that were held in Texas clearly did not give rise to Kascsak's suit. And Velasco's only alleged Texas contact that does relate to this lawsuit—his Zoom call with Kascsak and his alleged desire to "search a more in depth and diverse candidate pool" for the role—did not occur in Texas. *See* Dkt. 8-1 at 10. The Magistrate Judge was correct in finding that Kascsak cannot meet the basic requirements for establishing specific jurisdiction over Velasco.[1]

### 1. Velasco's out-of-state conduct cannot subject him to jurisdiction in Texas.

The Magistrate Judge correctly applied *Walden* when he found that a New York resident's conduct that occurred (if at all) in New York could not subject him to jurisdiction in Texas. Dkt. 19 at 9-10 (citing *Walden*, 571 U.S. at 290). As discussed at length in Defendants' Motion to Dismiss (Dkt. 12) and Reply in Support (Dkt. 14), the Fifth Circuit has repeatedly rejected attempts to exercise jurisdiction based on out-of-state conduct of defendants, even when that conduct was

---

[1] Indeed, even if Kascak could meet those requirements, he would still have to contend with the fiduciary shield doctrine, which bars the exercise of jurisdiction over Velasco based on actions taken in his capacity as an Expedia officer. *See* Defendant's Motion to Dismiss (Dkt. 12) at 8-11 and Reply in Support (Dkt. 14) at 7-8; *see also* Dkt. 19 at 7 n.2 ("Because the undersigned concludes that the Court does not have personal jurisdiction over Velasco, there is no need to consider the fiduciary shield argument.").

allegedly tortious. *See, e.g., Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (holding that, under *Walden*, "mere injury to a forum resident is not a sufficient connection" to a forum state).

Hoping to avoid those cases, Kascsak attempts to rely on *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485 (5th Cir. 2018). But this case is nothing like *Trois*, a fraud case based on intentional misrepresentations made over the phone to a Texas resident.[2] There the out-of-state defendant was subject to jurisdiction in Texas because he "reached out to Trois in Texas, via conference call, to discuss auctioning items located in Texas." *Id.* at 491-92. As the Fifth Circuit recently explained: "Since 'that intentional conduct . . . led to this litigation,' we held that the defendant 'should have reasonably anticipated being haled into Texas court.'" *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 498 (5th Cir. 2022) (discussing *Trois*, 882 F.3d 485 at 491). It is well settled that specific jurisdiction is not established unless "the cause of action ***arises out of a defendant's purposeful contacts*** with the forum." *Command-Aire Corp. v. Ontario Mech. Sales and Serv. Inc.*, 963 F.2d 90, 94 (5th Cir. 1992) (emphasis added).[3] It was thus crucial that the *Trois* defendant's *contact* with Texas was also the *conduct* at the heart of the lawsuit. But Kascsak does not claim that Velasco's Zoom call with Kascsak was tortious or in any way gave rise to this litigation. Accordingly, *Trois* has no application here. *See Block*, 2023 WL 2732552, at *5 (distinguishing *Trois* from a case in which "the limited contacts with Texas were unrelated to the alleged defamation which was a statement to a New York reporter").

---

[2] *See Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *3 (N.D. Tex. Sept. 16, 2013) ("Where false communications are the focus of Plaintiff['s] claims of fraudulent representations .... [t]he direction of fraudulent misrepresentations to [Texas] can establish that the events or omissions giving rise to the cause of action occurred in [Texas].").

[3] Indeed, "even where the plaintiff shows that that defendant deliberately reached out to Texas, specific jurisdiction only exists if his claims 'arise out of or relate to the defendant's contacts' with the forum." *Block v. Barnes*, No. 1:22-CV-869-LY, 2023 WL 2732552, at *5 (W.D. Tex. Mar. 30, 2023), *report and recommendation adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396 (W.D. Tex. July 18, 2023) (citing *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 359 (2021)).

