UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Michael Kascsak**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **Expedia, Inc.**, and **Michael Davis Velasco,** | § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' OBJECTION TO THE
<u>REPORT AND RECOMMENDATION</u>**

## I.   REPLY

Defendants file this Reply to briefly address the new arguments set forth by Kascsak in his Response to Defendants' Objections to the Report and Recommendation (Dkt. 24).

First, Kascsak asserts that, but for his race, he would have been hired by Expedia because he was allegedly told that Expedia wanted to search a more "diverse" candidate pool. But that assertion is belied by Kascsak's own words and claims. Kascsak states in his Declaration that he was not hired due to "either my race, my gender, or my age (or perhaps all three)." Dkt. 8-1 at ¶ 49.[1] That is the precise *opposite* of "but for" causation. He is literally stating that Expedia did not hire him because of *either* his race, gender or age or some combination thereof. Moreover, Kascsak has also pled a claim for discrimination on the basis of gender. In other words, Kascsak claims that irrespective of his race, he still would not have been hired by Expedia because of his gender. Dkt. 8, Count 4 and 5. Accordingly, Kascsak cannot pass the *Comcast* test based on his sworn testimony and his claims, both of which belie his current assertion that he would have been hired by Expedia "but for" his race.

Second, Kascsak attempts to distinguish the Court's holding in *Hopkins* by claiming that Hopkins alleged both racial discrimination and "some non-discriminatory" basis for the adverse action, while Kascsak asserts claims based on two forms of discrimination. Dkt. 24 at 4. This is a distinction without a difference. The relevant fact is that both here and in *Hopkins,* race was not the "but for" cause of the plaintiff's injury. Whether other causes included whistleblower activities (as in *Hopkins*) or discrimination based on race or age (as Kascsak has alleged here) makes no difference under the case law. Perhaps recognizing this, Kascsak goes on to claim that

---

[1] As set forth in Defendants' Response to Plaintiff's Objection to the Report and Recommendation, Kascsak's Declaration, which was appended as an exhibit to his Complaint, is properly considered in the context of this Motion to Dismiss under Rule 12(b)(6). *See* Dkt. 29 at 8-10.

dismissal of his Section 1981 claim would result in a "substantial rollback of egalitarian civil rights law." Such hyperbole purposefully ignores and omits that Kascsak has also asserted race discrimination claims under both Title VII (Count 1) and the Texas Labor Code (Count 2)—which have a more forgiving causation standard than his Section 1981 claim. If Kascsak had a viable claim for racial discrimination, he would have a remedy under those statutes—just not under Section 1981.  *See* Complaint, Dkt. 8.

Finally, Kascsak continues to cite to and rely on discussions of causation in the context of non-Section 1981 cases such as *Bostock* and *Leal*. Plaintiff does not cite to any case applying the *Leal* court's statements on causation under the ADEA to a Section 1981 claim, because no court appears to have done so. And *Bostock* makes no mention of the Court's *Comcast* decision, which is not surprising given *Comcast's* observation that Title VII (on which *Bostock* was based) and Section 1981 (on which *Comcast* was based) are "two statutes with two distinct histories, and not a shred of evidence that Congress meant them to incorporate the same causation standard." *Comcast*, 549 U. S. at 337; *see* Defendants' Objections, Dkt. 22 at 4.

Kascsak's allegation that the reason for the decision not to hire him was his race, his sex, or even his age—or all three—cannot be squared with his conclusory assertion that race was the but-for cause of Expedia's decision. His claim should therefore be dismissed.

Dated: April 15, 2024.

          Respectfully submitted,

          SCOTT DOUGLASS & MCCONNICO LLP
          303 Colorado Street, Suite 2400
          Austin, Texas 78701
          (512) 495-6300 Telephone
          (512) 495-6399 Facsimile

By: _____
          David D. Shank
          Texas Bar No. 24075056
          dshank@scottdoug.com
          Amy Lee Dashiell
          Texas Bar No. 90001564
          adashiell@scottdoug.com
          Robert P. Earle
          Texas Bar No. 241245566
          rearle@scottdoug.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     I certify that on April 15, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
(845) 270-3843

*Counsel for Plaintiff Michael Kascsak*

          */s/ Amy Lee Dashiell*
          Amy Lee Dashiell

4854-2133-0614