UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.**, | § § § | |
| Defendant. | § | |

### EXPEDIA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") files this answer to Plaintiff's First Amended Complaint (Dkt. 8) as follows:

### INTRODUCTORY PARAGRAPHS

Expedia admits that Plaintiff Michael Kascsak ("Kascsak") applied for and was considered for a senior director-level Global Sourcing position at Expedia. Expedia admits that Kascsak interviewed with several Expedia employees as part of the process, including Zoom interviews with Expedia's Chief People, Inclusion and Diversity Officer Michael Velasco ("Velasco") and Expedia's Senior Vice President of Talent Acquisition Allison Allen ("Allen"). Expedia admits that it paid for Kascsak to travel to New York for additional interviews with Velasco and Allen. Expedia admits that Velasco was unable to meet with Kascsak in New York in person due to a conflict, but that Kascsak had an in-person meeting with Allen. Expedia admits that it made the decision not to hire Kascsak and that it did not extend an offer of employment to Kascsak, instead informing Kascsak that he would not be hired. Expedia made its decision not to hire Kascsak based on legitimate, non-discriminatory business reasons. Expedia denies that its

decision was based on any discriminatory factors, and denies the remainder of the allegations in the introductory paragraph of the Complaint.

## PARTIES

1. Expedia admits that Kascsak lives in Austin, Texas and identifies as a heterosexual, white male who was 49 years old at the time of the filing of the Complaint. Expedia lacks sufficient knowledge or information to form a belief about the truth of the second and third sentences in paragraph 1.

2. Expedia lacks sufficient knowledge or information to form a belief about the allegations in paragraph 2.

3. Expedia admits that it is a Washington corporation with its principal place of business in Washington.

4. Expedia admits that the Expedia Group of companies operates one of the world's largest online travel agencies, and that it provides travelers with instantaneous research, planning and booking information.

5. Admitted.

## JURISDICTION AND VENUE

6. Expedia admits that Kascsak asserts claims under the statutes listed in paragraph 6 and admits that the Court has subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state claims against Expedia. Otherwise, denied.

7. Expedia admits that the Texas Workforce Commission issued a Notice of Right to File a Civil Action to Kascsak on October 25, 2023, that the EEOC issued a Notice of Right to Sue to Kascsak on October 30, 2023, and that Kascsak filed this lawsuit within the time period set forth in the Notices. Expedia admits that § 1981 does not have an administrative exhaustion

requirement. Expedia lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 7.

8. Expedia admits that this Court has personal jurisdiction over Expedia in this case. Otherwise, denied.

9. Expedia admits that this Court has personal jurisdiction over Expedia in this case. Otherwise, denied.

10. Expedia admits that this Court has personal jurisdiction over Expedia in this case. Otherwise, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Expedia admits that this Court has personal jurisdiction over Expedia in this case. Otherwise, denied.

16. Denied.

17. Expedia admits that venue is proper for the claims against Expedia under 42 U.S.C. § 2000e-5(f)(3). Otherwise, denied.

18. Expedia admits that venue is proper for the claims against Expedia under 28 U.S.C. § 1391(b). Otherwise, denied.

## FACTS

19. Expedia admits that one of its missions is to power global travel for everyone, everywhere. Otherwise, denied.

20. Denied.

21. Expedia admits that Exhibit D to Kascsak's First Amended Complaint ("Complaint") is a 2020 letter from then-Chief Executive Officer Peter Kern and that paragraph 21 contains several selected portions of quotations from that letter, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

22. Expedia admits that Exhibit E to the Complaint is a 2020 letter by Lauren von Stackelberg and that paragraph 22 contains several selected portions of quotations from that letter, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

23. Denied.

24. Denied.

25. Expedia admits that Exhibit F to the Complaint is a 2022 Inclusion and Diversity Report published by Expedia and that paragraph 25 contains several selected portions of quotations from that Report, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

26. Denied.

27. Expedia admits that Exhibit F to the Complaint is a 2022 Inclusion and Diversity Report published by Expedia and that paragraph 27 contains several selected portions of quotations from that Report, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

28. Expedia admits that Exhibit F to the Complaint is a 2022 Inclusion and Diversity Report published by Expedia and that paragraph 28 contains several selected portions of

quotations from that Report, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

29. Expedia admits that paragraph 29 contains several selected portions of quotations from Expedia's 2022 Inclusion and Diversity Report, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

30. Denied.

31. Expedia admits that Allison Allen was involved in Kascsak's interview process. Otherwise, denied.

32. Expedia admits that Exhibit G to the Complaint is an interview with Allison Allen pulled from Expedia's website and that Kascsak has quoted three words from that interview in paragraph 32. Expedia admits that Exhibit H contains screenshots from Allison Allen's LinkedIn profile and that paragraph 32 contains selected portions of quotations from that profile, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. ,,, denied.

