UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC.,<br><br>*Defendant*. | Case No.: 1:23-cv-01373-DII<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

Plaintiff Michael Kascsak respectfully moves the Court—pursuant to FED. R. CIV. P. 37(a), (b)(iii), and (b)(iv)—for an order compelling Defendant Expedia, Inc. to: (1) Respond to Plaintiff's Interrogatory No. 22, which seeks basic information about Expedia's search and production efforts—the custodians whose documents were searched, the search terms used, the repositories of electronically stored information (ESI) searched, and whether Expedia is declining to search repositories on the basis of non-accessibility—and was propounded only after Expedia refused to disclose this information through the normal pretrial meet-and-confer process;[1] 2) Respond fully to Plaintiff's Amended First Requests for Production (RFPs) Nos. 2, 3, 9–11, 15, 17, 19–21, and 28, and to Plaintiff's Amended First Interrogatories (ROGs) Nos. 6, 7, 12, 15, 16, and 19[2]; and (3) Produce documents withheld based on impermissible, generic, boilerplate objections.

---

[1]   A copy of Interrogatory No. 22 with Defendant's response is attached as Ex. A.

[2]   Defendant's Objections and Responses to Plaintiff's Amended RFPs are attached as Ex. B. Defendant's Objections and Responses to Plaintiff's First ROGs are attached as Ex. C. Following receipt of Defendant's initial objections and responses to Plaintiff's First RFPs and ROGs, Plaintiff amended his discovery requests to address some of Defendant's objections, such as alleged overbreadth and vagueness, in an effort to resolve this dispute, *see* Ex. D. Defendant asserts that the amendments to the ROGs are complete rewrites and has refused to respond. *See* Ex. E.

1

## INTRODUCTION

This employment discrimination complaint under § 1981, Title VII, and Texas's equivalent statute alleges that Expedia discriminated against Plaintiff who is a white, male. Expedia did so in pursuit of its publicly advertised goal to make Expedia's hiring at least 50% non-male and 25% racial minority. Central to Plaintiff's complaint is his allegation that the discrimination he experienced was part and parcel of Expedia's embrace of illegal racial practices, quotas, and other invidious means to "diversify" its workplace—at the expense of both merit and racial equality. These allegations withstood Expedia's attempt to have them dismissed for failure to state a claim. But now, as Plaintiff seeks to obtain vital discovery to support his case, Expedia is stonewalling. Plaintiff has worked collegially, amending his requests and conferring on numerous occasions to resolve this dispute.[3] But Expedia has refused to budge, withholding basic information that is essential to the sound resolution of this case.

First, Expedia has broken sharply with the rules and norms of federal discovery practice: It is refusing to provide basic information about its e-discovery process—including the custodians, search terms, and date parameters used, the sources of information that it has searched, and those it is refusing to search. Expedia's refusal to cooperate in the discovery process is inconsistent with Rules 16 and 26. That is troubling in and of itself. But Expedia's refusal to cooperate is even more troubling because—as explained below—there are gaping holes in Expedia's production.

Second, Expedia has taken an insuperably narrow view of what is relevant. Plaintiff's complaint alleges that Expedia discriminated against him based on his race and sex, in furtherance of publicly advertised company-wide quotas and other unlawful race- and sex-based policies.

---

[3] Prior to filing this motion, Plaintiff sent multiple deficiency letters and emails, *see* Ex. F, and held four formal conferences (Apr 12, May 14, June 10, & July 10). All to no avail.

Naturally, Plaintiff sought discovery into how these policies were created, implemented, and understood. But Expedia has refused to produce *any* internal communications, nonpublic reports or other such documents about these issues; any draft diversity reports; and any information on how it calculates the publicly reported racial and gender statistics it uses for quotas. Expedia insists this is all irrelevant.

