# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.**, | § § § | |
| Defendant. | § | |

**DEFENDANT EXPEDIA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL KASCSAK'S SECOND SET OF INTERROGATORIES**

To:   Plaintiff Michael Kascsak, by and through his attorneys of record, Alexander Liebmann, Max Schreiber, Liebmann & Liebmann, P.C., 714 N. Spring Street, Pensacola, FL 32501.

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. (Expedia") serves the following Objections and Responses to Plaintiff Michael Kascsak's Second Set of Interrogatories.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: */s/ David D. Shank*
    David D. Shank
    Texas Bar No. 24075056
    dshank@scottdoug.com
    Amy Lee Dashiell
    Texas Bar No. 90001564
    adashiell@scottdoug.com

4887-0846-1238

2

>Robert P. Earle
>Texas Bar No. 241245566
>rearle@scottdoug.com

>*Counsel for Defendant Expedia, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com

*Counsel for Plaintiff Michael Kascsak*

>*/s/ Amy Lee Dashiell*
>Amy Lee Dashiell

2

4887-0846-1238

**GENERAL OBJECTIONS**

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's Second Set of Interrogatories (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual Requests:

1. Expedia objects to the Requests' definition of "Expedia, Inc." and "Defendants" because they purports to include all "officers, directors, employees, partners, corporate parent, successors, or affiliates of Expedia, Inc." For purposes of these responses, the term "Expedia" refers to Expedia, Inc. Expedia objects to this definition to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests is limited to information in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by incorporating this overbroad definition, seeks discovery of information not within Expedia's possession, custody, or control.

2. Expedia objects to the Requests' definition of "Document" to the extent it is broader than the definition in Local Rule CV-26(b)(2). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret this term consistent with the definition of *document* in the Local Rules.

3. Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

4. In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests

3

seek the discovery of information that is protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

5. Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

6. Any statement made in the responses to interrogatories shall not be deemed an admission of any factual or legal contention contained in any individual Request. Expedia objects to each Request to the extent that it contains any factual or legal misrepresentations.

7. Expedia objects to each of Plaintiff's Requests to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

8. The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

## OBJECTIONS AND RESPONSES TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 22:**

Please describe in detail the process for identifying all electronically stored information (ESI) implicated by Plaintiff's Requests for Production. This includes the databases, software and mediums of ESI searched, the relevant accounts searched, search terms, databases/software/mediums not consulted and why, and the process for identifying initial sets of documents implicated by the RFPs.

**OBJECTION:**

Expedia objects that this request is not the proper topic of an interrogatory under the Federal Rules of Civil Procedure, because it is not relevant to a claim or defense in this lawsuit and potentially seeks information protected by the work product privilege. The request is both premature and without merit because Plaintiff has failed to make any showing that would entitle him to this discovery. *See, e.g. VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839 (N.D. Tex. Nov. 8, 2021); *Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853 (S.D. Tex. Nov. 4, 2021). Defendants have complied and will continue to comply with the Federal Rules of Civil Procedure.

4887-0846-1238