# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.**, and **MICHAEL DAVIS VELASCO**, | § § § § | |
| Defendants. | § § | |

### DEFENDANT EXPEDIA, INC. AND MICHAEL DAVID VELASCO'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL KASCSAK'S FIRST REQUEST FOR PRODUCTION

To: Plaintiff Michael Kascsak, by and through his attorneys of record, Alexander Liebmann, Max Schreiber, Liebmann & Liebmann, P.C., 714 N. Spring Street, Pensacola, FL 32501.

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") and Michael Davis Velasco ("Velasco") serve the following Amended Objections and Responses to Plaintiff Michael Kascsak's First Request for Production.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: /s/ *David D. Shank*
David D. Shank
Texas Bar No. 24075056
dshank@scottdoug.com
Amy Lee Dashiell
Texas Bar No. 90001564
adashiell@scottdoug.com

4886-1135-9923

2

        Robert P. Earle
        Texas Bar No. 241245566
        rearle@scottdoug.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I certify that on June 14, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com

*Counsel for Plaintiff Michael Kascsak*

        */s/ Amy Lee Dashiell*
        Amy Lee Dashiell

4886-1135-9923

**OBJECTIONS AND RESPONSES OF MICHAEL DAVIS VELASCO**

Velasco objects to Plaintiff's First Requests for Production of Documents (the "Requests") on the basis that this Court lacks personal jurisdiction over Velasco, as set forth in Defendants' Motion to Dismiss (Dkt. 12) and as set forth in the Report and Recommendation issued on March 22, 2024 (Dkt. 19). Nothing in these Responses constitutes a waiver of Velasco's claim that the Court lacks personal jurisdiction over him. However, because the Requests were jointly served on both Expedia and Velasco, and because Velasco as an officer of Expedia is therefore within Expedia's control, Velasco joins these Objections and Responses to Plaintiff's Requests.

**GENERAL OBJECTIONS**

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's First Requests for Production of Documents (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual requests:

1. Expedia objects to the Requests' definition of "Expedia, Inc." and "Defendants" because they purports to include all "officers, directors, employees, partners, corporate parent, successors, or affiliates of Expedia, Inc." For purposes of these responses, the term "Expedia" refers to Expedia, Inc. Expedia objects to this definition and to Instruction No. 5 to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests and produce documents is limited to items in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by

3

incorporating this overbroad definition, seeks discovery of items not within Expedia's possession, custody, or control.

2.     Expedia objects to the Requests' definition of "Communication" to the extent it is broader than the definition in Local Rule CV-26(b)(1). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret the term *communication* consistent with the definition in the Local Rules.

3.     Expedia objects to the Requests' definition of "Person" to the extent it is broader than the definition in Local Rule CV-26(b)(6). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret these terms consistent with the definition of *person* in the Local Rules.

4.     Expedia objects to the Requests' definition of "Document" to the extent it is broader than the definition in Local Rule CV-26(b)(2). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret this term consistent with the definition of *document* in the Local Rules.

5.     Expedia objects to the time, place, and manner of production specified in Plaintiff's Requests. Expedia will produce responsive, non-privileged documents at a mutually agreeable time and place once a protective order has been entered by the Court.

6.     Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

7.     In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests seek the discovery of information that is protected by the attorney-client privilege, work-product

privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

8. Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

9. Any statement made in the responses to Requests shall not be deemed an admission of any factual or legal contention contained in any individual Request. Expedia objects to each Request to the extent that it contains any factual or legal misrepresentations.

10. Expedia objects to each of Plaintiff's Requests to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

11. The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

**OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings related to Michael Kascsak made by Expedia employees on or using company accounts/technology. Include any recordings in which Kascsak participated for the purposes of this RFP.

**OBJECTION:**

Expedia objects that this request for documents "related to Michael Kascsak" is vague and fails to identify documents with reasonable particularity; therefore it is potentially overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**RESPONSE:**

Expedia has conducted a reasonable search for responsive documents and produced communications that reference Michael Kascsak.

**REQUEST FOR PRODUCTION NO. 2:**

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings after June 1, 2020, from Peter Kern to Lauren von Stackelberg, Michael Davis Velasco or others regarding race, sex, or diversity, equity, or inclusion and the Expedia workforce or Expedia hiring.

