# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.**, and **MICHAEL DAVIS VELASCO**, | | |
| Defendants. | | |

**DEFENDANT EXPEDIA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL KASCSAK'S FIRST SET OF INTERROGATORIES**

To: Plaintiff Michael Kascsak, by and through his attorneys of record, Alexander Liebmann, Max Schreiber, Liebmann & Liebmann, P.C., 714 N. Spring Street, Pensacola, FL 32501.

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") serves the following Objections and Responses to Plaintiff Michael Kascsak's First Set of Interrogatories.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: */s/ David D. Shank*
David D. Shank
Texas Bar No. 24075056
dshank@scottdoug.com
Amy Lee Dashiell
Texas Bar No. 90001564
adashiell@scottdoug.com

4894-5233-5786

2

Robert P. Earle<br>
Texas Bar No. 241245566<br>
rearle@scottdoug.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 2, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com

*Counsel for Plaintiff Michael Kascsak*

<i>/s/ Amy Lee Dashiell</i><br>
Amy Lee Dashiell

4894-5233-5786

**GENERAL OBJECTIONS**

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's First Set of Interrogatories (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual Requests:

1. Expedia objects to the Requests' definition of "Expedia, Inc." and "Defendants" because they purports to include all "officers, directors, employees, partners, corporate parent, successors, or affiliates of Expedia, Inc." For purposes of these responses, the term "Expedia" refers to Expedia, Inc. Expedia objects to this definition to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests is limited to information in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by incorporating this overbroad definition, seeks discovery of information not within Expedia's possession, custody, or control.

2. Expedia objects to the Requests' definition of "Communication" to the extent it is broader than the definition in Local Rule CV-26(b)(1). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret the term *communication* consistent with the definition in the Local Rules.

3. Expedia objects to the Requests' definition of "Person" to the extent it is broader than the definition in Local Rule CV-26(b)(6). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret these terms consistent with the definition of *person* in the Local Rules.

4. Expedia objects to the Requests' definition of "Document" to the extent it is broader than the definition in Local Rule CV-26(b)(2). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret this term consistent with the definition of *document* in the Local Rules.

5. Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

6. In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests seek the discovery of information that is protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

7. Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

8. Any statement made in the responses to interrogatories shall not be deemed an admission of any factual or legal contention contained in any individual Request. Expedia objects to each Request to the extent that it contains any factual or legal misrepresentations.

9. Expedia objects to each of Plaintiff's Requests to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

10. The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

4894-5233-5786

## **OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Explain the extent to which race or sex factors into the hiring process for the role for which Plaintiff was considered for employment at Expedia.

**OBJECTION:**

Expedia objects that "the extent to which race or sex factors into the hiring process" is vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia's diversity and inclusion policies are set forth in the documents produced. As set forth in those policies, Expedia makes hiring decisions based on core competencies and skills, and does not make hiring decisions based on identity.

**INTERROGATORY NO. 2:**

Describe why, if she was, Allison Allen was fired from Expedia, Inc.

**OBJECTION:**

Expedia objects that the request because it seeks information that is not relevant to a claim or defense in this lawsuit and violates the privacy rights of an individual not a party to this lawsuit.

**INTERROGATORY NO. 3:**

Describe Plaintiff's hiring process at Expedia, using specific names, dates, steps, and feelings and feedback from the pertinent hiring individuals toward the Plaintiff throughout the process.

**OBJECTION:**

Expedia objects to the request for "specific names, dates, steps, feelings and feedback" to the extent that it requires Expedia to marshal all of its proof, and because it is overbroad, unduly burdensome, vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Kascsak had an initial intake interview with Lisa Christensen in April 2023, followed by video interviews with Allison Allen, the loop interview team, and Michael Velasco in May 2023. In August 2023, Plaintiff met with Sarah Sanderson and Melissa Hutchinson by video, and with Allison Allen in person. *See also* documents produced, which include the interview notes and feedback from Kascsak's interviewers.

**INTERROGATORY NO. 4:**

Identify any individuals Expedia hired to fill the role for which Plaintiff applied or any similar or equivalent role; including their current job title at Expedia, or if they are no longer employed, specify this and provide the date they stopped working at Expedia.

**OBJECTION:**

Expedia objects to this request because "any similar or equivalent role" is vague and ambiguous, which renders it overly broad and seeking information that is not relevant to a claim or defense in this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Global Sourcing position or a similar or equivalent role has not been filled.

**INTERROGATORY NO. 5:**

Explain any disagreements Expedia had with Allison Allen's statement to Plaintiff that he was the Company's "top pick" for the role he applied *at the time it was made*.

