# EXHIBIT D

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK, | |
| *Plaintiff*, | |
| v. | Case No.: 1:23-cv-01373-DII |
| EXPEDIA, INC., AND MICHAEL DAVIS VELASCO, | |
| *Defendants*. | |

## PLAINTIFF MICHAEL KASCSAK'S REPLIES TO DEFENDANT EXPEDIA'S RESPONSES TO HIS  FIRST REQUEST FOR PRODUCTION

Plaintiff Michael Kascsak serves this first Request for Production upon Defendants Expedia, Inc. and Michael Davis Velasco, pursuant to the Federal Rules of Civil Procedure. By Rule 26(e), Defendants should use these replies to inform and ensure timely production.

Respectfully submitted on this THIRD of APRIL, 2024,

//s Alexander Liebmann

Alexander Liebmann, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

**PROOF OF SERVICE**

I hereby certify that on April 3, 2024, I served a copy of the foregoing on the Parties' attorneys by email.

*/s/Alex Liebmann*
Alex Liebmann
Counsel of Record

DEFINITIONS

1. "Defendants" means Expedia, Inc. and Michael Davis Velasco, their agents, servants, representatives, attorneys, consultants, past and present, to the extent such persons acted or purported to act on behalf of them, or possess information or documents with respect to any matter inquired about herein.

2. "Expedia" means Expedia, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

3. "Davis Velasco" means Defendant Michael Davis Velasco.

4. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, by any means whatsoever.

5. "Document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(A)(1)(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

6. "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last-known address, e-mail address, and telephone number, and when referring to a natural person, the present or last-known place of employment.

7. "Identify" with respect to documents, means to give, to the extent known, the (1) type of document; (2) general subject matter; (3) date of the document; (4) author(s), addressee(s) and recipient(s); and, if applicable, the Bates number or other identifying label on the document.

8. "Lawsuit" means *Michael Kascsak v. Expedia, Inc. and Michael Davis Velasco*, Case No. 1:23-cv-1373, In the United States District Court for the Western District of Texas, Austin Division.

9. "Person" means the singular, as well as the plural and masculine, as well as the feminine, and includes any natural person or business, legal or governmental entity or association.

10. "Plaintiff", means Michael Kascsak, his agents, servants, representatives, attorneys, consultants, past and present, to the extent such persons acted or purported to act on behalf of him, or possess information or documents with respect to any matter inquired about herein.

11. "Social Media Accounts" means any and all social media accounts such as Facebook, Instagram, Snapchat, Twitter, Google+, YouTube, LinkedIn, or other online websites, applications and services used to participate in social networking, post information, updates, photographs, and status reports, and share ideas and personal messages.

12. "Race" means any of race, ethnicity, or nationality.

13. "Sex" means any of sex, gender, gender identity, and sexual orientation.

The following are Plaintiff Michael Kascsak's replies to Defendant Expedia, Inc.'s responses to his requests for production (RFP). The replies are meant to drive expedited discovery of withheld documents, provide clarity to objections, and otherwise ensure robust discovery. To the extent any RFP includes suggested or revised language in its reply based on the Defendant's objection, the Defendant may use that language to satisfy production for the original RFP. However, the revised reply RFP does not constitute a permanent waiver of the original RFP or a permanent narrowing construction. Moreover, any revised RFP is not a new RFP and thus does not entitle the Defendant to a new 30 day reply–per the Federal and local rules, now that the original document has been served, the Parties have an obligation to work in good faith and settle any production issues deriving from the original RFPs.

### REQUEST FOR PRODUCTION NO. 1:

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings related to Michael Kascsak made by Expedia employees on or using company accounts/technology. Include any recordings in which Kascsak participated for the purposes of this RFP.

### OBJECTION:

Expedia objects that this request for documents "related to Michael Kascsak" is vague and fails to identify documents with reasonable particularity; therefore it is potentially overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

### RESPONSE:

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for responsive documents and, to the extent any such documents exist, will produce responsive communications or recordings that reference Michael Kascsak, subject to entry of a Protective Order.

### PLAINTIFF'S FOLLOW-UP:

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings which mention the Plaintiff (either by full or last name, or by reference) made by Expedia employees on or using company

accounts/technology. Include any recordings in which Kascsak participated for the purposes of this RFP." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Plaintiff expects that any documents already implicated by this request which are mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

## REQUEST FOR PRODUCTION NO. 2:

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings after June 1, 2020, from Peter Kern to Lauren von Stackelberg, Michael Davis Velasco or others regarding race, sex, or diversity, equity, or inclusion and the Expedia workforce or Expedia hiring.

## OBJECTION:

Expedia objects that this request fails to identify the documents sought and is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

## RESPONSE:

Subject to and without waiving the foregoing objections, Expedia will produce its policies on diversity and inclusion during the relevant time period, subject to entry of a Protective Order.

## PLAINTIFF'S FOLLOW-UP:

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings after June 1, 2020, from Peter Kern to either Lauren von Stackelberg or Michael Davis Velasco regarding (a) race and hiring processes, goals or policies at Expedia; (b) sex and hiring processes, goals or policies at Expedia; (c) diversity and hiring processes, goals or policies at Expedia." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Among other reasons, this request is relevant because Plaintiff has produced documents which substantiate the possibility of systematic discrimination in hiring at Expedia (such as the 2022 Diversity Report), and tied Mr. Kern, Ms. Von Stackelberg, and Mr. Davis Velasco to the creation

and implementation of these schemes. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). By limiting the documents to conversations which only involve 3 people, there are no proportionality issues or high burden anymore.

