# EXHIBIT F



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

**April 3, 2024**

David Shank & Amy Dashiell
Counsel to Expedia, Inc.
303 Colorado Street, Suite 2400
Austin, TX 78701

Dear David and Amy:

We were pleased to finally get agreement on a protective order for our case today and appreciate your offering to file it. However, at the same time, we were disappointed with the results of your responses to our Requests for Production ("RFP") and Interrogatories submitted to you thirty days ago. The RFPs yielded *zero* produced documents as of today—the deadline for production. Moreover, as detailed below, Expedia's objections are largely boilerplate, general, or unexplained. In good faith, Plaintiff has quickly taken your feedback, digested it, and tried to write responses (including tailored and revised RFPs and interrogatories) in accordance with the objections raised. These attachments are **not** new RFPs and interrogatories which result in a fresh 30-day clock for response—rather, they are Plaintiff's best efforts to accommodate objections to existing RFPs and interrogatories and ensure timely, lawful, and liberal production. Please consider them and the information below, then let us know Expedia's preferred course for production.

As a threshold matter, any production that was withheld "subject to entry of a Protective Order" is now late.[1] Rule 26 puts the burden on the party seeking protection over discovery to show "good cause" by filing and winning a motion for a protective order in court. Expedia told Plaintiff that the order it proposed was "standard" on multiple occasions and that it was "finalizing" that motion on March 18th—but such a motion never came. A party may not use the lack of a protective order to justify withholding documents. *See Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. Jun. 30, 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. Dec. 8, 2011); *Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018). We expect that such documents will be produced by Expedia *immediately* given the documents have been identified and are now tardy.[2]

Second, this is a Title VII and 42 U.S.C. § 1981 case. As long held in the Fifth Circuit, the standard for discoverable documents is "broad, especially when viewed in the context of Title VII." *Miller v. Sam Hous. State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021); *Southwest Hide Co. v. Goldston*, 127 F.R.D. 481, 484 (N.D. Tex. 1989). Many of Expedia's objections on the grounds of

---

[1] It appears RFPs 1, 2, 3, 6, 16, 18, 23, 28, 29, and 30 as well as Interrogatories 1, 13, 14, 15, 16, 17, 18, and 20 have partial production withheld because of a lack of a protective order.
[2] We note this is Expedia's **second** consecutive production requirement involving late production. Expedia's Initial Disclosures were due on March 22, 2024, as agreed to by the Parties and were not shared with us until March 25, 2024. *See* Dkt.16.



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

relevance, burden, and broadness are severely overexaggerated, lack specificity, and do not contemplate the robust discovery the law guarantees for plaintiffs in discrimination cases. "The burden is on the party refusing to produce discovery to show why he should not be required to respond to each request," not the other way around. *Walters v. Sentry Link LLC*, 2018 U.S. Dist. LEXIS 22097, *9 (W.D. Tex. 2018). But Expedia's objections hardly tell Plaintiff anything. Plaintiff tried to account for the objections to the best of his counsel's ability and provide either explanations or alternative readings of the RFPs and interrogatories. For those RFPs or interrogatories that are addressed in Plaintiff's reply, he looks forward to Expedia's quick production of these documents.

Third, Expedia's responses to both the RFPs and Interrogatories were loaded with generalized and boilerplate objections. The Rules require that objections to interrogatories and RFPs be made with "specificity." Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). When an objection is made without specificity—e.g., without explaining the objection's application to the question or request—that objection is forfeited. *See Shintech Inc. v. Olin Corp.*, 2023 U.S. Dist. LEXIS 185116, *10 (W.D. Tex. 2023). Like in *Walters*, the Defendant simply asserts like clockwork that Plaintiff's RFPs are "overly broad," "not relevant," "vague," and "an impermissible fishing expedition" without any specific application to the request. *Cf.* 2018 U.S. Dist. LEXIS 22097 at *9 (striking plaintiff's objections that defendant's RFPs "are not relevant, they are vague and ambiguous, or are overly broad and unduly burdensome"). Plaintiff tried to accommodate Expedia's objections in the attached replies with clarifying language, but such broad and general objections make that effort difficult (if not impossible). It's a better use of the Parties' time and money to accelerate discovery, exchange documents, and get to the truth of the matter.

