UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Michael Kascsak**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **Expedia Group, Inc.**, | § § § | |
| Defendants. | § § | |

**DEFENDANT EXPEDIA, INC.'S RESPONSE TO
<u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

1

Plaintiff Michael Kascsak claims that Expedia discriminated against him by not hiring him for a Global Sourcing position because of his race and gender. Kascsak has conducted extensive discovery regarding the circumstances surrounding Expedia's consideration of his job application and decision not to hire him. In this action—which involves *one* hiring decision related to one position out of Expedia's 17,000-person workforce—Expedia has responded to 74 Requests for Production, 22 Interrogatories, 26 Requests for Admission, and produced more than 4,000 documents consisting of more than 21,000 pages. Discovery is ongoing, with both parties still serving and responding to additional discovery requests, conferring on the outstanding discovery matters, and exchanging additional sets of supplemental production.[1] Depositions have not yet been set.

With this Motion, Kascsak now seeks to compel discovery that is far outside the bounds of what is permitted by the Federal Rules of Civil Procedure. First, Kascsak seeks extensive "discovery on discovery" demanding that Expedia "describe in detail" every aspect of its collection and review process for each and every request for production. Kascsak, however, has failed to make the requisite showing beyond mere speculation that Expedia's production was deficient. Second, Kascsak's position that Expedia must be compelled to produce documents based on its allegedly "boilerplate objections" is neither accurate nor consistent with the law. Finally, in addition to the inclusion and diversity policies, procedures and training materials that Expedia has produced, Kascsak seeks overly-broad company-wide discovery from individuals who had no involvement in the Global Sourcing hiring decisions regarding "how these policies were created," which have no relevance to Expedia's decision not to hire Kascsak. As set forth below, Expedia has diligently and reasonably responded to relevant discovery requests, and Plaintiff's Motion to Compel should be denied.

---

[1] Plaintiff served responses to Defendants' Second Request for Production and supplemental production related to Defendant's First Requests this week, and Defendant is still in the process of conducting searches and producing documents responsive to Plaintiff's Second, Third and Fourth sets of requests for production.

**A.       Plaintiff has not met his burden to compel "discovery on discovery" from Expedia.[2]**

Plaintiff asks the Court to compel Expedia to answer Interrogatory No. 22, which provides:

> Please describe in detail the process for identifying all electronically stored information (ESI) implicated by Plaintiff's Requests for Production. This includes the databases, software and mediums of ESI searched, the relevant accounts searched, search terms, databases/software/mediums not consulted and why, and the process for identifying initial sets of documents implicated by the RFPs.

*See* Dkt. 50-1 at 6.[3] Expedia objected to this interrogatory because it improperly sought discovery on discovery. *Id.* The Court should sustain that objection because Plaintiff has made no showing, much less demonstrated a specific or material deficiency in Expedia's production, warranting an examination of Expedia's internal document collection and review procedures.

"As a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations." *Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-04330, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) (quoting *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 118 (2018)). The responding party is "best situated to preserve, search, and produce its own electronically stored information," *Baker v. Walters*, 652 F. Supp. 3d 768, 786

---

[2] For ease of review, Expedia has labeled the sections of its Response to correspond to the sections set forth in Plaintiff's Motion. Further, because the referenced documents are voluminous and were designated confidential, Expedia has not attached them to this Response. Expedia will produce the documents *in camera* if necessary, at the Court's request.

[3] Plaintiff represents that he propounded Interrogatory No. 22 "only after Expedia refused to disclose this information through the normal pretrial meet-and-confer process." Mot., Dkt. 50, at 1. Respectfully, Plaintiff's new counsel did not participate in the parties' Rule 26(f) conference and neither Rule 26(f), the Local Rules, nor this Court's exemplar Rule 26(f) report requires the parties to "describe in detail" or otherwise provide the information demanded by Plaintiff. Plaintiff is incorrect that this discovery is "the sort of basic information normally exchanged under Rule 16(b)(3)(iii), Rule 16(c)(2) and Rule 26(f)," and Plaintiff's counsel neither requested such information from Expedia at the parties' Rule 26(f) conference nor "describe[d] in detail" his *own* document collection and review procedures, during the parties' Rule 26(f) conference or otherwise.

