UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KASCSAK**, § § Plaintiff, § § v. § § **EXPEDIA, INC.**, and § **MICHAEL DAVIS VELASCO**, § § Defendants. § | No. 1:23-cv-1373-DII |

# DEFENDANT EXPEDIA, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL KASCSAK'S FIRST SET OF INTERROGATORIES

To:   Plaintiff Michael Kascsak, by and through his attorneys of record, Alexander Liebmann, Max Schreiber, Liebmann & Liebmann, P.C., 714 N. Spring Street, Pensacola, FL 32501.

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") serves the following Supplemental Objections and Responses to Plaintiff Michael Kascsak's First Set of Interrogatories, which supplement Expedia's Objections and Responses to Plaintiff Michael Kascsak's First Set of Interrogatories served on April 2, 2024.

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: */s/ David D. Shank*
    David D. Shank
    Texas Bar No. 24075056
    dshank@scottdoug.com
    Amy Lee Dashiell
    Texas Bar No. 90001564
    adashiell@scottdoug.com

4859-5357-4599

                                                                Robert P. Earle
                                                                Texas Bar No. 241245566
                                                                rearle@scottdoug.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

      I certify that on June 17, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann, Esq.
Max Schreiber
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com

*Counsel for Plaintiff Michael Kascsak*

                                                                   */s/ Amy Lee Dashiell*
                                                                   Amy Lee Dashiell

4859-5357-4599

**GENERAL OBJECTIONS**

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's First Set of Interrogatories (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual Requests:

1. Expedia objects to the Requests' definition of "Expedia, Inc." and "Defendants" because they purports to include all "officers, directors, employees, partners, corporate parent, successors, or affiliates of Expedia, Inc." For purposes of these responses, the term "Expedia" refers to Expedia, Inc. because none of its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates are relevant and, thus, "applicable" in this case. *See* Local Rule CV-26(b)(5). Expedia objects to this definition to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests is limited to information in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by incorporating this overbroad definition, seeks discovery of information not within Expedia's possession, custody, or control.

2. Expedia objects to the Requests' definition of "Communication" to the extent it is broader than the definition in Local Rule CV-26(b)(1). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret the term *communication* consistent with the definition in the Local Rules.

3. Expedia objects to the Requests' definition of "Person" to the extent it is broader than the definition in Local Rule CV-26(b)(6). In responding to these Requests, Expedia will interpret these terms consistent with the definition of *person* in the Local Rules.

4859-5357-4599

4. Expedia objects to the Requests' definition of "Document" to the extent it is broader than the definition in Local Rule CV-26(b)(2). In responding to these Requests, Expedia will interpret this term consistent with the definition of *document* in the Local Rules.

5. Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

6. In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests seek the discovery of information that is protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

7. Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

8. Any statement made in the responses to interrogatories shall not be deemed an admission of any factual or legal contention contained in any individual Interrogatory. Expedia objects to each Interrogatory to the extent that it contains any factual or legal misrepresentations.

9. Expedia objects to each of Plaintiff's Interrogatories to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

10. The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

## OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Explain the extent to which race or sex factors into the hiring process for the role for which Plaintiff was considered for employment at Expedia.

**RESPONSE:**

Expedia's diversity and inclusion policies are set forth in the documents produced. As set forth in those policies, Expedia makes hiring decisions based on core competencies and skills, and does not make hiring decisions based on identity. Thus, Kascsak's race and sex did not factor into Expedia's decision not to hire Kascsak, nor did race or sex factor into any decision related to the other candidates. The Global Sourcing position was not filled.

As set forth in the documents produced, Expedia seeks to promote inclusion and diversity in the hiring process itself (but not the hiring decision) through various initiatives, including, for example, Expedia's License to Hire certification program, which focuses on the candidate experience, competency-based hiring, inclusive language, reducing bias and giving feedback. These efforts and initiatives, and others, are more fully set forth in Expedia's Inclusion and Diversity reports and training materials that have been produced, including but not limited to its Inclusion and Diversity Reports (EXP_00011197-11326) and License to Hire training materials (EXP_00011060-11142).

**INTERROGATORY NO. 2:**

Describe why, if she was, Allison Allen was fired from Expedia, Inc.

**RESPONSE:**

Expedia made the decision to terminate Ms. Allen's employment based on its investigation of potential violations of Expedia's Code of Conduct and Conflict of Interest policies by Ms. Allen. [REDACTED] Ms. Allen was advised of Expedia's decision on November 10, 2023.

**NOTE: THIS INTERROGATORY RESPONSE IS DESIGNATED CONFIDENTIAL**

**INTERROGATORY NO. 3:**

Describe Plaintiff's hiring process at Expedia, using specific names, dates, steps, and feelings and feedback from the pertinent hiring individuals toward the Plaintiff throughout the process.

