UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK, <br><br> *Plaintiff*, <br><br> v. <br><br> EXPEDIA, INC., ET AL., <br><br> *Defendants*. | Case No.: 1:23-cv-01373-DII |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Expedia's response to Plaintiff's motion to compel discovery, Doc. 51 (July 31, 2024), draws on inapposite case law to excuse Expedia's furtive approach to discovery that—coupled with its cramped notion of relevance—underscores the need for this Court's intervention to ensure that Expedia complies with its discovery obligations and that Plaintiff receives the documents to which he is entitled.

As detailed in Plaintiff's Motion to Compel, Doc. 50 (Jul. 24, 2024), Expedia has refused to provide any information about its discovery process. It has taken the position that such information is not discoverable. In effect, Expedia asks Plaintiff and the Court to blindly trust—despite compelling evidence to the contrary—that it has exercised due diligence in its discovery efforts. Yet the cases Expedia cites do not support this opaque approach to discovery. Take *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330, 2021 WL 5121853, at *2 (S.D. Tex. Nov. 4, 2021), for example. There, the dispute "center[ed] on" "how many custodian[s'] email accounts" the defendants had to search, demonstrating that custodians had in fact been identified. *Id*. But that is something Expedia refuses to do here. And in *Baker v. Walters*, 652 F. Supp. 3d 768, 774–86 (N.D. Tex. 2023), the court *granted* a motion to compel when, like here, the plaintiff pointed to significant gaps in the defendant's production. Importantly, the court noted that a party's responses "must be sufficiently detailed so that the court can determine whether . . . a reasonable inquiry" has been made and "due diligence" exercised. *Id*. at 787 (cleaned up). The basic information Plaintiff is seeking and that Expedia refuses to provide (custodians, data searched, terms used) goes directly to the Court's and Plaintiff's ability to evaluate Expedia's unsubstantiated claims of reasonableness and diligence. It is the ordinary stuff of discovery. Soo to in *VeroBlue Farms USA, Inc. v. Wulf*, 345 F.R.D. 406, 419–21 (N.D. Tex. 2021). The court there *granted* a motion to compel when, as here, the defendant used boilerplate objections lacking specificity, "subject to" and

"without waiving" language, and the plaintiff pointed to gaps in defendant's production.[1]

Nor are the remainder of Expedia's citations persuasive in showing that it may hide its basic production process in a black box. For starters, unlike the requests in *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) and *Salzgitter Mannesmann International, Inc. v. Sun Steel Co.*, No. 3:22-cv-00030, 2022 WL 3041134, at *1 (S.D. Tex. Aug. 2, 2022), Plaintiff does not currently seek to depose anyone about Expedia's retention and production process. Rather, an ordinary response detailing the basic process by which Expedia identified documents would do. Yet Expedia refuses to provide even this. And unlike in *Guillory v. Carrington Mortgage Services, LLC*, No. 22-192, 2023 WL 4688133, at *4–5 (M.D. La. Jul. 21, 2023), Plaintiff is not moving to compel production of defendant's document retention and destruction policies. He instead seeks basic information about how Expedia determined which documents it would produce *in this case*. In short, none of the cases relied upon by Expedia stand for the proposition that basic information about custodians, data searched, and search terms used should not be disclosed. Indeed, the very need for courts to assess the reasonableness of a party's discovery efforts—as demonstrated by Expedia's cited cases—requires and presupposes the basic discovery transparency that Plaintiff seeks.[2]

Separately, Expedia points to readily distinguishable case law—albeit against RFPs not at issue in Plaintiff's motion, Exhibit B, Decl. of Max Schreiber ¶ 3 ("Schreiber Decl.")—in an attempt to define relevancy so narrowly as to eliminate the role of inferences. Expedia asserts that

---

[1] Attached as Exhibit A is a summary chart of each RFP or ROG at issue and Expedia's boilerplate overbreadth, relevance, burden, "subject to" and "without waiving" objections.

[2] This basic information is also necessary to assess Expedia's boilerplate burden and overbreadth objections. But since Expedia failed to substantiate those objections by not providing any detailed information (such as affidavits with cost or detailed process explanations) those objections are waived. *See Baker*, 652 F. Supp. 3d at 779–80.

