# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>   *Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC.,<br><br>   *Defendant*. | Case No.: 1:23-cv-01373-DII |

**DECLARATION OF PLAINTIFF'S ATTORNEY MAX SCHREIBER**

Plaintiff's attorney Max Schreiber declares as follows pursuant to 28 U.S.C. § 1746:

1. I submit this declaration to provide the Court important context about discovery between the Parties in this litigation that are relevant to Plaintiff's Motion to Compel and responsive to points raised by Defendant Expedia in its response brief.

2. *First*, Expedia's assertion in its Response that "Plaintiff has not provided any justification for expanding discovery to include documents related to individuals who played no part in the hiring decision at issue here" and that Plaintiff has otherwise failed to explain the relevancy of his requests is neither accurate as to Plaintiff's brief nor toward the discussion the Parties had before Plaintiff filed his Motion.

3. When Defendant served its original responses to the RFPs in question on Plaintiff, Plaintiff responded the next day with revised RFPs that (a) tried to account for Defendant's boilerplate objections in good faith and (b) briefly stated the reasons the request was appropriate and citing to some initial caselaw in support of that proposition. It is those

1

        revised RFPs that Plaintiff is moving to compel responses to. Defendant, however, cites to and takes issue with the requests as originally drafted, which distorts what is actually in dispute. *See*, *e.g.*, Dkt.51 at 9 (citing original RFP 2 rather than Amended RFP 2); *id.* at 10 (citing original RFP 10 rather than Amended RFP 10).

4. Further, when the Parties met to confer about the diversity policy related discovery disputes at issue in May, Plaintiff tried to explain his rationale for the RFPs at issue and why a wider search than just the immediate employee-agents involved in Plaintiff's hiring process was warranted. At first, Defendant suggested that the idea Defendant possessed some smoking gun about Expedia, Michael Davis Velasco, and systemic anti-white discrimination at the Company was ludicrous. Of course, in subsequent discovery produced after Plaintiff filed his Motion to Compel, Defendant was finally forced to produce such a smoking gun—in fact, three separate sources (in addition to Expedia's public quota) now substantiate company-wide hiring discrimination by race at Expedia. When Plaintiff tried in May to cite and explain caselaw about the scope and relevance of the diversity policy-related requests, Defendant said it was well aware of the caselaw and that they were not going to change their position.

5. Plaintiff thus provided justification for its diversity-related requests *before* filing a Motion to Compel—but the Defendant was not interested in hearing this explanation.

6. *Second*, apart from these highly relevant documents produced by Defendant only after the Motion to Compel was filed, Defendant has produced very little in the way of responsive information. Although Defendant contends in its response that it has produced "more than 4,000 documents consisting of more than 21,000 pages," its productions have been highly duplicative, amounting to substantially fewer than 4,000 substantively unique documents.

2

Further, Defendant has produced only three non-duplicative emails from Michael Davis Velasco—Expedia's Chief People Officer (until recently) and the individual who ultimately decided not to proceed with the hiring of Plaintiff—despite uniform official "recommend hire" notations being reflected in the documents that Expedia has produced. And none of those three emails details why Defendant chose to withdraw its oral offer of employment to Plaintiff.

7. Defendant has not produced any official materials reflecting why Expedia decided not to give Plaintiff the written job offer prepared for him in May 2023. While two of the three emails from Davis Velasco that were produced discuss Plaintiff's potential compensation, none document why an offer with the range of compensation that was acceptable to Velasco was not made.

8. There are no documents explaining why, after a several months hiatus, Defendant asked Plaintiff to fly to New York for further interviews.

9. There are no first-hand materials reflecting executive Allison Allen's meeting with Plaintiff on August 15, 2023, which Allen informed Plaintiff that Velasco had diversity concerns about hiring Plaintiff or her discussion thereafter with Velasco even though they work in separate offices in different cities.

10. There has been no production of draft diversity reports and no production of internal communications related to the drafting, implementation and tracking of compliance with Expedia's stated diversity hiring goals. Defendant has produced only 12 non-public documents related to its diversity policy implementation and origination, some of which are duplicative and most of which relate only to employee training.

11. *Third*, while Defendant complains that Plaintiff is seeking discovery out of proportion to the issues in this case, citing the fact that Plaintiff has submitted 74 requests for production ("RFPs"), many of those RFPs are simply Plaintiff's attempts to get documents that should have been produced in response to Plaintiff's initial RFPs. Because Defendant is refusing to share search terms, custodians, or *any* insight into its approach to discovery, is not complying with Rule 34(b)(2)(C) and identifying when its objections are used to withhold documents, and is producing documents "subject to and without waiving" objections, it has been incredibly difficult to ascertain with any certainty (1) the completeness of Defendant's production and (2) whether documents are being withheld.

12. In response to this stonewalling, Plaintiff has served on Defendant more specific RFPs to try and force Defendant's hands on either (a) producing discoverable documents and/or (b) providing specificity as to its objections.

