UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KASCSAK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:23-cv-1373-DII |
| § | |
| **EXPEDIA, INC.,** § | |
| § | |
| Defendant. § | |

**DEFENDANT EXPEDIA, INC.'S AMENDED (OPPOSED) MOTION
TO STRIKE EXHIBITS ATTACHED TO PLAINTIFF'S REPLY
IN SUPPORT OF MOTION TO COMPEL[1]**

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") files this Amended (Opposed) Motion to Strike Exhibits A and B attached to Plaintiff Michael Kascsak's Reply in Support of Motion to Compel Discovery.

In a transparent attempt to circumvent the Court's five-page limit on Reply briefs, Plaintiff attaches to his five-page Reply (Dkt. 52) *twenty-two pages* of additional argument and citations in the form of (i) a fifteen-page chart of arguments and case citations as to each discovery request (Exhibit A, Dkt. 52-1) and (ii) a seven-page "Declaration" from Plaintiff's attorney Max Schreiber that attempts to both repackage prior arguments and add new arguments in support of his Motion (Exhibit B, Dkt. 52-2). Both exhibits should be disregarded because they fail to comply with the Court's rules.

The Court's Local Rules limit Reply briefs to five pages. Local Rule CV-7 (e)(3). Plaintiff did not seek leave to exceed this limit as required by the Local Rules, nor does he have grounds to do so. *See, e.g. United States v. $48,880, More or Less, in United States Currency*, No. 6:15-CV-364-RP, 2018 WL 1404408, at *1 n.1 (W.D. Tex. Mar. 20, 2018) (noting that the party's thirteen-page motion with a

---

[1] This Amended Motion is filed to include the certificate of conference on page 4.

4857-5222-5750

thirteen-page appendix of "Undisputed Facts" constituted a twenty-six-page motion that exceeded the twenty-page limit); *E.E.O.C. v. Icon Ben. Adm'rs, Inc.*, No. EP-02-CA-527-DB, 2003 WL 748268, at *1 (W.D. Tex. Feb. 10, 2003) (noting that two-page motion "supplemented by a twelve-page supporting memorandum" exceeded the ten-page limit and violated Local Rule CV-7); *Townsley v. Int'l Bus. Machines Corp.*, No. A-20-CV-00969-DAE, 2022 WL 2655197, at *2 (W.D. Tex. July 8, 2022) ("Motions to exceed the local rules' page limitations should not be utilized as a substitute for editing one's work.").

In Plaintiff's Exhibit A chart, Plaintiff for the first time addresses each of Expedia's objections –yet only selectively references and includes Expedia's responses. Thus not only should this information have been included in either the Motion or the body of the Reply, the chart itself is incomplete and misleading because it selectively fails to include Expedia's substantive responses to the discovery—which clearly both set forth the categories of documents that have been produced in response to the RFPs and provide answers to Plaintiff's ROGs.[2] Expedia therefore requests that the Court disregard Exhibit A and instead rely on the arguments set forth in the parties' Motion, Response and Reply (Dkt. 50, 51 and 52), as well as the discovery responses themselves (Dkt. 50-2 and 51-1).[3]

---

[2] For example., Plaintiff includes Expedia's Response to RFP 2 and 3, but then does *not* include Expedia's Response to RFP 9, 10, 11, 17, 20 and 21, (*see* Dkt. 50-2), and does not include Expedia's responses to ROGs 12, 15 and 16, (*see* Dkt. 51-1—which Plaintiff failed to attach to his Motion).

