| RFP No.[1] | Requests Plaintiff is moving to compel | Expedia's objections and responses | Types of Inappropriate Objections |
|---|---|---|---|
| RFP 2 | Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings after June 1, 2020, from Peter Kern to either Lauren von Stackelberg or Michael Davis Velasco regarding (a) race and hiring processes, goals or policies at Expedia; (b) sex and hiring processes, goals or policies at Expedia; (c) diversity and hiring processes, goals or policies at Expedia. | Expedia objects that this request fails to identify the documents sought and is **overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.** <span style="color:red">Neither Peter Kern (Expedia's CEO) nor Lauren von Stackelberg were involved in the decision not to hire Kascsak. In fact, von Stackelberg left Expedia in April 2021, over two years before Kascsak applied to Expedia.</span> Expedia further objects that this request <span style="color:green">exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit</span>.<br><br><span style="color:blue">Subject to and without waiving the foregoing objections</span>, Expedia has produced its policies on diversity and inclusion during the relevant | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• <span style="color:red">**Insupportably narrow relevance assertion in red.**</span> *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• <span style="color:green">**Boilerplate burden/cost objections without required specificity on numbers of**</span> |

---

[1] The RFPs that are the subject of Plaintiff's Motion to Compel are the revised RFPs that Plaintiff submitted to Defendant on April 3, 2024 in response to Defendant's objections of April 2, 2024. *See* Doc. 50-4. Although Defendant submitted amended responses to these RFPs on June 14, 2024, *see* Doc. 50-2, Defendant inexplicably did not respond to the revised RFPs as reflected in Doc. 50-4 that contain the specific revisions Plaintiff made to address Defendant's initial objections.

| | | time period, and has also performed a reasonable search for communications from Velasco referencing either Kascsak or the Global Sourcing role and produced the documents responsive to that search. | **documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• **Improper "Subject to and without waiving objection."** *See e.g., Baker v. Walters*, 652 F.Supp.3d 768, 786 (N.D. Tex. 2023) ("responding or answering 'subject to' and 'without waiving' objections is improper" and citing *VeroBlue Farms USA, Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021).<br>• No indication of whether documents have been withheld based on these or general objections. |
|---|---|---|---|
| RFP 3 | Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings by Lauren von Stackelberg and Michael Davis Velasco made at Expedia after June 1, 2020, which discuss race, sex, or diversity, equity, or inclusion *in the context of* Expedia's workforce or Expedia hiring. | Expedia objects that this request is **vague, fails to identify the documents sought with reasonable particularity, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit** – the decision not to hire Kascsak for the Global Sourcing position, which has never | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) |

| | | | |
|---|---|---|---|
| | | <span style="color:red">been filled. In fact, Lauren von Stackelberg left Expedia in April 2021, two years before Kascsak applied to Expedia.</span> Expedia further objects that this request **is vague and** <span style="color:green">**exceeds the bounds of proportional discovery as it seeks communications "regarding race, sex, or diversity, equity or inclusion and the Expedia workforce or Expedia hiring" which potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case. Michael Velasco is the Chief People, Inclusion and Diversity Officer at Expedia; this request therefore implicates an unmanageable and excess amount of documents unrelated to the relevant issues of this lawsuit. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.**</span><br><br><span style="color:blue">**Subject to and without waiving the foregoing objections**</span>, Expedia has produced its policies on diversity and inclusion during the relevant time period, and has also performed a reasonable search for communications from Velasco referencing either Kascsak or the Global Sourcing role, and produced the documents responsive to that search. | (holding boilerplate objections are impermissible).<br>• <span style="color:red">**Insupportably narrow relevance assertion in red.**</span> *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• <span style="color:green">**Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.**</span> *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• <span style="color:blue">**Improper "Subject to and without waiving objection."**</span> *See, e.g., Baker v. Walters*, 652 F.Supp.3d 768, 786 (N.D. Tex. 2023) ("responding or answering 'subject to' and 'without waiving' objections is improper" and citing *VeroBlue* |

