UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC.,<br><br>*Defendant*. | Case No.: 1:23-cv-01373-DII<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |

Defendant Expedia, Inc.'s Amended Motion to Strike, Doc. 56, is a perfect example of why federal courts across the country−including this Court−have recognized that motions to strike are disfavored and are often delay tactics that must meet a high bar before being granted. Expedia does not come close to clearing, much less meeting, that high bar, and its motion should be denied.

First, Expedia does not cite a single case in which this Court has stricken a filing for violating the page limitations in Local Rule CV-7(E)(3) much less a case where there is dispute over whether those limits were even violated, as is the case here. Second, Expedia's motion depends on its erroneous interpretation of Local Rule CV-7(E)(3). Expedia mischaracterizes Rule CV-7(E)(3) as applying to the two exhibits filed by Plaintiff in support of his Reply, in addition to the 5-page Reply itself, but this argument ignores the express language of Rule CV-7(E)(3), which *excludes* accompanying documents from the applicable page limits. Expedia does not and cannot dispute that Plaintiff's Reply is within the 5-page limit set by Rule CV-7(E)(3). Third, Expedia erroneously suggests that these exhibits introduce new arguments not set forth in Plaintiff's briefing, but that claim is inaccurate and ignores that these exhibits are appropriately responding to arguments raised by Expedia in its response to Plaintiff's Motion to Compel. Finally, Expedia

1

fails to clear the high bar required of a motion to strike by relying on cases that refute, rather than support, Expedia's own arguments. For these reasons, the Court should deny Expedia's Motion to Strike.

## LEGAL STANDARD

The Fifth Circuit has long disfavored motions to strike. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057−58 (5th Cir. 1982); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). *See also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2024 update) (noting that motions to strike are a "a drastic remedy" often sought as a "dilatory or harassing tactic" and are thus "viewed with disfavor by the federal courts" and "infrequently granted").

This Court has consistently applied the Fifth Circuit's directive that motions to strike are infrequently granted. *E.g.*, *O'Connor v. Texas*, No. 1:22-CV-01047-LY, 2023 WL 11834233, at *1 (W.D. Tex. Jan. 25, 2023) (citing *Augustus*, 306 F.2d at 868); *CoStar Realty Info., Inc. v. RealMassive, Inc.*, No. 1:15-CV-440-RP, 2015 WL 13804252, at *1 (W.D. Tex. Aug. 11, 2015) (citing *Augustus*, 306 F.2d at 868). Indeed, this Court only grants motions to strike when the language to be stricken "has no possible relation to the controversy." *O'Connor*, 2023 WL 11834233, at *1 (quoting *Augustus*, 306 F.2d at 868).

## ARGUMENT

**A. Expedia mischaracterizes Local Rules and precedent.**

Expedia notes that the Court's "Local Rules limit Reply briefs to five pages." Doc. 54 at 1. But Expedia omits the complete text of the Rule, which explicitly provides that "[t]hese page limits are exclusive of the caption, the signature block, any certificate, *and any accompanying*

*documents.*" Local Rule CV-7 (E)(3) (emphasis added). Plaintiff's Reply in Support of Motion to Compel Discovery meets the requirements of this Local Rule. *See* Doc. 52 (indisputably 5 pages in length exclusive of the caption, signature block, certificate, and exhibits). It appears that Expedia simply objects to Plaintiff attaching exhibits to the Reply. Expedia's argument—that the "accompanying documents" (i.e. the exhibits to Plaintiff's Reply) should be considered within Rule CV-7(E)(3)'s page limit—contravenes the Rule's plain text and strongly suggests that Expedia's Motion to Strike is merely a "dilatory or harassing tactic." 5C Wright & Miller, Federal Practice and Procedure § 1380.

Further, the authority Expedia cites does not support its request that the Court strike Plaintiff's exhibits even if those exhibits violated the page limits, which they do not. For instance, in *EEOC v. Icon Benefit Adm'rs, Inc.*, No. 3:02-cv-527-DB, 2003 WL 748268 (W.D. Tex. Feb. 10, 2003), the defendant filed a motion that did not cite any legal authority. Instead, the defendant included a separate supporting memorandum citing the relevant legal authority, clearly violating Local Rule CV-7(C). *Id.* at *1. Despite this clear violation, the *EEOC* court *denied* the plaintiff's motion to strike, citing "the limited nature of [defendant's] infraction" and the "interest of expediency." *Id.* If the *EEOC* court denied a motion to strike when facing a clear violation of the Local Rules, that case provides no support for Expedia's motion to strike where Plaintiff did not violate the Local Rules, and the interest of expediency would favor denying the motion even if a minor infraction had occurred. Expedia's reliance on this case shows the weakness of its hand.

