UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Michael Kascsak**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-cv-1373-DII |
| | § | |
| **Expedia, Inc.**, | § | |
| | § | |
| Defendant. | § | |

**JOINT ADVISORY REGARDING MOTION TO COMPEL HEARING**

**I.    PARTIES' CONFERENCE**

Following the Court's Order of August 27, 2024 (Dkt. 61), the Parties met and conferred via videoconference on September 16, 2024 and September 25, 2024 in an effort to reduce the issues in dispute that will have to be resolved by the Court. Set forth below are the issues that remain in dispute that require the Court's intervention.

**II.   REMAINING DISPUTED ISSUES**

   **A.    RELEVANCE**

      **1.    Plaintiff's Position**

Expedia has taken an impermissibly narrow view of relevance, which has caused it to severely limit the documents it has collected for review and its production of responsive documents following review. Plaintiff has alleged that Expedia discriminated against him based on his race and his sex in furtherance of its diversity and inclusion policies such as its publicly advertised race- and sex-based hiring goals. Plaintiff has provided evidence that Expedia promised to be "intentional" when pursuing its race- and sex-based hiring targets, and that Expedia's former CEO, Peter Kern, publicly promised to "rededicate" itself to curing the "plague" of "systemic racism" and made clear his view that all employees "must be part of the solution." Kern Letter, Dkt. 8-4. It is also clear from documents

produced only after Plaintiff filed his motion to compel that others within Expedia have expressed concerns that Expedia was engaging in an illegal race- and gender- based quota scheme and problematic diversity hiring practices across the company. *See* EXP_00024155-58 and EXP_00021472-74 (exhibits filed under seal). These whistleblower emails and letter from counsel for Alison Allen—the Expedia employee who Plaintiff alleges told him Expedia had concerns about his "diversity"—provide further evidence of the nexus between Expedia's diversity policies and the treatment of Plaintiff, demonstrating the relevance of the information and documents Plaintiff seeks to discover.[1] Plaintiff is entitled to explore in discovery how those race- and sex- based hiring goals and other unlawful race- and sex- based policies were developed, implemented, and discussed within Expedia, but Expedia has refused to produce *any* internal communications about these issues asserting they are not relevant to any claim or defense of any party. Expedia's position that such documents are not relevant to any of Plaintiff's claims is belied by the detailed allegations in Plaintiff's complaint (allegations that survived a motion to dismiss) and by the weight of the caselaw rejecting Expedia's narrow interpretation of relevance in the context of discrimination cases.

    **2.**    **Expedia's Position**

While Expedia categorically denies engaging in any illegal race- or sex- based hiring practices, it has produced the documents relevant to Plaintiff's claims. Plaintiff interviewed for the Global Sourcing position (a new position) in 2023. Allison Allen, Expedia's Senior Vice President of Global Talent Acquisition, was in charge of the hiring for the position and made the decision not to hire

---

[1] Expedia claims that Plaintiff has mischaracterized and misstated Allen's comment about Davis Velasco's "diversity" concerns to justify discovery into Expedia's diversity policies, but Plaintiff's recollection of that statement as set forth in his Declaration (Dkt. 1-1 at10) and the contemporaneous evidence produced by Plaintiff shortly after that conversation confirming his understanding that it was his lack of "diversity" that caused Expedia to delay in hiring him, particularly when coupled with Kern's statements, the publicly advertised race- and gender-based hiring goals, and the fact that Allen herself had expressed concern that Expedia's diversity policies were unlawful, are all solid justifications for why the Plaintiff's discovery requests are relevant and necessary.

Plaintiff because of concerns about his competencies, compensation demands, and interview performance. During the hiring process, Plaintiff participated in several interviews, including a single video interview with Michael Velasco.[2]  Expedia has produced:

> (1) all of the notes, feedback, emails and other communications regarding the potential hire for the Global Sourcing position for which Plaintiff applied[3] (both related to Plaintiff and to all the other applicants)—including all of Velasco's feedback and communications related to his interview of Plaintiff;
>
> (2) all hiring and inclusion and diversity ("I&D") policies, reports, training materials, and information materials that discuss or describe Expedia's hiring process, plans, and strategies to support its I&D efforts during the time period in question;
>
> (3) emails containing data and reports that Velasco sent or received regarding Expedia's hiring practices, statistics, and I&D initiatives during the relevant time period; and
>
> (4) other documents resulting from email searches of those involved in the hiring process for the Global Sourcing position (including Velasco and Allison Allen) for various inclusion and diversity terms.

