**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| MICHAEL KASCSAK, <br><br> *Plaintiff*, <br><br> v. <br><br> EXPEDIA, INC., <br><br> *Defendant*. | Case No.: 1:23-cv-01373-DII <br><br> **PLAINTIFF'S OPPOSED MOTION TO ALTER/EXTEND THE AGREED SCHEDULING ORDER DEADLINES** |

Plaintiff Michael Kascsak ("Plaintiff"), by and through counsel, respectfully submits this Motion to Alter/Extend the previously Agreed Scheduling Order deadlines in this case, Doc. 27, entered on April 9, 2024. In support of this motion, Plaintiff states as follows:

1.      Under the current Scheduling Order, discovery in this matter closes on December 13, 2024, and all dispositive motions must be filed on or before January 17, 2025. *See* Doc. 27 at 2. Plaintiff, however, has yet to receive fulsome discovery responses from Defendant Expedia, Inc. ("Defendant") to Requests for Production that were first served on Defendant on March 3, 2024, and to subsequent Requests that were served in the months following. Defendant objected to many of these Requests on the grounds that Plaintiff was allegedly seeking documents that were not relevant to any claim or defense in this case. Defendant took the position, with very limited exceptions, that only documents that directly referenced the Plaintiff or the Global Sourcing Position at issue in this case, and Defendant's public reports on diversity hiring were relevant. Defendant refused to produce internal communications about its diversity policies, its stated goals of having 25% of its hiring be underrepresented individuals ("URI") and 50% women, and any nonpublic directives, reports, plans, discussions, etc. about how Expedia was performing with

1

respect to those goals, responding to data showing Expedia was not achieving its stated goals, and internal complaints or concerns about those goals. This despite the fact that Plaintiff has alleged that Expedia's race- and sex-based hiring goals, targets, and policies were a but-for cause of the discrimination that he suffered in this case.

2.      Despite numerous meet and confers with defense counsel and Plaintiff's citation to the overwhelming body of caselaw making clear that the type of information Plaintiff is seeking is relevant in discrimination lawsuits brought under Title VII and §1981, Defendant refused to produce the requested information on relevancy grounds until the Court ordered it to do so following the filing of a Motion to Compel by Plaintiff. *See* Order, Doc. 66 (Oct. 3, 2024).

3.      At the hearing on Plaintiff's Motion to Compel, Defendant requested and was given 45 days, until November 18, 2024, in which to identify and produce the responsive documents it has been withholding on relevancy grounds. *See id.* at 2. Defendant has represented that the production will be substantial in size. Once that production is received, and assuming it is complete and complies with the Court's Order, Plaintiff will need time to review the additional documents being produced in order to prepare for depositions of Expedia's employees. Plaintiff currently contemplates taking all ten depositions allowed under FED. R. CIV. P. 30(a)(2). Under the current scheduling order this would leave Plaintiff less than one month to review what will presumably be a large additional production of documents and to use those documents to prepare for and to take all of Plaintiff's depositions, including a FED. R. CIV. P. 30(b)(6) deposition of the Defendant.

4.      Requiring Plaintiff to review and conduct depositions in this tight timeframe would be prejudicial, particularly since the delay in receiving the discovery to which he is entitled was not of Plaintiff's making. Plaintiff served his initial Requests for Production shortly after the parties' Rule 26(f) conference; he revised his initial Requests in response to objections made by

Defendant the day after those objections were received on April 2, 2024; his counsel met and conferred numerous times with defense counsel in an effort to resolve discovery disputes; and Plaintiff filed his Motion to Compel, Doc. 50, on July 24, 2024 five months before the agreed discovery deadline.

5.      Defendant has proposed moving the discovery deadline to January 10, 2025 and conducting expert depositions in February 2025. But this proposal fails to mitigate the substantial prejudice to Plaintiff. This extension of the discovery deadline would come over the Christmas and New Year's holidays, is too short, and most importantly, would leave Plaintiff with just one week to have received all deposition transcripts and to prepare his summary judgment motion prior to the current January 17, 2025, dispositive motion deadline. The current Scheduling Order contemplates that the parties will have a month from the close of discovery to when dispositive motions must be filed. *See* Doc. 27 at 2. Plaintiff should not be forced to prepare such an important motion on such a shortened timeframe, where Defendant refused to produce all of the documents to which Plaintiff is entitled.

6.      For all of these reasons, Plaintiff is requesting that the Court alter/extend the Scheduling Order in this case to give the parties until **February 14, 2025** to complete discovery and until **March 21, 2025** to file dispositive motions. Plaintiff has no objection to the trial date remaining as is but understands that this request to alter/extend the deadlines may mean that the current trial date of June 16, 2025, *see id.* at 3, will have to be moved to provide the Court with the five months previously allotted for the Court to consider the parties' dispositive motions. If the trial date does need to be moved, then the Plaintiff requests that the discovery and dispositive motion deadlines likewise be extended to keep the current amount of time between the close of discovery, the dispositive motion deadline and the trial.

7.    Plaintiff has met and conferred with Defendant about this motion, and as noted above, Defendant opposes moving the dispositive motion deadline and trial date in this matter.

## CONCLUSION

For the reasons stated herein, to avoid the substantial prejudice that would befall Plaintiff through no fault of his own, this Court should grant Plaintiff's Motion to Alter/Extend the Scheduling Order deadlines in this case to allow Plaintiff sufficient and fair time to receive the documents owed to him by Defendant, to review those documents and complete discovery, and to prepare his summary judgment motion.

Respectfully submitted on this 16th of October, 2024.

/s/ *Nicole J. Moss*

Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Brian W. Barnes, Esq. CO #43040*
Samuel D. Adkisson, Esq. VA #93362*
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com
202-220-9600

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN#37357-45*
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com
845-270-3843

Nicholas R. Barry, Esq. TN #031963*
Jacob Meckler, Esq. DC #90005210*
America First Legal Foundation

611 Pennsylvania Ave SE #231
Washington, D.C. 20003
nicholas.barry@aflegal.org
jacob.meckler@aflegal.org
202-964-3721

\* *Pro Hac Vice*

**PROOF OF SERVICE**

I hereby certify that on October 16th, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

/s/ *Nicole J. Moss*

Nicole J. Moss
Counsel of Record