UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KASCSAK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:23-cv-1373-DII |
| § | |
| **EXPEDIA, INC.,** § | |
| § | |
| Defendant. § | |

### DEFENDANT EXPEDIA, INC.'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO ALTER/EXTEND THE AGREED SCHEDULING ORDER DEADLINES

Defendant Expedia, Inc. ("Expedia") files this Response to Plaintiff's Opposed Motion to Alter/Extend the Agreed Scheduling Order Deadlines (Dkt. 67). Plaintiff has failed to show good cause for modifying the dispositive motion deadline and the trial setting, and the Court should accordingly deny Plaintiff's request to amend the parties' Agreed Scheduling Order deadlines.

While Defendant does not oppose extending the discovery deadline up until the January 17, 2025 dispositive motion deadline—and has offered to do so to accommodate Plaintiff—Defendant opposes extending the dispositive motion deadline, particularly if doing so would require a continuance of the July 16, 2025 trial setting. Under the current deadlines, the parties have more than enough time to complete discovery. This lawsuit was filed almost a year ago and discovery has been ongoing for almost eight months. To date, Plaintiff has served *six* sets of requests for production on Expedia—103 requests, along with interrogatories and request for admission. Extending the discovery deadline to January 17, 2025 provides Plaintiff with nearly three months to complete document review and depositions. That is more than enough time, particularly given the size of Plaintiff's legal team.

A. **Plaintiff has failed to show good cause for modifying the dispositive motion deadline and the trial setting.**

"Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). While Plaintiff does not mention the good cause standard once in his motion, he argues that the Court should modify the parties' agreed dispositive motion deadline and the trial setting because Judge Howell partially granted Plaintiff's motion to compel, ordering Expedia to produce additional correspondence and communications surrounding Expedia's inclusion and diversity policies, but limited the requests to a much shorter time frame than Plaintiff requested.[1] Documents responsive to Plaintiff's requests—within the new Court-ordered date range—will be produced by November 18.

Plaintiff cannot meet his burden to show that there is good cause to move the dispositive motion deadline simply because Expedia objected in good faith to producing documents on relevance grounds, particularly since Judge Howell agreed that the time period Plaintiff proposed was too expansive. Defendant's proposed schedule allows for more than enough time to finish discovery before the dispositive motion deadline, and Plaintiff fails to articulate how additional discovery is relevant to any dispositive motion he plans to file in this case so as to justify moving the parties' agreed deadline.

---

[1] Expedia objected on relevance grounds to producing documents outside of the relevant time period from custodians not involved in the hiring decision at issue and refused to accede to Plaintiff's demand for "discovery on discovery." *See* Dkt. 50 (Motion) and Dkt. 51 (Response). Judge Howell denied Plaintiff's request for discovery on discovery, observing at the hearing that he had no reason to believe that the parties were not conducting discovery in good faith. The Court further limited Plaintiff's expansive discovery requests, which sought all documents, communications, drafts, and messages related to Expedia's Inclusion and Diversity initiatives from *June 2020* to the present—nearly three years before Plaintiff even applied to the Global Sourcing role at issue. Judge Howell narrowed the scope of Plaintiff's requests and cabined the relevant time period to *January 1, 2022* to the present.

**B.    Plaintiff has ample time to review Expedia's supplemental production and finish discovery.**

This is a single failure to hire case. In response to Plaintiff's voluminous requests, Expedia has already produced (i) all of the notes, feedback, emails, and other communications regarding the potential hire of the Global Sourcing position for which Plaintiff applied (both related to Plaintiff and to all the other applicants); (ii) all hiring and inclusion and diversity ("I&D") policies, reports, training materials, and informational materials that describe Expedia's hiring process, plans, and strategies; and (iii) Expedia's monthly hiring statistics (which include diversity metrics) that Plaintiff points to as relevant to his claims.

Expedia will make an additional document production on November 18 that will include communications and other documents related to its I&D policies going back more than a year before Plaintiff even applied for the position at issue, and has already agreed to move the December 13, 2024 discovery deadline until mid-January to account for this additional production. Under Expedia's proposed compromise, Plaintiff's eight lawyers will have approximately two months to review Expedia's November 18 production and take any necessary depositions. While Plaintiff now says he "contemplates taking all ten depositions allowed under Fed. R. Civ. P. 30(a)(2)," to date, he has only discussed taking <u>six</u> depositions of Expedia fact witnesses: Michael Velasco, Lisa Christensen, Allison Allen, Sarah Sanderson, Peter Kern,[2] and a corporate representative. Expedia hopes to complete its depositions of Plaintiff and his listed witnesses in November, which leaves December and early January for Plaintiff to depose his requested witnesses. Even accounting for the Christmas holiday, it should not be difficult to complete five or six depositions in over five weeks, especially given the size of Plaintiff's legal team.

---

[2] Peter Kern is Expedia's former CEO. Plaintiff does not have any grounds to take this apex deposition and Expedia will oppose any request to depose Mr. Kern.

