UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC.,<br><br>*Defendant*. | Case No.: 1:23-cv-01373-DII<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION TO ALTER/ EXTEND THE AGREED SCHEDULING ORDER DEADLINES** |

Plaintiff Michael Kascsak respectfully submits this Reply in Support of his Motion to Alter/Extend the Agreed Scheduling Order Deadlines, Doc. 67 (Oct. 16, 2024) ("Motion"). Good cause exists for modifying the discovery and dispositive motion deadlines. And Expedia's countervailing arguments are not persuasive. This Court should grant Plaintiff's Motion and give the parties until February 14, 2025, to complete discovery and until March 21, 2025, to file dispositive motions. This modest extension of time will permit full and fair development of the factual record, while keeping the case on track for timely resolution.

1. Good cause exists to modify the discovery and dispositive motion deadlines. *See* FED. R. CIV. P. 16(b)(4). Plaintiff served his initial requests for production on March 3, 2024, and subsequent requests for production over the following months. Expedia refused to produce broad categories of documents, mostly pertaining to its diversity policies. Expedia insisted that these documents were not relevant. Plaintiff filed a motion to compel on July 24, 2024. Doc. 50. The Court referred the motion to Judge Howell. Doc. 59 (Aug. 20, 2024). And Judge Howell granted the motion with respect to almost all of the disputed requests (limiting discovery to January 1, 2022, onward for certain items and dismissing without prejudice Plaintiff's request for search

1

terms and custodians pending production of the documents Expedia has been withholding). Doc. 66 (Oct. 3, 2024). Judge Howell ordered the production of these documents by November 18, 2024. *Id.* at 2.

As Plaintiff noted in his Extension Motion, Expedia has indicated that this production will be substantial in size. Expedia does not dispute this premise in its Response. Additionally, the logic of Judge Howell's ruling will require the supplementation of various other discovery responses in this case. Plaintiff has conferred about this with Expedia and believes such supplementation will occur on November 18, but if it does not, further motion practice will be necessary. Under the current Scheduling Order, however, discovery closes December 13, 2024, and dispositive motions are due January 17, 2025. This would give Plaintiff just 25 days—from November 18 to December 13—to review a large number of documents, take all necessary depositions, and defend any depositions that Expedia schedules. Doing so is not feasible and would work substantial prejudice on the Plaintiff, who requested the withheld materials long ago, moved to compel production in July, and has himself complied with broad and invasive discovery requests from Expedia.

Expedia disagrees about the existence of good cause. It says that Plaintiff cannot show good cause because Expedia "objected in good faith" to the now-ordered production. Expedia's Response Br., Doc. 68 at 2 (Oct. 23, 2024) ("Response"). But even assuming that Expedia is right about the bases for its objection—and Plaintiff respectfully believes the record tells a different story—that does nothing to undermine the litigation realities that now exist, and the good cause that they create. Plaintiff's proposed discovery deadline of February 14, 2025, would give the parties adequate time to complete discovery, while ensuring that the case moves forward at a prompt pace.

2.   Expedia's counterproposal is not workable. Expedia says the new discovery

deadline should be January 17, 2025, and that dispositive motions should be due that same day. *See* Response at 6. That is untenable. First, for the reasons discussed in Plaintiff's Motion, it would be exceedingly difficult to review all of Expedia's documents and conduct all depositions by January 17, 2025. That is especially so given the intervening holiday season, and the difficulty of scheduling depositions around the holidays. Second, Expedia's proposal would give Plaintiff no time between the close of discovery and the filing of dispositive motions. There would be little time for Plaintiff to incorporate discovery from the preceding weeks, for example, or even to receive deposition transcripts and prepare exhibits. Under the proposal, Expedia could theoretically take a deposition or produce documents on the final day of the discovery, which the parties would then be obliged to account for in their dispositive-motion filings that very same day. Such a timeline is unworkable. And it highlights the extent to which Expedia's proposal would prejudice the Plaintiff.

     3.     Expedia suggests that an extension of the dispositive motion deadline is not warranted because it "cannot imagine what grounds there would be for Plaintiff to file his own dispositive motion in this case." *Id.* at 5. But summary judgment is warranted whenever "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule applies in discrimination cases just the same as others. And it applies to plaintiffs just the same as defendants. Indeed, the Supreme Court has directed lower courts to grant summary judgment for plaintiffs when race-conscious decision making—like Expedia's—is at issue. *See, e.g.*, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (directing summary judgment in Title VII case). So it hardly suffices to suggest that Plaintiff does not need time to craft a careful and sound summary judgment filing.

