IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL KASCSAK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-1373-DII |
| EXPEDIA, INC., et al., | § § § | |
| Defendants. | § | |

**ORDER**

    Before the Court is Plaintiff Michael Kascsak's ("Plaintiff") Opposed Motion to Alter/Extend the Agreed Scheduling Order Deadlines. (Dkt. 67). Defendant Expedia, Inc. ("Defendant"), the only remaining defendant, filed a response, (Dkt. 68), and Plaintiff replied, (Dkt. 70). After considering the parties submissions and the relevant law, the Court will grant in part and deny in part Plaintiff's motion. The Court will grant additional time to conduct discovery and file dispositive motions but will set alternative dates to those the parties propose.

    On July 24, 2024, Plaintiff filed a motion to compel discovery. (Dkt. 50). The motion was referred to United States Magistrate Judge Dustin Howell. (Dkt. 59). Judge Howell held a hearing and ultimately granted in part and denied in part Plaintiff's motion. (Dkt. 66). Judge Howell ordered Defendants to produce the compelled discovery on or before November 18, 2024. (*Id.*). Plaintiff filed the instant motion on October 16, 2024, requesting the deadline for the close of all discovery to be moved from December 13, 2024, to January 17, 2025, and requesting the deadline to file dispositive motions be moved from January 17, 2025, to March 21, 2025. (Dkt. 67). Plaintiff argues he needs additional time to examine the discovery he expects from Defendants on November 18 and cannot examine that production in preparation for depositions and conduct those depositions by the current December 13 deadline. (*Id.*). Plaintiff further argues he will then need additional time

1

after the close of discovery to prepare dispositive motions. (*Id.*). Defendant opposes Plaintiff's proposed deadlines but does not oppose extending the close of discovery to January 17, 2025, the same day as the current deadline for dispositive motions. (Dkt. 68). Defendant opposes moving the current June 16, 2025, trial setting. (*Id.*). Plaintiff replies that Defendant's proposal of a January 17 deadline for both the close of discovery and dispositive motions is inadequate for him to complete discovery and file dispositive motions, especially considering the holiday season. (Dkt. 70).

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

The Court finds good cause to extend the discovery and dispositive motions deadlines. It took several months to resolve Plaintiff's Motion to Compel, (Dkts. 50; 66), delaying the progress of discovery. Further, Defendant does not dispute the production may be substantial in size, and not providing Plaintiff adequate time to examine this production and prepare for depositions accordingly would render the motion practice and production futile. The Court also agrees with Plaintiff that setting the deadline to close discovery and file dispositive motions on the same day is impractical, as discovery informs the motions.

However, the Court acknowledges Defendant's concerns over keeping the litigation on track for the June 16, 2025, trial date. Accordingly, the Court will extend discovery until January 31, 2025, and extend the deadline to file dispositive motions to February 21, 2025. The June 16, 2025, trial

setting remains. With these new deadlines, Plaintiff has sufficient time to conclude discovery and prepare dispositive motions, and Defendant is not prejudiced by discovery far beyond its agreed extension or by a new trial date.

Accordingly, **IT IS ORDERED** that Plaintiff's Opposed Motion to Alter/Extend the Agreed Scheduling Order Deadlines is **GRANTED IN PART AND DENIED IN PART**. An extension is **GRANTED** but Plaintiff's proposed deadlines are **DENIED**.

**IT IS FURTHER ORDERED** that the parties will **conclude discovery on or before January 31, 2025**, and the parties will **file any dispositive motions on or before February 21, 2025**.

**SIGNED** on November 7, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE