Attorney Work Product, *Kascsak v. Expedia Inc. & Michael Davis Velasco*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPEDIA, INC., AND MICHAEL DAVIS VELASCO,<br><br>*Defendants*. | Case No.: 1:23-cv-01373-DII |

## PLAINTIFF MICHAEL KASCSAK'S INITIAL DISCLOSURES UNDER RULE 26(a)

Plaintiff Michael Kascsak serves these Initial Disclosure obligations upon Defendants Expedia, Inc., and Michael Davis Velasco pursuant to the Federal Rules of Civil Procedure. The initial Witness List is complete to the extent Kascsak intends to call such witnesses for the foregoing mentioned reasons as of today; however, he reserves the right to call additional witnesses based on new or additional information and/or relevancy in the future. Kascsak has already provided all documents, electronically stored information, and tangible things in his possession, custody, or control he may use to support its claims as Exhibits to the Complaint (Dkt. 8) or his Response to Defendants' Motion to Dismiss (Dkt. 13), other than two images attached with this document of anxiety-induced lesions on his hands (dated December 26, 2024) and his current employment contract. Finally, Kascsak attaches a computation of damages to this document below. For the purpose of proving damages, Kascsak's medical records are on file with witnesses 10, 11, and 12 (listed below) and he will be providing a release form for them as requested by Defendants'



EXHIBIT A

Attorney Work Product, *Kascsak v. Expedia Inc. & Michael Davis Velasco*

Request for Production. Kascsak does not have any relevant insurance policies to provide Defendants in accordance with Rule 26(a).

Respectfully submitted on this THIRD of MARCH, 2024,

//s Alex Liebmann_____

Alexander Liebmann, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Ashley Courtney, Esq.
Barred in the Western District of Texas
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
FL #1030747
ashleycourtney@protonmail.com
850-781-2109

Max Schreiber, Esq.*
**pro hac vice*
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

Attorney Work Product, *Kascsak v. Expedia Inc. & Michael Davis Velasco*

## PROOF OF SERVICE

I hereby certify that on March 3, 2024, I served a copy of the foregoing on the Parties' attorneys by email.

> */s/Alex Liebmann*
> Alex Liebmann
> Counsel of Record

Attorney Work Product, *Kascsak v. Expedia Inc. & Michael Davis Velasco*

## **Kascsak Initial Witness List**

1. Michael Kascsak (to support all claims, elements, and damages), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. Jiman Kascsak (knowledge of effect of adverse action on Plaintiff for damages), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. Michael Davis Velasco (to support all claims, elements, and damages), address and phone unknown

4. Peter Kern (knowledge of systemic discrimination on the basis of sex and (particularly) race at Expedia), address and phone unknown

5. Allison Allen (knowledge as to Plaintiff's hiring process and all corporate directives implicating it), address and phone unknown

6. Bernita Dillard (potentially the person who ultimately got the pertinent job), address and phone unknown

7. Lisa Christensen (knowledge of Kascsak's hiring process), address and phone unknown

8. Kristin Stencil (knowledge of Kascsak's hiring process and specifically Davis Velasco's handling of it), address and phone unknown

9. David Krant (knowledge of effect of adverse action on Plaintiff for damages), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. Lyra Health (Provider: Tracey Klein) (to show Plaintiff's state of mind before the adverse action and testify to its effect on him), 270 East Ln Burlingame, CA 94010, telephone unknown [Note: this was a virtual provider, so corporate HQ is listed]

11. Crystal Falls Family Medicine (to show Plaintiff's state of mind before the adverse action and testify to its effect on him 3550 LAKELINE BLVD Suite 200, LEANDER, TX 78641, 512-986-7372

12. Clear Water Psychiatry & Wellness (Provider: TBD) (to evaluate the effect of the adverse action on Kascsak and prove damages), 1600 W 38th St #318, Austin, TX 78731, 512 203-3588

Attorney Work Product, *Kascsak v. Expedia Inc. & Michael Davis Velasco*

## **Kascsak Initial Exhibit List**

Kascsak has already provided all documents, electronically stored information, and tangible things in his possession, custody, or control he may use to support its claims as Exhibits to the Complaint (Dkt. 8) or his Response to Defendants' Motion to Dismiss (Dkt. 13), other than two images of anxiety-induced lesions on his hands (dated December 26, 2023) and his current employment contract. He attaches both with this document. For the purpose of proving damages, Kascsak's medical records are on file with witnesses 10, 11, and 12 above and he will be providing a release form for them as requested by Defendants' Request for Production.

level executive. Due to Defendants' actions and this resulting lawsuit, Kascsak will immediately be precluded from many of our nation's most elite and generous employers simply due to the fact he exercised his right to not be discriminated against.

At this stage, Kascsak has no obligation under Rule 26(a)(1)(C) to provide a calculation of damages sought for mental anguish or emotional pain and suffering, *Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000). However, Kascsak intends to testify and prove various facts that will get at least maximum non-pecuniary compensatory damages ($300,000) under Title VII: First, he will provide testimony that Expedia's adverse action severely worsened his existing diagnosed anxiety, resulting in increased medication and unintentional self-harm from anxiety-induced scratching. He also suffered from sleeplessness, loss of confidence and loss of enjoyment of life. He is the sole breadwinner in his family so Expedia's adverse action put immense pressure on him especially given he lost his job at Google. Expedia's decision not to follow through on an offer created significant and unnecessary stress and worry, too. The devaluing interview experience Expedia put him through has also caused Kascsak to question his own value as an employee, something for which he derives immense self-worth and pride and a key source of his daily happiness. Kascsak will be able to testify to all of these issues himself, along with his wife, his friend David Krant, and his doctors. *Cf. Jackson v. Host Int'l, Inc* (awarding maximum compensatory damages).

**Punitive Damages (at least $300,000; if won under only Title VII, must be added with compensatory damages and capped @ $300,000)**

Both Title VII and § 1981 also allow for punitive damages, and there is no prerequisite that compensatory damages be awarded, too, to get punitives. *Abner v. Kan. City S. R.R. Co.*, 513 F.3d 154, 160 (5th Cir. 2008). Title VII allows punitive damages if the employer discriminated "with malice or with reckless indifference to the federally protected rights of an aggrieved individual,"