## **PLAINTIFF MICHAEL KASCSAK'S REQUEST FOR PRODUCTION RESPONSES**

Plaintiff Michael Kascsak timely and in good faith replies to Defendants' Requests for Production (RFP) below and by sharing such documents with their counsel. Plaintiff has objected to some of the requests, either in scope or in their entirety, but will work in good faith to get Defendants any relevant and unprivileged information they request that is not overburdening to produce. As a general matter, Plaintiff produced non-privileged communications implicated by Defendants' RFPs in their entirety, to ensure completeness. However, for some communications with close family and friends that addressed irrelevant issues, these are partially redacted to ensure Defendants get their requested information without having to involve Plaintiff's personal conversations. Moreover, Plaintiff's text conversations with his wife have been completely redacted under marital privilege except for discussions which directly address the issues in this case. *See Wilcox v. Portfolio Recovery Assocs., LLC*, 2023 U.S. Dist. LEXIS 104151, *4-5 (D. Nev. 2023). The text conversation between Plaintiff and his wife has been delivered in isolation from all other documents to ensure easy identification. Finally, because the Parties agreed to use Texas Rule 193.3(c) for this litigation, Plaintiff's counsel is not providing a formal privilege log to Defendants for documents withheld on attorney-client privilege grounds that were prepared in anticipation of this litigation, even though our software identified some of these documents and produced identified and redacted copies (beyond the obligations of the Rule). Should Defendants need further assistance or clarity on any of these RFP responses below, associated production, or Plaintiff's counsel's use of Rule 193.3(c), please do not hesitate to contact us. We will work in good faith to ensure Defendants receive all production to which they are legally entitled.

//s Max Schreiber_____

Alexander Liebmann, Esq.
Liebmann & Liebmann, P.A.
714 N. Spring St.


EXHIBIT

B

Pensacola, FL 32501
FL #1032726
alex@liebmannlaw.net
845-270-3843

Max Schreiber, Esq.*
*pro hac vice
Of Counsel
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
IN #37357-45
maxschreiber145@gmail.com
401-408-9370

## REQUEST FOR PRODUCTION NO. 1:

All resumes, curricula vitae or other documents reflecting your employment and/or educational experience, including but not limited to all versions of your curricula vitae that you have submitted to potential employers from the time you were laid off from Google to present.

## RESPONSE:

Plaintiff has shared digital copies with the Defendants of the resumes, curricula vitae, or other documents reflecting my employment and educational experience submitted to potential employers from the time he was laid off at Google until now of which he has personal knowledge and that are in my possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 2:

True and correct copies of any documents, including tax returns, payroll records, W-2 forms, time sheets, tax forms, and employment records that reflect your income, including income from self-employment, contract work, or payments for unemployment compensation, from January 1, 2014, to the present.

## RESPONSE:

Attorney Objection: Plaintiff has provided Defendants, at their request in RFP 25, with a signed release form to obtain Plaintiff's employment records, tax returns, and employment records. The Defendants thus have "equally available" access to the same documents and means to get them. *SEC v. Strauss*, 2009 U.S. Dist. LEXIS 101227, *30-32 (S.D.N.Y 2009). In Interrogatory 2, Plaintiff disclosed the names and addresses of his past employers since 2014. Since it is implied that Defendants also require Plaintiff's accountant to obtain tax returns, the Plaintiff disclosed his accountant in Interrogatory 2 as well. Otherwise, the documents requested bear no relevance to the claims at issue and, to the extent the documents might be relevant to damages, the request is overbroad and overburdensome in scope. As an example, there is no value in Plaintiff tracking down time sheets from 2015 (as this RFP requests) but that would put a substantial cost on Plaintiff and his attorneys. Plaintiff is willing to work in good faith with Defendants to track down what

they cannot get through the release forms and which is otherwise not overbroad or overburdensome. But as of now Plaintiff is withholding copies of such documents implicated by this RFP on these bases that are not otherwise lawfully implicated by other RFPs, although Plaintiff notes again the Defendants have access to these documents.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, recordings, memoranda or other material that reflects the content of any oral statement or admission made by Expedia or You concerning the matters at issue in this Lawsuit.

