UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.**, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff, by and through counsel, hereby objects and responds to Defendant's Second Request for Production of Documents ("Requests" or "RFPs").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.  Pursuant to Rule 34(b)(2)(D) of the Federal Rules of Civil Procedure, Plaintiff will be producing requested electronically stored information in the same format as Defendant -- PDFs with associated metadata with any Excel documents being produced in native form.

2.  Plaintiff objects to Instruction No. 4 to the extent it is contrary to the parties' agreement that pursuant to Texas Rule 193.3(c) privilege logs for documents withheld on attorney-client privilege and work product grounds that were prepared in anticipation or pursuit of this litigation are not required. Pursuant to that agreement, Plaintiff will not be producing or logging privileged documents from the point in time when he engaged legal counsel in this matter.

3.  Plaintiff objects to the Definition of "Plaintiff" "you" or "your" in these Requests to the extent the definition includes "attorneys." Plaintiff has no legal authority nor obligation to produce his attorney's documents to the extent those documents were never and are not now in his possession (actual or constructive), custody, or control. Further, as noted above, the parties have

1

**EXHIBIT C**

agreed that pursuant to Texas Rule 193.3(c) that privilege logs for documents withheld on attorney-client privilege and work product grounds that were prepared in anticipation and pursuit of this litigation are not required. Pursuant to that agreement, Plaintiff will not be producing or logging privileged documents from the point in time when he engaged legal counsel in this matter.

4. Plaintiff further objects to the Definition of "Plaintiff" "you" or "your" and Instruction No. 5 to the extent that they separately or combined seek to impose discovery obligations on persons, such as Plaintiff's counsel, that are not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Plaintiff's obligation to respond to these Requests and produce documents is limited to items in Plaintiff's possession, custody, or control.

5. Plaintiff objects to the definition of "Defendant" or "Expedia" to the extent it differs from the definition Defendant used in responding to Plaintiff's Requests of Production to Expedia, Inc.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 34:**

All communications between you and any third party that reference your emotion, feeling or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state, from January 2018 to the present.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, unduly burdensome, cumulative, and not proportionate to the needs of the case. The bases for Plaintiff's objections are as follows:

This Request is seeking essentially the same information as prior Request No. 32, which sought without date limitation "[a]ll documents reflecting any postings by you to Social Media Accounts that reveal, refer, or relate to your emotion, feeling, or mental state, *as well as communications* that reveal, refer, or relate to events that could reasonably be expected to significantly affect your emotion, feeling, or mental state. (emphasis added). When Plaintiff objected to Request No. 32 as vague and overly broad, the Request was narrowed by defense counsel in their letter of June 28, 2024 to responsive documents from January 1, 2020 forward. This Request, unnecessarily and without explanation, attempts to expand that date by two years to January 1, 2018. There is no basis to put Plaintiff to the burden of searching all of his communications with "any third party" for a six-year period to attempt to identify

any such communication that might reference Defendant's vague and ambiguous request for any communication that references Plaintiff's "emotion, feeling or mental state, or events that could reasonably be expected to affect [Plaintiff's] emotion, feeling or mental state" as that is necessarily a highly subjective evaluation and Defendant has made no showing that six-years' worth of such communications are necessary here. This is particularly true when Plaintiff, in responding to Request No. 32, has already agreed to the following: 1) producing all of his postings, non-privileged messages from his Twitter, Facebook, and Instagram accounts dating back to January 1, 2020[1]; 2) producing his LinkedIn data in totality; 3) reviewing his email for communications from January 1, 2020 through the date of collection that reasonably could be understood to "relate to events that could reasonably be expected to significantly affect your emotion, feeling, or mental state" and 4) reviewing his text messages from March 2023 that reasonably could be understood to "relate to events that could reasonably be expected to significantly affect your emotion, feeling, or mental state." To the extent Defendant is demanding more than what Plaintiff has already agreed to produce, such a demand is not proportional to the claims and defenses in this case. *Cf. Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013).

Plaintiff further objects to this Request to the extent Defendant is including Plaintiff's spouse within the scope of "any third party." Communications between Plaintiff and his spouse are protected from disclosure by the long-recognized marital communications privilege, which covers "information privately disclosed between husband and wife in the confidence of the marital relationship." *Trammel v. United States*, 445 U.S. 40, 51 (1980); *Blau v. United States*, 340 U.S. 332, 333 (1951). Based on this privilege, Plaintiff will not be producing any communications with his wife, unless they address his experience with Expedia directly.

Plaintiff also objects to this Request to the extent Defendant is including Plaintiff's counsel within the scope of "any third party." Communications between Plaintiff and his counsel are protected from disclosure under the attorney-client and work product privileges. Consistent with the parties' agreement that pursuant to Texas Rule 193.3(c) privilege logs for documents withheld on attorney-client privilege and work product grounds that were prepared in anticipation or pursuit of this litigation are not required, Plaintiff will not be producing or logging privileged documents from the point in time when he engaged legal counsel in this matter that might be considered responsive to this Request.

Based on these objections, Plaintiff is responding to this Request by producing the documents he has agreed to produce in response to Request No. 32.

**REQUEST FOR PRODUCTION NO. 35:**

All communications between you and David Krant that reference or relate to Expedia, your claims against Expedia, your experience with Expedia, your emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state, from January 2018 to present.

