# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole Moss
(202) 220-9636
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

November 4, 2024

**By Electronic Mail**

Lauren Ditty, Esq.
Amy Dashiell, Esq.
Counsel to Expedia, Inc.
303 Colorado Street, Suite 2400
Austin, TX 78701

   RE: *Michael Kascsak v. Expedia, Inc.*, No. 1:23-v.1373DII – Alleged Deficiencies in Plaintiff's Production of Documents

Dear Lauren:

  I write in response to your letter of October 29, 2024, asserting alleged deficiencies in Plaintiff's document productions.

  **A. Redactions of Unresponsive Text Conversations are Proper**.

  Plaintiff has provided numerous responsive text messages between himself and other individuals that were originally created, stored, and subsequently extracted and produced as part of longer text message chains. Plaintiff has redacted only portions of those text message chains containing nonresponsive, irrelevant, and personal information (some of which is highly personal) that is not necessary to resolving the claims in this case. The redactions are proper, and requiring Plaintiff to recollect and reproduce these text messages as individual conversations would impose upon him an unreasonable and undue burden that is not proportionate to the needs of the case.

  As you know, text messages are created and stored within larger chains unbound by duration or scope, and often containing a series, or even many series, of discrete conversations. In this way, text message *chains* are not themselves individual documents, but are more like a file cabinet *filled with* individual documents. This is particularly true of text message chains between people that span years and contain numerous conversations covering a wide range of topics. Thus, parties in litigation typically do not produce entire message *chains* that include *all* messages on *any* topic from the existence of the message chain. Rather, they produce the portions of the message chain—the distinct conversations—that are relevant. In producing text message chains that redact irrelevant conversations and leave unredacted relevant conversations, Plaintiff has merely sought to produce truly responsive documents.

**EXHIBIT E**

Lauren Ditty, Esq.
Amy Dashiell, Esq.
November 4, 2024
Page 3

where omitted messages concern unrelated matters); *Aragon v. Rise L. Grp., Inc.*, 2024 WL 3290387, at *4 (D. Or. July 3, 2024) (producing party "indicated sufficient reasoning to redact the irrelevant and personal substance of the text messages" it produced, including that the messages were personal and unrelated to the claims in the case).

Although for the reasons explained above, Plaintiff's redactions of his text chains are proper, in response to your concerns, we have re-reviewed the text messages in Plaintiff's production that you identified to assure that no necessary context was redacted and no responsive communications left out. We have found some limited additional text communications that would be responsive to Expedia's requests that are being produced in a supplemental production.

### B. Defendant's Text Messages

While you have taken issue with how Plaintiff has produced his text messages, you have failed to respond to our request that Defendant explain why there are no text messages in Defendant's productions. We know that Plaintiff received text messages from Expedia employees, which Plaintiff has produced, but Expedia has not. *See e.g.* ABC000048. I ask again that you confirm that you have collected and searched the text communications of at least Michael Velasco, Allison Allen, Lisa Christensen, Sarah Sanderson, Christina Lochard, and Kristin Stencil and that all text communications consistent with the Court's ruling on relevance will be produced.

### C. Miscellaneous Issues with Redactions

You have raised some miscellaneous issues with redactions in Plaintiff's production that I address in turn below.

First, with respect to the document bates numbered Kascsak_001888, the redaction of the salutation appears in the original that was collected from Mr. Kascsak's iCloud account, so we have produced the document as it was kept in the ordinary course and have nothing further to produce. The text under the salutation reads "Hi Allison." Further, this appears to be a draft of a Linked-In message that was produced. *See* ABC000049.

Second, the following documents that were redacted in their entirety are copies of Mr. Kascsak's retainer agreement with Liebmann & Liebmann, PA that Plaintiff objected to producing on relevance grounds at this stage of the litigation—ABC000214, ABC000558, ABC000644, ABC000846, ABC000929, and ABC000930.

Third, the document bates numbered ABC000305 is a privileged communication between Plaintiff and his litigation counsel that either should not have been produced at all or produced with a privilege stamp. As this document falls under Local Rule 193.3(c), no privilege log for this document is necessary or required.

Fourth, the documents you identify in your letter (Section B) that were marked as "privileged" are all communications between Plaintiff and his litigation counsel. When Plaintiff's

Lauren Ditty, Esq.
Amy Dashiell, Esq.
November 4, 2024
Page 5

      Although a few of the words on the righthand side of ABC000928 are cutoff, none of those words are material and you can still discern the meaning of the conversation. Nevertheless, we are reproducing that Facebook message in our next supplemental production.

      Finally, you requested where in Plaintiff's production information about the feedback on Plaintiff's resume that was provided by Anders Sundquist is located. That resume is discussed in the document bates numbered ABC001246. Plaintiff apparently provided his resume to Mr. Sundquist via a link to a Google drive and feedback was provided in that document on the Google Drive. Those comments were produced at ABC000010 and in the resume produced at ABC00011.

                                        Sincerely,

                                        Nicole Jo Moss