



EXHIBIT F

Lauren Ditty
Direct Dial: 512.495.6346
lditty@scottdoug.com

November 11, 2024

VIA EMAIL: nmoss@cooperkirk.com
Nicole Moss
COOPER & KIRK
1523 New Hampshire Avenue, N.W.
Washington, DC 20036

In Re: Case No. 1:23-cv-1373-DII; *Michael Kascsak v. Expedia, Inc.*

Nicole,

To further confer on our discovery issues and in response to your letter dated November 4, 2024, please see the following:

<u>Text Redactions</u>

The cases you cite do not support the expansive redactions that you have made in this case. If the redacted conversations are simply about dinner or a football game (as you suggest), there is simply no reason to redact them, particularly with a Protective Order in place. Moreover, there are plenty of unredacted text messages in Plaintiff's production about dinner and football. *See, e.g.*, ABC000938.000001 at .000020; ABC000941.000001 at .000018; ABC000942.000001 at .000040; *id.* at .000188; *id.* at .000025; *id.* at .000028; ABC000940.000001; *id.* at .000019; *id.* at .000093; *id.* at 000254; ABC000960.000001 at .000002. Even assuming Plaintiff could unilaterally redact text message communications for relevance, if Plaintiff were truly drawing the relevance line to exclude "private conversation[s] between friends about personal matters . . . like dinner or a football game," as you insist, then presumably all of these texts about football and dinner would have been redacted. Instead, we have reviewed countless unredacted texts in Plaintiff's production about dinner, football games, concerts, wine, school drop-offs, and other "personal matters." From Expedia's perspective, there is no discernable relevance line when it comes to the redactions in Plaintiff's production. Instead, it appears you erratically redacted "to the extent time permitted," October 13, 2024 Email N. Moss to L. Ditty, portions of various text message threads that you unilaterally determined to be nonresponsive, a practice that would breed suspicion in the ordinary

Nicole Moss
November 11, 2024
Page 2

case. Here, that suspicion has only increased because Plaintiff's supplemental production reveals that Plaintiff previously redacted highly relevant communications.

Our review of the supplemental production we received last week in response to our two deficiency letters makes it clear that Plaintiff redacted highly relevant text message conversations not only about his job interview experience with Expedia and other companies but also conversations about this very lawsuit. For example, you previously redacted the following conversations between Plaintiff and his family members about his interview experience with Expedia:



Kascsak004100 at 4123; Kascsak003626 at 3700. These communications are plainly responsive to multiple RFPs, should never have been redacted, and should have been produced months ago.

Additionally, while representing to us that Plaintiff's redactions "have no bearing or relevance on the issues in dispute in this case," October 13 Email N. Moss to L. Ditty,

2

Nicole Moss
November 11, 2024
Page 3

the supplemental production reveals that you redacted—and thereby withheld—communications Plaintiff had with his friends and family about *this very lawsuit*:

---------------------------------------------------
Dave K
2023-09-08 09:48:53 from Dave K ([redacted]) - Read

What's new with the Exp thing?

---------------------------------------------------
Dave K
2023-09-08 09:49:22 to Dave K - Delivered

I'll fill you in live, getting all the documentation ready to file the complaint with EEOC, that's first step.

---------------------------------------------------

Kascsak003970 at 3970.

---------------------------------------------------
Dad & Jiman Kascsak
2023-08-24 10:22:18 from Jiman Kascsak ([redacted]) - Read

You are the only 3 im' sharing this with so please (please please please) do not share this with anyone, not one single other person. I just met with a lawyer this morning, (Harvard Law graduate) and went over my timeline and information during this 5 month process with Expedia. I stated the facts and what I had from a documentation perspective. Depending upon who exactly gets the role I was interviewing for, he feels like I have a strong case to sue for discrimination. I have 2 options, 1 is to sue under Title 7 and file a complain with the EEOC, which means the government will get involved and audit them. The second is called 1981 Discrimination of contract. This is the one he recommends because it's quicker and opens up "Discovery" which means they have to turn over all their emails and documents to show that they did not discriminate against me. Because he is the lawyer for a company I am advising (start up) he cannot take my case, but is going to call a few of his colleagues and see who would be interested in taking this on. I'm sharing this with you so you know what is going on. Please don't ask me a ton of questions and please do not make any statements or speculate anything or say anything derogatory about Expedia, even though I know you

Confidential Kascsak003766

are just trying to stick up for me. I'm handling this as professionally as I possibly can and just want to get to the bottom of this and this is the best way to do it. Thank you, I trust all 3 of you to the fullest.

