

Lauren Ditty
Direct Dial: 512.495.6346
lditty@scottdoug.com

November 15, 2024

VIA EMAIL: nmoss@cooperkirk.com
Nicole Moss
Cooper & Kirk
1523 New Hampshire
Avenue, N.W.
Washington, DC 20036



EXHIBIT G

In Re:   Case No. 1:23-cv-1373-DII; *Michael Kascsak v. Expedia, Inc.*

Nicole,

As explained in prior correspondence, unilateral redactions of non-privileged material is improper. Ongoing discovery in this case shows why. Notwithstanding your November 4 representation that you had "re-reviewed the text messages in Plaintiff's production" that Expedia identified as improperly redacted "to assure that no necessary context was redacted and no responsive communication left out," the text message production we received from David Krant reveals that Plaintiff continues to use redactions to improperly withhold highly relevant communications. For example, Mr. Krant's text message production includes communications about Plaintiff's job search and this lawsuit that remain redacted in Plaintiff's production:





Nicole Moss
November 15, 2024
Page 2

Krant_00000114-116.



Krant_00000107-109.



Krant_000000093-95.

Nicole Moss
November 15, 2024
Page 3

These text messages are relevant and responsive to numerous RFPs and should have been produced *by Plaintiff*.

"Redaction is . . . an alteration of potential evidence and a party should not take it upon him, her or itself to decide unilaterally what" is relevant and responsive. *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (Austin, M.J.) (quotation marks omitted)). As noted in our November 11 Letter, we are happy to confer with you about this issue on Monday, but please be advised that if Plaintiff remains unwilling to remove all non-privileged redactions, we are going to move to compel.

Sincerely,

Lauren Ditty

LD:ss