**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MICHAEL KASCSAK,

                 *Plaintiff,*

v.

EXPEDIA, INC.,

                 *Defendant.*

Case No. 1:23-cv-1373-DII

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S**</u>
<u>**OPPOSED MOTION TO COMPEL DISCOVERY**</u>

## INTRODUCTION AND FACTUAL BACKGROUND

Expedia's Motion to Compel demonstrates that Expedia continues to take an insuperably narrow view of its own discovery obligations while punitively demanding very different rules for Plaintiff. Indeed, Expedia takes the extraordinary position that the Plaintiff must produce each and every text message that he exchanged with numerous individuals over a nearly two-year period irrespective of whether those text messages have any bearing on this case, all while flatly refusing to produce *any* text messages from its employees, agents, or contractors. Expedia's heads-I-win, tails-you-lose reasoning has no place in discovery. The materials requested by Expedia are neither relevant nor proportionate to the needs of this case. And in the case of Plaintiff's communications with his wife they are protected by marital privilege. Accordingly, the Court should deny Expedia's motion to compel.

Expedia served discovery on Plaintiff in early 2024. Plaintiff timely responded by producing materials, including text messages, on March 27, 2024. *See* Doc. 79-1. For more than six months, Expedia voiced no concerns about Plaintiff's production of his text messages, his redactions, or his assertion of the martial privilege. Then—less than one week after the Court compelled Expedia to substantially supplement its own production of documents, *see* Doc. 66— Expedia identified alleged deficiencies with Plaintiff's text production. *See* Doc. 79-4.

In response to Expedia's concerns, Plaintiff re-reviewed the produced text messages identified by Expedia and supplemented his production to provide additional context for certain text exchanges. That is precisely how the meet-and-confer process is supposed to work. Plaintiff also offered to run additional searches to identify other potentially responsive texts that had been missed by Plaintiff's search terms. Again, that is precisely how the meet-and-confer process is supposed to work. Expedia, however, flatly refused this offer. Instead, Expedia demanded that Plaintiff produce *all* his texts for an expansive period of time simply because iPhones store texts

between individuals, no matter the topic or relation to other text conversations, in single continuous history files. Expedia's argument is that once Plaintiff produces *one* text message between himself and another person, he must produce *every* text message between himself and that person—even when those texts have no bearing on the present dispute, or in the case of his wife, they are protected by the marital privilege.

**ARGUMENT**

## I.    Expedia Improperly Demands that Plaintiff Produce Entire Text Histories.

Expedia's demand that Plaintiff produce every single text message with various individuals over nearly two years[1] if he has produced even a single text message with those individuals is based on Expedia's assertion that to do otherwise would be to improperly redact a responsive document (which in Expedia's view is the entire text history between Plaintiff and the recipient of even one already-produced text). But the weight of authority cuts decisively against Expedia.

By way of technical background, text messages sent between individuals are created and stored in one continuous history file. There is no option to separate messages between the same individuals into multiple chains based on topic. These history files are a collection of discrete conversations, stored together in one large digital file. Expedia does not seem to dispute this technical background. Yet it contends that because discrete text messages are stored together (much like discrete documents may be stored together in a folder), Plaintiff must produce the entire text history file since January 1, 2023, in "unredacted form." Doc. 79 at 3, 10. In making this argument, Expedia applies redaction principles from far-afield areas of civil discovery practice.

---

[1] Expedia's requests sought communications going back six years to January 2018. *See* Doc. 79-3 at 2. It is only in its Motion that Expedia limited its demand to January 1, 2023, which is still unreasonable as it would implicate nearly two years of irrelevant, personal communications.

