UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>    *Plaintiff*,<br><br>v.<br><br>EXPEDIA INC.,<br><br>    *Defendant*. | Case No. 1:23-cv-1373-DII |

**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

It is regrettable that a discovery dispute is once again before this Court, but this second Motion to Compel discovery from Expedia is necessitated by Expedia's ongoing refusal to acknowledge the broad scope of relevant discovery permissible in a discrimination case. *See, e.g.*, *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021). Indeed, despite a Court order rejecting Expedia's insuperably narrow view of relevance, *see* Oct. 3, 2024 Order, Doc. 66, Expedia continues to assert its cramped understanding in refusing to produce documents central to Plaintiff's claims and that are designed to lead to the discovery of relevant information.

Specifically, Expedia has refused to produce *any* documents responsive to three Requests for Production ("RFPs"), objecting, at least in part, on the grounds that the Request "seeks documents that are not relevant to any claim or defense of any party." Exhibit A (Expedia's Objs. & Resps. to Pl's. Sixth RFP) at 7.

- RFP 94 – Produce documents sufficient to show the names and most recent contact information that Expedia has for any recruiter or member of Expedia's Talent Acquisition teams whose employment with Expedia ended between June 1, 2022 and December 31, 2023. *See* EXP_00021457; EXP_00021455.

- RFP 96 – Produce documents sufficient to show any referral awards given at Expedia from January 2022 until November 2023. *See* EXP_00011197.

- RFP 99 – Produce documents regarding any Expedia hiring or contracting process that was paused, suspended, delayed, and/or put on hold because of Expedia's diverse slate requirement from January 1, 2022 to present. Documents shall be produced even if the diverse slate requirement was not the sole or exclusive basis for any pause, suspension, delay, or hold in a hiring or contracting process.

*See* Ex. A at 7–9. These Requests, on their face, relate to central allegations in this case: 1) that Plaintiff's initial job offer was put on hold so that Expedia could explore more "diverse" candidates and 2) that Expedia was illegally making race and sex a factor in its hiring process and decision-making.

Apart from its inappropriate relevance objections, Expedia has also asserted boilerplate burden, proportionality, privacy, and overbreadth objections. These objections are asserted without specificity or explanation and without citation to any relevant legal authority. They likewise should all be overruled and Expedia ordered to produce the requested documentation.

In sum, having already been forced to seek Court intervention to overcome Expedia's erroneous view of relevancy and to overcome its prior use of impermissible boilerplate objections, Plaintiff is hard pressed to view Expedia's refusal to produce any documents in response to these Requests as anything more than dilatory tactics designed to runout the discovery clock. The Court should reject such tactics and order Expedia to respond to these Requests immediately.

## BACKGROUND

Plaintiff served his Sixth Requests for Production on Expedia on October 18, 2024. Expedia responded on November 18, 2024. As noted above, in response to several of Plaintiff's Requests, Expedia objected and refused to produce any documents. *See* Ex. A. at 7–9. Three days later, on November 21, 2024, Plaintiff provided a deficiency letter to Expedia expressing concerns with its refusal to produce documents, its narrow view of relevance, its continued impermissible use of boilerplate objections, and its continued impermissible use of "subject to and without waiving" qualifications to its responses that do not properly identify what documents if any are being withheld. *See* Exhibit B (Nov. 21, 2024 Ltr. from Moss to Dashiell, et al.). Plaintiff also sought a meet and confer with Expedia's counsel, which the parties held on December 3, 2024.

During the parties' meet and confer, Expedia made clear it was "standing on" its objections to the three Requests at issue in this motion and would not be producing any documents in response. Expedia, neither in its written objections nor during the meet and confer, provided any

information to support its privacy, burden and lack of proportionality claims, and it provided no information suggesting it has made any attempt to identify the requested documentation.

## ARGUMENT

**I.     Expedia Continues to Assert an Insuperably Narrow View of Relevancy that Has Already Been Rejected by the Court.**

From the onset of this litigation, Expedia has asserted an insuperably narrow view of relevance. In response to Plaintiff's First Requests for Production, Expedia attempted to limit the documents it produced to only those pertaining directly to the Plaintiff or to the Global Sourcing position for which Plaintiff had interviewed. *See, e.g.*, Def's. Am. Objs. & Resps. to Pl's. First RFP, Doc. 50-2 at 10 (RFP 10) (objecting to producing documents from "employees who were not in the same department as nor involved in the relevant decision not to hire Kascsak" and attempting to limit production to "the hiring decision which is the subject of this lawsuit"); *Id*. at 11 (RFP 11) (attempting to limit response to "hiring criteria for the Global Sourcing position for which Kascsak applied" and refusing to "produce[] any documents related to 'senior level' jobs other than the job for which Kascsak applied, based on the objections set forth above").

