# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **EXPEDIA, INC.,** | § § § | |
| Defendant. | § | |

**DEFENDANT EXPEDIA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL KASCSAK'S SIXTH REQUEST FOR PRODUCTION**

TO: Plaintiff Michael Kascsak, by and through their attorneys of record, Alexander Liebmann, Max Schreiber, LIEBMANN & LIEBMANN, P.A., 714 N. Spring St., Pensacola, FL 32501; Nicholas R. Barry, Jacob Meckler, AMERICA FIRST LEGAL FOUNDATION, 611 Pennsylvania Ave SE #231, Washington, D.C., 20003; and Adam P. Laxalt, Brian W. Barnes, Nicole J. Moss, and Samuel D. Adkisson, COOPER & KIRK, 1523 New Hampshire Ave NW, Washington, D.C. 20036

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia") hereby serves the following Objections and Responses to Plaintiff Michael Kascsak's Sixth Request for Production to Plaintiff.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado, Suite 2400
Austin, Texas  78701-2589
512-495-6300
512-495-6399 Fax

By:     */s/ Amy Lee Dashiell*
       David D. Shank
       Texas Bar No. 24075056
       dshank@scottdoug.com
       Amy Lee Dashiell
       Texas Bar No. 90001564
       adashiell@scottdoug.com

*Counsel for Defendant Expedia, Inc.*

2

4866-7868-5681

## **CERTIFICATE OF SERVICE**

I certify that on November 18, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann, Esq.
Max Schreiber
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501

Adam P. Laxalt
Brian W. Barnes
Nicole J. Moss
Samuel D. Adkisson
DeLisa Ragsdale
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washing, DC 20036

Jacob Meckler
Nicholas R. Barry
America First Legal.
611 Pennsylvania Ave SE #231
Washing, DC 20003

*Counsel for Plaintiff Michael Kascsak*

                                                  */s/ Amy Lee Dashiell*
                                                  Amy Lee Dashiell

**GENERAL OBJECTIONS**

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's Sixth Requests for Production of Documents (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual requests:

1. Expedia objects to the Requests' definition of "Expedia" and "Defendant" because they purports to include all "officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates" of Expedia, Inc. For purposes of these responses, the term "Expedia" refers to Expedia, Inc. Expedia objects to this definition and to Instruction No. 5 to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests and produce documents is limited to items in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by incorporating this overbroad definition, seeks discovery of items not within Expedia's possession, custody, or control.

2. Expedia objects to the Requests' definition of "Communication" to the extent it is broader than the definition in Local Rule CV-26(b)(1). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret the term communication consistent with the definition in the Local Rules.

3. Expedia objects to the Requests' definition of "Person" to the extent it is broader than the definition in Local Rule CV-26(b)(6). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret these terms consistent with the definition of person in the Local Rules.

4.      Expedia objects to the time, place, and manner of production specified in Plaintiff's Requests. Expedia will produce responsive, non-privileged documents at a mutually agreeable time and place.

5.      Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

6.      In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests seek the discovery of information that is protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

7.      Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

8.      Any statement made in the responses to Requests shall not be deemed an admission of any factual or legal contention contained in any individual Request. Expedia objects to each Request to the extent that it contains any factual or legal misrepresentations.

9. Expedia objects to each of Plaintiff's Requests to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

10. The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S SIXTH REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 94:**

Produce documents sufficient to show the names and most recent contact information that Expedia has for any recruiter or member of Expedia's Talent Acquisition teams whose employment with Expedia ended between June 1, 2022 and December 31, 2023. *See* EXP_00021457; EXP_00021455.

**OBJECTION:**

Expedia objects to this request because such request is overbroad, seeks documents that are not relevant to any claim or defense of any party, is an impermissible fishing expedition, and violates the privacy rights of Expedia employees who are not parties to this lawsuit. Expedia further objects to this request to "produce documents sufficient to show" the requested information because it is a request for information that is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**REQUEST FOR PRODUCTION NO. 95:**

Produce documents sufficient to show any referral award guidance for hiring of women, racial minorities, diverse candidates, and/or URIs at Expedia from January 2022 until November 2023. *See* EXP_00011197.

**OBJECTION:**

Expedia objects to this request because it is overbroad, seeks documents that are not relevant to any claim or defense of any party and is an impermissible fishing expedition. Expedia further objects to this request to "produce documents sufficient to show" the requested information because it is a request for information that is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the supplemental documents produced in accordance with the Court's ruling on Plaintiff's Motion to Compel include documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 96:**

Produce documents sufficient to show any referral awards given at Expedia from January 2022 until November 2023. *See* EXP_00011197.

4866-7868-5681

**OBJECTION:**

Expedia objects to this request because it is overbroad, unduly burdensome, outside the bounds of proportional discovery, seeks documents that are not relevant to any claim or defense of any party and is an impermissible fishing expedition, both in general and in particular because the request does not relate to the Global Sourcing position at issue in this litigation. Expedia further objects to this request to "produce documents sufficient to show" the requested information because it is a request for information that is an attempt to circumvent the limits on the number of interrogatories permitted to each party.

**RESPONSE:**

With regard to the Global Sourcing position, no referral awards were awarded and Expedia therefore does not have documents responsive to this request related to the hiring of that position.

