# EXHIBIT B

# Cooper & Kirk
#### Lawyers
A Professional Limited Liability Company

Nicole Moss  
(202) 220-9636  
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

November 21, 2024

**By Electronic Mail**

Amy Dashiell, Esq.
David Shank, Esq.
Lauren Ditty, Esq.
Counsel to Expedia, Inc.
303 Colorado Street, Suite 2400
Austin, TX 78701

RE:   *Michael Kascsak v. Expedia, Inc.*, No. 1:23-v.1373DII – Discovery Deficiencies

Dear Counsel:

I write to address concerns regarding Defendant's Objections and Responses to Plaintiff's Sixth Requests for Production ("RFPs") and Defendant's failure to produce responsive text messages.

**Defendant's Refusal to Produce Documents in Response to RFPs 94, 99, and 103**

Defendant has objected to producing any documents in response to Plaintiff's RFP Nos. 94, 99, and 100 based on impermissible boilerplate objections that fail to provide the required specificity necessary to support Defendant's objections. First, while Defendant claims that complying with these document requests would be unduly burdensome or that they are an impermissible fishing expedition, Defendant provides no details on what has been done to assess the burden or expense. Second, while generically claiming overbreadth and vagueness, Defendant provides no detailed explanation of what Defendant allegedly finds to be overbroad or vague. Third, Defendant regurgitates its standard claim of the requests being outside the bounds of proportional discovery and not relevant to any claim or defense of any party, again without explanation and in seeming disregard for the Court's order on relevance and the discovery produced to date establishing relevancy.

With respect to RFP 94, Defendant also inexplicably objects because the RFP, rather than seeking "all documents" regarding the subject matter of the RFP, limited the request to documents sufficient to show the information being requested. Seeing as how Defendant asserted a general objection to "Plaintiff's Requests to the extent any are phrased in absolute terms," it is confounding why Defendant would then object when Plaintiff explicitly limited the scope of this request. In any

Amy Dashiell, Esq.
David Shank, Esq.
Lauren Ditty, Esq.
November 21, 2024
Page 2

event, the information sought is clearly designed to lead to the discovery of relevant evidence. The documents cited in this request allege that Expedia terminated employment and/or employees left Expedia because of Expedia's emphasis on its hiring "targets." Documentation showing the names and contact information of recruiters or members of Expedia's Talent Acquisition Team whose employment with Expedia ended between June 1, 2022 and December 31, 2023 falls within the heart of relevant and discoverable material and should be produced without further delay.

With respect to RFP 99, again Defendant asserts unexplained, boilerplate objections. This request seeks relevant information that goes to Expedia's use of race and sex in the hiring process, particularly with respect to decisions to place hiring or contracting processes on hold because of "diversity" concerns. Allegations that this occurs can be found in the documents already produced in discovery, and this request that seeks to follow up on this information is appropriate and responsive documents should be produced without further delay.

With respect to RFP 103, we believe the relevance of the information being sought is apparent, but to be clear, you have claimed at various times that Plaintiff was not offered the job at Expedia not because of any discriminatory motive but due to compensation concerns expressed by Mr. Davis Velasco. We are entitled to probe the credibility of that assertion and to explore other alleged instances in which compensation was a concern expressed by Mr. Davis Velasco.

**Responses that Include Improper "Subject to and Without Waiving" Qualifications**

In response to RFPs 95, 98, 100, and 101, Defendants have asserted objections and then used improper "subject to and without waiving" language qualifying its response that makes it unclear what documents, if any, have been withheld from production and what limiting constructions, if any, Defendant is placing on these requests. Please confirm that the documents, as requested, have been produced as part of Defendant's November 18, 2024 production or what responsive documents you are withholding on the basis of your objections.

With respect to RFP 101, which seeks documents related to Mr. Davis Velasco's separation from Expedia, please provide information on what documents apart from his Separation Agreement, which you have agreed produce, are being withheld, and when we can expect to receive a copy of the referenced Separation Agreement.

**Insupportably Narrow Relevance Assertion**

In response to RFPs 96 and 102, Expedia has apparently limited its response and its search for responsive documents to those related to the Global Sourcing position. As has previously been explained on numerous occasions, that is far too narrow. Expedia's use of race, sex, URI status, etc. as part of hiring decisions, whether related to the Global Sourcing position or not, are relevant and discoverable. The Court has explicitly rejected Expedia's attempt to so narrowly define relevance. These two requests are narrow in scope and targeted in what they are requesting. The

Amy Dashiell, Esq.
David Shank, Esq.
Lauren Ditty, Esq.
November 21, 2024
Page 3

fact that they are seeking documents and communications broader than the Global Sourcing position is not a basis to refuse to respond.

**Defendant's Failure to Search for and Produce Text Messages**

I also wish to raise again the issue of Defendant's failure to search for and produce its custodian's responsive text messages. Your last communication on this issue suggested that it is settled law in the Western District of Texas that employers do not have custody and control over their employees' cell phones and therefore cannot be compelled to collect them. That is not entirely accurate. Before such a determination of "control" can be made, there are several factors that need to be considered – whether the employer issued the devices, how frequently the devices were used for business purposes, whether the employer has a legal right to obtain communications from the devices, and whether there is a company policy addressing access to communications on personal devices. We have no information to suggest that these factors have been reviewed or taken into consideration by Expedia or what the answers to these questions are. While you agreed to confirm that Expedia's employees do not have texts related to this matter on their personal devices, we have not heard back from you with that confirmation and given that Plaintiff received (and has produced) texts with Expedia employees, we know that such texts exist and have not been produced.

Finally, please let us know when we can expect an updated and/or supplemental privilege log, and when you are available this week or early next to meet and confer on the issues raised above.

Sincerely,

Nicole Jo Moss