EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL KASCSAK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-cv-1373-DII |
| | § | |
| **EXPEDIA, INC.,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT EXPEDIA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF
MICHAEL KASCSAK'S FOURTH REQUEST FOR PRODUCTION**

TO:    Plaintiff Michael Kascak, by and through their attorneys of record, Alexander Liebmann,
Max Schreiber, Liebmann & Liebmann, P.A., 714 N. Spring St., Pensacola, FL 32501

Pursuant to the Federal Rules of Civil Procedure, Defendant Expedia, Inc. ("Expedia")

hereby serves the following Objections and Responses to Plaintiff Michael Kascsak's Fourth

Request for Production to Plaintiff.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado, Suite 2400
Austin, Texas  78701-2589
512-495-6300
512-495-6399 Fax

By:    */s/ Amy Lee Dashiell*
David D. Shank
Texas Bar No. 24075056
dshank@scottdoug.com
Amy Lee Dashiell
Texas Bar No. 90001564
adashiell@scottdoug.com

*Counsel for Defendant Expedia, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 22, 2024, I served a copy of the foregoing on the parties listed below by email.

Alexander Liebmann
Max Schreiber
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com

*Counsel for Plaintiff Michael Kascsak*

*/s/ Amy Lee Dashiell*_____
Amy Lee Dashiell

4860-4219-4634

## GENERAL OBJECTIONS

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Plaintiff's Fourth Requests for Production of Documents (the "Requests"). The General Objections are hereby incorporated into each and every one of Expedia's responses to Plaintiff's individual requests:

1.      Expedia objects to the Requests' definition of "Expedia, Inc." and "Defendants" because they purports to include all "officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates of Expedia, Inc." For purposes of these responses, the term "Expedia" refers to Expedia, Inc. Expedia objects to this definition and to Instruction No. 5 to the extent that it seeks to impose discovery obligations on persons not parties to this litigation because it is a violation of the Federal Rules of Civil Procedure and Local Rule CV-26(b). Expedia's obligation to respond to these Requests and produce documents is limited to items in Expedia's possession, custody, or control, and Expedia therefore objects to any Request that, by incorporating this overbroad definition, seeks discovery of items not within Expedia's possession, custody, or control.

2.      Expedia objects to the Requests' definition of "Defendants" to the extent it includes Michael Davis Velasco because he is no longer a Defendant in this lawsuit.

3.      Expedia objects to the Requests' definition of "Communication" to the extent it is broader than the definition in Local Rule CV-26(b)(1). Consistent with the Local Rules, in responding to these Requests, Expedia will interpret the term communication consistent with the definition in the Local Rules.

4.      Expedia objects to the Requests' definition of "Person" to the extent it is broader than the definition in Local Rule CV-26(b)(6). Consistent with the Local Rules, in responding to

4860-4219-4634

these Requests, Expedia will interpret these terms consistent with the definition of person in the Local Rules.

5.      Expedia objects to the time, place, and manner of production specified in Plaintiff's Requests. Expedia will produce responsive, non-privileged documents at a mutually agreeable time and place.

6.      Expedia objects to the remainder of the Requests' Definitions and Instructions to the extent they seek to impose obligations beyond those in the Federal Rules of Civil Procedure and the Local Rules.

7.      In addition to any specific objections and assertions which may be made on an individual basis in the separate responses set forth below, to the extent that Plaintiff's Requests seek the discovery of information that is protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection from discovery, Expedia asserts the privilege. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection or doctrine.

8.      Expedia objects generally to the Requests, including the definitions and instructions set forth therein, to the extent that they purport to require Expedia to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Expedia states that any response is not intended to provide and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Request.

4

9.     Any statement made in the responses to Requests shall not be deemed an admission of any factual or legal contention contained in any individual Request. Expedia objects to each Request to the extent that it contains any factual or legal misrepresentations.

10.    Expedia objects to each of Plaintiff's Requests to the extent any are phrased in absolute terms. Where the Requests ask for all documents or information on a particular subject, Expedia, in answering such Requests, will undertake only to supply documents and information known to it at the time of the response and will not undertake any obligation, express or implied, to represent that the response includes all of the information that may exist.

11.    The following responses are given without prejudice to Expedia's right to produce or rely on subsequently discovered documents and information. Expedia accordingly reserves the right to change its responses and/or produce or rely on subsequently discovered information and documents as the case progresses.

4860-4219-4634

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 60:**

Produce all documents used to inform Defendant's answers to Plaintiff's interrogatories.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

**REQUEST FOR PRODUCTION NO. 61:**

Produce Company organization charts which detail all places in the Company hierarchy and all job titles (including temporary or conditional ones) for Michael Davis Velasco, Allison Allen, Lisa Christensen, and Bernita Dillard between March 2023-present and which detail who each of these individuals reports to and who if anyone reports to them.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia will produce documents, if any, that reflect the position of the requested individuals at the time that Plaintiff was considered for the Global Sourcing position, and was rejected for the Global Sourcing position.

**REQUEST FOR PRODUCTION NO. 62:**

Produce Company organization charts which detail Michael Davis Velasco's immediate subordinates and two levels down from each of these subordinates in the corporate hierarchy, and specifically those charts which reflect job titles. The relevant timeline for this request is March

2023-present, and any org charts should be produced which reflect changes in titles, responsibilities, supervisors, or subordinates of the relevant actors implicated by this request.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia will produce documents, if any, that reflect the position of Michael Velasco and of his subordinates who played a role in the hiring of the Global Sourcing position, at the time that Plaintiff was considered for the Global Sourcing position, and was rejected for the Global Sourcing position.

