UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL KASCSAK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:23-cv-1373-DII |
| § | |
| **EXPEDIA, INC.,** § | |
| § | |
| Defendant. § | |

**DEFENDANT EXPEDIA, INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION TO COMPEL DISCOVERY</u>**

# INTRODUCTION

Expedia's motion to compel showed that Kascsak's unilateral redaction of responsive documents, refusal to disclose relevant marital communications, and delay in producing his fee agreement and lawyers' billings are each improper under well-established authority. Kascsak's response mostly refuses to engage with Expedia's arguments or the overwhelming weight of authority on Expedia's side. As shown further in this reply, the Court should grant Expedia's motion to compel.

# ARGUMENT

**A. Kascsak's arguments in support of his unilateral redactions do not support his attempt to cherry-pick which texts to produce as "relevant" to his mental anguish claim.**

Kascsak's response incorrectly says Expedia is demanding that he "produce every single text message with various individuals over nearly two years." Resp. 2. In fact, Expedia's requests for production are far more limited. *See* Mot. 1. The issue here is not Expedia's requests, but whether Kascsak can unilaterally alter responsive documents that he has *already produced* by redacting large portions of those documents on purported relevance grounds. *See, e.g.*, Mot. Ex. D.

Kascsak does not dispute that the overwhelming weight of authority—including from this Court—says *no*. *Cf.* Mot. 4 & n.2. Instead, he refuses to acknowledge the nature of his production, claiming that his text messages are "like discrete documents" and ignoring the authority from this Court stating that "[r]edaction is…an alteration of potential evidence and a party should not take it upon, her, or itself to decide unilaterally" what is and is not relevant. *U.S. ex. rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (Austin, M.J.).

Redacting documents is particularly inappropriate here because Kascsak is pursuing emotional distress damages, rendering any communications that reveal Kascsak's demeanor, mental state, or other stressors relevant. Mot. 5. Notwithstanding that expansive scope of relevance, Kascsak insists that the relevance determination be left to his "unfettered discretion"—a position that was rejected in *Al Thani v. Hanke*, No. 20 CIV. 4765 (JPC), 2022 WL 1684271, at *2 (S.D.N.Y. May 26, 2022) ("It

1

cannot be left to Sims's 'unfettered discretion' to make [the relevancy] determination" regarding which texts to redact). Further, the cases cited by Kascsak are inapposite. Neither *Robinson* nor *Simply Storage* involved the *redaction* of text messages—and the court in *Simply Storage* expressly recognized that the "contours" of communications relevant to an emotional distress claim are "difficult to define." *See* Resp. at 7. This makes unilateral redaction in a case with an emotional distress claim particularly improper.

Indeed, supplemental productions from Kascsak and nonparty David Krant highlight the problems inherent in Kascsak's unilateral relevancy determinations because they reveal that Kascsak redacted numerous text messages as irrelevant that are directly relevant and responsive to specific RFPs. Mot. Ex. F; Ex. G. Kascsak characterizes these previously redacted text messages as "unremarkable," Resp. 6, and while Expedia certainly disagrees with that characterization, it is undisputed that these texts were responsive to Expedia's RFPs and withheld even after multiple requests. *See* Mot Ex. E. at 2 ("[W]e have found some limited additional text communications that would be responsive to Expedia's requests that are being produced in a supplemental production."); Ex. F. at 3-4 (in response to a second deficiency letter, Kascsak "re-reviewed" his text message production and un-redacted texts that were "responsive to Expedia's requests"); *see also* Ex. G (showing additional responsive texts obtained through nonparty David Krant that Kascsak continues to redact). Redacting responsive text communications, assuring your opponent that no responsive text messages have been redacted, and then forcing your opponent to learn through a nonparty that additional responsive text messages exist is not "how cooperative discovery is supposed to work." *Contra* Resp. 5. Kascsak's demonstrably overbroad redactions are improper.[1]

---

[1] Because Kascsak's cases do not support a redaction exception for text messages, Kascsak grasps for a distraction, insisting that he should not have to un-redact his text messages unless Expedia produces "all Slack chats exchanged between relevant individuals." Resp. 4-5. Kascsak's goose-gander argument only further underscores that Kascsak ignores the nature of his production. Kascsak does not contend that Expedia has unliterally redacted indisputably relevant documents—nor could he, Expedia

2

Further, neither Kascsak's proportionality argument nor the cases he cites support departing from the well-reasoned rule against relevancy-based redactions. The documents Kascsak produced are indisputably relevant to this case, *and have been produced.* Kascsak identifies no burden or expense of producing them in unredacted form that would outweigh its likely benefit—in fact, Kascsak inflicted burden and expense on himself by unilaterally redacting those responsive documents. *See* Resp. 5. Producing unredacted documents is *less* burdensome to Kascsak.