Kascsak also suggests that the Court can exercise specific jurisdiction over Velasco based on allegations that Expedia employees Lisa Christensen and Kristin Stencil communicated to Kascsak (from outside of Texas) to cancel Kascsak's second Zoom interview with Velasco and to inform Kascsak that he would not be hired. *See* Dkt. 21 at 2. In other words, Kascsak claims that phone calls or emails from outside of Texas, by other Expedia employees, somehow support the exercise of specific jurisdiction over *Velasco,* in *Texas.* Kascsak fails to explain how fellow employees of Expedia—the entity that also employs Velasco—could somehow be considered *Velasco's* agents for purposes of jurisdiction. *See Gregorio v. Gordon*, 215 F. Supp. 3d 1, 6 (D.D.C. 2015) ("Where, as here, the Court is left with nothing more than a bare allegation of agency, the allegation alone is insufficient to establish personal jurisdiction.") (internal quotes omitted).

Unsurprisingly, this argument finds no support in law from this Circuit. Indeed, the best Kascsak can do is cite to *Pyung Lee v. Verimatrix, Inc.,* No. 3:19-CV-0898-B, 2019 WL 5535764, at *8 (N.D. Tex. Oct. 25, 2019), in which the court held that it *lacked* specific jurisdiction over the out-of-state defendants. The court there reasoned that even an agent's *physically* entering the state of Texas on behalf of the defendants—while potentially a factor in the analysis—was *not enough* to support jurisdiction since it was "no more than a fortuity." *Id.* ("Presumably, had Plaintiffs resided in a different state, Defendant Cooper's agent would have delivered the stock certificates there—not to Texas."). Kascsak's argument here —that phone calls or messages by other Expedia employees from outside the state can subject Velasco to jurisdiction in Texas —is even more attenuated.

Despite his various attempts to contort the case law, Kascsak is forced to admit that *Walden* is the governing law here. Dkt. 21 at 4. And as the Magistrate Judge correctly held, under *Walden,* Kascsak has simply not pled facts sufficient to establish jurisdiction over Velasco.

2. **The Report rightly rejected Kascsak's attempts to sidestep the "minimum contacts" analysis.**

Unable to identify any suit-related conduct occurring in Texas, Kascsak next tries to establish specific jurisdiction based on contacts having nothing to do with this lawsuit.

First, Kascsak argues that Expedia's Corporate Inclusion and Diversity policies somehow subject *Velasco* to specific jurisdiction *in Texas*. Kascsak, however, fails to cite any in-circuit case law and instead relies on two D.C. Circuit cases for the assertion that bare allegations of company-wide policies support specific jurisdiction over a company employee. Both cases are inapposite. The *Urquhart-Bradley* court did not find jurisdiction existed because of the defendant's role in making policy. Rather, it found there were sufficient contacts because the defendant CEO oversaw the operations and employees of the DC office where the plaintiff worked, had frequent telephone and email conversations with her, and personally called the plaintiff to fire her. *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 46 (D.C. Cir. 2020). And *NovaStar* concerns the proper application of the fiduciary shield doctrine to the co-founder and president of a mortgage lender that engaged in allegedly discriminatory loan practices. *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 5 (D.D.C. 2009).[4] As the *NovaStar* court itself noted, "an individual's role as a corporate officer, without more, is *not* a sufficient basis for exercising personal jurisdiction over the officer in his individual capacity." *Id.* (emphasis added).[5]

Second, Kascsak's attempts to establish jurisdiction through Velasco's attendance at industry events also fails. There is no allegation of any connection between those conferences and Kascsak's interview process—in fact, Kascsak attempts to rely on Velasco's attendance at

---

[4] As noted above, the fiduciary shield doctrine *does* apply here and would independently prevent the exercise of jurisdiction over Velasco under the facts alleged. *See, e.g., Sefton v. Jew,* 201 F. Supp. 2d 730, 743 (W.D. Tex. 2001) ("The fiduciary shield doctrine holds that an individual's transaction of business within a state solely as a corporate officer does not create personal jurisdiction over that individual, though the state may have personal jurisdiction over the corporation.").