33. Denied.

34. Expedia admits that paragraph 34 contains a portion of a modified quote from Expedia's 2022 Inclusion and Diversity Report, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

35. Expedia admits that Velasco was involved in drafting the 2022 Inclusion and Diversity Report. Otherwise, denied.

36. Denied.

37. Admitted.

38. Expedia admits that Kascsak was contacted regarding the "Head of Global Talent Sourcing" role at Expedia on April 6, 2023 and that Kascsak expressed interested in this role. Expedia admits that Kascsak was then scheduled for an interview with Allison Allen on April 25, 2023. Otherwise, denied.

39. Expedia admits that, after Kascsak's interview with Allison Allen, Kascsak interviewed with James Hawkes, Tina Ahn, Sarah Daffum, and Sean Splaine on May 3, 2023 and May 4, 2023. Expedia admits that at that point in the interview process, Lisa Christensen ("Christensen") said that Kascsak was the frontrunner for the position, and that Christensen sent an email to Kascsak stating that the "feedback was resounding." Otherwise, denied.

40. Expedia admits that Lisa Christensen invited Kascsak to participate in a final round with Velasco, and that Kascsak states in his Declaration that Kascsak qualified the interview as "neutral." Otherwise, denied.

41. Expedia admits the Lisa Christensen emailed Kascsak that they received positive feedback from his conversation with Velasco, and that it was likely that Allison would want another meeting with him. Otherwise, denied.

42. Denied.

43. Expedia admits that Christensen and Kascsak discussed potential compensation terms should he be offered a position, but denies that Kascsak was ever extended a verbal or written offer of employment. Otherwise, denied.

44. Expedia admits that in their conversation about potential compensation, Kascsak questioned whether there was any room to increase the potential compensation they had discussed, and that Christensen said that she would convey his request and get back to him. Otherwise, denied.

45. Admitted.

46. Expedia admits that Lisa Christensen emailed Kascsak regarding Expedia's benefits package on May 22, 2023 and that paragraph 46 contains selected phrases quoted from Christensen's texts with Kascsak, but denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

47. Expedia admits that Christensen followed up with Kascsak on May 24, 2023, with news that the role was on pause and that she needed to discuss it with Allen. Expedia admit that in texts with Kascsak Christensen stated that the team was going through a reorganization and speculated that Allen may be "going a different direction with the role, possibly Director level" and that "[t]he challenge with Director for you is the comp-we couldn't get close enough to your expectations I'm afraid.".  Otherwise, denied.

48. Expedia admits that Christensen and Kascsak spoke by phone on or about June 6, 2023, and that in that call or otherwise Christensen communicated to Kascsak that Allen's team was going through a reorganization and that they would keep him updated.  Otherwise, denied.

49. Expedia admits that Kascsak contacted Allen and that she stated in a LinkedIn message on June 18: "Let's be clear, you are still our top pick. Really appreciate you staying connected as we run the process." Otherwise, denied.

50. Denied.

51. Expedia admits that when contacted by Kascsak in July, Christensen responded that Allen had announced her org plans and that Expedia was opening the role for internal applications.  Otherwise, denied.

52. Expedia admits that it posted the position for external candidates, which was communicated to Kascsak. Otherwise, denied.

53. Expedia lacks sufficient knowledge or information to form a belief about the allegations in paragraph 53.

54. Admitted.

55. Expedia admits that Kascsak was invited to travel to New York to interview with Velasco and Allen in person, who he had interviewed with previously over Zoom, and that Kascsak arrived in New York for the interviews on August 14, 2023. Otherwise, denied.

56. Expedia admits that Michael Davis Velasco was unable to interview Kascsak as planned on August 15, 2023 and that Kristin Stencil communicated this to Kascsak. Expedia lacks sufficient knowledge or information to form a belief about the allegations in the final sentence of paragraph 56.

57. Expedia admits that Kascsak participated in remote interviews with Sarah Sanderson and Melissa Hutchinson. Otherwise, denied.