## ARGUMENT

**A.  The Court Should Compel an Answer to Interrogatory No. 22**.

Interrogatory 22 requests information about Expedia's search parameters and methodology. Information requested by a party is presumed discoverable. *See Walters v. Sentry Link, LLC*, No. A-16-cv-383, 2018 WL 837611, at *3 (W.D. Tex. Feb. 9, 2018). The burden is on the "party resisting discovery" to show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Expedia cannot meet this burden. Hiding behind a generalized claim that "discovery into discovery" is not allowed, Expedia refuses to provide the sort of basic information normally exchanged under Rule 16(b)(3)(iii) , Rule 16(c)(2) and Rule 26(f).

Additionally, Expedia's lack of transparency makes it difficult to determine with certainty whether Expedia has complied with its discovery obligations. But the significant gaps and missing information in Expedia's productions make it implausible that Expedia's search has been reasonable or complete. This Court should compel a response to Interrogatory 22 so that Plaintiffs—and if need be the Court—can better understand Expedia's discovery efforts to date.

**1.  The Court Should Compel Expedia to Disclose its Basic Search Parameters.**

To begin, Expedia has refused to comply with its Rule 16 and 26 obligations to describe what sources of relevant information exist (particularly ESI), how it intends to search those sources, and whether it contends that any sources are inaccessible. Expedia has also refused to

3

disclose basic information concerning how it determined what documents to produce. For example—what custodians' files were searched? Were search terms used? If so, which ones? Were dates or other filters used? If so, which ones?

Such information is ordinarily shared as part of the collaborative discovery process.[4] And when it is not, courts routinely order parties to produce this information. *See*, *e.g.*, *Via Vadis, LLC v. Blizzard Ent., Inc.*, No 1:14-CV-00810, 2021 WL 3081310, at *6 (W.D. Tex. July 21, 2021) (ordering discovery on databases and custodians searched); *Finjan, Inc. v. SonicWall, Inc.*, No. 1:20-cv-0652, 2020 WL 3620428, at *2 (W.D. Tex. July 2, 2020) (same); *Walton v. Medtronic USA, Inc.*, No. 22-cv-50, 2023 WL 5016781, at *4 (D. Minn. Aug. 7, 2023) (ordering discovery on search terms and methodology); *Vasoli v. Yards Brewing Co.*, LLC, No. 21-2066, 2021 WL 5045920, at *2 (E.D. Pa. Nov. 1, 2021) (holding that "the steps that a party took to search for and produce relevant documents are discoverable"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630, 2013 WL 1942163, at *1–2 (N.D. Cal. May 9, 2013) (ordering production of search terms and custodians); *Ruiz-Bueno v. Scott*, No. 2:23-cv-0809, 2013 WL 6055402, at *3 (S.D. Ohio Nov. 15, 2013) (recognizing that Rule 26 conferral should include "cooperative planning" about "sources of information to be preserved or searched"; "identities of custodians"; and "search terms and methodologies to be employed") (cleaned up); *McNearney v. Wash. Dep't of Corrs.*, No. C11-5930, 2012 WL 3155099, at *1, *6 (W.D. Wash. Aug. 2, 2012) (ordering discovery on locations

---

[4] The Sedona Conference has written extensively on the importance of conferring in good faith with opposing counsel "to seek agreement on . . . the means of searching and retrieving information." *The Case for Cooperation*, 10 SEDONA CONF. J. 339, 350 (2009). A party's "failure to cooperate in discussions regarding a meaningful electronic discovery plan based on information about each party's custodians and electronic storage systems may in itself be obstruction." *Id.* at 353. Indeed, as one commentator noted, in the age of ESI, "it is, as a practical matter, impossible to get meaningful discovery if one side refuses to discuss the parameters of what constitutes a reasonable search, leading to unfair and oppressive results." *Id.* That is the case here.

searched and search terms used); *FormFactor, Inc. v. Micro-Probe*, *Inc.*, No. C-10-03095, 2012 WL 1575093, at *6–7, 7 n. 4 (N.D. Cal. May 3, 2012) (ordering discovery on search terms, custodians, and sources searched, and overruling claims of work product privilege).

In short, courts routinely reject Expedia's objections to Interrogatory 22 and permit discovery of a party's search methodology. That makes sense, because there "is simply no way to determine whether [a party conducted] an adequate search without production of the search terms used." *Id.* at *7 n.4. This Court should do the same.