**OBJECTION:**

Expedia objects that this request fails to identify the documents sought and is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Neither Peter Kern (Expedia's CEO) nor Lauren von Stackelberg were involved in the decision not to hire Kascsak. In fact, von Stackelberg left Expedia in April 2021, over two years before Kascsak applied to Expedia.

Expedia further objects that this request exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia has produced its policies on diversity and inclusion during the relevant time period, and has also performed a reasonable search for communications from Velasco referencing either Kascsak or the Global Sourcing role and produced the documents responsive to that search.

**REQUEST FOR PRODUCTION NO. 3:**

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings by Lauren von Stackelberg and Michael Davis Velasco made at Expedia after June 1, 2020, regarding race, sex, diversity, equity, or inclusion and the Expedia workforce or Expedia hiring.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought with reasonable particularity, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit – the decision not to hire Kascsak for the Global Sourcing position, which has never been filled. In fact, Lauren von Stackelberg left Expedia in April 2021, two years before Kascsak applied to Expedia.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. Michael Velasco is the Chief People, Inclusion and Diversity Officer at Expedia; this request therefore implicates an unmanageable and excess amount of documents unrelated to the relevant issues of this lawsuit. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia has produced its policies on diversity and inclusion during the relevant time period, and has also performed a reasonable search for communications from Velasco referencing either Kascsak or the Global Sourcing role, and produced the documents responsive to that search.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any employment contracts for Peter Kern, Michael Davis Velasco, and Allison Allen pertaining to their employment at Expedia from April 1, 2023, until September 1, 2023.

7

**OBJECTION:**

Expedia objects that this request is overbroad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects to this request because it violates the privacy rights of Expedia employees. Expedia also objects on the grounds that Mr. Kern's employment contract is contained in SEC filings and is publicly available.

**RESPONSE:**

Mr. Kern's employment contract is publicly available and has been produced.

Expedia agrees to produce any portions of the employment contracts of Michael Velasco or Allison Allen that reference diversity metrics or tie the compensation or Velasco or Allen to diversity metrics or goals. Because their agreements do not do so, Expedia does not have documents responsive to this Request (as amended).

**REQUEST FOR PRODUCTION NO. 5:**

Produce any performance reviews, including materials relating to goals and objectives, and any information pertaining to stock incentive awards for Peter Kern, Michael Davis Velasco, and Allison Allen pertaining to their employment at Expedia since January 1, 2020.

**OBJECTION:**

Expedia objects that this request is overbroad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects to this request because it violates the privacy rights of Expedia employees.

**RESPONSE:**

Expedia has produced performance reviews of Allison Allen. There are no written performance reviews of Michael Velasco. Expedia objects to the production of any performance reviews of Peter Kern, who is the CEO of Expedia and who was not involved in the decision not to hire Kascsak.

Expedia agrees to produce any portion of incentive awards for Peter Kern, Michael Velasco or Allison Allen that reference diversity metrics or tie their compensation to diversity metrics or goals. Because their incentive awards do not do so, Expedia does not have documents responsive to this request (as amended).

8

**REQUEST FOR PRODUCTION NO. 6:**

Produce all evaluations and interview feedback (both through a formal system and informally through email, instant message, handwritten notes, etc.) of Kascsak by Expedia employees who interviewed him or considered his candidacy during the hiring process.

**RESPONSE:**

Expedia has conducted a reasonable search for responsive documents and has produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

Identify all Expedia employees who interviewed Kascsak or provided input into his hiring.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, *see* the documents produced in response to Request for Production No. 6, which reflect the identity of and feedback from Kascsak's interviewers.

**REQUEST FOR PRODUCTION NO. 8:**

Identify all visits to Texas that Michael Davis Velasco has taken since January 1, 2022, the length of these visits, and the purposes of these visits.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects to this request because it seeks documents and/or information that is not relevant to the claims or defenses in this lawsuit.

4886-1135-9923

**REQUEST FOR PRODUCTION NO. 9:**

Produce all versions (drafts) of the still-unpublished 2023 Expedia Diversity Report. Should a report exist that addresses content similar to Expedia's 2021 and 2022 Diversity Reports but with a different title, then all drafts of that report shall suffice.