**OBJECTION:**

Expedia objects to this request because it is vague and ambiguous in that it requires Expedia to interpret what Allison Allen meant by her use of the term "top pick," which Expedia cannot do.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Allison Allen's statement that Kascsak was her "top pick" for the position was made on June 18, 2023, early in the interview process for the position. At that time Expedia had made the decision to post the position and

continue to source and interview potential candidates for the position. *See also* documents produced.

**INTERROGATORY NO. 6:**

Describe what Michael Davis Velasco was doing throughout the day and where he was on August 15 and August 16, 2023. Specifically, identify the distinct "immoveable conflict" and "emergency" that led Davis Velasco to cancel both of his interviews with Plaintiff as identified in Plaintiff's Complaint.

**OBJECTION:**

Expedia objects to this request because seeks information that is not relevant to any claim or defense of any party, is harassing, and violates the privacy rights of an Expedia employee.

**INTERROGATORY NO. 7:**

Describe the processes, plans, and personnel that Expedia, Inc. used/uses to meet its hiring targets related to "underrepresented identities" and gender balance as described in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that the request to describe Expedia's "processes, plans and personnel" is vague, overbroad, unduly burdensome, and seeks information that is not relevant to a claim or defense in this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objects, Expedia's diversity and inclusion policies are set forth in the documents produced.

**INTERROGATORY NO. 8:**

Describe any and all reasons other than race or sex as to why Plaintiff was not hired for the role for which he was interviewed.

8

4894-5233-5786

**OBJECTION:**

Expedia objects to the request to describe "any and all" reasons that Plaintiff was not hired because it requires Expedia to marshal all of its proof. Expedia reserves that right to supplement this response as discovery progresses.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Kascsak was not hired for the Global Sourcing position because Expedia did not believe he had the core competencies and skills necessary to succeed in the position. Expedia's concerns included, but were not limited to:

- Concerns about Kascsak's ability to influence senior leaders;

- Concerns about Kascsak's lack of experience and ability to architect a new global senior director role and develop and lead a new team at a global level; and

- Concerns that the compensation package that Kascsak wanted was not supported by the level of his competencies and skills.

*See also* documents produced.

**INTERROGATORY NO. 9:**

Identify all individuals who opposed Kascsak's hiring at Expedia.

**OBJECTION:**

Expedia objects to this request because "all individuals who opposed" is vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections Allison Allen made the decision not to hire Kascsak. *See also* documents produced.

**INTERROGATORY NO. 10:**

Explain why Expedia, Inc. did not release a Diversity Report in 2023, specifically including the date this decision was made.

**OBJECTION:**

Expedia objects to this request because it seeks information that is not relevant to a claim or defense in this lawsuit

9

**INTERROGATORY NO. 11:**

Describe the extent that hiring managers and interviewers are aware of the Company's race and sex hiring statistics, as detailed in the 2022 Diversity Report, as they consider candidates for jobs.

**OBJECTION:**

Expedia objects that this request for Expedia to identify unidentified individual's "aware[ness] of the Company's hiring statistics" at some unidentified date because it requires Expedia to speculate as to the knowledge held by various unidentified individuals at and during an unidentified period of time. Expedia further objects that the request is vague, ambiguous, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**INTERROGATORY NO. 12:**

Identify all individuals in 2023 who had ongoing, updated knowledge throughout the year of how Expedia was performing against its own targets for diverse hiring laid out in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request for Expedia to identify individual's knowledge of Expedia's hiring metrics because it is vague and requires Expedia to speculate as to the knowledge held by various unidentified individuals. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**INTERROGATORY NO. 13:**

Explain why Lisa Christensen never followed up with Plaintiff regarding the discussion they had about Expedia's employment offer, its compensation, and its benefits for the role he applied in May 2023.

**OBJECTION:**

Expedia objects to this request because it presumes that "Lisa Christensen never followed up with Plaintiff," and that Expedia made an employment offer to Kascsak, which Expedia denies.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Lisa Christensen did not convey a job offer to Kascsak; in fact, she was clear that she did not have the necessary approvals to make a job offer.  Ms. Christensen thereafter followed up by informing Kascsak that consideration of Kascsak for the position was on hold, that Expedia was still working through the organization plans, that Expedia was not able to meet his expectations regarding compensation, that Expedia would be posting the role and interviewing additional candidates, and ultimately, that Expedia had made the decision not to hire him.  *See also* documents produced.