The response by Expedia is otherwise not acceptable, as it is too narrow and the documents are late. Plaintiff expects that any documents already implicated by this request which are mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

## REQUEST FOR PRODUCTION NO. 3:

Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings by Lauren von Stackelberg and Michael Davis Velasco made at Expedia after June 1, 2020, regarding race, sex, diversity, equity, or inclusion and the Expedia workforce or Expedia hiring.

## OBJECTION:

Expedia objects that this request is vague, fails to identify the documents sought with reasonable particularity, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

## RESPONSE:

Subject to and without waiving the foregoing objections, Expedia will produce its policies on diversity and inclusion during the relevant time period, subject to entry of a Protective Order.

## PLAINTIFF'S FOLLOW-UP:

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings by Lauren von Stackelberg and Michael Davis Velasco made at Expedia after June 1, 2020, which discuss race, sex, or diversity, equity, or inclusion *in the context of* Expedia's workforce or hiring." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Among other reasons, this request is relevant because Plaintiff has produced documents which

substantiate the possibility of systematic discrimination in hiring at Expedia (such as the 2022 Diversity Report), and tied Ms. Von Stackelberg and Mr. Davis Velasco to the creation and implementation of these policies. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

The response by Expedia is otherwise not acceptable, as it is too narrow and the documents are late. Plaintiff expects that any documents already implicated by this request which are mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

## REQUEST FOR PRODUCTION NO. 4:

Produce any employment contracts for Peter Kern, Michael Davis Velasco, and Allison Allen pertaining to their employment at Expedia from April 1, 2023, until September 1, 2023.

## OBJECTION:

Expedia objects that this request is overbroad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects to this request because it violates the privacy rights of Expedia employees. Expedia also objects on the grounds that Mr. Kern's employment contract is contained in SEC filings and is publicly available.

## PLAINTIFF'S FOLLOW-UP:

As Plaintiff has already told Expedia, it consents to redaction on the requested documents to protect the privacy interests of their employees (but does not waive the right to learn that redacted information if it's relevant). Among other reasons, this request is highly relevant because it gets to motivations of Expedia's agents in this lawsuit to discriminate against Mr. Kascsak. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). Plaintiff will drop Mr. Kern's employment contract from the request. Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following:

"Produce any employment contracts for Michael Davis Velasco and Allison Allen pertaining to their employment at Expedia from April 1, 2023, until September 1, 2023." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

## REQUEST FOR PRODUCTION NO. 5:

Produce any performance reviews, including materials relating to goals and objectives, and any information pertaining to stock incentive awards for Peter Kern, Michael Davis Velasco, and Allison Allen pertaining to their employment at Expedia since January 1, 2020.

**OBJECTION:**

Expedia objects that this request is overbroad, seeks information that is not relevant to  any claim or defense of any party, and is an impermissible fishing expedition as it is not limited  to documents related to the claims and issues in this lawsuit. Expedia further objects to this  request because it violates the privacy rights of Expedia employees.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce any stock incentive contracts or performance reviews for Peter Kern, Michael Davis Velasco, and Allison Allen pertaining to their employment at Expedia since January 1, 2020 which mention 'diversity,' 'equity,' 'inclusion,' 'race,' or 'sex,' except in job titles (since Davis Velasco's job has diversity in the title).

**REQUEST FOR PRODUCTION NO. 6:**

Produce all evaluations and interview feedback (both through a formal system and  informally through email, instant message, handwritten notes, etc.) of Kascsak by Expedia  employees who interviewed him or considered his candidacy during the hiring process.

**RESPONSE:**

Expedia will conduct a reasonable search for responsive documents and will produce  documents responsive to this request, subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff expects that any documents already implicated by this request mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 7:**

Identify all Expedia employees who interviewed Kascsak or provided input into his  hiring.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because  it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a  proper request for production. Expedia is not required to create a documents and this request is  an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, *see* the documents produced in response to Request for Production No. 6.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**REQUEST FOR PRODUCTION NO. 8:**

Identify all visits to Texas that Michael Davis Velasco has taken since January 1, 2022,  the length of these visits, and the purposes of these visits.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because  it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a  proper request for production. Expedia is not required to create a documents and this request is  an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects to this request because it seeks documents and/or information that  is not relevant to the claims or defenses in this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce Michael Davis Velasco's calendars, reservation receipts, invitations, schedules, meeting notes, and plans for any travel to Texas since January 1, 2022, that was paid for by the Company." This information is relevant to Texas's personal jurisdiction over Davis Velasco which is still an ongoing issue in the case.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all versions (drafts) of the still-unpublished 2023 Expedia Diversity Report.  Should a report exist that addresses content similar to Expedia's 2021 and 2022 Diversity  Reports but with a different title, then all drafts of that report shall suffice.

**OBJECTION:**

Expedia objects that this request seeks information that is not relevant to any claim or  defense of any party, and is an impermissible fishing expedition as it is not limited to documents  related to the claims and issues in this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff's entire suit is premised on the systemic discrimination at Expedia that is openly advertised in its publicly available Diversity Reports. Amongst other reasons, The 2023 Report is relevant to this case because it reflects the intent and thought of senior "diversity" leadership at the Company at the exact time Plaintiff was interviewing there. Plaintiffs in discrimination suits

can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

To the extent this RFP creates a "fishing expedition," Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce the most recent version of the Company's still-unpublished 2023 Expedia Diversity Report, along with Michael Davis Velasco's (the document's author) recorded documents discussing the document." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

## REQUEST FOR PRODUCTION NO. 10:

Produce all documents containing feedback or comments from any Expedia employee  about the 2022 Expedia Diversity Report, including before and after publication.