In fact, Expedia's objections are so boilerplate that it oddly objected to its own definitions in its responses to Plaintiff's First RFPs, Interrogatories, and Admissions. Plaintiff simply borrowed the terms and definitions used in Expedia's RFPs and Interrogatories to ensure standardization across the Parties. Yet in a curious, self-labeled "general objection" at the top of its responses, Expedia objected to the very definitions it served on Plaintiff, and which Plaintiff complied without objection, as more expansive than the local rules. And Local Rule CV-26(b) does not have any language which suggests its standard definitions are a *limit* on the Parties. L.R. CV-26(b) (the Rule "shall not preclude (i) the definition of other terms specific to the particular litigation"). Plaintiff hopes Expedia forfeits these objections in their entirety and does not force him to raise the issue before the Court.

*Finally*, Expedia never identified any documents that it was withholding based on the objections it raised. Fed. R. Civ. P. 34(b)(2)(C) requires that "an objection [] state whether any responsive materials are being withheld on the basis of the objection." It is unclear from Expedia's responses—because they are so boilerplate—which documents are being withheld on what grounds.

In short, Expedia's current responses and production are not acceptable under the existing Rules and their legal interpretations. In addition to production already requested in this document and required by the Rules, we request to conference in good faith and discuss means to ensure

Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501



robust discovery. We will remind Expedia that Plaintiff produced roughly 1,000 requested documents on Expedia, did so early, has met every timeline in this case, and speedily responds to any requests for information, clarity, or discussion from the Defendant. When Expedia wanted a fast answer from Plaintiff to inform its motion for a protective order, his counsel complied in due time with the request. In that spirit, and because Expedia's production is already tardy, we'd appreciate the same brevity in sorting out the above discovery issues—especially so that we can get to court if the parties are truly that far apart. To do so, we would like to propose the following dates and times to conference:

(1) April 3, anytime after 4pm CST
(2) April 4, anytime after 4pm CST
(3) April 5, anytime after 4pm CST

We look forward to hearing from you and to receiving timely production of documents withheld on the grounds of entry of a protective order.

All the best,

//s Alex Liebmann_____

Alexander Liebmann, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
Maxschreiber145@gmail.com
401-408-9370



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

**April 27, 2024**

David Shank & Amy Dashiell
Counsel to Expedia, Inc.
303 Colorado Street, Suite 2400
Austin, TX 78701

Dear David and Amy:

  On Friday, April 12, we conferenced to discuss existing discovery disputes related to our production requests and your objections to them. In that meeting, you expressed that you were not ready to discuss our original requests for production (RFPs), interrogatories, and admissions or the follow-up revisions we quickly provided in good faith to narrow and tailor our discovery requests according to your objections.[1] Moreover, you still had not produced *any* documents—including those solely withheld "subject to entry of a Protective Order" in flagrant violation of Rule 26. *See Joan Cravens Constr., Inc. v. Deas Constr. Inc.*, CIVIL ACTION NO. 1:15-cv-385-KS-MTP, 12 (S.D. Miss. 2016); *Bell v. Hercules Liftboat Co.*, CIVIL ACTION NUMBER 11-332-JJB-SCR, 6-7 (M.D. La. 2011); *Jane DOE 1 v. Baylor Univ.*, 2018 U.S. Dist. LEXIS 248761, *26 (W.D. Tex. 2018). However, you represented at the April 12 conference that in "roughly two weeks" you'd (a) have your initial production ready to go and (b) be ready to discuss specifics regarding your other objections beyond "subject to entry of a Protective Order."

  Fast forward to today: More than two weeks have elapsed, and we have currently received ***zero*** documents from you, including those unlawfully withheld solely "subject to entry of a Protective Order" even though the Court entered such an order on April 11, 2024. Dkt.28. Further, we have gotten ***zero*** communication from you as far as the status of your production. We've received ***zero*** feedback from you on the narrowing proposals for our RFPs and interrogatories to try and satisfy your objections so that Rule 26-compliant discovery is possible. And, we have ***zero*** idea whether documents are being withheld based on your boilerplate objections because your responses do not comply with Fed. R. Civ. P. 34(b)(2)(C).