(N.D. Tex. 2023), and courts are reluctant to "micro-manage the parties' internal review procedures." *Edwards*, 2021 WL 5121853 at *3.

With these principles in mind, courts generally "eschew[] discovery on discovery unless a specific deficiency is shown in a party's production." *Baker*, 652 F. Supp. 3d at 786 (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420). "[A] party seeking this type of discovery should point to a '**specific or material deficiency** in the other party's production.'" *Guillory v. Carrington Mortg. Servs., LLC*, No. CV 22-192-JWD-SDJ, 2023 WL 4688133, at *5 (M.D. La. July 21, 2023) (quoting *Baker*, 652 F. Supp. at 786). To demonstrate a "specific or material deficiency" in a party's production, "the requesting party should **make a showing**, including through the documents that have been produced, that allows the Court to make a reasonable deduction **that other documents may exist or did exist and have been destroyed** or must point to **the existence of additional responsive material**." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (internal quotations omitted, emphasis added). "[G]eneral allegations of deficiencies or mere 'speculation' of a material failure by the responding party" are insufficient. *Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co. LLC*, No. 3:22-CV-00030, 2022 WL 3041134, at *2 (S.D. Tex. Aug. 2, 2022) (quoting *The Sedona Principles* at 123); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end.").

Here, Plaintiff has wholly failed to sustain his burden to establish a "specific or material deficiency" in Expedia's production that would merit the discovery now requested.[4] Plaintiff does not cite to a single document in Expedia's 21,000+ pages of production as evidence of a "deficiency," instead merely claiming without any basis that "important information" regarding the reason for

---

[4] During the parties' July 11, 2024 conference, Expedia's counsel invited Plaintiff to identify an alleged deficiency in production, but Plaintiff did not do so either on the call or thereafter.

4

Expedia's decision not to hire Kascsak is "missing." Mot., Dkt. 50, at 5. Not so. Expedia's extensive document production reflects that searches were conducted across multiple platforms and numerous custodians,[5] resulting in the production of thousands of pages of emails, notes, Slack[6] communications, and reports related to the hiring process and decision, including:

(i) all documents setting up and containing feedback from Kascsak's interviews;[7]

(ii) all documents related to Michael Velasco's interview of and feedback regarding Kascsak;[8]

(ii) all documents related to Kascsak's additional interviews in New York;[9] and

(v) all feedback, correspondence and reports regarding the other candidates for the position.[10]

---

[5] Expedia's production reflects communications to and from numerous custodians, including but not limited to: Michael Velasco (Expedia's Chief People, Diversity and Inclusion Officer), Allison Allen (Expedia's SVP responsible for the hiring), Tim Cox (HR responsible for compensation requests), Lisa Christensen and Sarah Sanderson (the recruiter and sourcer assisting with the hiring), Sean Splaine, Tina Ahn, Sarah Daffurn and James Hawkes (Kascsak's loop interview panel), Melissa Hutchinson (who interviewed Kascsak in New York), Christina Lochard (Velasco's executive assistant) and Kristin Stencil (the scheduler for the New York interview).

[6] Slack is the internal messaging system used by Expedia employees.

[7] *See, e.g.*, EXP_00011187 and 00011374 (Christensen's comments from Kascsak's intake interview, which state he "didn't clearly articulate how you'd build from ground up" and noting "likely an effective sourcing leader but can he architect?"); EXP_00011143 (setting forth all of the loop interview feedback).

[8] *See, e.g.*, EXP_00011379 (Velasco's feedback after interview expressing concerns about Kascsak's "influencing ability" and questioning whether he "is the unicorn that would [justify] paying a high price"), EXP_00003853 (Christensen's email to Kascsak's reference noting concerns about Kascsak's "ability to influence and his executive communication style"); EXP_00004618 (email from Tim Cox questioning whether Kascsak "raised the bar" given Velasco's reservations, and Velasco's response stating his concerns that the hire would "create a compression issue" on compensation); EXP_00011403 (Christensen Slack message referencing Velasco and Allen's concerns).