4859-5357-4599

**OBJECTION:**

Expedia objects to the request for "specific names, dates, steps, feelings and feedback" to the extent that it requires Expedia to marshal all of its proof, and because it is overbroad, unduly burdensome, vague and ambiguous.

**RESPONSE:**

In addition to its prior response, Expedia has produced the interview notes and feedback from Kascsak's interviews, including but not limited to EXP_00004618-4623, EXP_00009690-9692, EXP_00011187-11188, EXP_0001143-1161, and EXP_0008472.

**INTERROGATORY NO. 6:**

Describe what Michael Davis Velasco was doing throughout the day and where he was on August 15 and August 16, 2023. Specifically, identify the distinct "immoveable conflict" and "emergency" that led Davis Velasco to cancel both of his interviews with Plaintiff as identified in Plaintiff's Complaint.

**OBJECTION:**

Expedia objects to this request because seeks information that is not relevant to any claim or defense of any party, is harassing, and violates the privacy rights of an Expedia employee. Expedia therefore will not catalogue Mr. Velasco's activities throughout the day. However, Expedia provides the answer below to summarize the rescheduling and ultimate cancellation of Kascsak's second interview with Velasco.

**RESPONSE:**

On August 14, 2023 Michael Velasco's assistant requested that the August 15, 2023 meeting be rescheduled to a virtual meeting later in the week because Michael Velasco would not be in the office on August 15, and had a conflict for the time slot of the in-person meeting. Mr. Velasco cannot recall the nature of the conflict but canceled two other meetings for the morning of August 15 in addition to the meeting with Kascsak, due to a conflict. The meeting was rescheduled to a virtual meeting on August 16, 2023. On August 15, 2023, Allison Allen interviewed Kascsak. Allen reported that Kascsak did not do well in the interview. On the morning of August 16, 2023, Allen requested that the virtual meeting between Velasco and Kascsak be canceled to allow time to discuss Kascsak's interview with Allen. *See also* documents produced, including but not limited to EXP_00011441-11747 and 11852-11853.

**INTERROGATORY NO. 7:**

Describe the processes, plans, and personnel that Expedia, Inc. used/uses to meet its hiring targets related to "underrepresented identities" and gender balance as described in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that the request to describe Expedia's "processes, plans and personnel" is vague, overbroad, unduly burdensome, and seeks information that is not relevant to a claim or defense in this lawsuit.

**RESPONSE:**

Expedia has produced its diversity and inclusion policies that describe its processes and plans, including but not limited to its Inclusion and Diversity Reports (EXP_00011197-11326) and License to Hire training materials (EXP_00011060-11142). *See also* Response to Interrogatory No. 1.

**INTERROGATORY NO. 8:**

Describe any and all reasons other than race or sex as to why Plaintiff was not hired for the role for which he was interviewed.

**OBJECTION:**

Expedia objects to the request to describe "any and all" reasons that Plaintiff was not hired because it requires Expedia to marshal all of its proof. Expedia reserves that right to supplement this response as discovery progresses.

**RESPONSE:**

Kascsak's race and/or sex did not factor into the hiring decision, and no one was hired for this role. In addition to its prior Response which summarizes the reasons for the decision not to hire Kascsak, Expedia has produced documents that include concerns regarding his competencies and compensation requirements, including but not limited to EXP_00004618-4623, EXP_00009690-9692, and EXP_00011187-11188.

**INTERROGATORY NO. 9:**

Identify all individuals who opposed Kascsak's hiring at Expedia.

**RESPONSE:**

In addition to its prior Response, Expedia has produced feedback and comments from Kascsak's interviews, which include concerns raised by Michael Velasco and Lisa Christensen regarding Kascsak's competencies and compensation requirements. *See* EXP_00004618-4623, EXP_00009690-9692, and EXP_00011187-11188.

**INTERROGATORY NO. 10:**

Explain why Expedia, Inc. did not release a Diversity Report in 2023, specifically including the date this decision was made.

**RESPONSE:**

Consistent with the timing of the release of reports of prior years, Expedia released a report on its Inclusion & Diversity efforts as part of its Global Impact Report 2023, on May 6, 2024.

**INTERROGATORY NO. 11:**

Describe the extent that hiring managers and interviewers are aware of the Company's race and sex hiring statistics, as detailed in the 2022 Diversity Report, as they consider candidates for jobs.

**OBJECTION:**

Expedia objects that this request for Expedia to identify unidentified individual's "aware[ness] of the Company's hiring statistics" at some unidentified date because it requires Expedia to speculate as to the knowledge held by various unidentified individuals at and during an unidentified period of time. Expedia further objects that the request is vague, ambiguous, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**RESPONSE:**

Hiring managers and interviewers within the People team have access to an electronic database which contains aggregate statistical employee data, including aggregate data on race and gender statistics of the Expedia workforce. Michael Velasco also received periodic reports that included aggregate race and gender statistics, which have been produced. *See* EXP_00011768 –11830.