2

only information from individuals directly involved in the decision not to hire Plaintiff is relevant. Yet Plaintiff has alleged that he was not hired *because of* background policies that imposed race- and sex-based goals and quotas. Plaintiff has pled not only that such goals and quotas are relevant to the non-hiring decision, but that they were a but-for cause of that decision. Non-public documents memorializing policies, goals, and implementation plans to advance race- or sex-based hiring go to the heart of Plaintiff's case. They are relevant and discoverable.[3]

The cases Expedia cites do not substantiate its extraordinarily narrow view of relevance, and indeed the substantial weight of authority refutes it.[4] Moreover, Plaintiff readily meets the test for relevance in the three cases Expedia cites. In *Walton v. Medtronic USA, Inc.*, , the court denied discovery pertaining to company-wide diversity initiatives because the employee had "not shown a particular need for company-wide information," No. 22-cv-50, 2023 WL 5016781, at *3 (D. Minn. Aug. 7, 2023), in her case but the court recognized that "[c]ompany-wide discovery may be

---

[3] Contrary to Expedia's assertion, this information has *not* been produced. Expedia has produced 12 duplicative, non-public documents related to its diversity program, which fall far short of fulfilling Plaintiff's requests. Completely lacking in production are any internal communications related to the development and implementation of diversity hiring goals or public diversity reports. *See* Schreiber Decl. ¶10.

[4] The following are examples from a cursory search of the caselaw that refute Expedia's narrow view of discovery in similar discrimination cases: *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021); *Langley v. IBM*, No. 18-cv-443, 2019 WL 4577115, at *4 (W.D. Tex. Sept. 20, 2019); *Riordan v. Kempiners*, 831 F.2d 690, 697 (7th Cir. 1987); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990); *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014); *Grissom v. Ingles Mkts., Inc.*, No. 3:07-cv-60, 2008 WL 4510585, at *2 (E.D. Tenn. Oct. 2, 2008); *Walsh v. Doner Int'l Ltd.*, 336 F.R.D. 139, 143 (E.D. Mich. 2020); *Barnett v. PA. Consulting Grp., Inc.*, No. 04-1245, 2006 WL 8464885, at *3 (D.D.C. Apr. 17, 2006); *Nat'l Org. for Women, Inc. (NOW), St. Paul Chapter v. Minn. Mining & Mfg. Co.*, 73 F.R.D. 467, 472 (D. Minn. 1977); *Frazier v. Morgan Stanley & Co, LLC*, No. 16-cv-804-RJS, 2021 WL 2709250, at *3 (S.D.N.Y. July 1, 2021); *Finch v. Hercules Inc.*, 149 F.R.D. 60, 64 (D. Del. 1993); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 70 (E.D. Mo. 1995); *EEOC v. All. Residential Co.*, 866 F. Supp. 2d 636, 643 (W.D. Tex. 2011); *Rodger v. Elec. Data Sys., Corp.*, 155 F.R.D. 537, 540 (E.D.N.C. 1994); *Witten v. A.H. Smith & Co.*, 100 F.R.D. 446, 454 (D. Md. 1984).

appropriate, for example, when [sic] 'the employee was terminated due to a corporate-level downsizing decision.'" *Id.* at *2 (cleaned up).

Likewise, in *Greshowak v. Target Corp.*, the court denied a motion to compel production of documents allegedly detailing national policies of age discrimination because the plaintiff had "failed to offer any evidence of a causal connection between his termination and the alleged national policy of age discrimination." No. A-06-CA-379, 2007 WL 9710039, at *2 (W.D. Tex. Oct. 26, 2007). Here, Plaintiff has offered evidence that his candidacy was terminated *because* Expedia's race- and sex-based hiring goals caused Expedia to not hire Plaintiff due to "diversity" concerns—even after he had received a verbal job offer. (The "diversity" concern was Plaintiff's race and sex). There is thus a tight causal nexus between Expedia's diversity policies and its treatment of Plaintiff, which was absent in *Walton* and *Greshowak*.[5]