13. The following are some examples—albeit an incomplete list—that demonstrate how Plaintiff has tried to serve more specific RFPs in an effort to overcome Defendant's obfuscation even though the subsequent requests were already covered by a prior request that was objected to:

    (a) **Amended RFP 1:**[1] Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings which mention the Plaintiff (either by full or last name, or by reference) made by Expedia employees on or using company accounts/technology. Include any recordings in which Kascsak participated for the purposes of this RFP.

---

[1] As noted above, when we received Defendant's objections to Plaintiff's original RFPs, I promptly amended those RFPs to attempt to address Defendant's stated concerns even though in most instances Defendant had not provided any specificity about their boilerplate objections. I will refer here to the amended RFPs as those are the subject of Plaintiff's Motion to Compel.

4

    i. **RFP 31:** Produce all recorded communications and/or documents from Allison Allen to Michael Davis Velasco regarding Plaintiff made between August 14 and August 16.

    ii. **RFP 33:** Produce all recorded communications and documents made by Allison Allen OR Michael Davis Velasco to Christina Lochard describing the "postpone[ment]" of Davis Velasco's interview with Plaintiff, as shown in EXP_00011700.

    iii. **RFP 34:** Produce all recorded communications and documents made by Allison Allen that describe her August 15 meeting with Plaintiff.

    iv. **RFP 36:** Produce any meeting notes or other documents of Allison Allen's made either in preparation of her August 15 meeting with Plaintiff or detailing the meeting with Plaintiff, made during or after it occurred.

    v. **RFP 41:** Produce any documents and recorded communications of Michael Davis Velasco and Tim Cox addressing Plaintiff and the job at issue in this litigation, as alluded to in EXP_00011403.

    vi. **RFP 54:** Produce all documents and recorded communications from or to Christina Lochard which address, mention, or discuss Plaintiff (see, e.g., EXP_00011700).

    vii. **RFP 56:** Produce all documents and recorded communications from or to Sean Splaine which address, mention, or discuss Plaintiff (see, e.g., EXP_00011745).

(b) **Amended RFP 14:** Produce all HR records and evaluations for anyone who fulfilled either the responsibilities of the role for which Kascsak applied at Expedia after May 1, 2023, until the present.

    i. **RFP 65:** Produce all documents and recorded communications, including (but not limited to) e-mail and Slack chats, which describe any changes to Bernita Dillard's job responsibilities or job title after June 2023. This should be understood to include but not be limited to a copy of Bernita Dillard's job description before and after June 2023, and should include changes both permanent and temporary or conditional.[2]

---

[2] Ms. Dillard is who Plaintiff alleges got the job at issue or fulfilled its core responsibilities.

      ii. **RFP 66**: Produce any recorded communications written by or to Bernita Dillard, including (but not limited to) e-mail and Slack chats, which discuss the job at issue in this litigation.

      iii. **RFP 67:** Produce the employment contracts and resumes for any Company personnel carrying out any of the "Direct Accountabilities" functions listed on EXP_00000011 after July 2023.

      iv. **RFP 68:** Produce recorded communications made to any Company personnel carrying out any of the "Direct Accountabilities" functions listed on EXP_00000011 after July 2023 which details such "Direct Accountabilities," including their assignment and execution.

14. Other RFPs were submitted because Defendant's responsive discovery was so unclear as to its completeness that it required follow-on production. For example:

    (a) **RFP 35:** Produce Allison Allen's replies to Lisa Christensen's instant message to her on August 16, as shown in EXP_00011704, and any additional conversation relevant to their discussion in that document (to ensure completeness).

    (b) **RFP 37:** Produce presenters' notes for Expedia's License to Hire trainings, EXP_00011060-83 and EXP_00011084-142.

    (c) **RFP 42:** Produce all Slack chats between Lisa Christensen and Sarah Sanderson made from 10:08:55– 16:00:00 on July 17, 2023, to ensure completeness of EXP_00011434 (using the same timezone as in this document).

    (d) **RFP 52:** Produce the recorded page(s) from the hyperlink https://app.slack.com/client/T09D77D4P/DAW4KNZRS as listed in the Recruiting Intake Meeting Form for the position at issue in this litigation (EXP_00011781).

None of these RFPs were made for the purpose of obtaining organic documents—rather Plaintiff served them to try and ascertain the completeness of Defendant's prior production given the clear gaps in that production.

15. Plaintiff's RFPs—after his initial thirty—became significantly narrower and more specific. Plaintiff had to propound more RFPs seeking specific documents because Defendant has not been transparent about its search methodology (and thus Plaintiff cannot be certain

6

whether appropriate documents are being produced), and because Defendant's productions appear to be incomplete.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on August 7, 2024, in Dayton, Ohio.

        //s// <u>Max Schreiber</u>

        Max Schreiber