[3] Plaintiff also claims in this chart as to certain requests that "Expedia fails to respond to revised RFP," presumably referring to Plaintiff's rather unusual "Replies to Defendants Expedia's Responses to His First Request for Production" in which Plaintiff included a "Follow-Up" paragraph after each request that either attempted to narrow the request, or in many instances, completely rewrite it. *See* Dkt. 50-4. This new assertion only serves to confuse the issues, for Plaintiff appears to both stand on his original request, and seek to compel a response to his "Follow-Up" revised request (*see* Dkt. 50-4 at 6 which notes that "the revised reply RFP does not constitute a permanent waiver of the original RFP or a permanent narrowing construction" [and] "any revised RFP is not a new RFP"). Regardless, Expedia attempted to account for Plaintiff's comments by letter (Dkt. 50-5) and by serving its revised RFP Responses (Dkt. 50-2) and supplemental ROG Responses (Dkt. 51-1).

Plaintiff's Exhibit B "Declaration" is nothing more than additional argument from Plaintiff's counsel—attempting to both repackage and regurgitate prior arguments, and to add additional arguments that were not contained in the Motion or Reply. For example, in paragraphs 6-9, Plaintiff's counsel again attempts to identify alleged "missing" documents as support for his demand for extensive "discovery on discovery," yet Plaintiff (again) fails to point to any evidence other than his own speculation that such documents exist and are in fact "missing" (*compare* Motion, Dkt. 50 at 5-6 *with* Reply Ex. B, Dkt 52-2 at 2-3). Expedia addressed those claims with citations to specific documents that had been produced in its Response, (*see* Response, Dkt. 51 at 4-6), and Plaintiff should not be allowed, by "Declaration," to repackage them.

Plaintiff's counsel further seeks to use the "Declaration" to introduce a new argument: that the fact that Plaintiff served additional discovery requests on Expedia after a review of the first set of production (to which Expedia responded, without objection)[4] in some manner supports that Expedia's initial production was incomplete, (*see* Reply Ex. B, Dkt. 52-2 at 5-8). On the contrary, Plaintiff's service of additional, more targeted requests on Expedia after a review of the initial set of production, and Expedia's response in performing those searches, without objection, is both common discovery practice and further evidence of Expedia's good faith efforts. Regardless, there is no reason this argument could not have been contained within a Motion or Reply that complied with the Court's page limit. *See Durrani v. Guideone Nat'l Ins. Co.*, No. 4:21-CV-03111, 2023 WL 6580333, at *2 (S.D. Tex. Aug. 16, 2023), *aff'd*, No. 23-20485, 2024 WL 3066040 (5th Cir. June 20, 2024) (granting Motion to Strike arguments in appendix attached to a reply because "[t]he alleged misrepresentations in the Appendix are really Defendant's attempt to raise new arguments.").

---

[4] Again, Plaintiff cites to his discovery requests, but fails to attach or include Expedia's discovery response.

Based on the foregoing, Expedia requests that the Court grant Defendant's Motion to Strike, and strike Plaintiff's Exhibit A and B, (Dkt. 52-1 and 52-2), to his Reply.

        Respectfully submitted,

        SCOTT DOUGLASS & McCONNICO LLP
        303 Colorado, Suite 2400
        Austin, Texas 78701-2589
        512-495-6300
        512-495-6399 Fax

By:    */s/ Amy Lee Dashiell*
        David D. Shank
        Texas Bar No. 24075056
        dshank@scottdoug.com
        Amy Lee Dashiell
        Texas Bar No. 90001564
        adashiell@scottdoug.com

*Counsel for Defendant Expedia, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement, but could not resolve the issue due to disagreement regarding whether Exhibits A and B were properly included with the Reply.

        */s/ Amy Lee Dashiell*
        Amy Lee Dashiell

## **CERTIFICATE OF SERVICE**

I certify that on August 15, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501

Adam P. Laxalt
Brian W. Barnes
Nicole J. Moss
Samuel D. Adkisson
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washing, DC 20036

Jacob Meckler
Nicholas R. Barry
America First Legal.
611 Pennsylvania Ave SE #231
Washing, DC 20003

*Counsel for Plaintiff Michael Kascsak*

                                                          */s/ Amy Lee Dashiell*
                                                          Amy Lee Dashiell