| | | | |
|---|---|---|---|
| | | | *Farms USA, Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021)).<br>• No indication of whether documents have been withheld based on these or general objections. |
| RFP 9 | Produce the most recent version of the Company's still-unpublished 2023 Expedia Diversity Report, along with Michael Davis Velasco's (the document's author) recorded documents discussing the document. | **Expedia objects that this request seeks information that is not relevant to any claim or defense of any party,** and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.,* No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• No indication or assertion that documents have been withheld based on a privilege assertion and |

| | | | no privilege log produced. |
|---|---|---|---|
| RFP 10 | Produce all documents sent to Michael Davis Velasco regarding any of the information on page 4-10 of the 2022 Expedia Diversity Report, including before and after publication. This includes, but is not limited to, the racial composition of Leadership positions at the Company (as defined in the 2022 Diversity Report), the Company's 25% hiring for underrepresented identities, and the Company's gender balance hiring & employment goals. | Expedia objects that this request is **vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that** <span style="color:red">is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.</span> **Expedia further objects** <span style="color:green">that this request is vague and exceeds the bounds of proportional discovery as it seeks all documents "containing feedback" from "any Expedia employee" and potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case.</span> For example, <span style="color:red">the search potentially includes documents from employees who were not in the same department as nor involved in the relevant decision not to hire Kascsak, and potentially includes comments completely unrelated to, and not relevant to, the hiring decision which is the subject of this lawsuit.</span> <span style="color:green">**The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.**</span> | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• <span style="color:red">**Insupportably narrow relevance objection in red**</span> *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• <span style="color:green">**Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.**</span> *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). |

| | | | |
|---|---|---|---|
| | | | - **Objection directed at original, not revised RFP as well as being boilerplate cost/burden assertion.**<br>- No indication of whether documents have been withheld based on these or general objections. |
| RFP 11 | Produce all documents which discuss or describe hiring criteria, hiring guidance, or the demographic composition for Leadership-level roles, which were authored after January 1, 2022 and share with or authored by Michael Davis Velasco, Peter Kern, or Allison Allen. | **Expedia objects that this request documents "related to internal hiring criteria" for "senior level employment" is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.** <span style="color:red">Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it is not limited to the position at issue, as such, it further potentially implicates an unmanageable number of documents which will not be important to resolving the issues in this case.</span> **The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.** | - Objection/response fails to respond to revised RFP.<br>- **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.,* No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>- **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.,* 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>- **Boilerplate burden/cost** |

| | | | |
|---|---|---|---|
| | | | **objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). |
| RFP 15 | Produce any documents from Davis Velasco or his subordinates to Kristin Stencil on August 14, 2023 and August 16, 2023, that discuss, mention, or explain Davis Velasco's canceling his scheduled meetings with Plaintiff. | Expedia objects to Plaintiff's request that it "identify" the requested information because it is not a request to "produce...designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party. **Expedia further objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit, and violates the privacy rights of Mr. Velasco.**<br><br>**Subject to and without waiving the foregoing objections,** Expedia has conducted a reasonable search for communications that reference the cancellation and/or rescheduling of Kascsak's interviews, and produced the responsive documents. | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Improper "Subject to and without waiving objection."** *See, e.g., Baker v. Walters*, 652 F.Supp.3d 768, 786 (N.D. Tex. 2023) ("responding or answering 'subject to' and 'without waiving' objections is improper" and citing *VeroBlue Farms USA, Inc. v. Wulf*, |

| | | | |
|---|---|---|---|
| | | | 345 F.R.D. 406, 419 (N.D. Tex. 2021)).<br>• No indication of whether documents have been withheld based on these or general objections. |
| RFP 17 | Provide any non-disclosure agreements or severance agreements between Allison Allen and Expedia along with any documents detailing the Company's reasons for her termination. | **Expedia objects that this request is overly broad, seeks information <span style="color:red">that is not relevant to any claim or defense of any party, is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit</span>, and violates the privacy rights of Ms. Allen, who is not a party to this lawsuit.** | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases). |
| RFP 19 | Produce any documents with calculation of what "Leadership" positions went to "underrepresented identities" in 2023 and 2022, including the source documents for those calculations, as defined by the | Expedia objects to Plaintiff's request that it "produce the percentage…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to | • Objection/response fails to respond to revised RFP.<br>• No indication of whether documents |