Expedia also cites *United States v. $48,000, More or Less, in U.S. Currency*, No. 6:15-CV-364-RP, 2018 WL 1404408, at *1 n.1 (W.D. Tex. Mar. 20, 2018). There, the Court granted the plaintiff's motion for summary judgment while flagging that the motion was too long. *Id.* But the motion's length did not doom its success. Indeed, the court ultimately ruled for the plaintiff despite

the filing's length. *Id.* at *6. Similarly, in *Townsley v. Int'l Bus. Machs. Corp.*, No. 1:20-CV-00969-DAE, 2022 WL 2655197 (W.D. Tex. Jul. 8, 2022), the court chastised a movant for exceeding the Local Rules regarding page limits in a reply, *id.* at *2 n.2, and yet still *ruled for* the movant. *Id.* at *3. In neither *$48,000* nor *Townsley* did the court strike any provisions from the pleadings at issue. Instead, both courts ruled for the parties accused of violating the page limit rules. These cases simply do not stand for the proposition that this Court should strike Plaintiff's Reply exhibits as Expedia requests.

Perhaps most telling is that Expedia fails to cite a single case in which this Court has stricken a pleading, a motion, or exhibits accompanying a pleading or motion for a failure to comply with Local Rule CV-7(E)(3). Even assuming Plaintiff had violated Local Rule CV-7(E)(3), which he did not, there is no requirement in the Local Rules or in the Federal Rules of Civil Procedural that requires striking these exhibits. And Expedia has cited no case law or provided any justification supporting such an outcome.

**B. Plaintiff's exhibits do not raise new arguments.**

Expedia also bases its motion to strike on the erroneous assertion that Plaintiff is using the accompanying documents to his Reply to address each of Expedia's objections to Plaintiff's discovery requests "for the first time" and to "add additional arguments that were not contained in the Motion or Reply." Doc. 54 at 2.

First, Plaintiff's summary chart in Exhibit A, Doc. 57-1,[1] does not introduce any new legal arguments. In fact, *every* case that appears in Exhibit A was cited in Plaintiff's briefing. *Compare* Doc. 57-1 *with* Doc. 50 at 3, 6, 7 and Doc. 52 at 1, 5. Exhibit A merely summarizes Expedia's

---

[1] Without objection, Plaintiff filed a corrected Exhibit A on August 19, 2024 after discovering that certain formatting in the original summary exhibit, Doc. 52-1, was lost in converting into PDF for filing. Plaintiff will refer to the corrected Exhibit A, Doc. 57-1, hereafter.

4

objections to Plaintiff's discovery requests and Plaintiff's legal arguments in response to those objections. Exhibit A is intended as a tool for ease of reference. It is not, as Expedia asserts, the "first time" Plaintiff has articulated these legal arguments. Doc. 54 at 2.[2] Further, Expedia's assertion that this summary chart is "incomplete and misleading" (it is not) goes to the substance of the exhibit, not whether it violates any procedural rule that would support striking it from the record. Expedia, ironically, appears to be using this motion to strike—that is ostensibly based on an alleged failure to comply with the Local Rules—to circumvent those very rules and submit something resembling a sur-reply. Expedia's argument, however, ignores the fact that the full text of every RFP and ROG (and Expedia's objections and responses) were provided to the Court in full as exhibits to the parties' briefing. So too was the extensive correspondence from Plaintiff's counsel pointing out Expedia's discovery deficiencies and attempting to get Expedia to rectify these errors without court intervention. The summary chart is simply that—a summary designed to assist the Court in sorting through a complex discovery matter, that ought never have needed to reach the Court's docket.

Expedia also claims that Exhibit B, a Declaration from Plaintiff's counsel Max Schreiber, is Plaintiff's attempt to "add additional arguments." Doc. 54 at 2. But parties "are permitted to submit evidence and arguments in a reply brief 'to rebut a new argument raised by the opposing party in a response.'" *ICharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL

---

[2] *Compare* Doc. 57-1's reference to impermissible "boilerplate objections," *with* Doc. 50 at 6–7 and Doc. 52 at 1–2, arguing that Expedia's boilerplate objections are invalid and are waived. *Compare* Doc. 57-1's reference to Expedia's applying an insupportably narrow view of relevance *with* Doc. 50 at 7–10 and Doc. 52 at 2–4, arguing why Expedia's objections on relevance grounds are too narrow, particularly in the context of discrimination complaints. *Compare* Doc. 57-1's reference to cost/burden objections that do not have required specificity *with* Doc. 50 at 6. *Compare* Doc. 57-1's reference to improper "subject to and without waiving" objections *with* Doc. 52 at 1–2 (cleaned up). *Compare* Doc. 57-1 reference to Expedia's failure to specify whether documents have been withheld based its objections *with* Doc. 50 at 6.