To date Expedia has responded to five sets of requests for production containing a total of 93 requests and produced over 30,000 pages of documents from 22 different custodians in this single Plaintiff failure-to-hire case.[4]

In short, Expedia has produced (and will continue to confer with Plaintiff regarding any supplemental production or searches) for (i) all documents related to the hiring of the Global Sourcing

---

[2] Plaintiff repeatedly mischaracterizes and misstates Plaintiff's own description of the alleged comment by Velasco (as allegedly relayed to him by Allen) in an attempt to justify its overarching requests. Plaintiff's *actual* description of the alleged comment was as follows:  that "Velasco wanted to (paraphrasing) 'search a more in depth and diverse candidate pool for the role.'"  Dkt. 1-1 at 10.

[3] Plaintiff interviewed with sourcer Lisa Christensen, Allen, Velasco, a loop interview panel of five Expedia employees, and had later discussions with sourcer Sarah Sanderson and Melissa Hutchinson and interactions with administrative employees Christina Lochard and Kristin Stencil.  Expedia conducted searches and gathered and produced all documents and communication regarding their contacts and communications with Plaintiff, as well as any communications among them related to or referencing Plaintiff.

[4] Expedia's production includes the two anonymous complaints and a complaint by Allison Allen referenced by Plaintiff, which were produced in normal course in response to Plaintiff's later RFPs that were not prompted by nor the subject of this Motion.

3

position (both as to Plaintiff and all other applicants) and (ii) all documents setting forth Expedia's I&D policies and plans for the relevant time period. However, Expedia has objected to Plaintiff's expansive discovery requests for <u>all</u> documents, communications, drafts, and messages related to its I&D initiatives from *June 2020*—nearly three years before Plaintiff even applied to the Global Sourcing role—to the present.

Thus the main area of dispute among the parties (after conferring at length) is whether Plaintiff may seek discovery regarding any and all communications or other documents related to Expedia's I&D initiatives from 2020 to the present, including communications or other documents (to the extent they exist) that preceded the formation of Expedia's I&D plans and policies, were exchanged years before Plaintiff applied to Expedia in April 2023, and involved individuals with no participation in or even knowledge of the hiring decision at issue, such as Expedia's former CEO Peter Kern and Expedia's former I&D officer Lauren von Stackelberg (who left Expedia in 2021). Those materials have no bearing on the issues in this suit—whether Expedia's decision not to hire Plaintiff in 2023 made by Allison Allen with input by Velasco and others—was based on his race or gender. Expedia contends that not only are those materials not relevant, but also that the requests implicate an unmanageable number of documents which will not be important to resolving the issues in the case, and that the burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

   B.  **INTERROGATORY NO. 22:** Please describe in detail the process for identifying all electronically stored information (ESI) implicated by Plaintiff's Requests for Production. This includes the databases, software and mediums of ESI searched, the relevant accounts searched, search terms, databases/software/mediums not consulted and why, and the process for identifying initial sets of documents implicated by the RFPs.

   1.  **Plaintiff's Position**

Plaintiff is seeking information necessary, for Plaintiff and the Court, to evaluate Defendant's assertion that it has conducted a reasonable search for documents and has produced all responsive

4

materials. This is the sort of information routinely exchanged at the outset of discovery in order for the parties to work cooperatively and efficiently in meeting their discovery obligations, particularly like here, where a party is claiming undue burden in identifying and producing the requested materials. For months, Expedia steadfastly refused to provide any information on the custodians whose documents and ESI were collected, what search terms and date filters (if any) were used to identify responsive materials, and whether Expedia was withholding any documents on the basis of its objections. Only after Plaintiff filed his motion to compel, did Expedia provide any information on the custodians, search terms, and date filters it employed, and that information has been limited and incomplete. Expedia has never provided a comprehensive list of search terms that it has used for any specific request or whether it has limited or modified its search terms and date filters based on a particular custodian. The information Plaintiff seeks is basic, straightforward data that can be readily provided in a report by Expedia's e-discovery vendor, but instead of opting for transparency, Expedia has doled out limited information on a piecemeal basis (see footnote 7 below), necessitating numerous meet and confers, additional document requests, and rounds of follow-up simply to try and ascertain why there are large gaps in Expedia's production[5] – are the gaps because of Expedia's objectionably narrow view of relevance, because of inadequate, poorly designed search terms, because Expedia failed to collect appropriate documents and ESI, because Expedia is withholding or not searching for responsive materials because of its inappropriate boilerplate objections, or some combination of all of these?