3

Extending the discovery deadline in this case until February 14, 2025 and the dispositive motion deadline to March 21, 2025, as Plaintiff proposes, only incentivizes Plaintiff to continue his fishing expedition into Expedia's I&D policies at large and attempt to increase costs and justify a delay. Indeed, just two days after filing this Motion, Plaintiff served his Sixth Request for Production on Expedia, seeking more documents relating to Expedia's policies and procedures that have no relation to the hiring decision at issue in this case. Plaintiff's counsel has adopted a scorched-earth approach (as apparent from its *six* sets of requests for production) that far exceeds the bounds of relevancy and proportionate discovery, forcing Expedia to spend thousands of dollars in attorney review and third-party document management costs. Granting Plaintiff's requested extension and potentially continuing the trial date to allow them to continue this practice will only exacerbate this problem.

### C.  Plaintiff's Motion amounts to a premature Rule 56(d) motion.

Expedia does not need any additional time to file a motion for summary judgment (should it file one) by the January 17, 2025 deadline, and to the extent Plaintiff anticipates needing additional time to respond to any dispositive motion filed by Expedia, Plaintiff can seek and Expedia would not oppose a reasonable extension of his response deadline.

Seeking to move the dispositive motion deadline now because Plaintiff anticipates needing more time for discovery is premature. "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (*quoting Stults v. Conoco, Inc.,* 76 F.3d 651, 657–58 (5th Cir. 1996)). "[N]on-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714

4

F.3d 887, 894 (5th Cir. 2013) (internal quotations omitted). "Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (internal quotations omitted). Plaintiff's Motion fails to articulate the specific, additional discovery that Plaintiff contends he needs to respond to Expedia's motion for summary judgment, much less explain how that discovery "will influence the outcome of the pending summary judgment motion," *id.*, nor could he, because Expedia has not filed that motion.

Now, Plaintiff says he plans on filing *his own dispositive motion*. Pl.'s Mot., Dkt. 67, at 3. Expedia cannot imagine what grounds there would be for Plaintiff to file his own dispositive motion in this case, but even assuming Plaintiff plans to file such a motion, he fails to identify what additional discovery is needed or how additional discovery would help him to establish some claim or defeat some defense in this case *as a matter of law*. In fact, Plaintiff's claims as pleaded rest on his insistence that Expedia's inclusion and diversity policies are "*facially* discriminatory" and "*per se* evidence of racial discrimination"[3]—a claim that Expedia disputes—but regardless, Plaintiff already has the documents to make that claim should he wish to do so: Plaintiff has had Expedia's Inclusion & Diversity policies, reports, strategies, training materials, and information materials that describe its policies—the policies Plaintiff contends are *per se* evidence of racial discrimination—for months.

### D. If the Court moves the dipositive motion deadline, Expedia requests that the Court keep the June 16, 2025 trial setting.

The June 16, 2025 trial date has been cleared by Expedia and its witnesses, and its counsel has other trial settings in 2025, complicating any attempt to move the trial date.[4] Should the Court grant

---

[3] *See* Pl.'s Am. Compl., Dkt. 8, at ¶ 78.

[4] Expedia counsel Amy Dashiell has trial settings on July 14, 2025, August 25, 2025 and (tentatively) on November 3, 2025; and Lauren Ditty has a trial setting on July 7, 2025.

Plaintiff additional time to file dispositive motions, Expedia respectfully requests that the Court keep the June 16, 2025 trial setting.

## CONCLUSION

Expedia requests that the Court deny Plaintiff's Opposed Motion to Alter/Extend the Agreed Scheduling Order Deadlines. Expedia has agreed to move the discovery deadline from December 13, 2024 until January 17, 2025. Plaintiff has failed to articulate why his eight lawyers cannot review documents from Expedia's November 18 production or take the depositions needed for dispositive motion practice in that nearly two-month timeframe. Should the Court grant Plaintiff's request to extend the discovery and dispositive motion deadlines, Expedia respectfully requests that the Court keep the June 16, 2025 trial setting.

        Respectfully submitted,

        SCOTT DOUGLASS & McCONNICO LLP
        303 Colorado, Suite 2400
        Austin, Texas  78701-2589
        512-495-6300
        512-495-6399 Fax

        By:    */s/ Amy Lee Dashiell*
                  David D. Shank
                  Texas Bar No. 24075056
                  dshank@scottdoug.com
                  Amy Lee Dashiell
                  Texas Bar No. 90001564
                  adashiell@scottdoug.com
                  Lauren Ditty
                  Texas Bar No. 24116290
                  lditty@scottdoug.com

        *Counsel for Defendant Expedia, Inc.*

4866-8383-7169

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501

Adam P. Laxalt
Brian W. Barnes
Nicole J. Moss
Samuel D. Adkisson
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washing, DC 20036

Jacob Meckler
Nicholas R. Barry
America First Legal.
611 Pennsylvania Ave SE #231
Washing, DC 20003

*Counsel for Plaintiff Michael Kascsak*

/s/ *Amy Lee Dashiell*
Amy Lee Dashiell

7

4866-8383-7169