     Expedia's only response is to say that Plaintiff already has everything he needs for his

summary judgment filing, since he contends Expedia's policies are "facially" discriminatory and "per se" evidence of racial discrimination. Response at 5 (emphasis omitted). Were Expedia willing to concede that its policies reflect intentional racial discrimination and were the but-for-cause of Plaintiff's adverse employment action, then it may well be appropriate to truncate discovery. But assuming Expedia is not willing to do so, Plaintiff must be allowed to develop confirmatory evidence showing Expedia's intent and the relationship between its policies and the employment decision at issue. That is precisely what he is trying to do through the discovery process.

      4.      Relatedly, Expedia argues that the Plaintiff has filed "a premature Rule 56(d) motion." *Id.* at 4. But Rule 56(d) is inapposite. It governs situations where "a nonmovant"—that is, a party opposing summary judgment—submits an "affidavit or declaration" showing "that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. FED R. CIV. P. 56(d). In such situations, courts have a variety of options. They may defer consideration of a summary judgment motion, deny the motion, permit supplemental discovery, or issue other appropriate orders. *Id.* Rule 56(d) is a backstop for when discovery fails or circumstances change prior to summary judgment. It is not the proper device for seeking an extension of a scheduling order's deadlines prior to the close of discovery. Instead, Rule 16(b)(4) and its "good cause" standard control—as Expedia recognizes elsewhere in its brief. *See* Response at 2. That is the appropriate standard, and Plaintiff has satisfied it here.

      5.      Finally, Expedia misses the mark with what seem to be its equitable arguments. Expedia suggests—without developing the point—that an extension is not warranted because the Plaintiff has "adopted a scorched-earth approach." *Id.* at 4. The thrust of Expedia's objection seems to be that the Plaintiff has acted unreasonably by filing six sets of requests for production,

4

amounting to 103 requests in total. *Id.* at 1. Expedia's allegations are sorely misplaced. Early in this case, and over the course of numerous meet-and-confers, Plaintiff proposed working with Expedia to develop a limited set of e-discovery custodians and search terms. This has become standard practice in federal court. But Expedia flatly refused. It declined to negotiate over—or even disclose—the custodians and databases that would be searched, or the search terms that would be used. *See generally* Mot. to Compel, Doc. 50 at 1–5 (Aug. 24, 2024). This has resulted in a piecemeal approach to discovery, and at significant cost to the Plaintiff (in terms of both time and resources). What's more, Expedia has served more than 175 requests for production on the Plaintiff and third parties in this case. Indeed, just last week Expedia served 38 requests on Plaintiff's *wife*. In Plaintiff's view, good cause exists for an extension given the work-a-day realities of the discovery timeline. But to the extent equities matter, they cut decisively in Plaintiff's favor.

## CONCLUSION

For the reasons stated in Plaintiff's Motion and this Reply, the Court should alter and extend the Scheduling Order, Doc. 27 (Apr. 9, 2024), by shifting the close of discovery to **February 14, 2025**, and the dispositive motion deadline to **March 21, 2025**.

Dated: October 30, 2024                                  Respectfully submitted,

/s/ *Nicole J. Moss*

Nicole J. Moss, Esq. NC #31958\*
Adam P. Laxalt, Esq. NV #12426\*
Brian W. Barnes, Esq. CO #43040\*
Samuel D. Adkisson, Esq. VA #93362\*
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com

Tel: (202) 220-9600  
Fax: (202) 220-9601  

Alexander Liebmann, Esq. FL #1032726  
Max Schreiber, Esq. IN#37357-45*  
Liebmann & Liebmann, P.A.  
714 N. Spring St.  
Pensacola, FL 32501  
alex@liebmannlaw.net  
maxschreiber145@gmail.com  
845-270-3843  

Nicholas R. Barry, Esq. TN #031963*  
Jacob Meckler, Esq. DC #90005210*  
America First Legal Foundation  
611 Pennsylvania Ave SE #231  
Washington, D.C. 20003  
nicholas.barry@aflegal.org  
jacob.meckler@aflegal.org  
202-964-3721  

* *Pro Hac Vice*

## PROOF OF SERVICE

I hereby certify that on October 30th, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

/s/ *Nicole J. Moss*
Nicole J. Moss
Counsel of Record