**RESPONSE:**

Plaintiff produces copies of oral statements or admissions by the Parties concerning matters at issue in this lawsuit which he has personal knowledge of and that are in his possession, custody, or control. He withholds communications with his lawyers under attorney-client privilege and work product privilege.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, recordings, memoranda or other material that reflects the content of any oral statement or admission made by Velasco concerning the matters at issue in this Lawsuit.

**RESPONSE:**

Plaintiff produces copies of relevant non-privileged documents which include or reflect oral statements or admissions by the Parties concerning matters at issue in this lawsuit which he has personal knowledge of and that are in his possession, custody, or control. He withholds communications with his lawyers under attorney-client privilege and work product privilege.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and tangible things constituting, reflecting, or concerning all communications between you and Defendants or anyone you claim to be an agent or representative of either Defendant, concerning your potential employment at Expedia and/or any acts of discrimination or any other improper conduct on which you base your claims in this Lawsuit.

**RESPONSE:**

Plaintiff produced copies of documents which constitute, reflect, or concern communications between him and the Defendants (or their agents/representatives) concerning his employment at Expedia and/or any acts or discrimination or improper conduct which he has personal knowledge of and that are in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents concerning or reflecting the elements, amounts and calculations of the damages that you are seeking in this Lawsuit.

**RESPONSE:**

Attorney Objection: By the use of the word "reflect," Plaintiff's counsel interprets this question to address only documents which are primary sources for damages calculations—not otherwise privileged documents drafted by Plaintiffs' attorneys that detail damages, especially those Plaintiff has never seen. If this is incorrect, please notify us and we can add such documents to our privilege log while objecting to the RFP as privileged.

Otherwise, Plaintiff complies with this RFP: He produced his initial calculation of damages and, between the exhibits, initial disclosures, and these RFPs, all documents supporting such calculations which he has personal knowledge of and which are in his possession, custody, or control. He anticipates discovering documents currently in Defendants' possession, custody, or control that will buttress his damages claims. Otherwise, Plaintiff will substantiate his damages through expert reports–which are not yet due–and through witness testimony.

## REQUEST FOR PRODUCTION NO. 7:

All documents concerning your efforts to mitigate damages allegedly caused by Defendants' alleged wrongful conduct, including but not limited to job applications, job offers, rejection letters, and any other documents related to your efforts to mitigate damages, from the time you were laid off from Google to the present.

## RESPONSE:

Attorney Objection: The scope of this request is overbroad and not relevant as it pertains to any mitigation of damages *before* being discriminated against by Defendants, e.g. the months between being laid off from Google and the adverse action. Some emails regarding employment applications prior to the adverse action with Expedia may have been withheld on these grounds, since he was not "mitigating."

Plaintiff otherwise discloses his complete LinkedIn data, and texts and emails implicated by this RFP since March 2023, which are the mediums by which he handles employment applications and communications. Further, Plaintiff shares additional documents (including updated resumes) since March 2023 addressing his efforts to mitigate damages to find similar and adequate employment after Defendants' discrimination for which he has personal knowledge and possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 8:

All communications with potential employers (including but not limited to email messages, text messages and messages through LinkedIn or other communication platforms) from the time you were laid off from Google to the present.

## RESPONSE:

Attorney Objection: The scope of this request is overbroad and not relevant as it pertains to communications with potential employers months before Kascsak even started interviewing with Defendants. Some emails regarding employment communications prior to the adverse actions with Expedia may have been withheld on these grounds.

Plaintiff nevertheless discloses his complete LinkedIn history, and texts and emails implicated by this RFP since last March, which is how he handles his employment communications.

Such disclosed communications only include documents for which he has personal knowledge and possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 9:

Any and all written, recorded or videotaped statements concerning the facts of this case by any persons who you believe have knowledge of relevant facts in this case.

## RESPONSE:

Attorney Objection: This request is impossibly overbroad. The Complaint is a public document, and there are now uncountable numbers of unknowable persons who could have made a written or recorded statement concerning the facts of the case. Further, provided Plaintiff could even identify such persons who have knowledge of such facts, any documented or recorded statement except those made with him are out of his possession, custody, and control. However, in good faith the Plaintiff has turned over texts and emails concerning the facts of this case with all persons for which he has personal knowledge and possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 10:

All documents and tangible things concerning any communications with any other person about the facts concerning this Lawsuit, your allegations in this Lawsuit, or complaints about your treatment by Defendants.