---

[1] Plaintiff counsel's letter of July 12, 2024 stated that Plaintiff would be producing all of his messages from his Twitter, Facebook, and Instagram accounts. That was a misstatement in so far as Plaintiff will be producing all of his *non-privileged* messages. Plaintiff, for example, does not waive his spousal privilege, attorney-client privilege, or any other available privilege. While Plaintiff has asserted those privileges in all of his responses, to the extent the letter of July 12, 2024 could be read to suggest he was withdrawing or waiving those privileges, that is not the case.

3

**RESPONSE:**

Plaintiff objects to this Request to the extent the phrase "emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state" is vague and ambiguous and overly broad (e.g., communications about a temporary emotion regarding a fleeting event are not relevant to claims of long-term mental/emotional distress and damages, *see Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013)) such that any response will necessarily entail a reasonable judgment on what qualifies as responsive since Defendant has not provided any detailed explanation, examples or clarification on what it is seeking.

Plaintiff further objects to this Request as unnecessarily cumulative and incorporates by reference his objections to Request No. 34, in particular his objection to Defendant's unnecessary expansion of the date from January 1, 2020 to January 1, 2018 when Defendant already agreed to the January 1, 2020 date.

Plaintiff has already produced communications responsive to this Request in response to Request Nos. 3, 4, 5, 6, 9, 10, 13, and 32. Plaintiff, however, in responding to this Request will review his communications with David Krant a second time and will produce any additional communications (if any) that are reasonably determined to be responsive to this Request from January 1, 2020 that were not previously produced.

**REQUEST FOR PRODUCTION NO. 36:**

All communications between you and your wife that reference or relate to Expedia, your experience with Expedia, your emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state, from January 2018 to the present.

**RESPONSE:**

Plaintiff objects to this Request to the extent the phrase "emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state" is vague and ambiguous and overly broad (e.g., communications about a temporary emotion regarding a fleeting event are not relevant to claims of long-term mental/emotional distress and damages, *see Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013)) such that any response will necessarily entail a reasonable judgment on what qualifies as responsive since Defendant has not provided any detailed explanation, examples or clarification on what it is seeking.

Plaintiff further objects to this Request as unnecessarily cumulative and incorporates by reference his objections to Request No. 34. In particular, Plaintiff reiterates his objection to producing his confidential communications with his wife, dating back six years, related to Plaintiff's "emotions, feelings, or mental state, or events that could reasonably be expected to affect [his] emotion, feelings or mental state" as those communications are categorically protected from disclosure by the marital communication privilege. Because this type of confidential communication with his spouse is categorically protected from disclosure, Plaintiff also objects to creating a privilege log of withheld individual communications as to do so would be an unnecessary burden

4

and expense for no appreciable benefit.

That martial privilege notwithstanding, Plaintiff previously agreed to produce and has already produced communications with his wife related to Expedia. Plaintiff stands on his prior production and will not be producing any further spousal communications.

**REQUEST FOR PRODUCTION NO. 37:**

All communications between you or anyone representing you (including your attorneys) and any third party, that reference Expedia, Michael Velasco, Allison Allen or Lisa Christensen, or documents or notes reflecting such communications.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is not date limited and therefore seeks privileged work product communications between Plaintiff and/or his attorneys and any third-party along with documents, such as attorney notes regarding any such communications, following the commencement of this litigation. Such communications and documents are protected by the work product doctrine and need not be produced. *See e.g.*, *Hickman v. Taylor,* 329 U.S. 495, 510 (1947); *In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). Further, the parties have agreed that such privileged information does not need to be logged pursuant to Texas Rule 193.3(c) so to the extent such privileged documents exist, Plaintiff has no obligation to identify and log them and will not be doing so.

To the extent this Request is attempting to seek through discovery of Plaintiff the documents of his counsel that are not part of Plaintiff's case file or this litigation (and thus not protected work product), such documents and information are not within Plaintiff's possession (actual or constructive), custody or control and he has no authority or obligation to produce them and will not be doing so. This includes but is not limited to any social media postings that counsel may have done. To the extent these are relevant and publicly available, they are equally as accessible to Defendant as they are to Plaintiff. To the extent they are not publicly available, they are not within Plaintiff's custody and control but rather the custody and control of his counsel.

In addition, to extent this Request attempts to discover Plaintiff counsel's social media or other communications, it is independently objectionable because it is overly broad by not limiting the communications sought to those that are relevant to the claims or defenses in this case. For example, as written, this Request would sweep in third party postings to Plaintiff's counsel's websites or social media accounts, which have no bearing on any claim or defense.

Further, even if this were an appropriate request of Plaintiff (which it is not) discovery of a litigant's counsel is disfavored, and Defendant has not made the requisite showing that it should be permitted here. *See, e.g.*, *Hickman v. Taylor,* 329 U.S. 495, 510 (1947); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2nd Cir. 2003); *Steward by next friend Minor v. Smith*, 2018 WL 11361916 at *1 (W.D. Texas, July 18, 2018); *Flotsam of Cal.*, *Inc. v. Huntington Beach Conference and Visitors Bureau,* 2007 WL 4171136 *1 (N.D. Cal. Nov. 26, 2007).

With respect to Plaintiff's communications with third-parties that would be responsive to this Request and not subject to his objections, Plaintiff has previously produced such documents in