Kascsak003626 at 3766.

There can be no possible explanation for withholding these communications. With respect to the previously redacted communication with David Krant, you represented in responding to RFP No. 35, which requested "[a]ll communications between you and David Krant that reference or relate to Expedia, your claims against Expedia, [or] your experience with Expedia . . ." that you had "already produced communications

Nicole Moss
November 11, 2024
Page 4

responsive to this Request," and would "review [Plaintiff's] communications with David Krant a second time and . . . produce any additional communications (if any) that are reasonably determined to be responsive to this Request." With respect to the previously redacted communication with Jiman Kascsak, you represented in response to RFP No. 35, that "Plaintiff previously agreed to produce and has already produced communications with his wife related to Expedia." You made both of these representations on July 29, 2024. We did not receive the above communications until November 4, and only after we sent two discovery deficiency letters.

A review of your supplemental production also reveals that you improperly redacted and thereby withheld communications that Plaintiff had with David Krant about his job search:



Kascsak003870 at 4008.

4868-9499-9287

```
Dave K
2023-12-21 16:19:32 to Dave K - Delivered

All good man. Everything happens for a reason. It's not done done, but looks
good. The thought of getting out of true corporate America excites the shit
out of me.

--------------------------------------------------
Dave K
2023-12-21 16:21:43 from Dave K ([redacted]) - Read

For sure.  I'm jealous

--------------------------------------------------
Dave K
2023-12-21 16:22:39 to Dave K - Delivered

lol maybe I can get you over to CityVet. lol

--------------------------------------------------
Dave K
2023-12-21 16:23:26 from Dave K ([redacted]) - Read

pumped for you

--------------------------------------------------
Dave K
2023-12-21 16:23:31 from Dave K ([redacted]) - Read

what's the role?

--------------------------------------------------
Dave K
2023-12-21 16:24:06 to Dave K - Delivered

VP, head of talent.  Report directly into COO and not HR!

--------------------------------------------------
Dave K
2023-12-21 16:24:17 from Dave K ([redacted]) - Read

perfect
```

Kascsak003870 at 4024.

What's more, for the first time, you produced text messages Plaintiff sent to Ben Blundell, Amanda Gates, and Jiman Kascsak immediately after his interview with Allison Allen on August 15, 2023:

```
--------------------------------------------------
Ben Blundell & Jiman Kascsak & Amanda Gates
2023-08-15 16:13:39 from Amanda Gates ([redacted]) - Read

How did the talks today go?!

--------------------------------------------------
Ben Blundell & Jiman Kascsak & Amanda Gates
2023-08-15 16:13:50 from Amanda Gates ([redacted]) - Read

We are rooting for you!!!

--------------------------------------------------
Ben Blundell & Jiman Kascsak & Amanda Gates
2023-08-15 16:14:48 to Ben Blundell & Jiman Kascsak & Amanda Gates - Sent

Thank you!  Went well. I have ben the scoop , the cpo couldn't make his
meeting so I have that left. All the others were very good.  Allison was
pissed that he rescheduled.

--------------------------------------------------
Ben Blundell & Jiman Kascsak & Amanda Gates
2023-08-15 16:14:52 to Ben Blundell & Jiman Kascsak & Amanda Gates - Sent

Loved "We are rooting for you!!!"
```

Nicole Moss
November 11, 2024
Page 6

Kascsak003514 at 3564. Expedia's Request for Production No. 46 asked for all communications between Plaintiff and Amanda Gates that "reference or relate to Expedia, the Global Sourcing position, [Plaintiff's] lawsuit, [or] [his] job search." RFP No. 46. In your response to that request for production, you represented that all responsive communications between Plaintiff and Amanda Gates had previously been produced in response to Expedia's First Requests for Production. That was plainly false. We received this communication between Plaintiff and Amanda Gates for the first time on November 4—and again, only after you were pressed to review redacted communications that you insisted were nonresponsive.