In contrast, courts squarely addressing text messages frequently hold that plaintiffs may redact irrelevant portions of text chains. *See*, *e.g.*, *Aragon v. Rise L. Grp., Inc.*, 2024 WL 3290387, at *4 (D. Or. July 3, 2024) (producing party permitted to redact "the irrelevant and personal substance of the text messages"); *In re Pork Antitrust Litig.*, 2022 WL 972401, at *14 (D. Minn. Mar. 31, 2022) (recognizing that not all texts will involve relevant subject matter and custodian's attorney may review text messages for relevance); *Marksman Sec. Corp. v. P.G. Sec., Inc.*, 2021 WL 4990442, at *2 (S.D. Fla. Mar. 19, 2021) (producing party is in the best position to determine which text conversations require additional context and which do not); *Est. of Bailet ex rel. Searcy v. City of Colorado Springs*, 2021 WL 2912921, at *2 (D. Colo. July 12, 2021) (permitting redaction of texts that were neither responsive nor relevant to discovery requests); *Laub v. Horbaczewski*, 2020 WL 7978227, at *13 (C.D. Cal. Nov. 17, 2020) (finding non-producing party is "not entitled to reproduction of [] complete text conversations" in a case where omitted messages concern unrelated matters); *Greenbank v. Great Am. Assurance Co.*, 2019 WL 6522885, at *12 (S.D. Ind. Dec. 4, 2019) (permitting redactions in text messages). That makes sense. Federal Rule of Civil Procedure 26(b)(1) limits discovery to materials that are "relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Consistent with that Rule, a party has no obligation to produce materials that are neither responsive nor relevant. And from a technical perspective, redacting irrelevant and non-responsive portions of long text chains was the most efficient and cost-effective way for Plaintiff to timely produce his texts.

The cases Expedia cites largely fail to address the unique qualities of text messages. *United States ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 385 (W.D. Tex. 2013), concerned internal redactions to relevant financial reports. It did not address redactions made to distinct, irrelevant materials that happen to be stored next to other relevant materials as in a text chain.

*BidPrime, LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018), involved "Upwork" chats that can be separated into distinct conversation files rather than one continuous history file for all topics of conversation like texts. The opinion also suggests redactions were made to a single chat that happened to span several months. *Id*. Further, the requesting party had established the redacted material was relevant and the responding party did not explain why it was not. Here, Expedia has not established the relevance of the redacted messages it seeks, and Plaintiff has made clear it reasonably attempted to identify and produce all relevant texts and only redact those that relate to irrelevant topics. *Al Thani v. Hanke*, 2022 WL 1684271 (S.D.N.Y. May 26, 2022), likewise misses the mark. In that case, the redactions were not performed by counsel, and insufficient context was provided for the texts that were produced. Here, counsel conducted the review and included necessary context around the responsive materials. Additional messages beyond this are not mere "context"—they are separate, non-responsive conversations.[2]

It is telling that Expedia has itself produced *no* text messages—even though Plaintiff has produced responsive texts with Expedia's employees. (Expedia said it was looking into the matter, but no update has been forthcoming.) And where Expedia has produced electronic conversations— e.g., Slack chats—it used search terms to identify the chats it reviewed, leaving chats without search terms unreviewed, and only individual conversations were produced, not all Slack chats exchanged between relevant individuals. Yet doing the opposite of that is precisely what Expedia demands from Plaintiff. To be sure, Slack appears to store messages differently than iPhones (by

---

[2] Expedia cites additional irrelevant authority. For example, *Hum. Power of N Co. v. Bryan*, 2023 WL 9007814, at *1 (W.D. Tex. Dec. 4, 2023), *report and recommendation adopted*, 2023 WL 9005602 (W.D. Tex. Dec. 28, 2023), concerned attorney's fees following a third successful motion to compel. In *Samsung Electronics America, Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 298 (N.D. Tex. 2017), a resisting party had refused to produce *any* documents in response to a discovery request. That is far different from the situation here, where Plaintiff has made a fulsome production.

separating exchanges into individual conversations rather than storing communications in one long chain) thus obviating the need to redact unresponsive, irrelevant information that does not need to be produced. But applying different discovery requirements on this basis would elevate form above substance in an untenable way.