At the hearing on Plaintiff's first Motion to Compel, the Court rejected Expedia's cramped understanding of relevance and ordered Expedia to produce most documents sought in Plaintiff's first Motion to Compel, such as those sought in RFPs 10 and 11, with limitations only as to the timeframe (requiring production from January 1, 2022 forward as opposed to June 1, 2020 as Plaintiff had requested). *See* Doc. 66. The Court made clear that it agreed with Plaintiff "that the documents related to Expedia's DEI hiring initiatives go to the but-for causation element of his claim" and were discoverable. *See* Tr. of Oct. 3, 2024 Hearing, Doc. 74 at 3:14–22. The Court explicitly found "that what matters the most to this case is what the corporate mind set was at the time and leading up to the time that Mr. Kascsak applied and was passed over." *Id.* at 4:19–22.

3

The way the Court dealt with burden, proportionality, and relevancy concerns was to limit the timeframe of the documents that Expedia had to produce, not the scope of the relevant information. *Id.* at 5:1–6.

The Requests at issue here go to Expedia's broader DEI hiring initiatives, how Expedia sought to implement those initiatives, and to Expedia's corporate mindset around the time that Plaintiff alleges he was discriminated against. Additionally, the Requests seek documentation for a timeframe consistent with or even more narrow than the timeframe found by the Court to encompass relevant information. Analyzing each Request in turn demonstrates that they fall squarely within the broad scope of what the Court has already deemed responsive, and that Expedia has no legitimate basis for its relevance objections.

Request 94 seeks information about recruiters or members of Expedia's Talent Acquisition team who left Expedia's employment between June 1, 2022 and December 31, 2023. The documents produced in discovery by Expedia cited in the Request allege that individuals were fired because they failed to meet Expedia's race and sex-based hiring requirements. This Request is designed to lead to the discovery of relevant information regarding individuals who have left Expedia's employment so that Plaintiff can attempt to verify these allegations, identify potential witnesses, and develop evidence that will be admissible at trial.

Request 96 seeks information about bonuses, referred to by Expedia as "referral awards," given to employees related to race and sex-based hiring referrals. Information on how many of these rewards were paid, to whom, and for how much is related to Expedia's DEI initiatives, its hiring processes, and its corporate mindset – all middle of the road with respect to the Court's findings on relevancy. Expedia's objection that such awards were not paid for the Global Sourcing

4

position is a regurgitation of the same, rejected relevancy argument that the Court previously overruled in allowing discovery into Expedia's practices more generally.

Request 99 seeks information on hiring and contracting processes that were paused, suspended, delayed and/or put on hold because of Expedia's diverse slate requirements. Plaintiff has alleged (and Expedia's own documents show) that he was offered a job in May. Plaintiff alleges that this job offer was inexplicably put on hold for several months, and that when the Plaintiff was brought back for additional interviews in July, he learned the reason for the delay was Expedia's desire to consider more "diverse" candidates for the role. Exploring similar instances in which hiring was placed on hold due to "diversity" considerations is again middle-of-the-road stuff with respect to relevancy.

Each of the Requests detailed above "bear on" the issues in this discrimination suit. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quotation marks omitted). And they "reasonably could lead to other matter" that is pertinent to this case. *Id*. (quotation marks omitted). The disputed requests are thus permissible subjects of discovery. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). In the face of the Court's prior ruling on relevancy and the clear caselaw in this area, Expedia's continued assertion of its narrow view of relevancy in objection to producing documents is troubling, and the Court should order Expedia to produce the requested documentation immediately.