**REQUEST FOR PRODUCTION NO. 97:**

Produce all documents sent to, or possessed by, Allison Allen, Michael Davis Velasco, Sarah Sanderson, and Lisa Christensen from January 1, 2022, to present regarding the role that diversity, race, sex, gender, sexual orientation, URI status, and/or non-URI status were to play, or did play, in Expedia's hiring and contracting processes.

**OBJECTION:**

Expedia objects to this request because such request is vague, fails to identify documents with reasonable particularity, overbroad, unduly burdensome, outside the bounds of proportional discovery, and seeks documents that are not relevant to any claim or defense of any party. Expedia further objects that the request is duplicative of the numerous prior requests to Defendant. Expedia further objects that the request for documents related to "sexual orientation" or "contracting processes" are well outside the bounds of any relevant issues in this case.

**RESPONSE:**

Expedia has performed reasonable searches of these custodians for documents reflecting Expedia's policies and communications by these individuals related to race, sex, gender, and URI status in the context of Expedia's hiring process, in connection with its responses to Plaintiff's prior requests and the Court's rulings on Plaintiff's Motion to Compel, which will be included in Expedia's supplemental production served herewith.

**REQUEST FOR PRODUCTION NO. 98:**

Produce all documents regarding the formulation, existence, and operation of Expedia's diverse slate requirement from January 1, 2022 to September 1, 2024.

8

**OBJECTION:**

Expedia objects to this request because such request is vague, fails to identify documents with reasonable particularity, overbroad, unduly burdensome, outside the bounds of proportional discovery, and seeks documents that are not relevant to any claim or defense of any party, for the diverse slate requirement was not applicable to the hiring of the Global Sourcing position.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the supplemental documents produced in connection with its responses to Plaintiff's prior requests and the Court's rulings on Plaintiff's Motion to Compel contain documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 99:**

Produce documents regarding any Expedia hiring or contracting process that was paused, suspended, delayed, and/or put on hold because of Expedia's diverse slate requirement from January 1, 2022 to present. Documents shall be produced even if the diverse slate requirement was not the sole or exclusive basis for any pause, suspension, delay, or hold in a hiring or contracting process.

**OBJECTION:**

Expedia objects to this request because it is vague, overbroad, unduly burdensome, fails to identify documents with reasonable particularity, and seeks documents outside the bounds of proportional discovery, and that are not relevant to any claim or defense of any party.

**REQUEST FOR PRODUCTION NO. 100:**

To the extent Expedia ended its diverse slate requirement, produce all documents regarding Expedia's decision to terminate this requirement. This request shall include, but is not limited to, documents reflecting the precise point at which this requirement was terminated, and the reasons and bases for the termination decision.

**OBJECTION:**

Expedia objects to this request because such request is overbroad, unduly burdensome, outside the bounds of proportional discovery, and seeks documents that are not relevant to any claim or defense of any party, for the diverse slate requirement was not applicable to the hiring of the Global Sourcing position.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the supplemental documents produced in connection with its responses to Plaintiff's prior requests and the Court's rulings on Plaintiff's Motion to Compel contain documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 101:**

Produce all documents in Expedia's custody, possession, or control regarding the reasons, bases, and causes of Michael Davis Velasco's separation from the company.

**OBJECTION:**

Expedia objects to this request because it is overbroad, seeks documents that are not relevant to any claim or defense of any party and violates the privacy rights of Mr. Velasco.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Mr. Velasco's Separation Agreement will be produced.

**REQUEST FOR PRODUCTION NO. 102:**

Produce all communications between Expedia and internal and external recruiting personnel regarding the consideration of diversity, race, sex, gender, sexual orientation, URI status, and/or non-URI status in connection with potential or actual candidates for employment with Expedia from January 1, 2022, to December 31, 2023.

**OBJECTION:**

Expedia objects to this request because it is vague, fails to identify documents with reasonable particularity, overbroad, unduly burdensome, outside the bounds of proportional discovery, seeks documents that are not relevant to any claim or defense of any party and is an impermissible fishing expedition, both in general and in particular because the request does not relate to the Global Sourcing position at issue in this litigation and because the request as related to "gender orientation" is unrelated to Plaintiff's claims.

**RESPONSE:**

Expedia has performed reasonable searches of the recruiting personnel involved in the Global Sourcing position for documents communications by these individuals related to race, sex, gender, and URI status in the context of Expedia's hiring process, in connection with its responses to Plaintiff's prior requests and the Court's rulings on Plaintiff's Motion to Compel, which will be included in Expedia's supplemental production served herewith. There were no communications

with "external" recruiting personnel related to the Global Sourcing position. *See* also Expedia's response to Request for Production No. 97.

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents in Expedia's custody, possession, or control regarding any individual that Michael Davis Velasco recommended against hiring based on the compensation that would be owed to that individual from January 1, 2022, to Mr. Davis Velasco's separation from Expedia.

**OBJECTION:**

Expedia objects to this request because it is vague, fails to identify documents with reasonable particularity, overbroad, unduly burdensome, outside the bounds of proportional discovery, seeks documents that are not relevant to any claim or defense of any party and is an impermissible fishing expedition.