**REQUEST FOR PRODUCTION NO. 63:**

Produce Company organization charts for employees whose primary responsibilities are in Diversity and Inclusion, as understood by Davis Velasco's job title. The relevant timeline for this request is March 2023-present, and any org charts should be produced which reflect changes in titles, responsibilities, supervisors, or subordinates of the relevant actors implicated by this request.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia will produce documents, if any, that reflect the position of subordinates of Michael Velasco and whose primary responsibilities were diversity and inclusion, at the time that Plaintiff was considered for the Global Sourcing position, and was rejected for the Global Sourcing position.

**REQUEST FOR PRODUCTION NO. 64:**

Produce Company organization charts for employees whose primary responsibilities are in talent sourcing, as understood by the job at issue in this litigation. The relevant timeline for this request is March 2023-present, and any org charts should be produced which reflect changes in titles, responsibilities, supervisors, or subordinates of the relevant actors implicated by this request.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE:**

Expedia will produce documents, if any, that reflect the position of employees whose primary responsibility was in talent sourcing for the Global Sourcing position, at the time that Plaintiff was considered for the Global Sourcing position, and was rejected for the Global Sourcing position.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents and recorded communications, including (but not limited to) e-mail and Slack chats, which describe any changes to Bernita Dillard's job responsibilities or job title after June 2023. This should be understood to include but not be limited to a copy of Bernita Dillard's job description before and after June 2023, and should include changes both permanent and temporary or conditional.

**OBJECTION:**

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects to this request because it infringes on the privacy rights of an Expedia employee not a party to this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**RESPONSE**:

Expedia will perform a reasonable search and produce documents, if any, that reference Bernita Dillard performing any tasks of the Global Sourcing position.

**REQUEST FOR PRODUCTION NO. 66**:

Produce any recorded communications written by or to Bernita Dillard, including (but not limited to) e-mail and Slack chats, which discuss the job at issue in this litigation.

**OBJECTION**:

Expedia objects to this request because "job at issue in this litigation" is vague. Expedia will assume for purposes of this response that it refers to the Global Sourcing position.

**RESPONSE**:

Subject to that clarification, Expedia will perform a reasonable search and produce documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 67**:

Produce the employment contracts and resumes for any Company personnel carrying out any of the "Direct Accountabilities" functions listed on EXP 00000011 after July 2023.

**OBJECTION**:

Expedia objects that this request is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. Expedia further objects that this request potentially seeks confidential information and documents for employee(s) who are not a party to this lawsuit and violates their privacy interests.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**REQUEST FOR PRODUCTION NO. 68**:

Produce recorded communications made to any Company personnel carrying out any of the "Direct Accountabilities" functions listed on EXP 00000011 after July 2023 which details such "Direct Accountabilities," including their assignment and execution.

**OBJECTION:**

Expedia objects that this request is vague, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all communications from or to Michael Davis Velasco, Allison Allen, Lisa Christensen, Sarah Sanderson, and Bernita Dillard concerning the race, sex, gender, sexual orientation, or perceived diversity of individual applicants for employment at Expedia; the race, sex, gender, sexual orientation, or perceived diversity of groups of applicants or applicant pools for employment at Expedia; the race, sex, gender, sexual orientation, or perceived diversity of potential or prospective Expedia employees; and the race, sex, gender, sexual orientation, or perceived diversity of potential or actual contractors, vendors, and suppliers hired or considered for hiring from Expedia. This request shall cover the time period from Mr. Velasco's hiring by Expedia until the date on which this suit was filed.

**OBJECTION:**

Expedia objects that this request is vague, fails to identify the documents sought with reasonable particularity, is overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit. For example, the request seeks communications related to the hiring process for any position at Expedia over a two year period and is not related to the hiring decision at issue in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

**REQUEST FOR PRODUCTION NO. 70:**

Produce documents sufficient to show whether, who, and how many Expedia employees receive or have received any compensation (salary, bonuses, stock options, etc.) based on meeting diversity metrics, diversity hiring goals, or diversity promotion goals. This request shall cover the time period from June 2020 until the date on which this suit was filed.

**OBJECTION:**

Expedia objects that this request is vague, overly broad, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.

Expedia further objects to this request because it seeks confidential and proprietary information and documents for employees who are not parties to this suit and therefore violates their privacy interests.

**RESPONSE:**

*See* Expedia's response to Interrogatory No. 21 and response to Request for Production No. 5.


**REQUEST FOR PRODUCTION NO. 71:**

Produce an authentic copy of each of the documents attached to Plaintiff's complaint that are in Defendant's possession, custody and control.

**OBJECTION:**

Expedia objects that this request is not an appropriate request, seeks information that is not relevant to any claim or defense of any party, and is an impermissible fishing expedition as it is not limited to documents related to the claims and issues in this lawsuit.

Expedia further objects that this request is vague and exceeds the bounds of proportional discovery as it would require unmanageable searches for documents which will not be important to resolving the issues in this case. The burden of searching for and producing such documents is impracticable and outweighs the likely benefit.


**REQUEST FOR PRODUCTION NO. 72:**

To the extent not already produced, produce a copy of all documents falling into each category identified in Defendant's Amended Initial Disclosures.

**RESPONSE:**

Expedia has performed a reasonable search and produced documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 73:**

Produce a copy of any documents received in response to any subpoena issued as part of this litigation.

**RESPONSE:**

Expedia will produce documents, if any, responsive to this request.


**REQUEST FOR PRODUCTION NO. 74:**

Produce a copy of any documents Defendant intends to rely upon at summary judgement and trial.

**OBJECTION:**

Expedia objects to this request because it is vague, fails to identify the documents sought with reasonable particularity, improperly requires Expedia to prematurely identify the materials on which it intents to rely upon at summary judgment or trial, seeks information protected by the work product privilege, and is not the proper subject of a request for production.

4860-4219-4634