Nor does Kascsak's contrary authority help his cause. Resp. 3. Neither *In re Pork Antitrust Litigation*, 2022 WL 972401 (D. Minn. Mar. 31, 2022), nor *Marksman Security Corp. v. P.G. Security, Inc.*, 2021 WL 4990442 (S.D. Fla. Mar. 19, 2021) (cited at Resp. 3), even mention "redaction." Kascsak's other cases are unpersuasive and further include additional grounds for not ordering production of the unredacted texts.[2] Kascsak's cases, if anything, demonstrate that opening the door for unilateral redactions would potentially lead to multiple unjustified proceedings. Allowing unilateral redactions will at a minimum require a log with "an adequate explanation as to exactly what was redacted for relevance, which permits [Expedia] to challenge any of those redactions if [it] does not believe that they are irrelevant." *Greenbank v. Great Am. Assurance Co.*, 2019 WL 6522885, at *12 (S.D. Ind. 2019) (cited Resp. 3). After that, potentially *in camera* review,[3] and additional hearings.[4]

---

produced responsive Slack communications, as well as emails with non-responsive attachments, unredacted. There is no comparison.

[2] *See Aragon v. Rise L. Grp.*, 2024 WL 3290387, at *4 (D. Or. 2024) (noting that the motion to compel was untimely); *Searcy*, 2021 WL 2912921, at *2 (allowing redactions because the request was for involve improper "discovery on discovery"); *Laub*, 2020 WL 7978227, at *12 (finding that any information would likely be cumulative and there was no evidence that "the private messages contain any novel or noteworthy information"); *Greenbank*, 2019 WL 6522885, at *12 (noting that it had previously not allowed unilateral redactions because the subject matter "ma[de] it difficult to ensure only irrelevant information was redacted" but allowing it in this instance because "it is easier (and more likely) that the relevant subjects are completely separate from the irrelevant subjects").

[3] *See Searcy v. City of Colorado Springs*, 2021 WL 2912921, at *1 (D. Colo. 2021) (cited Resp. 3); *Laub v. Horbaczewski*, 2020 WL 7978227, at *13 (C.D. Cal. 2020) (cited Resp. 3).

[4] *See Jewels v. Casner*, 2016 WL 2962203, at *2-4 (E.D.N.Y. 2016) (cited in Mot. Ex. B at 2 n.1).

3

**B. Kascsak has waived the marital privilege through his affirmative acts.**

Kascsak has waived the marital privilege, either in total or at a minimum for any communications relevant to Kascsak's alleged mental anguish, by designating his wife as a witness on the topic[5] and by producing some, but not all, communications relevant to this claim. Kascsak states that he plans to "offer testimony about [his wife's] direct observations, and about any non-privileged conversations"—presumably the conversations that Kascsak selectively produced, which just happen to relate solely to his experience at Expedia—"without waiving the marital privilege" as to non-Expedia-related communications. Resp. 9. Kascsak therefore wants his wife to testify about her "observations" pertaining to his alleged distress, but only as it pertains to his experience with Expedia, and wants to shield all communications with his wife that may indicate a lack of mental anguish, cast doubt on the severity of his alleged mental anguish, or point to another potential cause of that anguish. This is a classic example of a litigant impermissibly attempting to use privilege as both a sword and a shield. Plaintiff cites no case allowing this offensive use of the marital privilege and in fact this very strategy is expressly prohibited. *See Shearrow v. Easton Enterprises, L.L.C.*, No. 11 C 50050, 2012 WL 13209691, at *2 (N.D. Ill. Nov. 5, 2012) ("Plaintiff wants to offer testimony that is helpful to his case and block all testimony as to matters that may be harmful by this selective use of the privilege.").

**C. Expedia is entitled to Kascsak's fee agreement now to assess its total liability.**

Kascsak does not contest that Expedia is entitled to his fee agreement, but contends Expedia's request is premature. Kascsak's argument is meritless because it does not even attempt to grapple with the multitude of well-reasoned Texas cases supporting Expedia's request. *See* Resp. 10; Mot. 10. Defendants should be permitted discovery of the agreements and billing records during the discovery period and prior to trial in order to enable it to assess its total liability if plaintiff prevails.

---

[5] Kascsak also plans to call his wife to testify "to prove" punitive damages. *See* Mot. Ex. B. at RFP 33.

4

In conclusion, the Court should grant Expedia's motion to compel.

        Respectfully Submitted,

        SCOTT DOUGLASS & McCONNICO LLP
        303 Colorado, Suite 2400
        Austin, Texas  78701-2589
        512-495-6300
        512-495-6399 Fax

By:    */s/ Amy Lee Dashiell*
        David D. Shank
        Texas Bar No. 24075056
        dshank@scottdoug.com
        Amy Lee Dashiell
        Texas Bar No. 90001564
        adashiell@scottdoug.com
        Lauren Ditty
        Texas Bar No. 24116290
        lditty@scottdoug.com

*Counsel for Defendant Expedia, Inc.*

**CERTIFICATE OF SERVICE**

     I certify that on December 9, 2024, I served a copy of the foregoing on the parties listed below by CM/ECF.

Alexander Liebmann, Esq.
Max Schreiber
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501

Adam P. Laxalt
Brian W. Barnes
Nicole J. Moss
Samuel D. Adkisson
DeLisa Ragsdale
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washington, DC 20036

Jacob Meckler
Nicholas R. Barry
America First Legal.
611 Pennsylvania Ave SE #231
Washington, DC 20003

*Counsel for Plaintiff Michael Kascsak*

                                                               */s/ Amy Lee Dashiell*
                                                               Amy Lee Dashiell

4922-5631-1301