[5] In a more analogous D.C. Circuit case, *Mouzon v. Radiancy, Inc.*, the district court found a corporate executive was not subject to jurisdiction because "[e]ven if [the executive] played a central and dominant part in Radiancy's campaign … Plaintiffs have not shown that [he] himself targeted the District of Columbia in his role at Radiancy." 85 F. Supp. 3d 361, 372 (D.D.C. 2015) (internal quotes omitted). Just as the *Mouzon* defendant's role in his company's campaign did not make him subject to jurisdiction anywhere that campaign was implemented, so Velasco's role in Expedia's diversity initiatives does not automatically subject him to jurisdiction in any state with an Expedia office.

industry conferences *after* this lawsuit was filed. Dkt. 21 at 3. No amount of out-of-circuit, inapposite case law can change the fact that specific jurisdiction does not exist unless the "cause of action arises out of a defendant's purposeful contacts with the forum." *Command-Aire Corp. v. Ontario Mech.*, 963 F.2d 90, 94 (5th Cir. 1992). As the Fifth Circuit has recently clarified, "the needed link is between the state and the specific claims against the nonresident defendants. Without this link, specific jurisdiction will be lacking, regardless of even regularly occurring sales or activities within the forum." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 901 (5th Cir. 2024) (internal quote omitted). Kascsak claims that Velasco discriminated against him by refusing to hire a white man for the position. If Velasco had never attended a single conference in Texas, that claim would be unchanged.[6]

Accordingly, even if the "new evidence" offered by Kascsak were not dubious on its face,[7] it would still have no bearing on this Court's jurisdiction over Velasco.

### 3. Jurisdictional discovery would be pointless and should not be permitted.

Finally, in a last-ditch attempt to stave off dismissal, Kascsak argues that the Court should wait to adopt the Magistrate Judge's Report so that he can take jurisdictional discovery. Dkt. 21 at 6-7. The Court should reject this argument too. Jurisdictional discovery is appropriate only if the plaintiff makes a "preliminary showing of jurisdiction," *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424-25 (5th Cir. 2005), by "presenting factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" with Texas. *Pace*, 93 F.4th at 903. "[W]hen, however, the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir.

---

[6] In fact, the complaint would be *literally* unchanged since it makes no mention at all of Velasco's trips to Texas, a curious omission if those trips gave rise to the suit in question.

[7] The supposedly damning admission from Velasco does not even come from Velasco. The blog post attached to Plaintiff's Objection instead features a statement from Stella Danso, who appears to paraphrase some statement of his. Dkt. 21-1 at 3. This is the only time Velasco is mentioned in the entire eight-page post.

1982). Here, the lack of personal jurisdiction is clear, and Kascsak fails to make the preliminary showing necessary to justify jurisdictional discovery.

Kascsak's Conditional Motion For Leave to Amend ("Conditional Motion") states only that he will seek "limited discovery as to Davis Velasco's interactions with Expedia's Austin office and his Texas travel." Dkt. 13-7 at 2. But Kascsak does not even attempt to explain how such discovery would establish *specific* jurisdiction over Velasco. *See Pace*, 93 F.4th at 903 (affirming denial of jurisdictional discovery where the plaintiff sought "a broad array of information" that could "potentially show [forum-state] connections" but failed to "identify[] how these documents would specifically establish" the requisite contacts); *Fielding*, 415 F.3d at 429 (affirming denial of jurisdictional discovery where the plaintiffs "have not shown how any further inquiry" into the topic on which they sought discovery "would impact the district court's jurisdictional determination"). Kascsak does not claim, nor could he, that this Court has general jurisdiction over Velasco. And Velasco's *specific* contacts with Texas related to Kascsak's claims (one Zoom call from New York with Kascsak) are known.[8] *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *see also* Dkt. 13-2 at 2. Kascsak's attempt to seek discovery on Velasco's general contacts with the state of Texas will not change the specific jurisdiction analysis. Such discovery would thus only waste time and resources. The Court should deny Kascsak's request for discovery and adopt the Magistrate Judge's recommendation that Velasco be dismissed for lack of jurisdiction.