58. Denied.

59. Expedia lacks sufficient knowledge or information to form a belief about the allegations in paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. Expedia admits that Kascsak had a Zoom interview scheduled with Velasco. Otherwise, denied.

64. Expedia admits that Kristin Stencil informed Kascsak that Michael Davis Velasco was unable to conduct the additional Zoom interview as planned due to an emergency outside the

office, and that Christensen would be in touch with him the following week to reschedule. Otherwise, denied.

65. Denied.

66. Denied.

67. Denied.

68. Expedia lacks sufficient knowledge or information to form a belief about the status of Kascsak's employment, and otherwise denies the allegations in paragraph 68.

69. Denied.

70. Denied.

71. Denied.

72. Expedia denies that Kascsak is entitled to any relief in this lawsuit.

**COUNT 1: EXPEDIA ILLEGALLY DISCRIMINATED AGAINST KASCSAK BASED ON RACE UNDER TITLE VII**

73. Expedia incorporates its responses in the foregoing paragraphs as though fully set forth herein.

74. Expedia admits that Title VII addresses claims for failure to hire, and that white males may assert claims under Title VII. Otherwise, denied.

75. Expedia admits that paragraph 75 contains a quotation from Judge Ho's concurrence in *Hamilton v. Dall. Cnty*, No. 21-10133 (5th Cir. 2023). Otherwise, denied.

76. Expedia admits that the first sentence of paragraph 76 contains an accurate quotation from *Hamilton v. Dall. Cnty*, No. 21-10133 (5th Cir. 2023). Expedia admits that the third sentence of paragraph 76 contains several phrases quoted from *McCoy v. Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Expedia admits that the last sentence of paragraph 76 contains an

accurate quotation from *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985). Otherwise, denied.

77. Denied.

78. Denied.

79. Expedia admits that the first, second, and last sentences of paragraph 79 contain partial quotations from Expedia's 2022 Inclusion and Diversity Report, but denies that the report includes "quotas" or statements that are "damning," and denies Kascsak's efforts to mischaracterize the document and any allegations inconsistent with its terms. Otherwise, denied.

80. Denied.

81. Denied.

82. Expedia admits that paragraph 82 sets forth one version of the elements of a *prima facie* case of discrimination under the *McDonnell Douglas* standard. Otherwise, denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Expedia admits that paragraph 90 contains an accurate quotation from *Hamilton v. Dall. Cnty,* No. 21-10133 (5th Cir. 2023). Otherwise, denied.

**COUNT 2: EXPEDIA ILLEGALLY DISCRIMINATED AGAINST KASCSAK BASED ON RACE UNDER TEXAS LABOR CODE § 21.051**

91. Expedia incorporates its responses in the foregoing paragraphs as though fully set forth herein.

92. Expedia admits that the Fifth Circuit will "apply the same analysis to Title VII and TCHRA claims." *Horvath v. City of Leander*, 946 F.3d 787, 791 n.3 (5th Cir. 2020) (citing *NME Hasps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999)). Otherwise, denied.

93. Denied.

94. Denied.

**COUNT 3: EXPEDIA AND DAVIS VELASCO VIOLATED KASCSAK'S RIGHT TO RACE-FREE CONTRACTING UNDER § 1981**

95. Expedia incorporates its responses in the foregoing paragraphs as though fully set forth herein.

96. Expedia admits that the first sentence of paragraph 96 contains a phrase accurately quoted from *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989) and that the second sentence of paragraph 96 contains a phrase accurately quoted from *Faraca v. Clements*, 506 F.2d 956, 959 (5th Cir. 1975). Otherwise, denied.

97. Expedia admits that the first sentence of paragraph 97 contains an accurate quotation from *Markey v. Tenneco Oil Co.*, 635 F.2d 497 (1981). Otherwise, denied.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Expedia admits that under § 1981 Kascsak must establish "but-for" causation by showing that "but for" his race he would have been hired by Expedia. Otherwise, denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

**COUNT 4: EXPEDIA ILLEGALLY DISCRIMINATED AGAINST KASCSAK BASED ON SEX UNDER TITLE VII**

109. Expedia incorporates its responses in the foregoing paragraphs as though fully set forth herein.

110. Expedia admits that Title VII prohibits employers from refusing to hire a candidate based on his or her sex and that paragraph 110 contains a quotation from Judge Ho's concurrence in *Hamilton v. Dall. Cnty*, No. 21-10133 (5th Cir. 2023).