2. **Significant Gaps in Production Compel a Response to Interrogatory No. 22.**

Even without basic discovery information about Expedia's search methodology, there are compelling reasons to conclude that its searches were not reasonable, and its productions are not complete. It is clear that important information is missing. *First*, lacking from Expedia's productions are *any* materials reflecting why Expedia decided not to give Plaintiff the written job offer prepared for him in May 2023, after Expedia executives met to discuss the offer. *Second*, there are no materials describing the follow-up conversations Expedia had with Plaintiff in late May of 2023 regarding that offer. *Third*, there are no materials explaining why, after a several month hiatus, Expedia asked Plaintiff to fly to New York for further interviews. *Fourth*, there are no first-hand materials reflecting executive Allison Allen's meeting with Plaintiff on August 15, 2023, when Allen informed Plaintiff that Expedia's Chief Inclusion and Diversity Officer (Michael Davis Velasco) had diversity concerns about Plaintiff's hiring, or her discussion thereafter with Velasco. *Fifth*, there are no materials evidencing what Davis Velasco was doing when he twice canceled scheduled meetings with Plaintiff. *Sixth*—and quite telling—completely lacking are any official materials showing why Expedia decided not to hire Plaintiff, when all official materials that have been produced show Plaintiff was a "recommend hire."

Common sense suggests that a sophisticated organization like Expedia—with a large human resources department that engaged with Plaintiff for months about his potential hiring—would have materials pertaining to these matters. It is implausible that there were no internal discussions reflected in emails, chat messages, memos, notes, or other official records regarding these issues, particularly when key players (Allen and Davis Velasco) work in different cities. In any event, these unexplained gaps in Expedia's production highlight the need for an order requiring Expedia to respond to Interrogatory 22 and explain its search methodology.

### B. The Court Should Compel Expedia to Produce Documents Withheld Based on Unsupported Boilerplate Objections and to Produce a Privilege Log.

Expedia asserts several boilerplate objections such as "overly broad," "unduly burdensome," "impermissible fishing expedition," and "exceeds the bounds of proportional discovery," all without explanation. Ex. B. at 6–7, 10–11, 13, 15, 18. Further, contrary to the clear directive in FED. R. CIV. P. 35(b)(2)(C), Expedia has not specified whether it has withheld documents based on any of its boilerplate objections. Nor has Expedia produced a privilege log.

"It is well-established that parties cannot make general or boilerplate objections to discovery requests." *Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (cleaned up). Indeed, "boilerplate objections are invalid" and waived, as objections "must be made with specificity" and "explain[ed]." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018); *see also Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, 2020 WL 6559869, *3 (E.D. Tex. Nov. 9, 2020) (providing examples of impermissible boilerplate objections that predominate Defendant's responses).

Expedia fails its obligations by, for example, positing cost-related objections to RFPs Nos. 2–4, 9, 10, 15, 17, 20, 21 and ROGs Nos. 7, 12, 16, 19 without any specificity or "proof of . . . time or expense" as is required to support such objections. *S.E.C. v. Brady*, 238 F.R.D. 429, 437

(N.D. Tex. 2006) (cleaned up). The Court should hold these objections are waived and order Expedia to produce the requested information. *See Luckenbach Tex., Inc. v. Skloss*, No. 1:21-cv-00871, 2023 WL 2229266, at *1 (W.D. Tex. Feb. 24, 2023). At minimum, the Court should require Expedia to provide the required specificity and detail whether any responsive documents have been withheld, the basis for each such withholding, and to produce a privilege log if necessary.

### C. The Court Should Order Expedia To Produce Responsive Materials About Its Diversity Policies, Goals and Quotas.

#### 1. Plaintiff's Requests Are Consistent with Ordinary Discovery Principles.

Under FED. R. CIV. P. 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Evidence is relevant if "it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (citations omitted).