**OBJECTION:**

Expedia objects that this request seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**RESPONSE:**

Expedia has produced its 2023 Inclusion and Diversity report, which was part of the 2023 Global Impact Report. Expedia has not produced any drafts of the Report based on the objections set forth above.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents containing feedback or comments from any Expedia employee about the 2022 Expedia Diversity Report, including before and after publication.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it seeks all documents "containing feedback" from "any Expedia employee" and potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. For example, the search potentially includes documents from employees who were not in the same department as nor involved in the relevant decision not to hire Kascsak, and potentially includes comments completely unrelated to, and not relevant to, the hiring decision which is the subject of this lawsuit. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia has produced all notes and feedback regarding Kascsak, all communications between the individuals involved in interviewing Kascsak that reference Kascsak or the position, and the inclusion and diversity policies and training materials during the relevant time period, among other documents.

10

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents related to internal hiring criteria regarding senior-level employment, specifically jobs at the same level as that which Kascsak applied for or higher.

**OBJECTION:**

Expedia objects that this request documents "related to internal hiring criteria" for "senior level employment" is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it is not limited to the position at issue, as such, it further potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia has conducted a reasonable search for responsive documents that describe the hiring criteria for the Global Sourcing position for which Kascsak applied and has produced the responsive documents. Expedia has not produced any documents related to "senior level" jobs other than the job for which Kascsak applied, based on the objections set forth above.

**REQUEST FOR PRODUCTION NO. 12:**

Identify all employees who filled the role Kascsak applied for at Expedia or that role's responsibilities from May 1, 2023, until the present.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no responsive documents exist because the Global Sourcing position (either at the Senior Director level or Director level) has not been filled.

11

**REQUEST FOR PRODUCTION NO. 13:**

Identify all senior-level employees (SVP or higher), besides Michel Davis Velasco, responsible for planning or executing the diversity initiatives laid out in the 2022 Expedia Diversity Report and similar company materials.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party. Expedia further objects to this request because it is vague and fails to identify the documents requested with reasonable particularity.

Expedia further objects that this request is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all hiring records, internal evaluations, and internal employee records for any employee who fulfilled either the role or the responsibilities of the role for which Kascsak applied at Expedia after May 1, 2023, until the present.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought and is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request potentially violates the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no responsive documents exist because the Global Sourcing position was to be a new role with new responsibilities, and the Global Sourcing position has not been filled.

**REQUEST FOR PRODUCTION NO. 15:**

Identify what Michael Davis Velasco was doing throughout the day and where he was on August 15 and August 16, 2023. Specifically, identify the distinct "immovable conflict" and the

"emergency" that led Davis Velasco to cancel both of his interviews with Kascsak as identified in Kascsak's Complaint.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and violates the privacy rights of Mr. Velasco.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia has conducted a reasonable search for communications that reference the cancellation and/or rescheduling of Kascsak's interviews, and produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

Provide the resumes of all candidates for the job to which Kascsak applied at Expedia who received an interview with the Company.

**RESPONSE:**

Expedia has conducted a reasonable search for responsive documents and has produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

If Allison Allen no longer works at Expedia, provide all documents related to her termination, including any non-disclosure agreements, severance agreements, justifications for termination, and e-mails or instant messages addressing her termination.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and violates the privacy rights of Ms. Allen, who is not a party to this lawsuit.

13

**RESPONSE**:

Expedia has provided the reasons for Ms. Allen's termination in response to Interrogatory No. 2, which are unrelated to Kascsak's claims in this lawsuit, and produced Ms. Allen's Settlement Agreement. Expedia objects to producing the other requested items based on the objections set forth above.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all text communications, emails, and messages (including Slack, Signal, LinkedIn, etc.) made through Michael Davis Velasco's personal (versus corporate) accounts and phone after April 15, 2023, related to Michael Kascsak or the role he applied for.