**INTERROGATORY NO. 14:**

Describe the reorganization Allison Allen's team went through as referred to in Lisa Christensen's May 31, 2023, text to Plaintiff.  Dkt. 8, Ex. J.

**RESPONSE:**

The Global Sourcing role for which Expedia interviewed Kascsak was slated to be a newly created Talent Acquisition Leadership Team role within the Global Talent Acquisition ("GTA") Team.  The Global Sourcing leader would be responsible for designing, building, launching and scaling global function and talent sourcing strategies.  This new role and reorganization would involve consolidating the sourcing function by moving the reporting of the sourcing leaders from their respective business units to the Global Sourcing leader.  *See also* documents produced.

**INTERROGATORY NO. 15:**

Explain how Expedia, Inc.'s recruitment and hiring activities changed following the signing of the CEO Action Letter, Dkt. 8, Ex. E, including any emphasis on race and gender as hiring considerations for leadership positions and any quotas, targets, or metrics the Company adopted.

**OBJECTION:**

Expedia objects to this request because it presumes that Expedia's recruitment and hiring activities "changed" and because the request, including its reference to "quotas, targets, or metrics," is vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia's hiring policies are set forth in the documents produced.

11

**INTERROGATORY NO. 16:**

Describe what Expedia, Inc.'s promise to have an "intentional focus on racial equity" in the 2022 Diversity Report meant for Company hiring, including any processes the Company employs to fulfill this focus.

**OBJECTION:**

Expedia objects that this request is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the hiring process for the Global Sourcing position.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia's diversity and inclusion plans and policies are set forth in the documents produced.

**INTERROGATORY NO. 17:**

Identify the Executive internal referral who Lisa Christensen said the Company hired for the role Plaintiff applied, as he describes on pages 11-12 of his declaration (Dkt. 8, Ex. A at 11-12).

**OBJECTION:**

Expedia objects to this request because Expedia denies Kascsak's characterization of his conversation with Lisa Christensen, and specifically denies that Christensen told Kascsak that the Company had "hired" anyone for that position or that Expedia had hired "a (paraphrasing) 'late edition executive internal referral'".

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia continued to interview applicants for the Global Sourcing leader position after it conveyed its decision not to hire Kascsak, and had not filled the position. *See also* documents produced.

**INTERROGATORY NO. 18:**

Identify the internal executive who referred the candidate into the job for which Kascsak applied as he describes on pages 11-12 of his declaration.

12

**OBJECTION:**

Expedia objects to this request because Expedia denies Kascsak's characterization of his conversation with Lisa Christensen, and specifically denies that Christensen told Kascsak that the Company had "hired" anyone for that position or that Expedia had hired "a (paraphrasing) 'late edition executive internal referral'".

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia continued to interview applicants for the Global Sourcing position after it conveyed its decision not to hire Kascsak, and the position has not been filled. *See also* documents produced.

**INTERROGATORY NO. 19:**

Describe any conversations or evaluations during the hiring process for Plaintiff where race, sex, or diversity was mentioned, including by whom and in what context.

**OBJECTION:**

Expedia objects that this request for information regarding "any conversations or evaluations during the hiring process" where "race, sex or diversity was mentioned" is vague, overly broad, and unduly burdensome; it is not possible for Expedia to collect information regarding any conversations involving multiple individuals over many months. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition to the extent it is not limited to discussions regarding Kascsak's hiring.

**INTERROGATORY NO. 20:**

Describe Michael Davis Velasco's feedback to Allison Allen or anyone else involved in the hiring process regarding Plaintiff.

**RESPONSE:**

*See* documents produced.

**INTERROGATORY NO. 21:**

Explain the extent that racial or sex makeup of the Company's hiring or workforce factors into the compensation of any corporate officers or hiring managers.

**OBJECTION:**

Expedia objects that this request for information on the compensation of "any corporate officers or hiring managers" is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to individuals involved in the decision not to hire Kascsak.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the racial or gender makeup of the Company's hiring or workforce does not factor into the compensation of the individuals involved in the decision not to hire Kascsak.

## VERIFICATION

My name is Lisa Christensen. I am employed by Expedia, Inc., a Washington corporation, as Senior Director, Executive Recruiting for Expedia, Inc. and am authorized to make this verification based on the information available to Expedia, Inc. I have read the answers to Interrogatory Nos. 1, 3, 4, 5, 8, 9, 13, 14, 17, 18, and 21, and verify based on my personal knowledge or information provided to me that those answers accurately reflect the information available to Expedia, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2024.

*/s/ Lisa Christensen*
Lisa Christensen