## OBJECTION:

Expedia objects that this request is vague, fails to identify the documents sought with  reasonable particularity, is overly broad, seeks information that is not relevant to any claim or  defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it seeks all documents "containing  feedback" from "any Expedia employee" and potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

## PLAINTIFF'S FOLLOW-UP:

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce all documents sent to Michael Davis Velasco regarding any of the information on pages 4-10 of the 2022 Expedia Diversity Report, including before and after publication. This includes, but is not limited to, the racial composition of Leadership positions at the Company (as defined in the 2022 Diversity Report), the Company's 25% hiring for underrepresented identities, and the Company's gender balance hiring & employment goals." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

## REQUEST FOR PRODUCTION NO. 11:

Produce all documents related to internal hiring criteria regarding senior-level employment, specifically jobs at the same level as that which Kascsak applied for or higher.

## OBJECTION:

Expedia objects that this request documents "related to internal hiring criteria" for "senior  level employment" is vague, fails to identify the documents sought with reasonable particularity,  is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and

issues in this lawsuit. Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it is not limited to the position at issue, as such, it further potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for responsive documents that describe the hiring criteria for the Global Sourcing position for which Kascsak applied and, to the extent any such documents exist, will produce documents responsive to this request subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Defendant's response is too narrow, as Plaintiff is looking for more general guidance that applies to all senior level positions at the Company to evidence systemic discrimination. Plaintiff has provided evidence in his Complaint that Expedia is conscious of the race of its senior level leadership and is actively looking to change that composition through hiring. That type of guidance would be general, likely packaged to apply to all senior level roles, and this guidance is not likely to be produced in individual job descriptions or hiring criteria.

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce all documents which discuss or describe hiring criteria, hiring guidance, or the demographic composition for Leadership-level roles which were authored after January 1, 2022 and shared with or authored by Michael Davis Velasco, Peter Kern, or Allison Allen." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP. This reduces the burden substantially of production. "Leadership" is as defined by Expedia in its 2022 Diversity Report.

**REQUEST FOR PRODUCTION NO. 12:**

Identify all employees who filled the role Kascsak applied for at Expedia or that role's responsibilities from May 1, 2023, until the present.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no responsive documents exist because no Global Sourcing position has been filled.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**REQUEST FOR PRODUCTION NO. 13:**

Identify all senior-level employees (SVP or higher), besides Michel Davis Velasco, responsible for planning or executing the diversity initiatives laid out in the 2022 Expedia Diversity Report and similar company materials.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party. Expedia further objects to this request because it is vague and fails to identify the documents requested with reasonable particularity.

Expedia further objects that this request is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all hiring records, internal evaluations, and internal employee records for any employee who fulfilled either the role or the responsibilities of the role for which Kascsak applied at Expedia after May 1, 2023, until the present.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought and is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request potentially violates the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no responsive documents exist because no Global Sourcing position has been filled.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce all HR records and evaluations for anyone who fulfilled either the responsibilities of the role for which Kascsak applied at Expedia after May 1, 2023, until the present."

The fact that "no Global Sourcing position has been filled" does not fully answer the RFP, since this also requested documents related to any employee who "fulfilled … the responsibilities of the role," which casts a wider net than someone *named to the position*. As mentioned above, Plaintiff is fine with redaction of personally identifying information in discovery at this stage (but does not waive the right to learn that information if it's relevant).

## REQUEST FOR PRODUCTION NO. 15:

Identify what Michael Davis Velasco was doing throughout the day and where he was on August 15 and August 16, 2023. Specifically, identify the distinct "immovable conflict" and the "emergency" that led Davis Velasco to cancel both of his interviews with Kascsak as identified in Kascsak's Complaint.

## OBJECTION:

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and violates the privacy rights of Mr. Velasco.

## PLAINTIFF'S FOLLOW-UP:

Plaintiff proposes rephrasing this RFP based on Expedia's feedback as the following: "Produce any documents from Davis Velasco or his subordinates to Kristin Stencil on August 14, 2023, and August 16, 2023, that discuss, mention, or explain Davis Velasco's canceling his scheduled meetings with Plaintiff." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP. **Note that the original RFP asked for details about August 15, whereas this asks for documents on August 14.**

Of course this RFP is relevant: Amongst other reasons, it informs both Expedia and Davis Velasco's motivations and sincerity in dealing with Plaintiff, which is important to punitive damages. Moreover, the substance motivating the cancellation helps inform the timeline of Plaintiff's interview process with the Company and the Company's reasons for continuing to hire Plaintiff after giving him an offer in May. It is also critical for evaluating the credibility of Davis Velasco on the stand, particularly as it applies to Plaintiff. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

**REQUEST FOR PRODUCTION NO. 16:**

Provide the resumes of all candidates for the job to which Kascsak applied at Expedia who received an interview with the Company.

**RESPONSE:**

Expedia will conduct a reasonable search for responsive documents and, to the extent any such documents exist, will produce responsive documents, subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff expects that any documents already implicated by this request which are mentioned in the Response being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 17:**

If Allison Allen no longer works at Expedia, provide all documents related to her termination, including any non-disclosure agreements, severance agreements, justifications for termination, and e-mails or instant messages addressing her termination.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and violates the privacy rights of Ms. Allen, who is not a party to this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Among other reasons, these documents are highly relevant as evidence to understanding the credibility of Ms. Allen's testimony at trial – she is likely *the* key witness for both sides. Plaintiff will not have a full understanding of her ability to testify to the truth of the matter without understanding why she does not work at Expedia anymore. Further, her termination is relevant to damages, as Expedia's motivation in firing her could be important to a jury if she was fired based on the events alleged in Plaintiff's lawsuit. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). Plaintiff consents to limited redaction to protect Allen's privacy rights (so long as Defendants make clear these are her files).