  Beyond current discovery—where the issue is most flagrant—you have also demonstrated other issues with timeliness. For example, your Rule 26 initial disclosures were late: You produced these on March 25, after the March 22 deadline in the plain language of our joint discovery plan. Dkt.16. Separately, you accused us of "squarely violating" Local Rule 3(b)(2) of Appendix C by filing our Notice Concerning Reference to United States Magistrate Judge, Dkt.23, and said we were engaging in "antics" that "suggest" we "associate with a different member of the W.D. Tex."—even though the plain language of our joint proposed scheduling order required such a filing by *both parties* no later than April 5. Dkt.17 ¶ 3. Of course, the Court's *sua sponte* order that you make such a filing vindicates us, Dkt.33, but your refusal to consider our e-mails—which cited

---

[1] Because your objections are almost all boilerplate, *Shintech Inc. v. Olin Corp.*, 2023 U.S. Dist. LEXIS 185116, *10 (W.D. Tex. 2023), we tried to remedy the objections to the best of our ability but it required some guesswork.



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

the relevant language in the proposed scheduling order—is yet another example of willful ignorance of Court and Rule-imposed deadlines. We also point out that you've requested responses from us "quickly" and "immediately" on a variety of issues we've discussed—and we've certainly complied with that—but we've received the opposite treatment from you on our requests for information.

In short, you have not conducted discovery thus far in accordance with Rule 26 and you are engaging in dilatory tactics to exploit what we both know is a tremendously overloaded Court docket. At this point, we have conferenced with you to try to settle these disputes out of court, but your combined tardiness and lack of clarity/specificity on discovery matters—combined with your complete abdication of production—has slowed our discovery to a complete halt. In one last effort to avoid burdening the Court with a motion to compel, we propose the following:

(1) By the close of business on Monday, April 29, you will acknowledge receipt of this letter and propose times/availability for the follow-up discovery conference described in (4)

(2) By the close of business on Tuesday, April 30, you will produce all documents withheld solely on the grounds of "subject to entry of a Protective Order"

(3) At least 48 hours prior to the discovery conference described in (4), you will describe in writing whether documents are being withheld based on each objection in accordance with Fed. R. Civ. P. 34(b)(2)(C)

(4) By the close of business on May 10, we will conference *again* over Expedia's objections to Plaintiff's RFPs, Interrogatories, and Admissions. Unlike the prior conference, this time you will come prepared to discuss specific objections and Plaintiff's good-faith efforts to satisfy those objections so that either (a) further Rule 26-compliant production and disclosure is enabled or (b) Plaintiff's counsel has clear notice of Expedia's intent not to willingly comply with the RFP, Interrogatory, or Admission

(5) If there are any issues with any of the above timelines and expectations, a written and specific explanation as to what the issue is so that we can try altering this plan accordingly rather than just filing a motion to compel

We appreciate your consideration on this matter and hope that you recognize our legitimate frustrations. From our perspective, the month of April has been wasted because of your dilatory tactics. We look forward to hearing from you and hope this conversation results in a course correction, rather than a motion to compel.



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

All the best,

//s Alex Liebmann_____

Alexander Liebmann, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
Maxschreiber145@gmail.com
401-408-9370



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

**May 13, 2024**

David Shank & Amy Dashiell
Counsel to Expedia, Inc.
303 Colorado Street, Suite 2400
Austin, TX 78701

Dear David and Amy:

On Thursday, May 2, we finally received Expedia's initial production, which we understand to be the documents implicated by Kascsak's RFPs that Expedia was withholding solely "subject to entry of a Protective Order" (even though that Order was entered April 11). This letter seeks to inform you why that production is deficient, heading into our second discovery meet-and-confer effort scheduled for this Tuesday.

As a threshold matter, we were under the impression based on our conversations that the expected production would number seventeen or eighteen *thousand* documents; you can imagine our surprise that the initial production totaled only seventeen *hundred* documents. This may be a simple miscommunication, or that Expedia's other objections justifies the initial production number, or some combination thereof. However, Expedia's failure to comply with Rule 34(b)(2)(C) makes it impossible to tell. Moreover, Expedia's use of "subject to and without waiver" qualifiers adds to our confusion. While we have attempted to get clarity from you on these issues via two separate emails, our questions have gone long ignored.