[9] *See, e.g.*, EXP_00011443-11743 (meeting invites and correspondence related to the interviews and cancellation), EXP_00011512 (Christensen's Slack message regarding Kascsak's New York interviews noting "does he have the gravitas, is the question in [Velasco]'s mind") and EXP_00011745 (Christensen's Slack message to Sean Splaine that Kascsak "did not do well in NYC so I'm declining him" and noting that he "couldn't answer questions" and "agrees it may not have been his best day").

[10] *See, e.g.*, EXP_00011944-21274. Expedia interviewed twelve other individuals for the position, and another 100+ candidates were reviewed and considered. The progress reports related to the hiring process, as well as emails discussing those candidates who interviewed, have all been produced.

Plaintiff claims that there are "compelling reasons to conclude that [Expedia's] searches were not reasonable, and its productions are not complete," but fails to identify any gap in production or specific deficiency to support this assertion. *See* Mot., Dkt. 50, at 5. Plaintiff merely insists, for example, that there *must be* additional "materials showing why Expedia decided not to hire Plaintiff" or "materials reflecting why Expedia decided not to give Plaintiff the written job offer." *Id.* Expedia's extensive production, however, includes the very documents that Plaintiff claims are "missing"—namely documents setting forth the concerns about Kascsak's competencies, compensation demands, and interview performance that led to the ultimate decision not to hire him.[11] That those materials do not align with Plaintiff's theory of the case is insufficient. Expedia "cannot produce what it does not have." *Quantas Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC,* No. 3:23-CV-891-K, 2024 WL 1520568, at *12 (N.D. Tex. April 8, 2024); *see also VeroBlue Farms* USA, 345 F.R.D. at 420 (stating same).[12]

That Plaintiff "may disbelieve or disagree with a response to a discovery request…is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the

---

[11] *See, e.g.*, (i) documents setting forth the feedback on Kascsak and reason he was not hired as listed in notes 7, 8, and 9 and (ii) documents explaining the reason for not making Kascsak the offer in May 2023 such as EXP_00011406 (Allen's suggestion that she and Christensen "touch base" before presenting the offer to Kascsak and Christensen's response that she "told [Kascsak] that [Expedia] remained very interested in him but explained we need more time to get through the first components, our restructure and to open internally etc.") and EXP_00011403 (Christensen's message to Cox confirming that Allen was "rethinking" the offer "largely, because MDV questioned his executive influence" and Cox's response that "he mentioned that to me as well" and that Velasco "also expressed he wasn't sure if we needed to reach on the salary so much").

[12] As would be expected, not every reference to Kascsak (or the other candidates) was reduced to writing; the documents produced also contain references to meetings and calls where the candidates were *discussed* by the hiring team, and these communications will presumably be the subject of depositions. *See, e.g.*, EXP_00011406 (Allen's Slack message to Christensen suggesting that they "touch base" before seeking final approval of the proposed Kascsak offer); EXP_00004587-4591 (email from Cox noting that he had his "1:1 with [Velasco] today and asked his thoughts" on the proposed compensation request); EXP_0004681 (Christensen email to the hiring team "ahead of our Monday meeting" to discuss the candidates); and EXP_00007415 (meeting invite for a "debrief" meeting attaching resumes of current Global Sourcing candidates including Kascsak).

response is incomplete or incorrect." *Quantas Healthcare Mgmt.*, 2024 WL 1520568 at *12 (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420). Plaintiff cannot and does not point to a dearth of production on Expedia's part, nor does he demonstrate through "the documents that have been produced" a "specific or material" failure by Expedia to meet its discovery obligations. *VeroBlue Farms USA*, 345 F.R.D. at 420. The rare cases cited by Plaintiff where courts have ordered discovery on discovery involve specific examples of discovery misconduct, including a dearth of email production or specific documents and deposition testimony demonstrating a gap in the party's production.[13] Absent a showing that Expedia has "abdicated its responsibility," it "is not the court's role," much less Plaintiff's "to dictate how [Expedia] should search for relevant information." *Baker*, 652 F. Supp. 3d at 786 (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420).[14] This Court should sustain Expedia's objection and deny Plaintiff's motion to compel.