**INTERROGATORY NO. 12:**

Identify all individuals in 2023 who had ongoing, updated knowledge throughout the year of how Expedia was performing against its own targets for diverse hiring laid out in the 2022 Diversity Report.

**OBJECTION:**

Expedia objects that this request for Expedia to identify individual's knowledge of Expedia's hiring metrics because it is vague and requires Expedia to speculate as to the knowledge held by various unidentified individuals. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.

**RESPONSE:**

As set forth in response to Interrogatory No. 11, hiring managers and interviewers within the People team have access to an electronic database containing aggregate data on race and gender statistics of the Expedia workforce, which can be compared to Expedia's inclusion and diversity goals.

**INTERROGATORY NO. 14:**

Describe the reorganization Allison Allen's team went through as referred to in Lisa Christensen's May 31, 2023, text to Plaintiff.  Dkt. 8, Ex. J.

**RESPONSE:**

Expedia provides the following in addition to its prior Response:

In 2023, the GTA Team was in the process of a reorganization with goals that included efforts to centralize the sourcing and administrative support functions, clarify the responsibilities of each role to avoid duplication of effort and increase efficiency, and integrate and improve technology support for the group.

*See also* documents produced.

**INTERROGATORY NO. 15:**

Explain how Expedia, Inc.'s recruitment and hiring activities changed following the signing of the CEO Action Letter, Dkt. 8, Ex. E, including any emphasis on race and gender as hiring considerations for leadership positions and any quotas, targets, or metrics the Company adopted.

**OBJECTION:**

Expedia objects to this request because it presumes that Expedia's recruitment and hiring activities "changed" and seeks information that is not relevant to the extent that it seeks information outside of the time period in which Kascsak applies for and was considered for the Global Sourcing position.

**RESPONSE:**

Documents reflecting Expedia's recruitment and hiring policies have been produced, including but not limited to its Inclusion and Diversity Reports (EXP_00011197-11326) and its License to Hire training materials (EXP_00011060-11142). *See also* Response to Interrogatory No. 1.

**INTERROGATORY NO. 16:**

Describe what Expedia, Inc.'s promise to have an "intentional focus on racial equity" in the 2022 Diversity Report meant for Company hiring, including any processes the Company employs to fulfill this focus.

**OBJECTION:**

Expedia objects that this request is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the relevant time period and the hiring process for the Global Sourcing position.

**RESPONSE:**

Documents reflecting Expedia's inclusion and diversity initiatives, including its inclusion initiatives for recruitment and hiring, have been produced, including but not limited to its Inclusion and Diversity Reports (EXP_00011197-11326) and its License to Hire training materials (EXP_00011060-11142). *See also* Response to Interrogatory No. 1.

**INTERROGATORY NO. 19:**

Describe any conversations or evaluations during the hiring process for Plaintiff where race, sex, or diversity was mentioned, including by whom and in what context.

**OBJECTION:**

Expedia objects that this request for information regarding "any conversations or evaluations during the hiring process" where "race, sex or diversity was mentioned" is vague, overly broad, and unduly burdensome; it is not possible for Expedia to collect information

regarding any conversations involving multiple individuals over many months. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition to the extent it is not limited to discussions regarding Kascsak's hiring.

**RESPONSE:**

Expedia has produced the feedback and interview notes from interviews of both Kascsak and the other candidates for the Global Sourcing position. These notes do not contain any reference to using race or sex as a criteria for the hiring of the Global Sourcing position, and as set forth in Interrogatory No. 1, race and sex did not factor into Expedia's decision not to hire Kascsak, nor did race or sex factor into any decision related to the other candidates. The Global Sourcing position was not filled.

**INTERROGATORY NO. 20:**

Describe Michael Davis Velasco's feedback to Allison Allen or anyone else involved in the hiring process regarding Plaintiff.

**RESPONSE:**

*See* documents produced, including EXP_00004618-4623 and EXP_00009690-9692.

**INTERROGATORY NO. 21:**

Explain the extent that racial or sex makeup of the Company's hiring or workforce factors into the compensation of any corporate officers or hiring managers.

**OBJECTION:**

Expedia objects that this request for information on the compensation of "any corporate officers or hiring managers" is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to individuals involved in the decision not to hire Kascsak.

**RESPONSE:**

The racial or gender makeup of the Company's hiring or workforce does not factor into the compensation of Expedia's corporate officers or hiring managers, including the individuals involved in the decision not to hire Kascsak.

## VERIFICATION

My name is Michael Davis Velasco. I am an officer of Expedia, Inc. and am authorized to make this verification based on the information available to Expedia, Inc. I verify that, to the best of my knowledge, based on either my personal knowledge or information provided to me, the information contained in Interrogatory Responses accurately reflects the information available to Expedia, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2024.

Michael Davis Velasco

4859-5357-4599