Finally, Expedia misapplies to this case a judicial observation that "in employment discrimination cases, the scope of discovery should be limited to the same department or office where the plaintiff worked, and to the individuals alleged to have discriminated against the plaintiff." *Smith v. DeTar Hosps., LLC*, No. 6:10-cv-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011) (surveying cases). First, an observation from a case about on-the-job discrimination does not neatly transfer to a case like this one, which concerns discrimination in hiring. Second, in contrast to *Smith*, the substance of Plaintiff's claim is that Expedia discriminated against him because of his race and sex, pursuant to pervasive corporate diversity policies and goals. That is a far cry from on-the-job discrimination against a specific individual in a single department. Indeed,

---

[5] In discovery received after the motion to compel was filed, Plaintiff learned of additional evidence supporting this nexus—express, internal complaints from employees about Expedia's illegal quota scheme and diversity hiring practices. *See* EXP_00021455–58; EXP_00021472–75. This further substantiates the relevance of the discovery being sought. These documents have been designated confidential by Expedia. Plaintiff will submit for court review under a motion to seal.

4

one of *Smith*'s cited cases notes that "the most natural focus" in a discrimination case "is upon the source of the complained of discrimination"—which here is Expedia's corporate policy. *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978).[6] Finally, Expedia's crabbed approach to relevance fails even on its own terms. Davis Velasco, the Chief People Officer for all of Expedia, *was* directly involved in the decision to lay Plaintiff's candidacy aside, making the diversity policies he helped write and implement relevant.

In sum, Expedia's conclusory, blanket objections asserting irrelevance and overbreadth avail it little. "It is axiomatic that the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Baker*, 652 F.Supp. 3d at 774 (cleaned up). Expedia's reliance on inapposite case law not only fails to make the required showing but also highlights a lack of attention to the specific link that Plaintiff *has* established between Expedia's corporate policies and its treatment of his candidacy—a link that is at the center of this case.[7] Expedia does not explain in detail, as the case law requires, its contention that key documentary requests are irrelevant or overbroad; this Court should consequently grant Plaintiff's motion to compel.

---

[6] Consistent with *Marshall,* this Court has held that discovery of senior executives' records is appropriate when those executives set policies and make statements about internal goals that junior staff are expected to follow. *Langley*, 2019 WL 4577115, at *4. Former CEO Kern's public promises to "require inclusive, equitable hiring practices" "at a greater rate" than before, Ex. E to Am. Compl., Doc. 8-5 (Jan. 10, 2024), and his promise that Expedia would "rededicate" itself to curing the "plague[]" of "systemic racism" for which all employees "must be part of a solution," Ex. D. to Am. Compl., Doc. 8-4 (Jan. 10, 2024), were far more commanding than the statements in *Langley*, thus making Mr. Kern an appropriate source of discovery.

[7] Expedia's suggestion that Plaintiff has not explained the relevance of his requests is misplaced. As detailed in the Schreiber Decl. ¶¶ 2–5, Plaintiff explained the relevancy in his revised requests, and Plaintiff's counsel attempted to do the same in meet and confers, but was refused.

5

Respectfully submitted on this 7th day of August, 2024,

    //s Nicole J. Moss

    Nicole J. Moss, Esq.*
    Adam P. Laxalt, Esq.*
    Brian W. Barnes, Esq.*
    Samuel D. Adkisson, Esq.*
    Cooper & Kirk
    1523 New Hampshire Ave NW
    Washington, D.C. 20036
    NC #31958
    nmoss@cooperkirk.com
    alaxalt@cooperkirk.com
    bbarnes@cooperkirk.com
    sadkisson@cooperkirk.com
    202-220-9600

    Alexander Liebmann, Esq.
    Max Schreiber, Esq.*
    Liebmann & Liebmann, P.A.
    714 N. Spring St.
    Pensacola, FL 32501
    FL #1032726
    alex@liebmannlaw.net
    maxschreiber145@gmail.com
    845-270-3843

    Nicholas R. Barry, Esq.*
    Jacob Meckler, Esq.*
    America First Legal Foundation
    611 Pennsylvania Ave SE #231
    Washington, D.C. 20003
    TN #031963
    Nicholas.barry@aflegal.org
    Jacob.meckler@aflegal.org
    202-964-3721

    * *Pro Hac Vice*

## **PROOF OF SERVICE**

    I hereby certify that on August 7, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

                                            */s/ Nicole J. Moss*
                                            Nicole J. Moss
                                            Counsel of Record