| | | | |
|---|---|---|---|
| | Company in its 2022 Diversity Report. If such calculations never existed for 2023, they did for 2022 (see the Diversity Report, p.9) and this RFP should be addressed to that year." | create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party. | have been withheld based on these or general objections. |
| RFP 20 | Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its 25% goal for "underrepresented identity" hiring as proclaimed in the 2022 Diversity Report that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates.. | **Expedia objects that this request for "documents…regarding" is overly broad, <span style="color:red">seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.</span> Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents" related to the Company's plans, and, therefore, <span style="color:green">potentially implicates an unmanageable number of documents</span>, <span style="color:red">many of which will not be important to resolving the issues in this case.</span> <span style="color:green">The burden of producing all such documents is impracticable and outweighs the likely benefit.</span>** Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents. | <ul><li>Objection/response fails to respond to revised RFP.</li><li>**Boilerplate in bold.** *See, e.g.*, *Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).</li><li>**<span style="color:red">Insupportably narrow boilerplate relevance objection in red.</span>** *See, e.g.*, *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).</li><li>**<span style="color:green">Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.</span>**</li></ul> |

| | | | |
|---|---|---|---|
| | | | *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• No indication of whether documents have been withheld based on these or general objections. |
| RFP 21 | Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its binary gender balance goal as proclaimed in the 2022 Diversity Repor[t] that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates. | **Expedia objects that this request for "all documents…regarding" is overly broad, <span style="color:red">seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.</span> Expedia further objects that this request fails to identify the requested documents with particularity and therefore exceeds the bounds of proportional discovery as it seeks "all documents…regarding" the Company's plans, and, therefore, <span style="color:green">potentially implicates an unmanageable number of documents</span>, <span style="color:red">many of which will not be important to resolving the issues in this case</span>. <span style="color:green">The burden of producing all such documents is impracticable and outweighs the likely benefit</span>**. Further, to the extent the request seeks publicly-available documents, Expedia objects that the request is unduly burdensome because Plaintiffs have equal and/or similar access to the documents. | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.,* No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• <span style="color:red">**Insupportably narrow boilerplate relevance objection in red.**</span> *See, e.g., Miller v. Sam Houston State Univ.,* 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• <span style="color:green">**Boilerplate burden/cost objections without required specificity on**</span> |

| | | | |
|---|---|---|---|
| | | | **numbers of documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• No indication of whether documents have been withheld based on these or general objections. |
| RFP 28 | Produce any formulas or criteria the Company uses as of May 1, 2023, to determine compensation for Leadership positions (as defined by the Company's 2022 Diversity Report), including cost of living increase formulas, wage formulas, wage increase schedules, and employee stock option formulas. | Expedia objects to Plaintiff's request that it "produce any criteria [or] formulas…" because it is not a request to "produce…designated documents" under F.R.C.P. 34 and therefore is not a proper request for production. Expedia is not required to create a documents and this request is an attempt to circumvent the limits on the number of interrogatories permitted to each party.<br>**Expedia further objects that this request for document related to compensation for all "senior-level employees" at Expedia is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request exceeds the bounds of proportional discovery as it is not limited to the Global Sourcing position for which Kascsak applied and therefore implicates an unmanageable number of documents**, many | • Objection/response fails to respond to revised RFP.<br>• **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases). |

| | | | |
|---|---|---|---|
| | | **of which will not be important to resolving the issues in this case. The burden of producing all such documents is impracticable and outweighs the likely benefit.**<br><br>**Subject to and without waiving the foregoing objections**, Expedia has conducted a reasonable search for documents that reference or discuss potential compensation for the Global Sourcing position as related to Kascsak, and has produced the responsive documents. | • **Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• **Improper "Subject to and without waiving objection."** *See, e.g., Baker v. Walters*, 652 F.Supp.3d 768, 786 (N.D. Tex. 2023) ("responding or answering 'subject to' and 'without waiving' objections is improper" and citing *VeroBlue Farms USA, Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021)).<br>• No indication of whether documents have been withheld based on these or general objections. |
| ROG 6 | Describe what Michael Davis Velasco was doing throughout the day and where he was on August 15 and August 16, 2023. Specifically, identify the distinct | **Expedia objects to this request because seeks information that is not relevant to any claim or defense of any party, is harassing, and violates the privacy rights of an Expedia employee.** | • **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL |

| | | | |
|---|---|---|---|
| | "immoveable conflict" and "emergency" that led Davis Velasco to cancel both of his interviews with Plaintiff as identified in Plaintiff's Complaint. | **Expedia therefore will not catalogue Mr. Velasco's activities throughout the day.** However, Expedia provides the answer below to summarize the rescheduling and ultimate cancellation of Kascsak's second interview with Velasco. | 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases). |
| ROG 7 | Describe the processes, plans, and personnel that Expedia, Inc. used/uses to meet its hiring targets related to "underrepresented identities" and gender balance as described in the 2022 Diversity Report. | **Expedia objects that the request to describe Expedia's "processes, plans and personnel" is vague, overbroad, <span style="color:green">unduly burdensome</span>, <span style="color:red">and seeks information that is not relevant to a claim or defense in this lawsuit.</span>** | • **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases). |

| | | | |
|---|---|---|---|
| | | | • **Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). |
| ROG 12 | Identify all individuals in 2023 who had ongoing, updated knowledge throughout the year of how Expedia was performing against its own targets for diverse hiring laid out in the 2022 Diversity Report. | **Expedia objects that this request for Expedia to identify individual's knowledge of Expedia's hiring metrics because it is vague and requires Expedia to speculate as to the knowledge held by various unidentified individuals.** <span style="color:red">**Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the decision regarding Plaintiff.**</span> | • **Boilerplate in bold.** *See, e.g., Mullenix v. Univ. of Tex.*, No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• Fails to indicate whether it is withholding information |

| | | | based on the general or specific objections. |
|---|---|---|---|
| ROG 15 | Explain how Expedia, Inc.'s recruitment and hiring activities changed following the signing of the CEO Action Letter, Dkt. 8, Ex. E, including any emphasis on race and gender as hiring considerations for leadership positions and any quotas, targets, or metrics the Company adopted. | Expedia objects to this request because it presumes that Expedia's recruitment and hiring activities "changed" **and seeks information that is not relevant to the extent that it seeks information outside of the time period in which Kascsak applies for and was considered for the Global Sourcing position.** | <ul><li>**Insupportably narrow boilerplate relevance objection in red.** See, e.g., Miller v. Sam Houston State Univ., 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).</li><li>Fails to indicate whether it is withholding information based on the general or specific objections.</li></ul> |
| ROG 16 | Describe what Expedia, Inc.'s promise to have an "intentional focus on racial equity" in the 2022 Diversity Report meant for Company hiring, including any processes the Company employs to fulfill this focus. | **Expedia objects that this request is vague, overly broad, and seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition as it is not limited to the relevant time period and the hiring process for the Global Sourcing position.** | <ul><li>**Boilerplate in bold.** See, e.g., Mullenix v. Univ. of Tex., No. 1:19-cv-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (holding boilerplate objections are impermissible).</li><li>**Insupportably narrow boilerplate relevance objection in red.** See, e.g., Miller v. Sam Houston State Univ., 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of</li></ul> |

| | | | |
|---|---|---|---|
| | | | discovery in discrimination cases).<br>• Fails to indicate whether it is withholding information based on the general or specific objections. |
| ROG 19 | Describe any conversations or evaluations during the hiring process for Plaintiff where race, sex, or diversity was mentioned, including by whom and in what context. | **Expedia objects that this request for information regarding "any conversations or evaluations during the hiring process" where "race, sex or diversity was mentioned" is vague, overly broad, and unduly burdensome; it is not possible for Expedia to collect information regarding any conversations involving multiple individuals over many months. Expedia further objects that the request seeks information that is not relevant to any claim or defense of any party, and further is an impermissible fishing expedition to the extent it is not limited to discussions regarding Kascsak's hiring.** | • **Boilerplate burden/cost objections without required specificity on numbers of documents, steps taken to identify alleged burden, etc.** *See, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).<br>• **Insupportably narrow boilerplate relevance objection in red.** *See, e.g., Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (recognizing "broad" scope of discovery in discrimination cases).<br>• Fails to indicate whether it is withholding information based on the general or specific objections. |