2305214, at *3 (W.D. Tex. May 21, 2024) (quoting *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, No. 4:18-CV-00039-DC-DF, 2020 WL 4708714, at *2 (W.D. Tex. Jul. 13, 2020)).

Here, any "additional arguments" in Exhibit B are simply fact-based evidentiary rebuttals to points Expedia made in its response brief. For instance, Expedia claimed in its response brief that Plaintiff "has not provided any justification for expanding discovery" to include documents related to company-wide diversity initiatives. Doc. 51 at 9. In Exhibit B, Plaintiff's attorney provides factual support showing that the parties had conferred, and that Plaintiff *had* "tried to explain his rationale" for "why a wider search than just the immediate employee-agents involved in Plaintiff's hiring process was warranted." Doc. 52-2 ¶ 4. Any new information about the parties' discussions surrounding the scope of discovery were facts made pertinent by Expedia's erroneous contention that Plaintiff had not previously "provided any justification" for the scope of his discovery requests.

Exhibit B contains similar factual responses to Expedia's claims about the volume of Plaintiff's discovery requests and Expedia's productions. *Compare* Doc. 51 at 2 (asserting that "[i]n this action—which involves *one* hiring decision related to one position out of Expedia's 17,000-person workforce—Expedia has responded to 74 Requests for Production . . . and produced more than 4,000 documents consisting of more than 21,000 pages") *with* Doc. 52-2 ¶ 6 ("Although Defendant contends in its response that it has produced 'more than 4,000 documents consisting of more than 21,000 pages,' its productions have been highly duplicative, amounting to substantially fewer than 4,000 substantively unique documents.") and Doc. 52-2 ¶ 13 ("Plaintiff has tried to serve more specific RFPs in an effort to overcome Defendant's obfuscation even though the subsequent requests were already covered by a prior request"). All told, the eight-page Declaration

in Exhibit B makes three evidentiary points, each responding to a claim in Expedia's response brief. Because a party is permitted to make new claims or introduce new evidence "to rebut a new argument raised by the opposing party in a response," *C&M Oilfield*, 2020 WL 4708714, at *2, Expedia's claim that Plaintiff impermissibly "introduce[s] a new argument" is without merit. Doc. 54 at 3.[3]

## CONCLUSION

For the reasons stated herein, this Court should deny Expedia's Amended Motion to Strike.

Respectfully submitted on this 19th of August, 2024.

/s/ *Nicole J. Moss*

Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Brian W. Barnes, Esq. CO #43040*
Samuel D. Adkisson, Esq. VA #93362*
Cooper & Kirk
1523 New Hampshire Ave NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com
202-220-9600

---

[3] The one case Expedia cites in support of its contention that new arguments in a reply can be stricken, *Durrani v. GuideOne Nat'l Ins. Co.*, No. 4:21-CV-03111, 2023 WL 6580333, at *2 (S.D. Tex. Aug. 16, 2023), is readily distinguishable. The defendant in *Durrani* was attempting to submit new facts and arguments in support of its motion for summary judgment, not responding to factual assertions and arguments raised by the plaintiff in a discovery response brief as is the case here. *Id.* Further, Expedia misleadingly suggests that the district court's determination on the motion to strike was affirmed by the Fifth Circuit, when in fact the Fifth Circuit expressly stated that in light of its decision granting summary judgment in favor of the defendant that, "it is not necessary that we address [defendant's] arguments related to whether the district court erred in partially granting Durrani's motion to strike." *Durrani*, No. 23-20485, 2024 WL 3066040, at *5 n.5 (5th Cir. June 20, 2024).

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN#37357-45*
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com
845-270-3843

Nicholas R. Barry, Esq. TN #031963*
Jacob Meckler, Esq. DC #90005210*
America First Legal Foundation
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
nicholas.barry@aflegal.org
jacob.meckler@aflegal.org
202-964-3721

* *Pro Hac Vice*

## PROOF OF SERVICE

    I hereby certify that on August 19th, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

                                                        /s/ *Nicole J. Moss*
                                                        Nicole J. Moss
                                                        Counsel of Record