Because there are obvious gaps and missing documentation from Defendant's productions, the need for the information sought in Interrogatory No. 22 is essential for moving forward efficiently.

---

[5] Expedia attempts to cover over the significant inadequacies in its productions to date by citing to the number of "pages" produced. Almost 20% of those pages, however, are gibberish or contain other processing exceptions and thus are totally irrelevant. Further, of the 5054 documents produced to date, there was extensive duplication such that when duplicates are removed, Expedia has in fact only produced 2,121 unique documents.

In addition to the numerous examples identified in Plaintiff's Motion to Compel, additional examples include the fact that , Expedia has only produced 4 emails from Expedia's Chief People Officer, Michael Davis Velasco, who was the head of Expedia's Diversity and Inclusion team. No internal emails discussing setting, implementing, or evaluating Expedia's race and gender hiring goals or reporting on those goals in Expedia's public reports have been produced; and no internal emails or other documents discussing or evaluating the race and gender hiring data routinely provided to Davis Velasco have been produced. Now that Expedia has belatedly represented that it is also not withholding any privileged documents that would be responsive to Plaintiff's First Set of Requests for Production that could account, at least in part, for these gaps in production, the adequacy and sufficiency of Expedia's productions are even more questionable, and the need for information on what custodians' documents and ESI were collected and what specific search terms and date filters were used is even more important in order to understand and evaluate the reasons for these gaps in production and to allow the parties to work cooperatively to resolve those gaps.

   2.   **Expedia's Position**

Plaintiff has not met his burden to compel "discovery on discovery" because he has not and cannot show a specific or material deficiency in Expedia's production. Plaintiff's motion to compel speculates without any basis that "important information" regarding the reason Expedia decided not to hire him is "missing." Expedia's production contains the very documents that Plaintiff claims are "missing"—namely documents setting forth the concerns about Plaintiff's competencies, compensation demands, and interview performance that led to the ultimate decision not to hire him, including the concerns expressed by Velasco, in writing, to Lisa Christensen and to Tim Cox. Plaintiff

is not entitled to compel an examination of Expedia's internal document collection and review procedures because Expedia's extensive production does not align with his theory of the case.[6]

Now, aware of his burden to identify a specific or material deficiency in Expedia's production, Plaintiff insists that he is entitled to micromanage Expedia's discovery process because "Expedia has only produced 4 emails from Expedia's Chief People Officer, Michael Davis Velasco, who was the head of Expedia's Diversity and Inclusion team" and Expedia has not produced "internal emails discussing setting, implementing, or evaluating Expedia's race and gender hiring goals or reporting on those goals in Expedia's public reports have been produced; and no internal emails or other documents discussing or evaluating the race and gender hiring data routinely provided to Davis Velasco have been produced." Those internal emails (to the extent they exist) are not "missing" from Expedia's production; Expedia has objected to producing them, as it is entitled to do under Federal Rule of Civil Procedure 34(b)(C). Expedia has produced the policies setting forth its hiring goals, the reports setting forth Expedia's progress toward those goals, and the data sent to Velasco containing Expedia's hiring statistics. Expedia has also run searches in Velasco's emails regarding those issues during the time period in question. But Expedia has objected to conducting widespread searches outside of the relevant time period and including custodians not involved in the hiring decision, both issues that are the subject of Plaintiff's motion to compel.

Expedia has always been willing to discuss custodians and search terms with respect to specific RFPs, and has done so throughout this meet and confer process. Expedia has provided information to Plaintiff regarding the custodians and sources that generally were the subject of its searches for documents, and to the extent that Plaintiff has raised concerns about potential missing production (through follow-up discovery requests or otherwise) has both provided specific information to

---

[6] Plaintiff claims that an exchange of detailed information is "routine" but did not raise this issue in the parties Rule 26 conference, nor has it provided this information regarding its own production.