## RESPONSE:

Plaintiff has turned over all non-privileged communications for which he has personal knowledge and possession, custody, or control that address the facts of this lawsuit, his allegations, and complaints.

## REQUEST FOR PRODUCTION NO. 11:

All documents and tangible things concerning any communications to or from the Texas Workforce Commission, EEOC, or any other state or federal agency or entity regarding Expedia, Velasco, or your allegations in this Lawsuit.

## RESPONSE:

Attorney Objection: Plaintiff did not communicate with the TWC or the EEOC concerning the Defendants or his allegations in his Lawsuit, other than automatic notifications to him provided by the agencies (copies of which are included in production). Plaintiffs' attorneys handled these communications exclusively. Nevertheless, these communications are protected by the common interest privilege. *See United States v. Gumbaytay*, 276 F.R.D. 671, 675 (M.D. Ala. 2011) (listing cases). Moreover, this request is not relevant, since the administrative proceedings only served to ensure Plaintiff exhausted his administrative remedies, and Plaintiff has already submitted the right to sue letters from both agencies as exhibits to his complaint. Any documents implicated by this RFP were withheld on these grounds.

## REQUEST FOR PRODUCTION NO. 12:

All documents and tangible things concerning any communications to or from the Texas Workforce Commission, or any other agency, relating to unemployment compensation.

**RESPONSE:**

Plaintiff shared all his correspondences regarding unemployment with the TWC. By producing these documents, Plaintiff is not waiving the right to object that the unemployment income is not relevant to damages because it is a collateral source of income not paid by Defendants.

Attorney Objection: The scope of this request is also overbroad, in that it asks for any communications with the TWC related to unemployment compensation and thus implicates past conversations not relevant to this case. In good faith, the Plaintiff had prior communications with the TWC in 2017 when he applied for unemployment after quitting his job, but that application for benefits was denied because he left that job on his own accord. Documents related to that request, including the TWC's determination that he did not qualify, were withheld on these grounds.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all diaries, notes, journals, calendars, or other documents prepared by you that concern your potential employment at Expedia, your communications with Defendants, and/or the facts or allegations of this Lawsuit, including but not limited to a copy of the notes attached as Exhibit P to your Complaint, and all similar notes.

**RESPONSE:**

Exhibit P is the entirety of notes for which Plaintiff has personal knowledge and which are in his possession, custody, or control that implicate this RFP. Plaintiff also turned over his Google Calendar as part of this discovery. Plaintiff does not maintain a written calendar, diary, or journal.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and tangible things reflecting or concerning any loans, gifts, or other financial assistance you have received from your family, friends or any other sources after May 1, 2023.

**RESPONSE:**

Attorney Objection: This question is unduly burdensome, since "gifts" and "other financial assistance" could encompass things like company swag, birthday gag gifts, and even a friend picking up a lunch bill that *could* implicate this question but are otherwise impossible to remember and also not relevant to the claims at issue. The question is also not relevant to the claims at issue or to damages. Plaintiff will stipulate that he has not received a gift totaling more than $250 from anyone but his wife since March 2023. Plaintiff has no new loans since May 1, 2023, but may soon be buying a car and is approved for a car loan.

**REQUEST FOR PRODUCTION NO. 15:**

All bills, statements, invoices, receipts, or other documents and tangible things reflecting or concerning any charges, expenses or costs which you seek to recover from or have paid or reimbursed by Defendants in this case.

**RESPONSE:**

Attorney Objection: Plaintiff is only seeking damages as described in the Complaint and in his Rule 26(a) damages estimate, not reimbursement for expenses. However, Expedia still owes Plaintiff for costs associated with his trip to New York but does not intend to petition the Court for such reimbursement due to his understandable disgust with the hiring process. Plaintiff does not waive his ability to move for reimbursement later should he change his mind but promises he will provide documents in accordance with this RFP at least thirty days in advance of moving for such reimbursement should he do so.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and correspondence you sent to or received from Defendants, including but not limited to notes, texts, emails, company materials, job applications and related materials, and electronic messages.