What is additionally concerning about this text thread is that the text messages immediately preceding and following the conversation excerpted above remain completely redacted. In fact, you have produced only 4 of 112 pages in this thread unredacted even though other text threads indicate that Plaintiff was repeatedly communicating to the individuals on this thread about his interview experience with Expedia, this lawsuit, and his general job search. *See, e.g.*, ABC000941.000001. Given that you previously redacted highly relevant communications, we are doubly concerned about the propriety of these redactions.

The supplemental production also consists of previously unproduced communications that Plaintiff had with Waymo, Lime, and Dispatch Track.[1] We can only assume you decided to produce these documents now because we issued document subpoenas to these companies, and you understood that we would soon learn that your previous production was incomplete. Plaintiff's communications with potential employers like Waymo, Lime, and DispatchTrack are responsive to multiple RFPs, including RFP No. 8 and No. 50—why were they produced for the first time last week?

We again demand that you produce the full unredacted texts. The overwhelming majority of federal courts, including the Western District of Texas as explained in *Simms*, have made it clear that redactions for relevance are not permitted.[2] The rationale behind

---

[1] *See, e.g.*, Kascsak003510; Kascsak003512; Kascsak004202; Kascsak004203; Kascsak004205; Kascsak004206; Kascsak004208; Kascsak004209; Kascsak004209; Kascsak004211; Kascsak004212; Kascsak004213; Kascsak004214; Kascsak004215; Kascsak004216; Kascsak004218; Kascsak004220; Kascsak004222; Kascsak004224;Kascsak004226; Kascsak004227; Kascsak004228; Kascsak004229; Kascsak004230; Kascsak004232; Kascsak004233; Kascsak004234; Kascsak004236; Kascsak004238; Kascsak004240.

[2] *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 385–86 (W.D. Tex. 2013); *Stovall v. Raider Pressure Pumping, LLC*, No. 7:17-CV-00007-DC-RCG, 2019 WL 2098122, at *2 (W.D. Tex. Jan. 15, 2019); *TNA Australia Pty Ltd. v. PPM Techs., LLC*, No. 3:17-CV-642-M, 2018 WL 2010277, at *15 (N.D. Tex. Apr.

4868-9499-9287

Nicole Moss
November 11, 2024
Page 7

prohibiting such redactions—that the alleged "irrelevant information" provides context, that unilateral redaction is not permitted by the rules and breeds suspicion, and that a protective order adequately addresses any confidentiality concerns—applies with equal force to text redactions and certainly applies here, where it is now clear from supplemental production that Plaintiff has used redactions to withhold highly relevant communications for months. No Texas court has created an exception for text messages, and the cases that you cite are not persuasive. At best—and contrary to the clear language of *Al Thani*—your cases may provide some support for *limited* redactions for sensitive, confidential, or proprietary information that is both clearly not relevant and that in some manner deserves extra protection beyond a confidentiality order. But that finding would require the redacting party to make a specific relevance objection and provide information about each redacted communication.[3] You have done neither here, much less explain why the stipulated Protective Order in this case does not sufficiently allay any privacy concerns. If there are particular texts that for some reason you believe are subject to additional protection, we are happy to discuss them. Should you continue to insist on the wholesale redactions, however, we will file a motion to compel the full production with the Court.