Expedia makes much of Plaintiff's supplemental productions. *See* Doc. 79 at 6. But supplementation is an entirely unremarkable occurrence. Indeed, Expedia has itself made a number of supplemental productions in this litigation, many following deficiency letters from Plaintiff. As explained above, Plaintiff re-reviewed certain messages after Expedia raised issues and supplemented his production as warranted. *See* Doc. 79-5. Plaintiff will continue to supplement his production should additional responsive messages that were inadvertently missed be identified. That is precisely how cooperative discovery is supposed to work. Additionally, Plaintiff has offered to negotiate and run additional search terms to see if any additional texts should be produced. That is an ordinary way of managing the burdens of e-discovery. But Expedia has flatly refused. Plaintiff has also offered to produce entire non-privileged text message threads if Expedia will produce all non-privileged Slack messages between relevant custodians. But again, Expedia has flatly refused. Expedia takes the extraordinary position that Plaintiff must unilaterally produce each and every message that he exchanged with relevant custodians since January 1, 2023, but that it bears no similar obligation. That cannot be. Thus, while the Court should deny Expedia's motion to compel, if the Court does grant Expedia's motion, it should also compel Expedia to produce *all* its Slack and text messages.

## II.    Expedia's Demand For Nearly Two-Years of Unredacted Text Messages Is Not Proportional to the Needs of the Case.

Expedia attempts to justify its unreasonable demand for nearly two years of unredacted text messages by asserting that Plaintiff failed to identify, and thus redacted, "highly relevant" text

communications as evidenced by Plaintiff's supplemental productions and the production of a third-party that included additional text messages. As noted above, supplementation is an ordinary facet of discovery. As importantly, Expedia fails to demonstrate that the texts it highlights in its Motion are in fact highly relevant and proportional to the needs of this case. Expedia, for example, has described as "*highly* relevant" an unremarkable message between Plaintiff and his father where his father wishes him good luck on his interview with Expedia, generic messages pertaining to Plaintiff's interviews at other companies, and general messages about Plaintiff's "job search." *See* Doc. 79-6; Doc. 79-7. Expedia never explains why these messages are "highly relevant," or identifies to what Requests they purportedly respond.

As for Expedia's Requests for all communications between Plaintiff and third parties "that reference your emotion, feeling or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state," Plaintiff objected that such Requests are vague, overly broad, and not proportional to the needs of this case. *See* Doc. 79-3 at 2–3. Indeed, as written, these Requests seemingly encompass even momentary displeasure with the minutiae of daily life. This would allow nearly limitless discovery into Plaintiff's personal and professional life, which is neither appropriate nor proportional to the needs of the case.

Further, despite his objections, in response to these Requests Plaintiff produced 1) all of his social media postings and non-privileged messages dating back to January 1, 2021; 2) his LinkedIn data without date limitation; and 3) his non-privileged email and texts that "relate to events that could reasonably be expected to *significantly* affect [his] emotion, feeling, or mental state." *Id.* (emphasis added). Not satisfied with this expansive production, Expedia demands Plaintiff also produce each and every text message that Plaintiff has exchanged with numerous individuals over nearly two years. Not only is such a demand not proportional to the needs of this

litigation, it would require Plaintiff to produce massive amounts of irrelevant personal information—all because he alleged emotional distress in response to an episode of racial discrimination. This is an unseemly abuse of the discovery process that the Court should not countenance.

In cases involving emotional distress, courts frequently impose limits based on proportionality and relevance. For example, the court in *Robinson v. Jones Lang LaSalle Americas, Inc.*, limited discovery to, among other things, communications pertaining to "any significant emotion, feeling, or mental state allegedly caused by defendant's conduct[.]" 2012 WL 3763545, at *3 (D. Or. Aug. 29, 2012). Even the cases Expedia cites show that discovery related to emotional distress must have some limit. *See, e.g.*, *EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010) ("Although . . . the contours of social communications relevant to a claimant's mental and emotional health are difficult to define, that does not mean that everything must be disclosed." (emphasis added)). There is no sound basis for requiring the production of every single text message or event that could have some minute bearing on Plaintiff's "emotion, feelings or mental state" over the course of nearly two years. That is not proportional to the needs of this case.[3]