## II.    Expedia's "Privacy" Objection to Responding to RFP 94 Is Unsubstantiated and Should Be Overruled.

In addition to claiming the documents sought by RFP 94 are not relevant, Expedia has refused to produce these documents citing, without reference to any legal authority or explanatory

5

information, "the privacy rights of Expedia employees who are not parties to this lawsuit." Ex. A at 7. To be clear, the only information being sought are the names and current contact information for former recruiters or former employees that were part of Expedia's Talent Acquisition teams. Not sought is any documentation regarding the reasons for their departure from Expedia, their salary, or any other personal information such as SSNs or dates of birth. In short, documentation containing the kind of information that the Federal Rules require a party to provide as part of Initial Disclosures is what is being sought here. *See* FED. R. CIV. P. 26(a)(1)(A)(i). Nothing more, nothing less.

      The fact that an individual previously worked at Expedia is not privileged or private information. It is the sort of information contained on public LinkedIn pages. Likewise, current contact information--i.e. addresses and telephone numbers—is nothing more than what is available in the telephone book. This is the sort of information that Court's routinely require parties to produce even over privacy objections, particularly when there is a protective order in place, as is the case here. *See, e.g.*, *Hitchcock v. Steak N Shake, Inc.*, No. 5:16-CV-922-XR, 2017 WL 11037126, at *5 (W.D. Tex. May 25, 2017) (ordering the production of personnel files with redactions for SSNs and other sensitive information); *Choate v. State Farm Lloyds*, No. 3:03-CV-2111-M, 2005 WL 1109432, at *3 (N.D. Tex. May 5, 2005) (requiring the disclosure of names and addresses when such information was reasonably designed to lead to the discovery of additional information); *Snodgrass v. Esper*, No. 18-CV-00450, 2020 WL 5265126, at *1 (D. Md. Sept. 3, 2020) ("The Court remains unpersuaded that these fact witnesses enjoy a reasonable expectation of privacy in their present or last known addresses, telephone numbers, or present or last known place of employment."); *EEOC v. Lowe's HIW, Inc.*, No. 2:08-CV-0331-JCC, 2008 WL 11343686, at *6–7 (W.D. Wash. Dec. 23, 2008) (requiring a response to Plaintiff's request

for telephone numbers and addresses "for each person who was employed" at one of Defendant's locations for a three year period, as "Plaintiffs are entitled to contact and interview potential witnesses, and because the parties have stipulated to a protective order in this case that can be used to address the privacy concerns raised by Defendant"); *Strauss v. Rent-A-Ctr., Inc.*, No. 6:04-CV-1133-ORL-22KRS, 2007 WL 2010780, at *3 (M.D. Fla. July 6, 2007) (ordering production of contact information for potentially similarly situated employees, and instituting protective order for that information); *EEOC v. Club Demonstration Servs., Inc.*, No. 1:19-CV-0007-HRH, 2020 WL 5585060, at *6 (D. Alaska Sept. 16, 2020) (ordering production of contact information for all employees who worked at Defendant's location during a given time period); *Ellison v. Patterson-UTI Drilling Co.*, No. 6:08-cv-67, 2009 WL 3247193, at *3–5 (S.D. Tex. Sept. 23, 2009) (finding names and contact information for "current and former employees" should be produced).

Expedia's objections are bereft of any explanation as to its purported privacy concerns (this alone waives this objection). And because, for reasons outlined above, the documentation sought is relevant and there is a protective order in place, Expedia should be required to produce the requested documentation immediately. Indeed, Expedia's refusal to provide this basic contact information appears to be nothing more than calculated stonewalling designed to run out the discovery clock and prevent Plaintiff from having a full and fair opportunity to follow up on the information obtained from the requested documentation to determine if any of these individuals should be identified as witnesses in this matter.

**III.    The Court Should Overrule Expedia's Objection that RFPs 94 and 96 Somehow Circumvent the Limit on Interrogatories Because They Seek Documents "Sufficient to Show" the Requested Information.**

In addition to objecting on relevancy grounds, Expedia has asserted that Plaintiff's Request Nos. 94 and 96 "attempt to circumvent the limits on the number of interrogatories permitted to

each party" because they request that Expedia "produce documents sufficient to show" requested information. *See* Ex. A. at 7–8. This objection is unsound. Expedia is in effect objecting because Plaintiff has *narrowed* the scope of the documents that need to be produced in response. Rather than requesting "all documents" that contain the requested information, Plaintiff has instead requested documents "sufficient to show" the requested information. Expedia's objection to this narrowing construction is particularly baffling because Expedia simultaneously has asserted impermissible boilerplate "overbreadth" and "burden" objections, *see id.*, along with a general objection "to the extent any [Requests] are phrased in absolute terms." *Id.* at 6. This is a classic case of heads-I-win, tails-you-lose reasoning. Expedia simultaneously objects that the Requests are too broad, and that the requests are too narrow. That gives the game away: Expedia is simply manufacturing excuses not to produce the relevant information being sought.