---

[8] In certain cases—particularly where the primary obstacle to establishing jurisdiction is a plaintiff's inability to access information controlled by the defendant—a court may permit jurisdictional discovery before dismissing a complaint for lack of jurisdiction. This was the case in *Donohue*, which Kascsak mistakenly cites for support here. In that case, Judge Yeakel permitted jurisdictional discovery because the plaintiff alleged that a corporate defendant accused of trademark infringement had sufficient sales in Texas to establish jurisdiction, but could not show this based on publicly-available information. See *Donohue v. Wang*, No. A-22-CV-00583-LY, 2023 WL 4090779, at *5 (W.D. Tex. May 19, 2023), report and recommendation adopted, No. 1:22-CV-00583-DII, 2023 WL 4096743 (W.D. Tex. June 20, 2023). That is not the situation here where Kascsak is merely seeking more examples of general "jurisdictional facts" that do not give rise to this suit.

### B. Kascsak Cannot Disavow the Allegations in His Complaint to Escape *Comcast's* Requirement of But-For Causation.

Defendants disagree with the Magistrate Judge's recommendation regarding Kascsak's Section 1981 claim because it runs afoul of both the Supreme Court's guidance in *Comcast* and this Court's own decision in *Hopkins*.[9] Perhaps concerned that the Court will take the same view, Kascsak now attempts to shore up his position by rewriting the record. In an awkward objection to a recommendation he agrees with, Kascsak claims that the Magistrate Judge erred in considering attachments to the complaint in the context of Defendant's 12(b)(6) motion. This argument is meritless.

Kascsak claims that the Court must ignore Kascsak's sworn statement in the Declaration that he attached to his Complaint, in which he states that "[e]ither my race, my gender, or my age (or perhaps all three) was [ ] weaponized against me" and "my race, age and sex worked against me,"[10] asserting that the Court must limit its analysis to the Complaint itself: "Age goes unmentioned in Kascsak's complaint, and this statement is plucked from an attached affidavit—this is not an allegation in his complaint, and thus not relevant to the Rule 12(b)(6) analysis." Dkt. 21 at 8. The only support Kascsak provides for this argument is a case from the Eastern District of California, in which the court determined that a Complaint's failure to properly allege a cause of action could not be cured by merely attaching exhibits tending to support such an allegation.[11]

---

[9] *See* Defendant's Objection to the Report (Dkt. 22); *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*. *See* 589 U.S. 327 (2020); *Hopkins Hopkins v. Wayside Sch.*, No. 1:21-CV-0334-RP, 2023 WL 5186881 (W.D. Tex. Aug. 11, 2023)(notice of appeal filed*)*.

[10] *See* Declaration, Dkt. 8-1 at ¶ 49, 50.

[11] Dkt. 21 at 8 (citing to *Leonard v. Coalinga State Hosp.*, No. 118CV01049DADGSAPC, 2019 WL 2249628, at *8 (E.D. Cal. May 24, 2019). This case does not stand for the proposition that courts should simply ignore attachments to a Complaint. It merely emphasizes the importance of articulating all allegations in the Complaint itself instead of relying on the exhibits to make those

Kascsak does not cite to any cases within this circuit as support for his claim that the Court cannot consider his Declaration, ignoring clear Fifth Circuit directives that when considering a motion to dismiss, the Court may consider and rely upon both the Complaint and any materials attached to or incorporated within it. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider **documents attached to or incorporated in the complaint** and matters of which judicial notice may be taken.") (emphasis added); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, **any documents attached to the complaint**, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.") (emphasis added).[12]