111. Expedia admits that paragraph 111 contains a quotation from *Hamilton v. Dall. Cnty*, No. 21-10133 (5th Cir. 2023). Otherwise, denied.

112. Expedia admits that paragraph 112 sets forth a quotation partially addressing the standard for direct evidence. Otherwise, denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Expedia admits that, in order for Kascsak to prevail on his Title VII gender discrimination claim, he must show that his sex was a motivating factor for Expedia's refusal to hire him. Otherwise, denied.

121. Denied.

122. Denied.

123. Expedia admits that it interviewed both male and female candidates for the role Kascsak was seeking. Otherwise, denied.

124. Denied.

125. Denied.

**COUNT 5: EXPEDIA ILLEGALLY DISCRIMINATED AGAINST KASCSAK BASED ON SEX UNDER TEXAS LABOR CODE § 21-051**

126. Expedia incorporates its responses in the foregoing paragraphs as though fully set forth herein.

127. Expedia admits that the Fifth Circuit will "apply the same analysis to Title VII and TCHRA claims." *Horvath v. City of Leander*, 946 F.3d 787, 791 n.3 (5th Cir. 2020) (citing *NME Hasps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999)). Otherwise, denied.

128. Denied.

129. Denied.

**PLAINTIFF'S REQUEST FOR RELIEF**

130. Expedia denies the allegations in Plaintiff's Request for Relief and denies that Kascsak is entitled to any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff fails to state any claim upon which relief may be granted.

2. To the extent Plaintiff's claims are different from and beyond the scope of the matters alleged in the Charge filed with the TWC and/or EEOC, for which a notice of right to sue has been issued, the Court has no subject matter jurisdiction over such claims and/or Plaintiff has failed to satisfy the jurisdictional prerequisite and conditions precedent to filing suit.

3. The employment decisions that are challenged by Plaintiff were based on legitimate, non-discriminatory, non-pretextual business reasons.

4. Expedia took reasonable and good-faith steps to comply with anti-discrimination statutes and to prevent discrimination in its workplace.

5. Expedia would have made the same decision not to hire Plaintiff in the absence of any unlawful motivating factor, if such a factor existed.

6. Any damages suffered by Plaintiff were proximately caused by his own conduct and not by any unlawful conduct by Expedia.

7. Plaintiff's claims are barred, either in whole or in part, because Plaintiff failed to promptly report to or notify Expedia of any complaint about the alleged conduct, if any such conduct occurred, and denied Expedia the opportunity to investigate and/or take action in response to complaints.

8. Plaintiff has failed to allege facts which, if proven, would establish that the alleged conduct, if any such conduct occurred, was the proximate cause of Plaintiff's damages.

9. Plaintiff had and has a duty to mitigate any damages that may have resulted from any alleged wrongdoing by Expedia. Plaintiff's damages, if any, should be reduced by any failure to mitigate damages.

10. Any amount which Plaintiff claims is due and owing for back pay and/or benefits must be reduced and offset by any amounts which Plaintiff received, earned or could have earned

after the date of the alleged adverse employment action, and any amount that Plaintiff claims is due and owing for back pay and/or benefits must be reduced to account for any time period for which Plaintiff was unavailable for work.

11. Plaintiff's damages, if any, are capped by federal and state statutes.

12. Plaintiff's claims for exemplary/punitive damages are limited by the applicable provisions of the Texas Constitution, due process clause of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment to the United States Constitution.

13. Expedia denies that it is guilty of conduct for which exemplary/punitive damages could or should be awarded. As a result, Plaintiff has failed to produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Expedia.

## PRAYER

For these reasons, Expedia asks the Court to enter judgment that Kascsak take nothing, dismiss Kascsak's suit with prejudice, assess costs against Kascsak, and award Expedia all other relief the Court deems appropriate.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: */s/ Amy Lee Dashiell*
　　David D. Shank
　　Texas Bar No. 24075056
　　dshank@scottdoug.com
　　Amy Lee Dashiell
　　Texas Bar No. 90001564
　　adashiell@scottdoug.com
　　Robert P. Earle
　　Texas Bar No. 241245566
　　rearle@scottdoug.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 9, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Max Schreiber
Alexander Liebmann
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501

*Counsel for Plaintiff Michael Kascsak*

　　　　　　　　　　　　　　　　　*/s/ Amy Lee Dashiell*
　　　　　　　　　　　　　　　　　Amy Lee Dashiell