In the context of discrimination complaints, permissible discovery is particularly broad because even defendants of "minimal sophistication"—never mind a defendant like Expedia—"neither admit discriminatory animus nor leave a paper trail demonstrating it." *Riordan v. Kempiners*, 831 F.2d 690, 697 (7th Cir. 1987); *see also Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).

Plaintiff's requests at issue here focus on core aspects of Plaintiff's case: (1) the origination and implementation of Expedia's race- and sex-conscious hiring plans, and (2) the motives and credibility of Expedia and its employees involved in the hiring process. These are heartland matters. They undoubtedly "bear[] on" the issues in this discrimination suit. *Coughlin v. Lee*, 946

7

F.2d 1152, 1159 (5th Cir. 1991). And they "reasonably could lead to other matter" that is pertinent to this case. *Id.* The disputed requests are thus permissible subjects of discovery.

      **a.**    **Defendant's Diversity Policies and Plans, and their Origination and Implementation (*RFPs 2, 3, 9–11, 19–21*; *ROGS 7, 10, 12, 15, and 16*)**

Information pertaining to Defendant's diversity plans and policies is relevant to this case and thus discoverable. This is true even though Plaintiff "is asserting an individual [discrimination] claim." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Such information may tend to "show the 'atmosphere'" in which Plaintiff's hiring process took place. *Ratliff v. Gov.'s Highway Safety Prog.,* 791 F.2d 394, 402 (5th Cir. 1986). Expedia's diversity "policy and practice [might also] illustrate" that Defendant engaged in "intentional discrimination." *Id.* Some of Plaintiff's requests pertain to the *implementation* of Defendant's diversity policies (RFPs Nos. 9, 20, 21; ROGs Nos. 7, 12), which set race- and sex-based hiring targets. Exhibit F, 2022 Diversity Report, Doc. 8-6 at 6–9. Such implementation decisions are probative of how "the employer acted pursuant to" its targets. *Cerrato v. San Francisco Comm. Coll. Dist.*, 26 F.3d 968, 976 (9th Cir. 1994). Indeed, Expedia itself promised to be "intentional" when pursuing its race- and sex-based targets, including for Leadership positions like the one at issue here. *See* Doc. 8-6 at 8–9. How Expedia went about its "intentional" plans to increase racial diversity is plainly relevant in a case where the plaintiff belongs to a disfavored racial group. *See*, *e.g.*, *Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617, 2011 WL 11563217, at *4 (E.D. Cal. Dec. 2, 2011) (holding that "the [Company VP's] memo," which "advanced discriminatory policies" at stores, was discoverable).

Other requests (RFPs Nos. 2, 3, 9, 10; ROGs Nos. 15, 16) pertain to the "background" of the Company's diversity policies. *See Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988) overruled in part on other grounds by *Price Waterhouse v. Hopkins*, 490 U.S. 228, (1989). For example, *drafts* and *comments* on Expedia's Diversity Reports (RFP No. 9, ROG No.

8

10), both before and during the events at issue in this case, are probative of Defendant's discriminatory intent. Plaintiff sought such background documents from three custodians: (i) Davis Velasco, (ii) Lauren von Stackelberg, and (iii) Peter Kern. The first two individuals served as diversity officers at Expedia, and the third as its CEO. The diversity officers authored and implemented the discriminatory policies—and one, Velasco, interviewed Plaintiff directly. *See* Doc. 8-6 at 2. As for Kern, he implicated himself in this discovery via public promises to "*require* inclusive, equitable hiring practices"—like those at issue—and "at a greater rate" than before. Exhibit E, 2020 CEO Action Letter, Doc. 8-5 (emphasis added). He also promised that Expedia would "rededicate" itself to curing the "plague" of "systemic racism," for which all employees "must be a part of the solution." Exhibit D, Kern Letter, Doc. 8-4. "When a major company executive" like Kern speaks, "everybody listens." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001). Because Kern initiated these diversity policies, Docs. 8-4 & 8-5, his input is discoverable. *See, e.g., Walsh v. Doner Int'l Ltd., Inc.*, 336 F.R.D. 139, 142–43 (E.D. Mich. 2020) (granting discovery of the CEO because his "public comments" "raised a question" as to a discriminatory "company-wide policy"). Expedia cannot "compartmentalize [Kern] as if he had nothing more to do with company policy than the janitor." *Slattery*, 248 F.3d at 92.