**OBJECTION:**

Expedia objects that this request for communications "related to Michael Kascsak or the role he applied for" is vague, overly broad, seeks information that is not relevant to any claim or defense of any party, is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**RESPONSE:**

Expedia has conducted a reasonable search for responsive documents that reference Kascsak or the Global Sourcing position and produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

Produce the percentage of "Leadership" positions which went to "underrepresented identities" in 2023, as defined by the Company in its 2022 Diversity Report.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce the percentage…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

*See* page 21 of Expedia's 2023 Global Impact Report, which contains this information.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents and plans regarding how the Company intended to and/or planned to meet its 25% goal for "underrepresented identity" hiring as proclaimed in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request for "documents…regarding" is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents" related to the Company's plans, and, therefore, potentially implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit. Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents.

**RESPONSE:**

Expedia has conducted a reasonable search for and produced all plans, instructions and reports that set forth Expedia's inclusion and diversity plans applicable to the 2023 time period in which Plaintiff was interviewed.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents and plans regarding how the Company intended to and/or planned to meet its binary gender balance goal as proclaimed in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request for "all documents…regarding" is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents…regarding" the Company's plans, and, therefore, potentially implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit. Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents.

15

**RESPONSE:**

Expedia has conducted a reasonable search for and produced all plans, instructions and reports that set forth Expedia's inclusion and diversity plans applicable to the 2023 time period in which Plaintiff was interviewed.

**REQUEST FOR PRODUCTION NO. 22:**

Identify Michael Davis Velasco's immediate subordinates.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all communications between or including Allison Allen and Michael Davis Velasco regarding the role for which Kascsak applied at Expedia.

**OBJECTION:**

Expedia objects that this request for documents "regarding the role" is vague and therefore overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and potentially infringes on the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Expedia has conducted a reasonable search for documents between or including Allison Allen and Michael Davis Velasco that reference Kascsak or the Global Sourcing position, and has produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all compensation packages, including salary, benefits, stock, options, and signing bonuses that were prepared for, offered to, or accepted by anyone applying for the role to which Kascsak applied at Expedia dated April 1, 2023, or later.

16

**RESPONSE:**

Expedia does not have documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

Produce the name, race, and sex of all candidates for the job to which Kascsak applied who received an interview with the Company.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, *see* resumes produced in response to Request for Production 16, which may contain information responsive to this Request. Because the majority of the individuals who interviewed for the Global Sourcing position were sourced and did not apply to the posting for the position, they did not disclose self-ID information, except for Tiffany Ballve, who provided her self-ID as a Hispanic or Latino female.

**NOTE: EXPEDIA DESIGNATES THIS RESPONSE AS CONFIDENTIAL.**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all litigation holds related to this case, their recipients, and the date they were shared.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce…recipients [and] date…." because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia objects to the request to produce all litigation holds because it seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that the request seeks the discovery of information that is protected by the attorney-client privilege and work-product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

Produce the employment contracts which applied to any person who had the role or fulfilled the responsibility of the role for which Kascsak applied at Expedia after April 1, 2023.

**OBJECTION:**

Expedia objects to the request to the extent that it seeks documents for any person who "fulfilled the responsibilities of the role for which Kascsak applied" because it is vague, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and potentially violates the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Expedia states that no responsive documents exist because the Global Sourcing position was to be a new role with new responsibilities, and the Global Sourcing position has not been filled.

**REQUEST FOR PRODUCTION NO. 28:**

Produce any criteria, formulas, or documents the Company uses as of May 1, 2023, to determine compensation for senior-level employees at and above the level to which Kascsak applied, including cost of living increase formulas, wage formulas, wage increase schedules, and employee stock option formulas.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce any criteria [or] formulas…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects that this request for document related to compensation for all "senior-level employees" at Expedia is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request exceeds the bounds of proportional discovery as it is not limited to the Global Sourcing position for which Kascsak applied and therefore implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia has conducted a reasonable search for documents that reference or discuss potential compensation for the Global Sourcing position as related to Kascsak, and has produced the responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**

Identify the date for any job posting and the organization or entity to which it was posted addressing the job at Expedia to which Kascsak applied.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production.  Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Expedia will conduct a reasonable search for job postings for the Global Sourcing position during the relevant time period, and produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

Produce any documents describing why Kascsak was not hired for the role he applied at Expedia.

**RESPONSE**:

Expedia has conducted a reasonable search for documents responsive to this request, and has produced the responsive documents.

4886-1135-9923