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Provide any non-disclosure agreements or severance agreements between Allison Allen and Expedia, along with any documents detailing the Company's reasons for her termination."

**REQUEST FOR PRODUCTION NO. 18:**

Produce all text communications, emails, and messages (including Slack, Signal, LinkedIn, etc.) made through Michael Davis Velasco's personal (versus corporate) accounts and phone after April 15, 2023, related to Michael Kascsak or the role he applied for.

**OBJECTION:**

Expedia objects that this request for communications "related to Michael Kascsak or the role he applied for" is vague, overly broad, seeks information that is not relevant to any claim or defense of any party, is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for responsive documents that reference Kascsak or the Global Sourcing position and, to the extent any such documents exist, will produce responsive documents subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce all text communications, emails, and messages (including Slack, Signal, LinkedIn, etc.) made through Michael Davis Velasco's personal (versus corporate) accounts and phone after April 15, 2023 which mention or discuss Michael Kascsak or the role he applied for." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Plaintiff expects that any documents already implicated by this request and mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 19:**

Produce the percentage of "Leadership" positions which went to "underrepresented identities" in 2023, as defined by the Company in its 2022 Diversity Report.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce the percentage…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce any documents with calculations of what 'Leadership' positions went to 'underrepresented identities' in 2023 and 2022, including the source documents for those calculations, as defined by the Company in its 2022 Diversity Report. If such calculations never existed for 2023, they did for 2022 (see the Diversity Report, p. 9) and this RFP should be addressed as to that year." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents and plans regarding how the Company intended to and/or planned to meet its 25% goal for "underrepresented identity" hiring as proclaimed in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents" related to the Company's plans, and, therefore, potentially implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit. Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will produce its policies on diversity and inclusion during the relevant time period, subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

The request does not seek publicly available documents. The production implicated by the Response are not satisfactory given the scope of the question. Among other reasons, the production requested is obviously relevant to a Title VII and § 1981 claim because the Company has introduced a public interest in meeting hiring targets based on race; how they do that is critical to understanding the legality of such policies, including as applied to Plaintiff. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its 25% goal for 'underrepresented identity' hiring as proclaimed in the 2022 Diversity Report that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

## REQUEST FOR PRODUCTION NO. 21:

Produce all documents and plans regarding how the Company intended to and/or planned to meet its binary gender balance goal as proclaimed in the 2022 Diversity Report.

## OBJECTION:

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents" related to the Company's plans, and, therefore, potentially implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit. Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents.

## RESPONSE:

Subject to and without waiving the foregoing objections, Expedia will produce its policies on diversity and inclusion during the relevant time period, subject to entry of a Protective Order.

## PLAINTIFF'S FOLLOW-UP:

The request does not seek publicly available documents. The production implicated by the Response are not satisfactory given the scope of the question. Among other reasons, the production requested is obviously relevant to a Title VII & § 1981 claim because the Company has introduced a public interest in meeting hiring targets based on sex; how they do that is critical to understanding the legality of such policies, including as applied to Plaintiff. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

Based on feedback Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its binary gender balance goal as proclaimed in the 2022 Diversity Repor" that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

**REQUEST FOR PRODUCTION NO. 22:**

Identify Michael Davis Velasco's immediate subordinates.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because  it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a  proper request for production. Expedia is not required to create a documents and this request is  an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all communications between or including Allison Allen and Michael Davis Velasco regarding the role for which Kascsak applied at Expedia.

**OBJECTION:**

Expedia objects that this request for documents "regarding the role" is vague and  therefore overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the  claims and issues in this lawsuit, and potentially infringes on the privacy rights of individuals not  a party to this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will conduct a  reasonable search for documents between or including Allison Allen and Michael Davis Velasco  that reference the Global Sourcing position, and to the extent any such documents exist, will  produce such documents subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce all communications between or including Allison Allen and Michael Davis Velasco which mention or discuss Plaintiff or the role for which he applied at Expedia." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Plaintiff expects that any documents already implicated by this request and mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL

ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 24:**

Produce all compensation packages, including salary, benefits, stock, options, and signing bonuses that were prepared for, offered to, or accepted by anyone applying for the role to which Kascsak applied at Expedia dated April 1, 2023, or later.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and potentially violates the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no responsive documents exist because no Global Sourcing position has been filled.

**PLAINTIFF'S FOLLOW-UP:**

Among other reasons, this information is relevant to damages and also to understand who, if anyone else, got the pertinent job for purposes of comparing to our client (and demonstrate an invidious motivation for the adverse action). Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). Plaintiff consents to redaction on names of any pertinent individuals. Plaintiff also notes that this RFP encompasses individuals who fulfilled the job's responsibilities without being hired *and* offers prepared that were never given or accepted.