Nevertheless, the existing production is plainly deficient—even based on what Expedia represents is included in its paltry produced discovery. For example:

- Expedia said it would "produce its policies on diversity and inclusion" (or similar language). However, the only documents we received which plausibly implicate such a promise are two Company slide decks addressing diversity and inclusion. (Docs #11084 and 11060). Expedia has a DEI executive (Davis Velasco), many employees devoted to DEI efforts, and has produced DEI plans for hiring (two of which are at issue in this case). The CEO of the Company and the Chief Diversity Officer have gone on record promising intentional efforts to consider race and sex in hiring. Dkt.8 ¶¶ 21–32. Yet you provide no DEI hiring plans or procedures, no 2023 Diversity and Inclusion Report (or drafts), and/or other DEI documents implicated by our responses. The two Company decks we received do not satisfy our RFPs and interrogatories.

- Expedia said throughout its responses it would produce "documents between or including Allison Allen and Michael Davis Velasco" that reference the global sourcing position and/or Kascsak, but there are obvious communications implicated by this not included in the production. Where are the documents addressing what happened after an offer preparation request for Kascsak was readied by and for Allen? (Doc #4587). Where are documents by Michael Davis Velasco which involve his feedback of other job candidates



Liebmann & Liebmann, P.A.
Attorneys at Law
714 North Spring Street
Pensacola, FL 32501

or the Global Sourcing position generally? Where is the "confidential request" Michael Davis Velasco made to use candidate photographs in this job search? (Doc #756). Where are the communications between or involving Allen and Michael Davis Velasco leading up to Kascsak's visit to Expedia's New York office in August? There is a severe and obvious dearth in documents either written by or including Allison Allen and Michael Davis Velasco (and others) that should be in this production and are not.

These are meant to be examples; Expedia's actual production is wholly incomplete relative to our requests. Of course, some of these documents may be withheld based on Expedia's objections, and we hope that we can resolve many of them tomorrow when we meet-and-confer. But as you well know, our requests—including those related to the Company's diversity policies, their origination, and their implementation—are well within the scope of "broad" discovery for Title VII and § 1981 cases. *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). We expect that these requests will soon be fully complied with as envisioned by Rule 26.

We look forward to discussing more in detail tomorrow.

All the best,

//s Alex Liebmann_____

Alexander Liebmann, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
Maxschreiber145@gmail.com
401-408-9370

Wednesday, July 24, 2024 at 17:35:22 Atlantic Daylight Time

| | |
|---|---|
| **Subject:** | RE: New RFPs and Conference Follow Up |
| **Date:** | Tuesday, July 9, 2024 at 7:18:13 PM Atlantic Daylight Time |
| **From:** | Amy Dashiell <adashiell@scottdoug.com> |
| **To:** | Nicole Moss <nmoss@cooperkirk.com>, Max Schreiber <maxschreiber145@gmail.com>, David Shank <dshank@scottdoug.com> |
| **CC:** | Jessi Abramson <jabramson@scottdoug.com>, Robby Earle <rearle@scottdoug.com>, Angie Espinoza <aespinoza@scottdoug.com>, Melissa Patterson <mpatterson@scottdoug.com>, Alexander Liebmann <alex@liebmannlaw.net>, Adam Laxalt <alaxalt@cooperkirk.com>, Nicholas Barry <nicholas.barry@aflegal.org>, Jacob Meckler <jacob.meckler@aflegal.org>, Brian Barnes <BBarnes@cooperkirk.com>, Samuel Adkisson <sadkisson@cooperkirk.com>, Lauren Ditty <lditty@scottdoug.com>, Christy Collins <ccollins@scottdoug.com> |
| **Attachments:** | image001.jpg |

**Caution: External Email**

Nicole,

While we are happy to continue the meet and confer process regarding the substantive discovery requests the parties have served upon each other, the information that you seek is not a proper topic of discovery. As I have previously discussed with Max and Alex, Expedia has complied with its discovery obligations regarding searching for and producing documents responsive to Plaintiff's voluminous requests for production, including the follow-up searches requested in the 2nd, 3rd and 4th sets of RFPs served by Plaintiff. The "discovery on discovery" that you seek is neither permitted by the rules nor required under Rule 26.