---

[13] *See e.g.*, Mot., Dkt. 50, at 4 (citing *Vasoli v. Yards Brewing Co.*, LLC, No. 21-2066, 2021 WL5045920 E.D. Pa. Nov. 1, 2021) (defendant failed to produce an email from the Plaintiff that had been forwarded to the CEO, which was "integral to her retaliation claim" because she was fired by the CEO two days later); *McNearney v. Wash. Dep't of Corrs.*, No. C11-5930, 2012 WL 3155099, at *2 (W.D. Wash. Aug. 2, 2012) (defendant had not "searched for responsive electronic records from several key witnesses"); *Via Vadis, LLC v. Blizzard Ent., Inc.*, No 1:14-CV-00810, 2021 WL 3081310, at *3 (W.D. Tex. July 21, 2021) (parties were embroiled in a dispute about whether the defendant had "allowed its computer systems to destroy relevant information"); *Ruiz-Bueno v. Scott*, No. 2:23-cv-0809, 2013 WL 6055402, at *4 (S.D. Ohio Nov. 15, 2013) (acknowledging "discovery on discovery" is not justified in every case, but determining it was necessary under these circumstances because "plaintiffs' concern about the volume of ESI appear[ed] to be reasonably grounded," based on the "large number of parties and the small number of documents produced.").

[14] Should Plaintiff have concerns about Expedia's production with respect to specific requests, Expedia has been and remains willing to confer about custodians and search terms for those specific requests. Expedia has also conducted additional searches of specific custodians and time periods in response to Plaintiff's later requests for production. But that is not what Plaintiff seeks here. Interrogatory No. 22 demands that Expedia "describe *in detail* the process for identifying *all electronically stored information* (ESI) implicated by" all 74 of Plaintiff's Requests for Production. Plaintiff has made no showing to justify this kind of wholesale examination of Expedia's document collection and review apparatus.

**B.      Plaintiff's requests are facially overbroad and seek information and documents not relevant to his claims.**

Plaintiff incorrectly states that Expedia asserts only "boilerplate" objections. A review of Expedia's responses, however, reflects that Expedia properly asserted relevance and scope objections and properly set forth the scope of its production. If a discovery request is overly broad on its face, or the relevancy is not readily apparent, the party seeking discovery has the burden of showing the relevancy of the request. *Camara v. Clayton Transp., Inc.*, No. 5:18-CV-143, 2019 WL 13190650, at *3 (S.D. Tex. Dec. 2, 2019); *Castillo v. JLG Indus., Inc.*, No. 5:18-CV-41, 2019 WL 13191290, at *3 (S.D. Tex. July 7, 2019). Plaintiff's Motion makes little, if any, attempt to justify the scope and relevancy of his requests, and to the extent he attempts to do, Expedia addresses those requests below.

**C.      The documents sought by Plaintiff have no relevance to the decision not to hire Kascsak in August 2023.**

      **1.      Documents regarding Expedia's diversity initiatives have been produced** (*see* Mot., Dkt. 50, at 8-9 related to RFPs 2, 3, 9-11, 19-21 and ROGs 7, 10, 12, 15 and 16).

Plaintiff contends that "[i]nformation pertaining to [Expedia's] diversity plans and policies is relevant to this case and thus discoverable." Mot., Dkt. 50, at 8. Expedia, however, has produced not only its diversity and inclusion reports that set forth its goals and means of achieving them, but also all of the training modules, slide decks, and presenter notes used in communicating this policy and in training those who were involved in interviewing and ultimately deciding not to hire Kascsak.[15] Expedia has also produced communications, including email and Slack messages, from every

---

[15] *See, e.g.,* EXP_00011193-11325 and 11854-11919 (Expedia's Inclusion & Diversity Reports containing both Expedia's aspirational goals and setting forth its plans regarding how to promote inclusion and diversity in the workplace), EXP_00011060, 11084 and 00021275 (Expedia's "License to Hire" training modules and Facilitator Guide—training that all involved in hiring must complete) and EXP_00011920-11939 (information provided to all Expedia employees regarding its inclusion efforts and initiatives). Expedia has also produced in response to Request for Production 10 (as narrowed by Plaintiff, *see* Dkt. 50-4 at 12) the materials sent to Michael Velasco regarding Expedia's hiring metrics during the relevant time period. *See* EXP_00011768-11830.

individual involved in the decision not to hire Plaintiff related to Kascsak and the other candidates who interviewed for the position. The additional expansive, company-wide discovery Plaintiff seeks is neither relevant nor proportional to the needs of the case.