7

confirm that a reasonable search was conducted and stated its willingness to run additional *targeted* searches to the extent they are reasonable.[7] But there is no basis for allowing Plaintiff to micromanage Expedia's entire document collection and review process by compelling Expedia to detail every search that it performed in responding to Plaintiff's 93 requests for production, as Interrogatory No. 22 demands.[8]

| **Court's Ruling:** |
| --- |
| Motion to Compel Response to Interrogatory No. 22: |
| Granted: \_\_\_\_     Denied: \_\_\_\_ |
| Modified as Follows: |

    C.    **REQUEST FOR PRODUCTION NO. 2 (as amended):** Produce recorded communications, including e-mail instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings after June 1, 2020, from Peter Kern to either Lauren von Stackelberg or Michael Davis Velasco regarding (a) race and hiring processes, goals or policies at Expedia; (b) sex and hiring processes, goals or policies at Expedia; (c) diversity and hiring processes, goals or policies at Expedia.

        1.    **Plaintiff's Position**

Expedia cannot absolve itself of the obligation of collecting and reviewing the documents and communications of its former CEO, Peter Kern, and its former Chief People Officer, Lauren von Stackelberg, simply because they were not directly involved in the decision to initially offer a job to

---

[7] For example, as Expedia's counsel stated in its 9/22/24 email to Plaintiff's counsel: "We have produced the monthly summary reports that Velasco received (*see, e.g.*, EXP_00011794). We have also run searches from 2/1/23 – 12/1/23 for terms that include (but are not limited to): Divers* target*, 25% URI, URI goal*, Gender goal*, Divers* hiring. Hiring goal* and separately ran searches for Female OR URI OR diverse OR underrepresented AND Global Sourcing OR Sourcing Interviews or Sourcing Role. We are willing to run other searches but they have to produce manageable hit counts."

[8] In connection with the later discovery requests, Expedia offered to run a search requested by Plaintiff. Even after Expedia narrowed Plaintiff's search terms to exclude terms that were clearly not relevant, Plaintiff's requested terms (which included terms such as "diversity" and "man")—after processing and deduping—still resulted in a pool of over 34,000 documents.

8

Plaintiff, then to put that offer on hold, and then ultimately not hire him. Both of these individuals were directly involved in creating or advancing Expedia's race- and sex-based hiring goals, determining how those goals would be achieved, how data about those goals would be gathered and tracked, how in Kern's own words every employee "must be part of the solution" in addressing "systemic racism." While Expedia has produced some very limited information from Davis Velasco, Expedia has produced no internal emails to/from Davis Velasco discussing Expedia's diversity policies or hiring goals, and it is Plaintiff's understanding that Expedia is claiming that like Kern and von Stackelberg, Velasco's emails and other documents on these topic are irrelevant unless they directly reference the Plaintiff. Plaintiff has alleged that it was these race- and sex-based goals and policies that were the reason he was not hired because he was not "diverse" enough according to Davis Velasco. For all of the reasons explained above for why Expedia's broader, race- and sex-based hiring policies are important in a discrimination case such as this, the information being sought in this Request is relevant and these are appropriate custodians given their role in setting and implementing those race- and sex-based policies. As such their documents and communications must be collected, searched, and produced.

    **2.    Expedia's Position**

Expedia has produced all of the reports, policies, training materials, slide decks and other documents that set forth Expedia's I&D policies and goals, describe the specific programs and practices that Expedia put in place to further its I&D efforts, and contain statistics tracking Expedia's progress on those goals. The discussions, communications and other materials that preceded the adoption of these policies back in 2020 and/or were made by individuals not involved in the 2023 hiring decision at issue (to the extent they exist)—are not relevant. Additionally, the burden of searching for and producing such communications and documents is impracticable and outweighs any likely benefit. Had Mr. Kern been involved in the Global Sourcing hiring (which he was not) any

relevant communications would have already been captured by the expansive searches related to that process and produced.

| **Court's Ruling:** |
| :--- |
| Motion to Compel regarding Request for Production No. 2: |
| Granted: \_\_\_\_     Denied: \_\_\_\_ |
| Modified as Follows: |

D. **REQUEST FOR PRODUCTION NO. 3 (as amended):** Produce recorded communications, including e-mail, instant messaging (such as, but not limited to, Slack and Teams), video recordings, and audio recordings by Lauren von Stackelberg and Michael Davis Velasco made at Expedia after June 1, 2020, which discuss race, sex, or diversity, equity or inclusion *in the context of* Expedia's workforce or hiring.