**RESPONSE:**

Plaintiff has provided copies of such documents for which he has personal knowledge and possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including but not limited to notes and emails, reflecting communications with any current or former employees of Expedia relating to your allegations in this Lawsuit or complaints about your treatment by Defendants.

**RESPONSE:**

Attorney Objection: As explained in Interrogatory 7, Plaintiff does not have personal knowledge of any communications with any former employee of Expedia pertaining to this lawsuit or complaints about your treatment by Defendants. Because this RFP asks for documents which "reflect[] communications" with Expedia and its employees, which Plaintiff reads to include drafts and finished unfiled documents concerning the case written by his attorneys. These documents are privileged both by attorney-client and work product. Otherwise, Plaintiff has provided copies of documents implicated by this RFP for which he has personal knowledge and possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including but not limited to notes and emails, reflecting communications between you and any current or former employees of Expedia who may be a witness in this case or have knowledge of facts relevant to this Lawsuit.

**RESPONSE:**

Attorney Objection: Plaintiff reads this RFP to be duplicative and encompassed by RFP 17. Plaintiff thus objects on the same grounds and provides documents under the response in RFP 17.

**REQUEST FOR PRODUCTION NO. 19:**

All policy manuals, policy statements, handouts, letters, training materials, memoranda, emails, or any other document or recording that relates to Defendants' practices or procedures that you allege to be improper or unlawful or that you allege were implemented improperly or unlawfully, regardless of when or from whom such documents or recordings were obtained.

**RESPONSE:**

Plaintiff finds all of the Expedia Diversity Reports illegal as a matter of law, since they demonstrate the Company accounts for race and sex in how it makes hiring decisions. Such documents already belong to Defendants and are readily available online. Beyond these documents, at this time Plaintiff does not have other documents in his possession and will not until Defendants serve their responses to his requests for production. Plaintiff anticipates that production will reveal additional unlawful documents implicated by this RFP.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, books, photographs, or other tangible things which may be used at the time of trial, as exhibits or for impeachment purposes.

**RESPONSE:**

All such documents implicated by this RFP for which Plaintiff has personal knowledge and possession, custody, or control have been turned over.

**REQUEST FOR PRODUCTION NO. 21:**

All handwritten notes which record, reflect, or refer to acts by or statements made by Expedia or any of Expedia's employees or agents made the basis of any of your claims or allegations.

**RESPONSE:**

Plaintiff turned over all handwritten notes for which Plaintiff has personal knowledge and which are in my possession, custody, or control in Exhibit P to the complaint.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents or statements that any witness you plan to call, including yourself, will use or you anticipate may use to refresh his or her memory, either for deposition or at trial.

**RESPONSE:**

Attorney Objection: This request is premature. Plaintiff has no knowledge as to whose memory could *possibly* require refreshing at deposition or trial, nevermind who he *plans* to refresh. Nevertheless, in good faith Plaintiff believes that any potential documents or statement for refreshing are included in the evidence shared thus far with Defendants.

**REQUEST FOR PRODUCTION NO. 23:**

All engagement letters, contracts or other documents and tangible things reflecting or concerning the agreement between you and your attorney(s) concerning their representation of you

in this case.

**RESPONSE:**

Attorney Objection: This request is not relevant to the claims at issue in this case.[1] To the extent Defendants ask for this information for the purposes of damages, Plaintiff stipulates that his attorneys will submit time based on a $550/hour rate (although the door remains open to increased rates if the Austin legal market reflects such a change). Any time logs are premature at this stage and will be submitted to the Court and to Defendants if Plaintiff prevails and his attorneys move for fees after trial or summary judgment.

**REQUEST FOR PRODUCTION NO. 24:**

All invoices, bills, statements, or other documents and tangible things reflecting or concerning any fees, expenses, or other charges billed to you by your attorney(s) or members of their staff in connection with this case.

**RESPONSE:**

I have not received any invoices, bills, statements, or other documents concerning fees, expenses, or other charges from my attorneys.