  Fee Agreement

  Plaintiff has no legal grounds to withhold his fee agreements with counsel by claiming that our request is "premature." In *Hernandez v. Scott*, No. SA-10-CV-1051 OG NN, 2011 WL 2619342 (W.D. Tex. July 1, 2011), the court rejected that argument, finding that the fee agreement was "discoverable now"—i.e. during the discovery period—because "information sought through these production requests w[ould] enable defendant to assess its total liability if plaintiff prevails on her claim, which encourages 'the just, speedy, and inexpensive determination' of th[e] dispute." The court granted defendant's motion to compel production and overruled plaintiff's objections. *Id.* at *1-2; *accord Coleman v. Credit Mgmt. LP*, 2011 WL 13128820 (N.D. Tex. July 13, 2011) (granting a motion to compel and rejecting argument that request for fee agreement was premature); *Tingey v. City of Sugar Land, Tex.*, 2007 WL 9735804 (S.D. Tex. Dec.

---

30, 2018) *Pavillion Bank v. OneBeacon Am. Ins. Co.*, No. 3:12-CV-05211-G-BK, 2013 WL 12126258, at *3 (N.D. Tex. Nov. 13, 2013).

[3] *Greenback*, for example, concerned only "isolated redactions" unlike the pages and pages of redactions present here, and noted that the producing party provided an explanation of "exactly what was redacted for relevance." The redactions here are more analogous to the Facebook redactions in *Cooksey v. Hunt S. Group, LLC*, No. 1:18CV49-LG-RHW, 2019 WL 13128561, at *1 (S.D. Miss. Mar. 22, 2019), in which the court rejected the plaintiff's attempt to redact "conversations about church, bible study [and] family issues."

4868-9499-9287

14, 2007) (same holding, in disability discrimination case); *Dunn v. Schlumberger Tech. Corp.*, No. 08-CV-3238, 2010 WL 11646536 (S.D. Tex. July 20, 2010) (same).

Please produce ABC000214, ABC000558, ABC000644, ABC000846, ABC000929, and ABC000930 and any other fee agreements that are responsive to our requests. Otherwise, we will seek redress with the Court.

<u>Texts Between Plaintiff and Jiman Kascsak</u>

Ms. Kascsak has been designated as a witness for Mr. Kascsak as a person with "knowledge of effect of adverse action on Plaintiff for damages." We assume from that description that Ms. Kascsak will testify regarding Mr. Kascsak's claim for mental anguish damages. But you have refused to produce "any communications with [Plaintiff's] wife, unless they address his experience with Expedia directly" because you insist that any other communications "are protected from disclosure" by the marital communications privilege. If you are going to present Ms. Jiman as a witness to Plaintiff's mental anguish, any texts related to his alleged mental anguish, including those that would contradict his claim of mental anguish or that relate to any other potential source of mental anguish, are discoverable. *See Betz v. Legal Aid Soc.*, No. 89 CIV. 3401 (RO), 1990 WL 164814, at *1 (S.D.N.Y. Oct. 18, 1990) (noting that the spousal privilege is waived if the plaintiff/husband calls his spouse to testify). Plaintiff cannot use the marital privilege as both a sword and a shield; if Ms. Kascsak is going to testify regarding Plaintiff's mental anguish, then communications relevant to that claim are discoverable. If Plaintiff continues to refuse to produce the texts, we will object to any testimony by Ms. Kascsak on this issue.

<u>Expedia Text Messages</u>

In your November 4 letter, you raised the issue of Expedia's text messages. Texas courts (and others) have held that employers do not have custody and control over their employees' cell phones and therefore cannot be compelled to collect them. *See Teague v. Omni Hotels Mgmt. Corp.*, No. A-19-CV-00940-JRN, 2020 WL 7012004, at *4 (W.D. Tex. Aug. 26, 2020); *In re Sun Coast Res., Inc.*, 562 S.W.3d 138, 160 (Tex. App. 2018); *Halabu Holdings, LLC v. Old Nat'l Bancorp*, No. 20-10427, 2020 WL 12676263, at *2 (E.D. Mich. June 9, 2020). Nevertheless, Expedia will confirm that these employees do not have texts related to this matter on their personal devices.

     We suggest a call to discuss these issues to determine whether there is an impasse that will require the Court's attention on or before Wednesday, November 13. Amy and I are generally available in the afternoon; let us know a good time for you for a call.

                                Sincerely,

                                *Lauren Ditty*

                                Lauren Ditty

AD:ja

4868-9499-9287