### III.    Plaintiff's Communications with his Wife Are Protected By the Marital Privilege.

Private communications between spouses are protected by the marital privilege. *Pereira v. United States*, 347 U.S. 1, 6 (1954). All spousal communications "are presumed to be confidential" and thus privileged. *Id.* This presumption can only be overcome "by proof of facts showing that

---

[3] Other cases cited by Expedia are also far afield.  *See*, *e.g.*, *Talley v. Spillar*, 2017 WL 9288622, at *4 (W.D. Tex. Mar. 31, 2017); *Hukman v. Sw. Airlines Co.*, 2019 WL 566451, at *2–4 (S.D. Cal. Feb. 12, 2019); *Westbrook v. GES Exposition Servs., Inc.*, 2006 WL 8441875, at *1 (D. Nev. May 17, 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 469–74 (N.D. Tex. 2005), which primarily deal with requests for medical records or personal diaries pertaining specifically to a plaintiff's injuries. *Smith ex rel. J.L. v. L.A. Unified Sch. Dist.*, 2018 WL 6137133, at *2 (C.D. Cal. Feb. 13, 2018), concerned the admissibility of evidence of child abuse.

[the communications] were not intended to be private." *Id.* Here, Expedia does not even try to make such a case. Instead, Expedia advances three arguments—unmoored from the case law—about why the Court should nonetheless order Plaintiff to produce private communications between him and his wife. Each argument lacks merits and requires denial of Expedia's motion to compel.

First, Expedia asks the Court to set aside marital privilege because the parties have agreed to a protective order. Doc. 79 at 8. But the protective order simply requires confidentiality; it does not purport to waive any privilege. *See* Doc. 28. The marital privilege protects from disclosure all confidential communications between spouses unless the privilege has been "waived." *SEC v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997). Expedia argues that the marital privilege ought not matter because of this confidentiality agreement. But Expedia cites no case adopting such an extraordinary approach to privilege, and Plaintiff is aware of none. Were Expedia's view correct, the privilege between an attorney and his client or a priest and his penitent could be overcome simply by the existence of a protective order in a case. That is not the law.

Second, Expedia contends that Plaintiff waived the marital privilege because he "made an affirmative choice to sue." Doc. 79 at 8. Again, Expedia cites no case supporting its aggressive approach to marital privilege. And as before, Expedia's approach—if correct—would suggest that past attorney-client or priest-penitent communications lose their protected status simply because an individual has filed a lawsuit. That cannot be. Waiver occurs when an individual chooses to knowingly "abandon, renounce, or surrender (a claim, privilege, right, etc.)." *Waive*, BLACK'S LAW DICTIONARY (12th ed. 2024). Filing a lawsuit seeks to vindicate one's rights—it does not abandon, renounce, or surrender them.

Third, Expedia argues that Plaintiff has waived all claims of marital privilege because he

"designate[d] his wife as a trial witness to testify about the 'effect of adverse action on Plaintiff for damages.'" Doc. 79 at 8. But the fact that Plaintiff might call his wife to testify does not entitle Expedia to rifle through thousands of intimate spousal conversations (over a period of years). The marital privilege "generally, extends only to utterances, and not to acts." *Pereira*, 347 U.S. at 6; *United States v. Miller*, 588 F.3d 897, 905 (5th Cir. 2009) (wife's testimony regarding her husband's actions was not privileged).[4] So it is well-established that the "marital communications privilege prevents a spouse from testifying about confidential communications that occurred during the marriage but does not foreclose testimony about the spouse's observations as to the other spouse's actions and appearance." *United States v. Irons*, 646 F. Supp. 2d 927, 957 (E.D. Tenn. 2009); *see also, e.g.*, *United States v. Candelaria*, 2023 WL 8477960, at *2 (D.N.M. Dec. 7, 2023). Thus, Plaintiff can offer testimony about his wife's direct observations, and about any non-privileged conversations, without waiving the marital privilege. *See United States v. Espino*, 317 F.3d 788, 796 (8th Cir. 2003) (Marital privilege is "properly preserved" where court permitted spouse to testify as to "conduct so long as it did not involve a communicative gesture."); *Brown v. Wimberly*, 2016 WL 3569618, at *2 (E.D. Cal. June 30, 2016) (Plaintiff has not waived the . . . privilege simply by identifying his wife as a witness."). Simply put, invoking the marital communication privilege "does not mean that any testimony offered by [a spouse] should not be permitted." *Burlington v. News Corp.*, 2015 WL 3439149, at *12 (E.D. Pa. May 27, 2015).