  Expedia's complaint that Plaintiff should have obtained the requested information through interrogatories instead is not grounded in the Rules or any legal authority of which Plaintiff is aware. Nothing in the Rules requires a party to select one form of permissible discovery over another. In fact, the Rules specifically contemplate multiple forms of discovery and expressly provide that "methods of discovery may be used in any sequence." FED. R. CIV. P. 26(d)(3)(A).

  There is good reason for Plaintiff to seek documentation containing the information sought rather than a subjective Interrogatory response. Plaintiff does not want Expedia making a determination as to why an individual separated from employment or why a referral award was paid. Plaintiff wants the documentation so that he can make his own, independent assessments of this information. Further, as is typical in discovery, even if Plaintiff had sought this information though Interrogatories, Plaintiff has a document request seeking copies of the documents used to inform Expedia's answers to Plaintiff's Interrogatories. *See* Exhibit C (Pl's. Fourth RFP) at 6 (RFP

60). Thus, Expedia would still have to produce the underlying documentation being sought even if Plaintiff had opted to serve an Interrogatory instead of a Request for Production. By not serving additional Interrogatories, Plaintiff has in fact *reduced* the burden on Expedia. The Court should overrule this objection and require the production of the requested documents immediately.

### IV. Expedia's Impermissible Boilerplate Objections Should Be Overruled

As with Plaintiff's First Requests for Production to which Expedia, following Plaintiff's Motion to Compel was required to respond, Expedia has once again asserted several impermissible boilerplate objections such as "overly broad," "unduly burdensome," "impermissible fishing expedition," and "outside the bounds of proportional discovery," all without explanation. Ex. A. at 7–9. "It is well-established that parties cannot make general or boilerplate objections to discovery requests." *Mullenix v. Univ. of Tex.*, No. 1:19-CV-1203, 2021 WL 1647760, at *3 (W.D. Tex. Apr. 26, 2021) (quoting *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-CV-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020)). Indeed, "boilerplate objections are invalid" and thus forfeited, as objections "must be made with specificity" and "explain[ed]." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (quotation marks omitted); *see also Tim Long Plumbing*, 2020 WL 6559869, at *3 (providing examples of impermissible boilerplate objections used by Expedia).

Reading Expedia's objections to RFPs 94, 96, and 99 causes *déjà vu.* Not only has Expedia asserted the same rejected relevancy objections, it asserts the same boilerplate objections, lacking any specificity or explanation, without regard to the clear case law that to do so is impermissible. The Court should once again overrule these boilerplate objections, deem them forfeited, and require Expedia to immediately produce the requested documentation.

9

## CONCLUSION

For all of the reasons set forth herein, Plaintiff respectfully requests that pursuant to FED. R. CIV. P. 37(a)(3)(b)(iv), the Court compel Expedia to immediately produce the documents sought in Plaintiff's Requests for Production 94, 96, and 99.

Respectfully submitted on this 6th day of December, 2024.

/s/ *Nicole J. Moss*
Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Brian W. Barnes, Esq. CO #43040*
Samuel D. Adkisson, Esq. VA #93362*
DeLisa L. Ragsdale, Esq. TX #24074579*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
bbarnes@cooperkirk.com
sadkisson@cooperkirk.com
dragsdale@cooperkirk.com
202-220-9600

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN #37357-45*
LIEBMANN & LIEBMANN, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com
845-270-3843

Nicholas R. Barry, Esq. TN #031963*
Jacob Meckler, Esq. DC #90005210*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Nicholas.barry@aflegal.org
Jacob.meckler@aflegal.org
202-964-3721

* *Pro Hac Vice*

*Counsel for Plaintiff*

## PROOF OF SERVICE

I hereby certify that on December 6, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

<u>/s/ Nicole J. Moss</u><br>
Nicole J. Moss<br>
<i>Counsel for Plaintiff</i>