But even if Kascsak could convince this Court to disregard his own Declaration (which the Complaint cites no less than fifty-four times) he still could not explain away the Complaint itself. Perhaps recognizing this, Kascsak now argues that he never asserted he was discriminated against because of his race *and* gender. Dkt. 21 at 8. Rather, he argues that he pled discrimination on the basis of either his race *or, in the alternative,* his gender. *Id.* Kascsak's Complaint, however, does not plead *alternative* claims—rather it asserts multiple stand-alone claims for discrimination based on race, *and* on sex: (1) a claim of discrimination **based on his race (white)** under Title VII (Count 1), the Texas Labor Code (Count 2) and Section 1981 (Count 3), and (2) a claim of discrimination **based on his sex (male)** under Title VII (Count 4) and the Texas Labor Code (Count 5). Dkt. 8 at 19-32. Kascsak claims both that he was not hired because of his race, and that he was not hired because of his sex (in addition to alleging in his Declaration that he was not

---

allegations by implication. *Id.* ("Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983.").

[12] *Accord Ramos v. Taylor*, 646 F. Supp. 3d 807, 814 (W.D. Tex. 2022) ("A district court is limited to considering the contents of the pleadings **and the attachments thereto** when deciding a motion to dismiss under Rule 12(b)(6).") (emphasis added) (quoting *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

hired because of his age). Kascsak cannot now attempt to reframe his contradictory allegations as "alternative pleadings" to escape the "but-for" pleading requirement of *Comcast.*

Moreover, even an "alternative" pleading fails to satisfy the *Comcast* standard. *Arora v. Nav Consulting Inc.* is particularly instructive here. No. 21 C 4443, 2022 WL 7426211, at *3 (N.D. Ill. Oct. 13, 2022). Like the plaintiff in *Arora*, Kascsak "argues that he is free to plead in the alternative under the Federal Rules." *Id.* But as the court noted there, "the fact that [he] can bring suit under various civil rights statutes does not change *Comcast's* holding that race must be asserted as the determinative cause to sustain a Section 1981 claim." *Id.* Moreover, like in *Arora*, Kascsak "does not really plead *in the alternative*; rather, he asserts that [multiple factors] all motivated Defendants' actions, causing violations of various state and federal civil rights laws." *See id*. No matter how creatively Kascsak attempts to reframe his pleadings, Kascsak's Complaint fails to articulate race as a but-for cause of his injury, and his Section 1981 claim fails under *Comcast*. While Kascsak can maintain claims for both race and sex discrimination under Title VII's more forgiving causation standard, Section 1981 holds plaintiffs to a higher burden, which Kascsak has not met.

### III. CONCLUSION

Kascsak's recycled jurisdictional arguments demonstrate that no amount of amendment or discovery could create minimum contacts for Davis Velasco, and his proposed corrections to the Report's Section 1981 analysis only further highlight the deficiencies in his Complaint. Defendants thus respectfully request that this Court overrule Plaintiff's Objection in its entirety.

Dated: April 15, 2024.

        Respectfully submitted,

        SCOTT DOUGLASS & MCCONNICO LLP
        303 Colorado Street, Suite 2400
        Austin, Texas 78701
        (512) 495-6300 Telephone
        (512) 495-6399 Facsimile

        By: /s/ David D. Shank
        David D. Shank
        Texas Bar No. 24075056
        dshank@scottdoug.com
        Amy Lee Dashiell
        Texas Bar No. 90001564
        adashiell@scottdoug.com
        Robert P. Earle
        Texas Bar No. 241245566
        rearle@scottdoug.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I certify that on April 15, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
(845) 270-3843

*Counsel for Plaintiff Michael Kascsak*

                                         */s/ Robby Earle*
                                         Robert P. Earle