    b. **Relevant Information Regarding Defendant's Employees and Officers (*RFPs 15 & 17*; *ROGs 6 & 19)*[5]**

Expedia was prepared to offer Plaintiff a job. But Plaintiff's hiring process was inexplicably delayed. Expedia then asked Plaintiff to meet with its Chief Diversity Officer, Davis Velasco. Yet Davis Velasco twice cited personal emergencies to cancel those interviews. *See*

---

[5] Plaintiff inadvertently pasted revised ROG 5 into ROG 6's revision. The Court should ignore this and consider ROG 6 as originally drafted and Defendant's response as set forth in Ex. C at 4.

Amended Compl., Doc. 8 ¶¶ 56 & 64 (citing exhibits). Plaintiff was then informed by Expedia employee Allen that his "non-diverse" status was the reason he was not hired. And Allen was later terminated.

To get to the bottom of what happened, Plaintiff has requested information about Davis Velasco's calendar and activities on the days of the canceled interviews. *See* RFP No. 15 & ROG No. 6. Why Davis Velasco canceled the interviews is a factual question, bearing directly on Expedia's sincerity in considering Plaintiff for the job. The information also bears on the credibility of Davis Velasco and Expedia. Additionally, Plaintiff has requested information surrounding Allen's abrupt departure from Expedia. *See* RFP No. 17. Allen is the individual who told Plaintiff that his lack of diversity—that is, his status as a white male—is why he did not get the job. The circumstances surrounding her departure are critical to Plaintiff's assessment of both her and Expedia's credibility. Finally, Plaintiff has sought information regarding "any conversations or evaluations during the hiring process for Plaintiff where race, sex, or diversity was mentioned." ROG 19. This goes to the heart of Plaintiff's discrimination claim. It is middle of the fairway stuff. Expedia cannot shield such communications from discovery by asserting, without the required specificity, that it would be too burdensome to even try to comply with this interrogatory. Expedia, after all, is a sophisticated tech company, not a small-town travel agency operating a single shop on main street. The Court should order Expedia to respond.

## CONCLUSION

For the reasons herein, the Court should grant Plaintiff's motion to compel and order the relief set forth at the beginning of this motion.

Respectfully submitted on this 24th of July, 2024,

        //s Nicole J. Moss_____

        Nicole J. Moss, Esq.*
        **pro hac vice*
        Partner
        Cooper & Kirk
        1523 New Hampshire Ave NW
        Washington, D.C. 20036
        NC #31958
        nmoss@cooperkirk.com
        202-210-9600

        Adam P. Laxalt, Esq.*
        **pro hac vice*
        Partner
        Cooper & Kirk
        1523 New Hampshire Ave NW
        Washington, D.C. 20036
        NV #12426
        alaxalt@cooperkirk.com
        202-210-9600

        Brian W. Barnes, Esq.*
        **pro hac vice*
        Partner
        Cooper & Kirk
        1523 New Hampshire Ave NW
        Washington, D.C. 20036
        CO #43040
        bbarnes@cooperkirk.com
        202-210-9600

        Samuel D. Adkisson, Esq.*
        **pro hac vice*
        Associate
        Cooper & Kirk
        1523 New Hampshire Ave NW
        Washington, D.C. 20036
        VA #93362
        sadkisson@cooperkirk.com
        202-210-9600

Alexander Liebmann, Esq.
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

Nicholas R. Barry, Esq.*
*pro hac vice
Attorney
America First Legal Foundation
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
TN #031963
Nicholas.barry@aflegal.org
202-964-3721

Jacob Meckler, Esq.*
*pro hac vice
Attorney
America First Legal Foundation
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
DC #90005210
Jacob.meckler@aflegal.org
202-964-3721

**PROOF OF SERVICE**

I hereby certify that on July 24, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

/s/ Nicole J. Moss
Nicole J. Moss
Counsel of Record