**REQUEST FOR PRODUCTION NO. 25:**

Produce the name, race, and sex of all candidates for the job to which Kascsak applied who received an interview with the Company.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, *see* resumes produced in response to Request for Production 16, which may be responsive to this Request.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce any documents which track or report on the race and sex of the candidates applying to the job for which Kascsak applied who received an interview with Expedia." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all litigation holds related to this case, their recipients, and the date they were  shared.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce…recipients [and] date…." because  it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a  proper request for production. Expedia is not required to create a documents and this request is  an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia objects to the request to produce all litigation holds because it seeks information  that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.  Expedia further objects that the request seeks the discovery of information that is protected by the attorney-client privilege and work-product doctrine.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**REQUEST FOR PRODUCTION NO. 27:**

Produce the employment contracts which applied to any person who had the role or fulfilled the responsibility of the role for which Kascsak applied at Expedia after April 1, 2023.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited  to documents related to the claims and issues in this lawsuit, and potentially violates the privacy rights of individuals not a party to this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia states that no  responsive documents exist because no Global Sourcing position has been filled.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff notes that the RFP does not just include those who officially "filled" the role, but also those performing its responsibilities. Among other reasons, the information requested is relevant

to understand the date any person was hired for the job, compensation for the role (for damages). Plaintiff consents to redaction (without waiving the right to inquire as to this information later).

**REQUEST FOR PRODUCTION NO. 28:**

Produce any criteria, formulas, or documents the Company uses as of May 1, 2023, to determine compensation for senior-level employees at and above the level to which Kascsak applied, including cost of living increase formulas, wage formulas, wage increase schedules, and employee stock option formulas.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "produce any criteria [or] formulas…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

Expedia further objects that this request for document related to compensation for all "senior-level employees" at Expedia is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request exceeds the bounds of proportional discovery as it is not limited to the Global Sourcing position for which Kascsak applied and therefore implicates an unmanageable number of documents, many of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for documents that reference or discuss potential compensation for the Global Sourcing position as related to Kascsak, and to the extent any such documents exist, will produce such documents subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: **"**Produce any formulas or criteria the Company uses as of May 1, 2023, to determine compensation for Leadership positions (as defined by the Company's 2022 Diversity Report), including cost of living increase formulas, wage formulas, wage increase schedules, and employee stock option formulas." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP. This information is relevant for front pay damages, lost wages, and compensatory damages. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

Plaintiff expects that any documents already implicated by this request and mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D.

Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 29:**

Identify the date for any job posting and the organization or entity to which it was posted addressing the job at Expedia to which Kascsak applied.

**OBJECTION:**

Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for job postings for the Global Sourcing position during the relevant time period, and to the extent any such documents exist, will produce such documents subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff expects that any documents already implicated by this request and mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-JJB-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**REQUEST FOR PRODUCTION NO. 30:**

Produce any documents describing why Kascsak was not hired for the role he applied at Expedia.

**OBJECTION:**

Expedia objects to Plaintiff's request because "documents describing" is vague and ambiguous.

**RESPONSE**:

Subject to and without waiving the foregoing objections, Expedia will conduct a reasonable search for documents responsive to this request, and will produce such documents subject to entry of a Protective Order.

**PLAINTIFF'S FOLLOW-UP:**

Plaintiff proposes interpreting this RFP based on Expedia's feedback as the following: "Produce any written documents which include rationale, feedback, or explanations for why Kascsak did not receive the pertinent job." This reinterpretation only serves to expedite production and does not waive or permanently narrow the construction of the original RFP.

Plaintiff expects that any documents already implicated by this request and mentioned in the Response as being withheld subject to entry of a Protective Order be produced immediately, as they are now late. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MICHAEL KASCSAK,

    *Plaintiff*,

v.

EXPEDIA, INC., AND MICHAEL DAVIS VELASCO,

    *Defendants*.

Case No.: 1:23-cv-01373-DII

---

**PLAINTIFF MICHAEL KASCSAK'S REPLY TO DEFENDANT**
**EXPEDIA'S RESPONE TO HIS FIRST SET OF INTERROGATORIES**

---

   Plaintiff Michael Kascsak serves these Interrogatory replies upon Defendant Expedia, Inc., pursuant to the Federal Rules of Civil Procedure. Answers and responses should be supplemented as required by Rule 26(e).

Respectfully submitted on this THIRD of APRIL, 2024,

       //s Alex Liebmann_____

       Alexander Liebmann, Esq.
       Barred in the Western District of Texas
       Liebmann & Liebmann, P.A.
       714 N. Spring St.
       Pensacola, FL 32501
       FL #1032726
       alex@liebmannlaw.net
       845-270-3843

       Ashley Courtney, Esq.
       Barred in the Western District of Texas

1

Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1030747
ashleycourtney@protonmail.com
850-781-2109

Max Schreiber, Esq.*
*pro hac vice
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

**PROOF OF SERVICE**

I hereby certify that on April 3, 2024, I served a copy of the foregoing on the Parties'

attorneys by email.

_/s/Max Schreiber_
Max A. Schreiber
Counsel of Record

DEFINITIONS

1. "Defendants" means Expedia, Inc. and Michael Davis Velasco their agents, servants, representatives, attorneys, consultants, past and present, to the extent such persons acted or purported to act on behalf of them, or possess information or documents with respect to any matter inquired about herein.

2. "Expedia" means Expedia, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

3. "Davis Velasco" means Michael Davis Velasco.

4. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, by any means whatsoever.

5. "Document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(A)(1)(a). A draft of a nonidentical copy is a separate document within the meaning of this term..

6. "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last-known address, job title, place of employment, e-mail address, and telephone number, and when referring to a natural person, the present or last-known place of employment.

7. "Identify" with respect to documents, means to give, to the extent known, the (1) type of document; (2) general subject matter; (3) date of the document; (4) author(s), addressee(s) and recipient(s); and, if applicable, the Bates number or other identifying label on the document.

8. "Lawsuit" means Michael Kascsak v. Expedia, Inc. and Michael Davis Velasco Case No. 1:23-cv-1373, In the United States District Court for the Western District of Texas, Austin Division.