We have a supplemental production set related to the 2nd and 3rd RFPs in process at the vendor that should be ready by end of day tomorrow or early Thursday. I am also adding Lauren Ditty from our office to this email, who will be making an appearance in the case and will be joining the call tomorrow in David's absence.

Thanks,

Amy

Amy Dashiell
adashiell@scottdoug.com :: 512-495-6340



303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300
(512) 495-6399 (Fax)

**From:** Nicole Moss <nmoss@cooperkirk.com>
**Sent:** Tuesday, July 9, 2024 9:39 AM
**To:** Amy Dashiell <adashiell@scottdoug.com>; Max Schreiber <maxschreiber145@gmail.com>; David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>; Robby Earle <rearle@scottdoug.com>; Angie Espinoza <aespinoza@scottdoug.com>; Melissa Patterson <mpatterson@scottdoug.com>; Alexander Liebmann <alex@liebmannlaw.net>; Adam Laxalt <alaxalt@cooperkirk.com>; Nicholas Barry <nicholas.barry@aflegal.org>; Jacob Meckler <jacob.meckler@aflegal.org>; Brian Barnes <BBarnes@cooperkirk.com>; Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** Re: New RFPs and Conference Follow Up

`EXTERNAL`

Amy,

Following back up on a response to my email of June 27, 2024. Having a response prior to our meet and confer tomorrow would make that call much more efficient and enable us to ask follow up questions about custodians and search terms. Transparency is necessary so that we can work cooperatively to resolve discovery disputes, so I look forward to your response.

Best,


Nicole Jo Moss
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C.  20036
202-423-3237 (cell)
202-220-9636 (office)
202-220-9601 (Fax)


**From:** Amy Dashiell <adashiell@scottdoug.com>
**Date:** Tuesday, July 2, 2024 at 6:16 PM
**To:** Nicole Moss <nmoss@cooperkirk.com>, Max Schreiber <maxschreiber145@gmail.com>, David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>, Robby Earle <rearle@scottdoug.com>, Angie Espinoza <aespinoza@scottdoug.com>, Melissa Patterson <mpatterson@scottdoug.com>, Alexander Liebmann <alex@liebmannlaw.net>, Adam Laxalt <alaxalt@cooperkirk.com>, Nicholas Barry <nicholas.barry@aflegal.org>, Jacob Meckler <jacob.meckler@aflegal.org>, Brian Barnes <BBarnes@cooperkirk.com>, Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** RE: New RFPs and Conference Follow Up

**Caution: External Email**

Nicole,

Received, thanks.
We will get back to you prior to our call.
Are we all confirmed for July 10 at 4pm CST?

Amy

**From:** Nicole Moss <nmoss@cooperkirk.com>
**Sent:** Tuesday, July 2, 2024 3:15 PM
**To:** Amy Dashiell <adashiell@scottdoug.com>; Max Schreiber <maxschreiber145@gmail.com>; David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>; Robby Earle <rearle@scottdoug.com>; Angie Espinoza <aespinoza@scottdoug.com>; Melissa Patterson <mpatterson@scottdoug.com>; Alexander Liebmann <alex@liebmannlaw.net>; Adam Laxalt <alaxalt@cooperkirk.com>; Nicholas Barry <nicholas.barry@aflegal.org>; Jacob Meckler <jacob.meckler@aflegal.org>; Brian Barnes <BBarnes@cooperkirk.com>; Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** Re: New RFPs and Conference Follow Up

EXTERNAL

Amy and David,

Can you please confirm that you received the below email and let me know when we can expect a response? This is straightforward information that should be readily available as you have responded and objected to Plaintiff's RFPs. It would really be helpful and make our meet and confer on July 10th more efficient and productive if you could provide this information now.

I look forward to hearing from you.