Courts have generally limited discovery requests in discrimination cases to the business unit and individuals related to the hiring decision. *See, e.g.*, *Smith v. DeTar Hosp. LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011) ("Numerous federal courts have held that in employment discrimination cases, the scope of discovery should be limited to the same department or office where the plaintiff worked, and to the individuals alleged to have discriminated against the plaintiff."); *Greshowak v. Target Corp.*, No. A-06-CA-379-SS, 2007 WL 9710039, at *2 (W.D. Tex. Oct. 26, 2007) (refusing to compel discovery outside of the plaintiff's "stores, district, and group in which he worked" and further refusing to order the deposition of regional manager because there was no evidence of her involvement in the alleged discriminatory decision); *Walton v. Medtronic*, Case No. 22-DV-50 (PJS/JFD), 2023 WL 5016781, at *3 (D. Minn., August 7, 2023) (denying company-wide discovery on "diversity initiatives" as not proportional to the needs of the case because what are relevant are the "motivations of those who were involved in the termination").[16]

Plaintiff has not provided any justification for expanding discovery to include documents related to individuals who played no part in the hiring decision at issue here. For instance, in RFP Nos. 2 and 3, Plaintiff seeks to compel all communications between 2020 and 2024 "*regarding race, sex, diversity, equity, or inclusion and the Expedia workforce or Expedia hiring*" by Peter Kern (Expedia's former CEO) and Lauren von Stackelberg (Expedia's former diversity and inclusion officer). As Expedia

---

[16] *See also Frazier v. Morgan Stanley & Co., LLC*, No. 16-CV-804 (RJS), 2021 WL 2709250, at *3 (S.D.N.Y. July 1, 2021) (refusing to compel response to request for "all nationwide studies and reports analyzing Morgan Stanley's teaming, account distribution, training programs, EEO-1, and affirmative action plans" as "largely irrelevant or disproportionate to Plaintiffs' remaining individual disparate treatment claims, which allege discrimination by individuals in Plaintiffs' offices.")

explained in its responses to these requests, neither Kern nor von Stackelberg were involved in the Global Sourcing hiring process or the decision not to hire Kascsak; indeed, von Stackelberg left Expedia in April 2021—two years before Plaintiff even applied for the position. Neither Kern's general statement of support for inclusive hiring nor von Stackelberg's position as Expedia's former diversity officer justify such a broad and overreaching request, which would yield thousands of communications and documents wholly unrelated to the discrimination claims at issue here.

The same is true for the documents requested in RFP 10 seeking "all documents containing feedback or comments from *any Expedia employee* about the 2022 Expedia Diversity Report." *See* Dkt. 50-2, at 11 (emphasis added). Plaintiff fails to articulate how *comments* regarding the policy—by *any of* Expedia's 17,000 employees—would have any bearing on the decision not to hire him.[17] Plaintiff's Motion as to their listed RFPs and ROGs should be denied.[18]

> **2. Documents related to Velasco's cancellation of Plaintiff's August 2023 interview and related to Allison Allen's termination have been produced** (*see* Mot., Dkt. 50 at 9-10 related to RFPs 15 and 17 and ROGs 6 & 19).

Plaintiff seeks to compel Expedia to "[i]dentify what [] Velasco was doing throughout the day and where he was on August 15 and 16" and identify the reason for his cancellation of his interviews with Kascsak. *See* Dkt. 50-2, at 13-14 (RFP 15) and Def. Ex. 1 at p. 7 (ROG 6). Expedia produced all

---

[17] The same is true for Plaintiff's request for "drafts" of Expedia's 2023 Inclusion & Diversity statement (RFP 9). *See* Dkt. 50-2, at 11. Expedia has produced its 2023 Inclusion & Diversity Report, and Plaintiff fails to articulate why "drafts" would be relevant. In addition, given the involvement of Expedia's legal department in the drafting of its inclusion and diversity policies, the drafts and correspondence predating the publishing of the final policies would be protected by the attorney-client privilege.