1. **Plaintiff's Position**

Expedia's position that the information sought in this Request is not relevant is contrary to the allegations on the face of Plaintiff's complaint and contrary to the law as explained above. Although Expedia has objected that this Request is overly broad and claims that it would be to burdensome to comply, these are impermissible boilerplate objections that are unsubstantiated by any actual data such as search term hit reports or an analysis of a sample of documents, or any cost estimates. Expedia, very belatedly and months after serving their Amended Responses to Plaintiff's First Requests for Production that were devoid of any details on searches performed and documents identified for review, has provided during meet and confers some incomplete information on searches it has ran and approximate documents identified for review, but because the information Expedia has belatedly provided is incomplete and cursory, it does not meet their burden of proving that Plaintiff's Requests are not proportionate to the needs of the case or that Expedia should otherwise be relieved of its obligation to identify and produce all responsive documents. Moreover, because Expedia

10

repeatedly refused to provide basic information on searches ran and results of such searches, their burden objections should be deemed waived.

### 2. Expedia's Position

Expedia objects to any searches of Laura von Stackelberg's communications (who left Expedia in 2021) for the reasons set forth above, and objects to searching Velasco's communications dating back to 2020 for the same reason. Velasco was the Chief Inclusion & *Diversity* Officer at Expedia from August of 2020 through June 2024. Inclusion & Diversity was a part of the work he did every day in that four-year period. As part of the meet and confer process, Expedia ran searches for the terms that Plaintiff has suggested, such as "diversity." Those searches result in an unmanageable number of hits and thousands of documents that have no relevance to this dispute. Expedia has run searches for the 2023 time period for Velasco with various combinations of terms and produced emails to and from him that include diversity summaries and objectives, but it is not reasonable to require Expedia to attempt to capture every comment by its Chief Inclusion & Diversity officer regarding inclusion and diversity over a four-year period simply because he interviewed Plaintiff one time and provided feedback (which has been produced).

---

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 3:

Granted: _____          Denied: _____

Modified as Follows:

---

E. **REQUEST FOR PRODUCTION NO. 9 (as amended):** Produce the most recent of the Company's still-unpublished 2023 Expedia Diversity Report, along with Michael Davis Velasco's (the document's author) recorded documents discussing the document.

1. **Plaintiff's Position**

Plaintiff substantially narrowed this Request in response to Expedia's initial objections, but despite that amendment, Expedia has yet to produce *any* documents from Davis Velasco discussing the 2023 Diversity Report, which Expedia says was part of its 2023 Global Impact Report. For example missing from Expedia's productions are any communications or documents regarding Davis Velasco's drafts, edits, or inputs to the Inclusion and Diversity section of that Global Impact Report, any communications discussing the race- and sex-based hiring data included in that Report, any analysis of that race- and sex-based hiring data or any follow-up or discussion within Expedia or otherwise once that report was made public, and no documents or communications regarding the apparent decision to go from a standalone Diversity Report as had been done in prior years, to a seven-page insert into the Global Impact Report. Davis Velasco's drafts, inputs, edits and communications about this Report are particularly relevant because they relate to information and data from the time when Plaintiff was interviewing at Expedia. A period of time when 30.7% of new hires in 2023 were "underrepresented" versus 22.3% in 2022, which Expedia missed is own public 25% racial minority hiring goal. For the reasons previously explained, Expedia's relevance and burden objections to identifying and producing the information sought in this Request are unavailing and should be rejected.

2. **Expedia's Position**

Expedia has produced the report, which was published in May 2024, has run searches for various I&D terms in Velasco's communications, and has stated its willingness to conduct additional searches for any substantive comments or analysis by Velasco regarding the data and information contained in the report. But Expedia objects to producing all drafts and communications made in

12

connection with the drafting of the report on relevance grounds. Similar to Expedia's objections to Plaintiff's request for all documents related to Expedia's I&D efforts, Expedia's corporate communications regarding the drafting of its Inclusion & Diversity report—in 2024—have no relevance to the single decision not to hire Plaintiff for its Global Sourcing position in 2023.

---

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 9:

Granted: _____          Denied: _____

Modified as Follows:

---

F.     **REQUEST FOR PRODUCTION NO. 10 (as amended):** Produce all documents sent to Michael Davis Velasco regarding any of the information on pages 4-10 of the 2022 Expedia Diversity Report, including before and after publication. This includes, but is not limited to, the racial composition of Leadership positions at the Company (as defined in the 2022 Diversity Report), the Company's 25% hiring for underrepresented identities, and the Company's gender balance hiring & employment goals.