**REQUEST FOR PRODUCTION NO. 25:**

An executed copy of the attached Information Authorization form for all of your employers from 2018 to present.

**RESPONSE:**

Plaintiff has provided a properly executed copy of this document. The form did not ask to specify by employer, so Plaintiff provides only one copy.

**REQUEST FOR PRODUCTION NO. 26:**

For any treatment identified in response to Interrogatory No. 8, all records that reflect, document or discuss the treatment received.

**RESPONSE:**

Attorney Objection: Plaintiff complied with this request by signing a medical release and identifying his medical providers over the last two years in those releases so that Defendants can get his relevant medical records. *SEC v. Strauss*, 2009 U.S. Dist. LEXIS 101227, *30-32 (S.D.N.Y 2009). If Defendants have any issues getting such documents, Plaintiff will work in good faith to assist in producing them.

**REQUEST FOR PRODUCTION NO. 27:**

For each treatment provider that you identified in response to Interrogatory No. 8, an

---

[1] Plaintiff has produced and redacted documents implicated by this request since he objects on relevance ground, rather than privilege.

executed copy of the attached Authorization for Release of Protected Health Information.

**RESPONSE:**

Plaintiff has provided the relevant executed copies of release forms as requested here.

**REQUEST FOR PRODUCTION NO. 28:**

For any treatment identified in response to Interrogatory No. 9, all records that reflect, document or discuss the treatment received.

**RESPONSE:**

Attorney Objection: Plaintiff complied with this request by signing a medical release and identifying his medical providers over the last two years in those releases so that Defendants can get his relevant medical records. *SEC v. Strauss*, 2009 U.S. Dist. LEXIS 101227, *30-32 (S.D.N.Y 2009). If Defendants have any issues getting such documents, Plaintiff will work in good faith to assist in producing them.

**REQUEST FOR PRODUCTION NO. 29:**

For each treatment provider that you identified in response to Interrogatory No. 9, an executed copy of the attached Authorization for Release of Protected Health Information.

**RESPONSE:**

Plaintiff has complied with this request.

**REQUEST FOR PRODUCTION NO. 30:**

All medical records, psychiatric records, pharmacy records, or other documents that reflect or relate to the emotional distress that you claim to have suffered as a result of Defendants' alleged actions.

**RESPONSE:**

Attorney Objection: Plaintiff complied with this request by signing a medical release and identifying his medical providers over the last two years in those releases so that Defendants can get his relevant medical records. *SEC v. Strauss*, 2009 U.S. Dist. LEXIS 101227, *30-32 (S.D.N.Y 2009). If Defendants have any issues getting such documents, Plaintiff will work in good faith to assist in producing them.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting any postings by you to Social Media Accounts that reference Defendants or the allegations made in the Complaint.

**RESPONSE:**

To Plaintiff's personal knowledge, none of his social media accounts reference Defendants or the allegations in his complaint.

**REQUEST FOR PRODUCTION NO. 32:**

All documents reflecting any postings by you to Social Media Accounts that reveal, refer, or relate to your emotion, feeling, or mental state, as well as communications that reveal, refer, or relate to events that could reasonably be expected to significantly affect your emotion, feeling, or mental state.

**RESPONSE:**

Attorney Objection: Given the lack of any date range and the vagueness of the information sought, this is an overbroad request and requires further clarification to answer. Finally, the request is duplicative, since Defendants (through Plaintiff's medical release and identified doctors) can obtain that same information about Plaintiff's mental state from official sources.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that refer, relate to or support your claim for punitive damages.

**RESPONSE:**

Attorney Objection: Plaintiff's counsel interprets this RFP to address only documents which are primary sources for damages calculations, not otherwise privileged documents drafted by Plaintiffs' attorneys that detail damages. If this is incorrect, please notify us and we can add such documents to our privilege log while objecting to the RFP as privileged.

Plaintiff has complied with this request for documents currently in his possession, custody, or control and which he has personal knowledge. Plaintiff anticipates using documents currently in Defendants' possession, custody, or control, expert testimony, plus testimony by various witnesses (including himself, his wife, and his friend David Krant) to prove punitive damages. He has no personal knowledge of this evidence yet.