The cases Expedia cites are inapposite. They do not address the difference between spousal testimony on privileged and nonprivileged matters. Plaintiff's wife may testify about her direct

---

[4] *See also Alsaadi v. Saulsbury Indus., Inc.*, 2024 WL 2398210, at *3 (D.N.M. May 22, 2024); *BioConvergence LLC v. Attariwala*, 2023 WL 2086078, at *11 (D.D.C. Feb. 17, 2023); *Gonzalez-Tomasini v. U.S. Postal Serv.*, 2022 WL 2816714, at *3–4 (D.P.R. July 19, 2022); *Kasparov v. Ambit Tex., LLC*, 2017 WL 4842350, at *14–15 (N.D. Tex. Oct. 26, 2017); *United States v. James*, 2010 WL 3023173, at *5 (D. Minn. July 28, 2010).

observations pertaining to Plaintiff's emotional distress, and about nonprivileged communications. Such testimony—if offered—would not open the door to Expedia's demand for *all* text messages Plaintiff and his wife exchanged during the discovery period. Expedia's voyeuristic demand for every text message between Plaintiff and his wife over the course of years is about one thing— punishing Plaintiff for bringing a discrimination suit against the company. The Court should deny Expedia's motion to compel.

## IV.    Expedia is Not Entitled to Plaintiff's Fee Agreements at this Time.

Expedia's request for fee agreements is premature. "Courts have almost universally held that when a statute provides attorneys' fees for a prevailing party, fee arrangements and expenses are not discoverable until liability is established." *Am. Civ. Rts. Union v. Martinez-Rivera*, 2015 WL 13650010, at *5 (W.D. Tex. Sept. 10, 2015) (White, M.J.) (collecting cases). Plaintiff does not dispute that fee records *may become* relevant once this matter concludes.  But requests for such records concern "fees that Plaintiff[] may never seek if [he] do[es] not prevail in this lawsuit." *Clapper v. Am. Realty Invs., Inc.*, 2017 WL 11679071, at *2 (N.D. Tex. Oct. 26, 2017). They are not relevant at this stage of the litigation because they do "not bear on an element of any claim or defense that must be proven at trial." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310–11 (D. Nev. 2019), *aff'd* 2020 WL 1042515 (D. Nev. Mar. 3, 2020). Expedia offers no explanation as to why fee agreements are relevant at this stage of the litigation. Nor does it identify any prejudice that would result from producing such materials after the merits are determined. The Court should thus deny Expedia's motion to compel.

## CONCLUSION

For all of the reasons stated herein, the Court should deny Expedia's Motion to Compel in its entirety, but if the Motion is granted, the Court should require Expedia to produce all of its Slack and Text messages for the relevant time period, the same as Plaintiff.

Respectfully submitted on this 2nd day of December, 2024.

/s/ *Nicole J. Moss*

Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Brian W. Barnes, Esq. CO #43040*
Samuel D. Adkisson, Esq. VA #93362*
DeLisa L. Ragsdale, Esq. TX #24074579*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com
dragsdale@cooperkirk.com
202-220-9600

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN #37357-45*
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com
845-270-3843

Nicholas R. Barry, Esq. TN #031963*
Jacob Meckler, Esq. DC #90005210*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Nicholas.barry@aflegal.org
Jacob.meckler@aflegal.org
202-964-3721

* *Pro Hac Vice*

*Counsel for Plaintiff*

**PROOF OF SERVICE**

I hereby certify that on December 2, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

*/s/Nicole J. Moss*
Nicole J. Moss
*Counsel for Plaintiff*