9. "Person" means the singular, as well as the plural and masculine, as well as the feminine, and includes any natural person or business, legal or governmental entity or association.

10. "Plaintiff", means Michael Kascsak, his agents, servants, representatives, attorneys, consultants, past and present, to the extent such persons acted or purported to act on behalf of him, or possess information or documents with respect to any matter inquired about herein.

11. "Social Media Accounts" means any and all social media accounts such as Facebook, Instagram, Snapchat, Twitter, Google+, YouTube, LinkedIn, or other online websites, applications and services used to participate in social networking, post information, updates, photographs, and status reports, and share ideas and personal messages.

12. "Race" means any of race, ethnicity, or nationality.

13. "Sex" means any of sex, gender, gender identity, and sexual orientation.

5

The following are Plaintiff Michael Kascsak's replies to Defendant Expedia, Inc.'s responses to his Interrogatories. The replies are meant to drive expedited discovery of pertinent information, provide clarity to objections, and otherwise ensure robust discovery. To the extent any interrogatory includes suggested or revised language in its reply based on the Defendant's objection, the Defendant may use that language to satisfy production for the original interrogatory. However, the revised reply interrogatory does not constitute a permanent waiver of the original interrogatory or a permanent narrowing construction. Moreover, any revised interrogatory is not a new interrogatory and thus does not entitle the Defendant to a new 30 day reply–per the Federal and local rules, now that the original document has been served, the Parties have an obligation to work in good faith and settle any production issues deriving from the original interrogatories.

## INTERROGATORY NO. 1:

Explain the extent to which race or sex factors into the hiring process for the role for which Plaintiff was considered for employment at Expedia.

## OBJECTION:

Expedia objects that "the extent to which race or sex factors into the hiring process" is vague and ambiguous.

## RESPONSE:

Subject to and without waiving the foregoing objections, Expedia's diversity and inclusion policies are set forth in the documents produced. As set forth in those policies, Expedia makes hiring decisions based on core competencies and skills, and does not make hiring decisions based on identity.

## PLAINTIFF'S FOLLOW-UP:

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking the following: "Can the race or sex of an applicant to the role for which Plaintiff was considered improve their odds of receiving a job offer for that role? If so, how?"

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**INTERROGATORY NO. 2:**

Describe why, if she was, Allison Allen was fired from Expedia, Inc.

**OBJECTION:**

Expedia objects that the request because it seeks information that is not relevant to a claim or defense in this lawsuit and violates the privacy rights of an individual not a party to this lawsuit.

**PLAINTIFF'S FOLLOW-UP:**

Amongst other reasons, this information is relevant to Allen's credibility as a witness, Expedia's motivations in not hiring Plaintiff, and punitive damages against Expedia. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). Allen's privacy rights are not outweighed by Plaintiff's interest in evaluating the strength of his respective claims and presenting them at trial.

**INTERROGATORY NO. 3:**

Describe Plaintiff's hiring process at Expedia, using specific names, dates, steps, and feelings and feedback from the pertinent hiring individuals toward the Plaintiff throughout the process.

**OBJECTION:**

Expedia objects to the request for "specific names, dates, steps, feelings and feedback" to the extent that it requires Expedia to marshal all of its proof, and because it is overbroad, unduly burdensome, vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Kascsak had an initial intake interview with Lisa Christensen in April 2023, followed by video interviews with Allison Allen, the loop interview team, and Michael Velasco in May 2023. In August 2023, Plaintiff met with Sarah Sanderson and Melissa Hutchinson by video, and with Allison Allen in person. *See also* documents produced, which include the interview notes and feedback from Kascsak's interviewers.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking the following: "What feedback was given about Plaintiff after each interaction he had with an individual employee at Expedia by that individual?" That is relevant to understanding Expedia's motivations as to my client and his respective "rank" in the interview process amongst other candidates, as well as identify those who did not support his candidacy to further identify specific reasons he did not get the job.

**INTERROGATORY NO. 4:**

Identify any individuals Expedia hired to fill the role for which Plaintiff applied or any similar or equivalent role; including their current job title at Expedia, or if they are no longer  employed, specify this and provide the date they stopped working at Expedia.

**OBJECTION:**

Expedia objects to this request because "any similar or equivalent role" is vague and  ambiguous, which renders it overly broad and seeking information that is not relevant to a claim  or defense in this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Global Sourcing position or a similar or equivalent role has not been filled.

**PLAINTIFF'S FOLLOW-UP:**

Note that this interrogatory requires Expedia to identify individuals that fulfilled similar or equivalent roles.

**INTERROGATORY NO. 5:**

Explain any disagreements Expedia had with Allison Allen's statement to Plaintiff that he was the Company's "top pick" for the role he applied *at the time it was made*.

**OBJECTION:**

Expedia objects to this request because it is vague and ambiguous in that it requires  Expedia to interpret what Allison Allen meant by her use of the term "top pick," which Expedia  cannot do.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Allison Allen's statement that  Kascsak was her "top pick" for the position was made on June 18, 2023, early in the interview process for the position. At that time Expedia had made the decision to post the position and continue to source and interview potential candidates for the position. *See also* documents  produced.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Expedia to identify employees at Expedia who did not support Kascsak's hiring on June 18, 2023.

**INTERROGATORY NO. 6:**

Describe what Michael Davis Velasco was doing throughout the day and where he was  on August 15 and August 16, 2023. Specifically, identify the distinct "immoveable conflict" and "emergency" that led Davis Velasco to cancel both of his interviews with Plaintiff as identified

in Plaintiff's Complaint.