Nicole Jo Moss
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
202-423-3237 (cell)
202-220-9636 (office)
202-220-9601 (Fax)

**From:** Nicole Moss <nmoss@cooperkirk.com>
**Date:** Thursday, June 27, 2024 at 6:53 PM
**To:** Amy Dashiell <adashiell@scottdoug.com>, Max Schreiber <maxschreiber145@gmail.com>, David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>, Robby Earle

<rearle@scottdoug.com>, Angie Espinoza <aespinoza@scottdoug.com>, Melissa Patterson <mpatterson@scottdoug.com>, Alexander Liebmann <alex@liebmannlaw.net>, Adam Laxalt <alaxalt@cooperkirk.com>, Nicholas Barry <nicholas.barry@aflegal.org>, Jacob Meckler <jacob.meckler@aflegal.org>, Brian Barnes <BBarnes@cooperkirk.com>, Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** Re: New RFPs and Conference Follow Up

Amy and David,

Please allow me to introduce myself. I am one of the new lawyers with the law firm of Cooper & Kirk who will be working on this case. I am in the process of familiarizing myself with the discovery that has been requested and responded to and it appears that some basic information regarding ESI that would normally be discussed and exchanged as part of the initial Rule 26(f) conference has not been shared. In order to facilitate review of the reasonableness of Defendant's discovery responses and to prepare for the scheduled meet and confer on July 10, 2024, can you please provide us with the following information:

1. What ESI sources has Defendant identified as having potentially responsive information?
    a. Email (business and personal)?
    b. Text messages?
    c. Slack or instant messaging?
    d. WhatsApp or other messaging services?
    e. Social media?
    f. Recordings?
    g. File servers?
    h. Hard drives?
    i. Sharefiles?
    j. Cloud storage solutions?

2. What ESI sources does Defendant have that you have determined do not contain potentially responsive information or that you are taking the position would be too burdensome due to inaccessibility?
3. Which of the ESI sources identified above did you search for purposes of responding to Plaintiff's discovery requests?
4. For each request, which custodians' ESI did you search?
5. Did you use search terms in identifying potentially responsive documents, and if so, what were they? Did this differ by RFP at all?
6. Did you use search terms to eliminate any documents from review, and if so, what were they? Did this differ by RFP at all?
7. Did you employ any other filters such as date limitations or exclusion of specific file types? Did this differ by RFP at all?
8. Did you search the paper files of any custodians, and if so, which ones?

I would appreciate your providing this information now so that we can move forward with discovery.

I look forward to hearing from you and to speaking with you on July 10, 2024.

4 of 8

Nicole Jo Moss
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
202-423-3237 (cell)
202-220-9636 (office)
202-220-9601 (Fax)

---

**From:** Amy Dashiell <adashiell@scottdoug.com>
**Date:** Thursday, June 20, 2024 at 7:56 PM
**To:** Max Schreiber <maxschreiber145@gmail.com>, David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>, Robby Earle <rearle@scottdoug.com>, Angie Espinoza <aespinoza@scottdoug.com>, Melissa Patterson <mpatterson@scottdoug.com>, Alexander Liebmann <alex@liebmannlaw.net>, Adam Laxalt <alaxalt@cooperkirk.com>, Nicholas Barry <nicholas.barry@aflegal.org>, Jacob Meckler <jacob.meckler@aflegal.org>, Brian Barnes <BBarnes@cooperkirk.com>, Nicole Moss <nmoss@cooperkirk.com>, Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** RE: New RFPs and Conference Follow Up

**Caution: External Email**

Max,

Given that we are now responding to three additional sets of RFPs (containing 44 additional requests), I would prefer that we stick to the 10th.

As we have discussed, documents collection is a time intensive process. I am tied up latter part of next week and need to coordinate with the client on these additional requests, as well as complete the review of the documents we have collected to date in response to the 2nd and 3rd requests.

Let us know if that works.