[18] Plaintiff also lists but wholly fails to address RFP Nos. 19, 20 and 21 or ROGs 7, 10, 12 or 15. Expedia has responded to RFP 19. *See* Dkt. 50-2 at 14 and EXP_00011874. Regarding RFP Nos. 20-21, Expedia asserted objections to those RFPs due to the broad language and scope of those requests, but stated that it has produced all plans, instructions, and reports setting forth Expedia's inclusion and diversity plans for the relevant time period. *See* Dkt. 50-2 at 15-17 and note 15. It is unclear from the Motion what additional documents Plaintiff seeks. With regard to the ROGs, Plaintiff fails to reference or attach Expedia's Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, which were served on June 17, 2024 and contain responses to those ROGs. *See* Def. Ex. 1.

documents that reference the cancellation,[19] and further provided an interrogatory response with Velasco's recollection of the reasons for the cancellation.[20]

Regarding RFP 17, Plaintiff's request for "all documents related to [Allison Allen's] termination" is overly broad. Expedia answered ROG 19 setting forth the reasons for her termination and produced both her performance evaluations and the agreement she reached with the company after her departure.[21] Further, as part of its ongoing supplementation of RFP 17 and responses to Plaintiff's Second, Third and Fourth Requests for Production, Expedia is producing a supplemental production set which contains (among other documents) additional documents regarding Allen's departure, including the investigation report that preceded the termination decision.

Regarding ROG 19, which asks for Expedia to identify "*any* conversations or evaluations during the hiring process for Plaintiff *where race, sex, or diversity was mentioned*,"[22] Expedia objected to the scope but nevertheless produced all feedback regarding the candidates. It is not feasible for Expedia to inquire of and set forth any mention of "race, sex or diversity" because conversations regarding diversity initiatives were a routine topic for the role of Global Sourcing, given its responsibilities.[23]

For the reasons set forth above, Expedia respectfully requests the Court deny Plaintiff's Motion to Compel.

---

[19] *See, e.g.* EXP_0011514-11530 (noting and discussing the cancellation) and EXP_0011852-11853 (communications from Velasco's assistant rescheduling two other appointments scheduled with Velasco that day due to his conflict).

[20] *See* Def. Ex. 1 at p. 7.

[21] EXP_00011831, 11838 and 11842, and Def. Ex. 1 at p. 6. Expedia's Response to Interrogatory No. 6 setting forth the reason for Ms. Allen's termination is marked confidential due to the sensitive nature of the information regarding Ms. Allen, a non-party, and is therefore redacted from Ex. 1. Expedia will produce it to the Court *in camera* upon request.

[22] *See* Def. Ex. 1 at pp. 11-12.

[23] Def. Ex. 1 at p. 6. For this reason, counsel for Expedia understood from its meet and confer conference with Plaintiff's counsel on May 14, 2024 that Plaintiff's counsel agreed that this response was not required. Expedia will further confer with Plaintiff's counsel to clarify this agreement.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: /s/ Amy Dashiell
David D. Shank
Texas Bar No. 24075056
dshank@scottdoug.com
Amy Lee Dashiell
Texas Bar No. 90001564
adashiell@scottdoug.com
Robert P. Earle
Texas Bar No. 241245566
rearle@scottdoug.com

**CERTIFICATE OF SERVICE**

  I certify that on the 31st of July, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501

Adam P. Laxalt
Brian W. Barnes
Nicole J. Moss
Samuel D. Adkisson
COOPER & KIRK, PLLC
1523 New Hampshire Ave NW
Washing, DC 20036

Jacob Meckler
Nicholas R. Barry
AMERICA FIRST LEGAL.
611 Pennsylvania Ave SE #231
Washing, DC 20003

*Counsel for Plaintiff Michael Kascsak*

                  /s/ *Amy Lee Dashiell*
                  Amy Lee Dashiell