   1.     **Plaintiff's Position**

Similar to Request No. 9, Expedia has produced no communications from Davis Velasco related to the 2022 Diversity Report either before or after that Report was published. This Report is particularly relevant because the 2022 Report was published in 2023 at or around the time that Plaintiff was interviewing for a position with Expedia, and it reflects Expedia's public position on diversity initiatives at the time Plaintiff interviewed and demonstrates that underrepresented individuals in at the leadership level for which Plaintiff was being considered had fallen short of Expedia's 25% goal. Again, Plaintiff substantially narrowed his Request to seek only documents and communications regarding pages 4-10 of the 2022 Diversity Report, which relate to the race- and sex-based hiring goals and the data being reported about those goals. For the reasons previously explained, Expedia's

relevance and burden objections to identifying and producing the information sought in this Request are unavailing and should be rejected.

**2.    Expedia's Position**

Plaintiff mischaracterizes the request—which is for "all documents sent to Michael Davis Velasco regarding any of the information on pages 4-10 of the 2022 Expedia Diversity Report." In response to the request, Expedia produced the monthly reports that Velasco received by email containing summaries of Expedia's diversity hiring statistics, and has searched for and produced various presentations and other materials that Velasco received related to Expedia's I&D initiatives during the 2023 time period. Finally, as noted above and set forth in note 2, Expedia has run searches of Velasco for various search terms related to Expedia's diversity goals and produced responsive documents, and is agreeable to running additional *targeted* searches for this time period to the extent they are reasonable.

<u>**Court's Ruling:**</u>

Motion to Compel regarding Request for Production No. 10:

Granted: _____            Denied: _____

Modified as Follows:

G.    **REQUEST FOR PRODUCTION NO. 11 (as amended):** Produce all documents which discuss or describe hiring criteria, hiring guidance, or the demographic composition for Leadership-level roles which were authored after January 1, 2022 and shared with or authored by Michael Davis Velasco, Peter Kern, or Allison Allen.

**1.    Plaintiff's Position**

These documents are relevant for the reasons previously explained – they go to the origination and implementation of the race- and sex-based hiring goals, the interpretation of those goals by Expedia's workforce, the motivation of individuals within Expedia in meeting those goals, and the

overall atmosphere regarding hiring in an intentionally race- and sex-based conscious company. This Request is particularly relevant because it was leadership roles, such as the one for which Plaintiff was being considered, where Expedia had seen a decline in its preferred race- and sex-based percentages precisely at the time that Plaintiff was interviewing and had his initial verbal offer of employment placed on hold and ultimately rescinded. Expedia's contention that searching for these highly relevant documents is too burdensome has not been substantiated as previously explained and should be deemed waived.

### 2. Expedia's Position

Expedia objects that "documents which discuss or describe hiring criteria, [or] hiring guidance" for Leadership-level roles—unrelated to Plaintiff's position—are not relevant. The "hiring criteria" *for another role* is not relevant to whether Expedia did not hire Plaintiff *for the Global Sourcing role* because of his race or sex. It is further unclear what types of documents Plaintiff is seeking and how Expedia would find such documents. With regard to "demographic composition," Expedia has produced its yearly reports setting forth the aggregate "demographic composition" of Leadership roles as wells as monthly summaries Velasco received with other demographic hiring data.

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 11:

Granted: _____          Denied: _____

Modified as Follows:

    H.    **REQUEST FOR PRODUCTION NO. 19 (as amended):** Produce any documents with calculations of what "Leadership" positions went to "underrepresented identities" in 2023 and 2022, including the source documents for those calculations, as defined by the Company in its 2022 Diversity Report. If such calculations never existed for 2023, they did for 2022 (see the Diversity Report, p. 9) and this RFP should be addressed as to that year.

    **1.**    **Plaintiff's Position**

As of the filing of this Advisory Expedia has not produced this information. It is Plaintiff's understanding that Expedia will be doing so, but so as not to waive this Request and to be certain this data will be forthcoming, Plaintiff is not withdrawing his motion to compel at this time.

    **2.**    **Expedia's Position**

Expedia has agreed to produce this information and is still in the process of collecting it.

---

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 19:

Granted: ____     Denied: ____

Modified as Follows:

---

    I.    **REQUEST FOR PRODUCTION NO. 20 (as amended)**: Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its 25% goal for "underrepresented identity" hiring as proclaimed in the 2022 Diversity Report that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates.