**OBJECTION:**

Expedia objects to this request because seeks information that is not relevant to any claim or defense of any party, is harassing, and violates the privacy rights of an Expedia employee.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Expedia to identify employees at Expedia who did not support Kascsak's hiring on June 18, 2023.

**INTERROGATORY NO. 7:**

Describe the processes, plans, and personnel that Expedia, Inc. used/uses to meet its  hiring targets related to "underrepresented identities" and gender balance as described in the  2022 Diversity Report.

**OBJECTION:**

Expedia objects that the request to describe Expedia's "processes, plans and personnel" is vague, overbroad, unduly burdensome, and seeks information that is not relevant to a claim or  defense in this lawsuit.

**RESPONSE:**

Subject to and without waiving the foregoing objects, Expedia's diversity and inclusion  policies are set forth in the documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Expedia to (a) identify employees at Expedia who contribute to the annual Diversity Reports, specifically with regard to "underrepresented identity hiring"; (b) describe how the Company implements the 25% race-based hiring target, including both existing actions and company policies as well as future plans to achieve that goal.

**INTERROGATORY NO. 8:**

Describe any and all reasons other than race or sex as to why Plaintiff was not hired for  the role for which he was interviewed.

**OBJECTION:**

Expedia objects to the request to describe "any and all" reasons that Plaintiff was not hired because it requires Expedia to marshal all of its proof. Expedia reserves that right to  supplement this response as discovery progresses.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Kascsak was not hired for the Global Sourcing position because Expedia did not believe he had the core competencies and skills necessary to succeed in the position. Expedia's concerns included, but were not limited to:

- Concerns about Kascsak's ability to influence senior leaders;

- Concerns about Kascsak's lack of experience and ability to architect a new global senior director role and develop and lead a new team at a global level; and

- Concerns that the compensation package that Kascsak wanted was not supported by the level of his competencies and skills. *See also* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Ok.

**INTERROGATORY NO. 9:**

Identify all individuals who opposed Kascsak's hiring at Expedia.

**OBJECTION:**

Expedia objects to this request because "all individuals who opposed" is vague and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing objections Allison Allen made the decision not to hire Kascsak. *See also* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Ok. This interrogatory requires you to identify any employee at Expedia involved in his hiring process who did not want to hire him, at any time.

**INTERROGATORY NO. 10:**

Explain why Expedia, Inc. did not release a Diversity Report in 2023, specifically including the date this decision was made.

**OBJECTION:**

Expedia objects to this request because it seeks information that is not relevant to a claim or defense in this lawsuit

**PLAINTIFF'S FOLLOW-UP:**

Among other reasons, this is relevant to understanding the Company's intent in executing on race and gender based hiring goals at the time Kascsak was interviewing at the Company. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information.

*Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). The reason not to publish could also reveal additional information as to what the Company was doing to meet its diversity hiring goals, since the Reports have traditionally included historical reporting and future diversity plans. It also gets to the intent of the discrimination for punitive damages purposes. This information gets straight to the elements of Kascsak's Title VII and § 1981 claim.

**INTERROGATORY NO. 11:**

Describe the extent that hiring managers and interviewers are aware of the Company's race and sex hiring statistics, as detailed in the 2022 Diversity Report, as they consider candidates for jobs.

**OBJECTION:**

Expedia objects that this request for Expedia to identify unidentified individual's "aware[ness] of the Company's hiring statistics" at some unidentified date because it requires Expedia to speculate as to the knowledge held by various unidentified individuals at and during an unidentified period of time. Expedia further objects that the request is vague, ambiguous, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Expedia whether in 2023, Allison Allen and Michael Davis Velasco had knowledge or access to any information that details the race and sex of the Company's annual hires, either individually or as a set. If the answer is yes, please describe where that information is obtained, what it reveals, and how either of them act upon it.

**INTERROGATORY NO. 12:**

Identify all individuals in 2023 who had ongoing, updated knowledge throughout the year of how Expedia was performing against its own targets for diverse hiring laid out in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request for Expedia to identify individual's knowledge of Expedia's hiring metrics because it is vague and requires Expedia to speculate as to the knowledge held by various unidentified individuals. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Expedia whether in 2023, Allison Allen and Michael Davis Velasco had knowledge or access to any

information that details the race and sex of the Company's annual hires, either individually or as a set. If the answer is yes, please describe where that information is obtained, what it reveals, and how either of them act upon it.

**INTERROGATORY NO. 13:**

Explain why Lisa Christensen never followed up with Plaintiff regarding the discussion they had about Expedia's employment offer, its compensation, and its benefits for the role he applied in May 2023.

**OBJECTION:**

Expedia objects to this request because it presumes that "Lisa Christensen never followed  up with Plaintiff," and that Expedia made an employment offer to Kascsak, which Expedia  denies.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Lisa Christensen did not convey  a job offer to Kascsak; in fact, she was clear that she did not have the necessary approvals to make a job offer. Ms. Christensen thereafter followed up by informing Kascsak that consideration of Kascsak for the position was on hold, that Expedia was still working through the organization plans, that Expedia was not able to meet his expectations regarding compensation, that Expedia would be posting the role and interviewing additional candidates, and ultimately, that Expedia had made the decision not to hire him. *See also* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**INTERROGATORY NO. 14:**

Describe the reorganization Allison Allen's team went through as referred to in Lisa Christensen's May 31, 2023, text to Plaintiff. Dkt. 8, Ex. J.