Thanks,

Amy

---

**From:** Max Schreiber <maxschreiber145@gmail.com>
**Sent:** Thursday, June 20, 2024 3:24 PM
**To:** Amy Dashiell <adashiell@scottdoug.com>; David Shank <dshank@scottdoug.com>
**Cc:** Jessi Abramson <jabramson@scottdoug.com>; Robby Earle <rearle@scottdoug.com>; Angie Espinoza <aespinoza@scottdoug.com>; Melissa Patterson <mpatterson@scottdoug.com>; Alexander Liebmann <alex@liebmannlaw.net>; Adam Laxalt <alaxalt@cooperkirk.com>; Nicholas Barry

<nicholas.barry@aflegal.org>; Jacob Meckler <jacob.meckler@aflegal.org>; Brian Barnes <BBarnes@cooperkirk.com>; Nicole Moss <nmoss@cooperkirk.com>; Samuel Adkisson <sadkisson@cooperkirk.com>
**Subject:** New RFPs and Conference Follow Up

`EXTERNAL`

Afternoon Amy and David:

I am attaching our fourth set of RFPs from our side here.

Also, the Court granted all of our new co-counsel's PHV motions today, which was earlier than I anticipated given the holiday. How do your schedules look to conference on discovery next week? I know you're busy the week of 4 July and we are still looking at 10 July, but next week is preferable. If you have time we'll do our best to accommodate.

Best,

Max

> On Fri, Jun 14, 2024 at 11:42 AM Max Schreiber <maxschreiber145@gmail.com> wrote:
>
> Amy and David,
>
> I received the supplemental production a little while ago, thanks. I'm also reaching out to introduce new co-counsel for us, who are all CC'd on this line: From America First Legal are Nicholas Barry and Jacob Meckler, and from Cooper and Kirk are Adam Laxalt, Brian Barnes, Nicole Moss, and Samuel Adkisson. We are in the process of aggregating everyone's PHV/appearance forms and will enter those soon--in the meantime and going forward, please include them in all future correspondences.
>
> Thanks and have a great weekend,
>
> Max
>
>> On Thu, Jun 13, 2024 at 5:52 PM Max Schreiber <maxschreiber145@gmail.com> wrote:
>>
>> Works for us, thanks for the update.
>>
>> Max
>>
>>> On Thu, Jun 13, 2024 at 9:51 PM Amy Dashiell <adashiell@scottdoug.com> wrote:
>>>
>>> Max we just now got the docs from the vendor and I'm not sure how to get them to you. I'll have Christy send first thing tomorrow if that is ok.
>>>
>>>> On Jun 13, 2024, at 8:45 PM, Max Schreiber <maxschreiber145@gmail.com> wrote:

**EXTERNAL**

Thanks for the update Amy. Max

On Thu, Jun 13, 2024 at 1:38 PM Amy Dashiell <adashiell@scottdoug.com> wrote:

> Thanks Max and Alex.
>
> We are on track to serve a supplemental production today, get you amended RFP responses before end of day tomorrow, and get you supplemental ROG responses no later than Monday.
>
> Amy
>
> ---
>
> **From:** Max Schreiber <maxschreiber145@gmail.com>
> **Sent:** Monday, June 10, 2024 6:58 PM
> **To:** Jessi Abramson <jabramson@scottdoug.com>; David Shank <dshank@scottdoug.com>; Amy Dashiell <adashiell@scottdoug.com>; Robby Earle <rearle@scottdoug.com>; Angie Espinoza <aespinoza@scottdoug.com>; Melissa Patterson <mpatterson@scottdoug.com>
> **Cc:** Alexander Liebmann <alex@liebmannlaw.net>
> **Subject:** Conference Follow Up
>
> **EXTERNAL**
>
> Amy:
>
> Thanks for meeting today, that was a productive conversation--I think we hit every RFP and ROG still at issue. As I understand it, we will wait until Friday to hear from you with the following before taking any action on a motion to compel:
> - An additional round of supplementary production.
> - An RFP response that provides clarity as to which RFPs are, in your client's eyes, fully executed (specifying either the revision or the original), and which still have objections claimed/documents withheld.
> - We may not get the interrogatory responses themselves Friday, but you'll at least notify us which interrogatories Expedia still intends to object to answering if a response cannot be provided by that day.
> - Clarity in writing on when/where certain requests aren't responsive and other points we discussed.
>
> Please let us know if any of the above is incorrect.
>
> Best,
>
> Max

> IMPORTANT - SCOTT DOUGLASS & McCONNICO DISCLAIMER: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone at (512) 495-6300 and/or email and delete the original message. Thank you.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.