    **REQUEST FOR PRODUCTION NO. 21 (as amended):**
Produce written plans, instructions, strategies, or reports detailing how the Company intended to and/or planned to meet its binary gender goal as proclaimed in the 2022 Diversity Report that were shared with or written by Peter Kern, Michael Davis Velasco, or Davis Velasco's immediate subordinates.

16

### 1.     Plaintiff's Position

Similar to Requests 2, 3, 9, 10, and 11, what Plaintiff is seeking beyond the public reports and official training materials that Expedia has produced are the internal communications and draft documents regarding Expedia's plans, strategies, instructions, etc. for meeting Expedia's race- and sex-based hiring goals. These reports and training materials did not spring, fully developed, into existence. It is not plausible that there were no discussions, drafts, evaluations, etc. that would shed light on how these race- and sex-based policies were developed, implemented, analyzed, and understood. Expedia's relevance and burden objections to searching for and producing the requested materials should be rejected for the reasons previously explained.

### 2.     Expedia's Position

Expedia has produced the "plans, instructions, strategies, or reports" regarding how it planned to meet its I&D objectives. Plaintiff fails to articulate how the "discussions, drafts, evaluations, etc." *related* to those plans that preceded Expedia's formation and publication of its I&D initiatives and policies are relevant to the question that the jury will be asked in this lawsuit—whether Expedia made the decision not to hire Plaintiff based on his race and/or gender. To the extent that Plaintiff wants to point to Expedia's aspirations and diversity goals as evidence of discrimination, all of those policies, reports, and training materials have been produced. To the extent that Plaintiff wants to argue that Velasco's feedback from his single interview of Plaintiff was motivated by data regarding Expedia's hiring statistics as compared to those aspirations, that data has been produced. To the extent that Plaintiff wants to argue that there were discussions regarding Expedia's progress toward those goals during the time that Plaintiff was considered for the position, or other discussions of the race or gender of Plaintiff or the other candidates for that position, Expedia has run searches for such documents, and is willing to run additional searches to the extent they are reasonable. But discussions by non-decision-makers about Expedia's general I&D policies that occurred well outside of the time

period in which Plaintiff was considered for the position are not relevant, and as set forth above, the burden of searching for and reviewing such documents would outweigh any possible benefit.

**Court's Ruling:**

Motion to Compel regarding Request for Production Nos. 20 and 21:

Granted: \_\_\_\_  Denied: \_\_\_\_

Modified as Follows:

**J.  MOTION TO STRIKE (Dkt. 56)**

Expedia has agreed to withdraw its Motion to Strike, as many of the issues addressed in the objected-to exhibits have been rendered moot by the narrowing of the issues in the meet and confer process.

Respectfully submitted,

By: *Nicole Jo Moss*
Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Brian W. Barnes, Esq. CO #43040*
Samuel D. Adkisson, Esq. VA #93362*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com
202-220-9600

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN#37357-45*
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501

  alex@liebmannlaw.net
  maxschreiber145@gmail.com
  845-270-3843


  Nicholas R. Barry, Esq. TN #031963*
  Jacob Meckler, Esq. DC #90005210*
  America First Legal Foundation
  611 Pennsylvania Ave SE #231
  Washington, D.C. 20003
  Nicholas.barry@aflegal.org
  Jacob.meckler@aflegal.org
  202-964-3721

  *Pro Hac Vice*

*Counsel for Plaintiff*

  SCOTT DOUGLASS & MCCONNICO LLP
  303 Colorado Street, Suite 2400
  Austin, Texas 78701
  (512) 495-6300 Telephone
  (512) 495-6399 Facsimile

  By: *Amy Lee Dashiell*
   David D. Shank
   Texas Bar No. 24075056
   dshank@scottdoug.com
   Amy Lee Dashiell
   Texas Bar No. 90001564
   adashiell@scottdoug.com
   Lauren Ditty
   Texas Bar No. 24116290
   lditty@scottdoug.com
   Robert P. Earle
   Texas Bar No. 241245566
   rearle@scottdoug.com

*Counsel for Defendant*

4856-8271-3066

## **CERTIFICATE OF SERVICE**

  I certify that on September 30, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

                /s/ *Nicole J. Moss*
                Nicole J. Moss
                Counsel of Record

4856-8271-3066