**RESPONSE:**

The Global Sourcing role for which Expedia interviewed Kascsak was slated to be a  newly created Talent Acquisition Leadership Team role within the Global Talent Acquisition ("GTA") Team. The Global Sourcing leader would be responsible for designing, building,  launching and scaling global function and talent sourcing strategies. This new role and  reorganization would involve consolidating the sourcing function by moving the reporting of the  sourcing leaders from their respective business units to the Global Sourcing leader. *See also*  documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

The interrogatory does not answer the question. Plaintiff expects an answer to the question as to the reorganization of Allison Allen's team. This only explains how the Global Sourcing role fits within Allen's existing team. Plaintiff awaits an answer to the question asked, or an objection.

## INTERROGATORY NO. 15:

Explain how Expedia, Inc.'s recruitment and hiring activities changed following the  signing of the CEO Action Letter, Dkt. 8, Ex. E, including any emphasis on race and gender as  hiring considerations for leadership positions and any quotas, targets, or metrics the Company  adopted.

## OBJECTION:

Expedia objects to this request because it presumes that Expedia's recruitment and hiring activities "changed" and because the request, including its reference to "quotas, targets, or metrics," is vague and ambiguous.

## RESPONSE:

Subject to and without waiving the foregoing objections, Expedia's hiring policies are set  forth in the documents produced.

## PLAINTIFF'S FOLLOW-UP:

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking the following: How did Expedia implement or plan to implement the changes pledged to in Expedia's CEO action letter?

## INTERROGATORY NO. 16:

Describe what Expedia, Inc.'s promise to have an "intentional focus on racial equity" in  the 2022 Diversity Report meant for Company hiring, including any processes the Company employs to fulfill this focus.

## OBJECTION:

Expedia objects that this request is vague, overly broad, and seeks information that is not

relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the hiring process for the Global Sourcing position.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia's diversity and inclusion plans and policies are set forth in the documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

This interrogatory is of course relevant to Plaintiff's claims. He is alleging racial discrimination against him, and the Company publicly promised to focus intentionally on racial hiring results ("equity") at the Company. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983).

**INTERROGATORY NO. 17:**

Identify the Executive internal referral who Lisa Christensen said the Company hired for the role Plaintiff applied, as he describes on pages 11-12 of his declaration (Dkt. 8, Ex. A at 11- 12).

**OBJECTION:**

Expedia objects to this request because Expedia denies Kascsak's characterization of his conversation with Lisa Christensen, and specifically denies that Christensen told Kascsak that the Company had "hired" anyone for that position or that Expedia had hired "a (paraphrasing) 'late edition executive internal referral'".

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia continued to interview applicants for the Global Sourcing leader position after it conveyed its decision not to hire Kascsak, and had not filled the position. *See also* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**INTERROGATORY NO. 18:**

Identify the internal executive who referred the candidate into the job for which Kascsak applied as he describes on pages 11-12 of his declaration.

**OBJECTION:**

Expedia objects to this request because Expedia denies Kascsak's characterization of his conversation with Lisa Christensen, and specifically denies that Christensen told Kascsak that the Company had "hired" anyone for that position or that Expedia had hired "a (paraphrasing) 'late edition executive internal referral'".

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expedia continued to interview applicants for the Global Sourcing position after it conveyed its decision not to hire Kascsak, and the position has not been filled. *See also* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**INTERROGATORY NO. 19:**

Describe any conversations or evaluations during the hiring process for Plaintiff where race, sex, or diversity was mentioned, including by whom and in what context.

**OBJECTION:**

Expedia objects that this request for information regarding "any conversations or evaluations during the hiring process" where "race, sex or diversity was mentioned" is vague, overly broad, and unduly burdensome; it is not possible for Expedia to collect information regarding any conversations involving multiple individuals over many months. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition to the extent it is not limited to discussions regarding Kascsak's hiring.

**PLAINTIFF'S FOLLOW-UP:**

Based on Expedia's feedback, Plaintiff's interrogatory can be interpreted as asking Defendants if Plaintiff's race or sex (or his lack of "diverse" status) was ever brought up in conversations about his hiring, and if so when? As Expedia implies through its answers to other interrogatories, there were seemingly less than ten people involved in Plaintiff's hiring process. It is not burdensome to ask all of them whether they themselves mentioned or they heard someone mention Plaintiff's race or sex (or his lack of "diverse" status) in the context of his hiring.

**INTERROGATORY NO. 20:**

Describe Michael Davis Velasco's feedback to Allison Allen or anyone else involved in the hiring process regarding Plaintiff.

**RESPONSE:**

*See* documents produced.

**PLAINTIFF'S FOLLOW-UP:**

Defendant has not produced any documents, so this interrogatory is late by extension. *See Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018); *Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011).

**INTERROGATORY NO. 21:**

Explain the extent that racial or sex makeup of the Company's hiring or workforce factors into the compensation of any corporate officers or hiring managers.

**OBJECTION:**

Expedia objects that this request for information on the compensation of "any corporate officers or hiring managers" is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to individuals involved in the decision not to hire Kascsak.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the racial or gender makeup of the Company's hiring or workforce does not factor into the compensation of the individuals involved in the decision not to hire Kascsak.

**PLAINTIFF'S FOLLOW-UP:**

"Involved in the decision not to hire Kascsak" is too narrow of an answer to this question. Plaintiff is trying to discover discriminatory hiring schemes and pecuniary motives that may be promulgated by those more senior than the individuals directly involved in his hiring decision. Such schemes and motives are still relevant to his claims, even if the people implementing them don't get paid off them directly. Plaintiffs in discrimination suits can access company policies, procedures, and personnel information. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). To the extent "corporate officer or hiring manager" is broad, Plaintiff specifically points to Michael Davis Velasco, Allison Allen, Peter Kern, and the rest of the "Travel Leadership Team" at the Company (3 additional officers).