UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL KASCSAK,<br><br>       *Plaintiff*,<br><br>v.<br><br>EXPEDIA INC.,<br><br>       *Defendant.* | Case No. 1:23-cv-1373-DII |

**REPLY IN SUPPORT OF PLAINTIFF'S
SECOND MOTION TO COMPEL DISCOVERY**

**INTRODUCTION**

In response to Plaintiff's second motion to compel, Expedia repeats yet again its constrained view of relevance. This Court has soundly, and rightly, rejected Expedia's attempts to narrow its discovery obligations and should do so again. Order, Doc. 66 (Oct. 3, 2024). Expedia's assertion that no further discovery is warranted because it has already produced thousands of documents fails to recognize that a great many of those were only provided due to this court's order, and that many of the documents produced are duplicates or very near so. Nevertheless, the documents produced suggest extremely concerning aspects of Expedia's hiring and recruiting practices that bear directly on Plaintiff's claims. Plaintiff's requests are targeted to follow up on this evidence.

Additionally, Expedia's objections as to the privacy rights of third parties lack merit. Its position would deny Plaintiff access to potential witnesses, and any minimal privacy concerns do not outweigh Plaintiff's need for documents identifying potential witnesses and showing how to find them. And the rest of Expedia's response fails to put any real meat on the bare bones of its boilerplate objections. To the extent such objections are not forfeited, they should be overruled.

**ARGUMENT**

**I.     Plaintiff's Requests 94, 96 and 99 Seek Relevant Information Designed to Lead to the Discovery of Admissible Evidence.**

Expedia again asserts its previously rejected relevance arguments, and unsurprisingly has not met its burden to "'show specifically how'" Plaintiff's requests are "'not relevant.'" *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-00259, 2022 WL 3593055, at *3–4 (W.D. Tex. Aug. 22, 2022) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). As discussed in Plaintiff's motion, Doc. 81 at 3–4 (Dec. 6, 2024), these requests go directly to the corporate mindset and Expedia's policies and practices in place around

1

the time Plaintiff claims Expedia discriminated against him.

Plaintiff's requests did not come from thin air. With respect to Request 94, Expedia refers to a single e-mail produced in discovery. Defs. Resp. to Pls. Mot. to Compel, Doc. 83 at 4 (Dec. 13, 2024). But Plaintiff's request was sparked by *two* internal complaints made by Expedia's own employees about Expedia's seemingly illegal race and sex-based hiring targets, in addition to being based on other information learned in discovery. As Expedia's response acknowledged, *see id.*, the complaints that spurred this Request suggest that Expedia considered meeting its quotas so critical that failure to do so was a *fireable offense*. Plaintiff, understandably, seeks to identify former employees who could shed meaningful light on the effects of Expedia's implementation of its race and sex-based hiring policies. While perhaps not all former talent acquisition employees were fired for failure to meet quotas, it is likely that many former employees will have relevant knowledge, and Plaintiff is entitled to probe the truth and weight of this evidence.

Expedia complains Plaintiff has not limited his request to former employees that Expedia fired for this specific reason. But such a limitation would require Plaintiff to trust Expedia's representation of the reasons former employees left Expedia. No doubt Expedia would dispute that there are any such individuals, and on that basis block Plaintiff's access to these witnesses. But that is not how discovery works under the Federal Rules; the fox does not get to guard the hen house. Plaintiff's request—which will be used to identify witnesses—is straightforwardly aimed at identifying relevant evidence, and the burden of Expedia on producing this material is minimal.

Additionally, the probative weight of these potential witnesses' evidence outweighs the very minimal privacy interest those witnesses have in their mere contact information. Nor are the cases cited by Expedia to the contrary. For starters, documents already produced provide a firm foundation for Plaintiff's Request. Thus, Plaintiff is not merely "hop[ing] that interviewing

2

[witnesses] *might* lead to additional discoveries." *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1166–67 (D. Colo. 2015) (emphasis added). Nor is Plaintiff seeking information about *all* former employees and sales representatives for what appears to be a ten-year period, as in *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06-cv-1584, 2008 WL 11339959, at *1 (S.D. Cal. Feb. 20, 2008).[1] Indeed, Expedia's own tenure data, relied on by its expert in his report, shows Plaintiff's request would not sweep in a prohibitively large number of individuals. According to that data, only 56 GTA employees left Expedia over a 21-month period, and Plaintiff's request covers only 18 months. Plaintiff is not fishing; he is pursuing evidence showing that a limited group of individuals are likely to have on-point information. To be sure, Plaintiff might seek discovery from one or more former employees, should the evidence point in such a direction. Doc. 83 at 4. But that is a standard litigation practice. And Expedia has no standing to assert the privacy rights of third parties, who can represent their own privacy interests as warranted. *Guzman v. Latin Am. Ent., LLC*, No. 13-cv-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014).

Expedia also asserts that Request 94 circumvents the limit on interrogatories. Not so. First, Expedia offers no authority requiring that contact information be requested only via interrogatory. The one case Expedia cites dealt primarily with Requests for Admission, as opposed to document requests.[2] Further, most of the document requests at issue did not actually seek documents, and all required the responding party to submit a narrative response. That is not the case here.[3] Second,

---

[1] In *Brighton*, the responding party had produced the names of the former employees and sales representatives, so that the requesting party could at least attempt to contact them some other way. Expedia has refused to do anything of the sort.
[2] While Requests for Admission are intended to narrow issues for trial, document requests and interrogatories seek factual information leading to the discovery of admissible evidence. *Baker v. Cnty. of Missaukee*, No. 09-cv-1059, 2013 WL 5786899, at *4 (W.D. Mich. Oct. 28, 2013).
[3] Additionally, for the one document request that sought contact information, the responding party provided the contact information in its possession. *Baker*, 2013 WL 5786899, at *24.

Plaintiff has not reached his interrogatory limit, and Expedia has not provided the information in *any* form. So, this is no attempt at circumvention.

Expedia's relevance objections with respect to Requests 96 and 99 suffer from the same flawed attempts to improperly narrow the scope of discovery as its objections to Request 94. Facts about the implementation of referral awards and diverse slate policies will demonstrate the tangible incentives and heavy pressures motivating the discriminatory environment and practices at Expedia. Such incentives, pressures, and practices are relevant because they created and exacerbated clear bias in the minds of Expedia recruiters, sourcers, and hiring managers—right around the time Plaintiff alleges discrimination. The materials are thus relevant.

## II.     Defendant Fails to Cure its Impermissible Boilerplate Objections.

Expedia has no answer to Plaintiff's arguments that its boilerplate objections are improper. Instead, for the first time, Expedia attempts to offer a few facts apparently in support of its impermissibly vague objections. Yet Expedia's thin explanations fail to support its objections with sufficient particularity.

For example, Expedia objected to Request 96—with no factual support whatsoever—as "overbroad, unduly burdensome, [and] outside the bounds of proportional discovery." Ex. A, Doc. 8-1 at 8 (Dec. 6, 2024). Expedia now claims determining referral awards for diversity hires would require it to "determine which of its more than 7,300 hires during the requested 2022-2023 time period resulted in payment of a referral bonus, and then to produce documents 'sufficient to show' that bonus, whether it was given in connection to any so-called 'diversity hire' or not." Doc. 83 at 7. These points could have been discussed in a meet and confer or at any time prior to Expedia's filing. They were not. Nevertheless, Expedia *still* fails to articulate why it is burdensome to determine what referral bonuses it actually paid, or how the request is overbroad or

4

disproportional. Indeed, responding to this request might be as simple as producing a single spreadsheet.

Similarly, Expedia *now* belatedly asserts some facts that it claims show the difficulty in responding to Request 99. Doc 83 at 7–8. Defendant offers no support at all for its vagueness objection. As for the rest, again, these are the types of issues that parties could address when objections are made properly, with some—indeed *any*—degree of specificity. In those cases, parties might consider how to appropriately narrow a request, for example to a more discrete category of hiring decisions, or come to an agreement on appropriate search terms, vice a "personal inquiry into each and every hiring process" for every position filled in the time period. *Id.* at 8. None of that was possible here. Rather, Expedia's boilerplate language and insistence that it is standing on its objections, leaves no room to make any progress on discovery disputes. It also raises questions about whether Expedia even attempted to determine what would be required to respond fully to these requests, until it filed its response to Plaintiff's motion. Expedia must make *some kind* of reasonable effort to respond to discovery in the first instance, rather than blindly throw the kitchen sink of objections at a request and then attempt to justify them later. *Lopez v. Don Herring LTD.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018). This behavior causes "unnecessary delay" and "needlessly increase[s] the cost of litigation" by forcing Plaintiff to ask this Court, yet again, for assistance. Fed. R. Civ. P. 26(g)(1)(B)(ii).

## CONCLUSION

Expedia's objections, to the extent they have not been forfeited, should be overruled and the Court should compel Expedia to immediately produce documents in response to Plaintiff's Requests for Production 94, 96, and 99.

Respectfully submitted on this 19th of December, 2024.

/s/ *Nicole J. Moss*

Nicole J. Moss, Esq. NC #31958*
Adam P. Laxalt, Esq. NV #12426*
Samuel D. Adkisson, Esq. VA #93362*
DeLisa Ragsdale, Esq. TX #24074579*
Cooper & Kirk, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
nmoss@cooperkirk.com
alaxalt@cooperkirk.com
sadkisson@cooperkirk.com
dragsdale@cooperkirk.com
202-220-9600

Alexander Liebmann, Esq. FL #1032726
Max Schreiber, Esq. IN#37357-45*
Liebmann & Liebmann, P.A.
714 N. Spring St.
Pensacola, FL 32501
alex@liebmannlaw.net
maxschreiber145@gmail.com
845-270-3843

Nicholas R. Barry, Esq. TN #031963*
Jacob Meckler, Esq. DC #90005210*
America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, D.C. 20003
nicholas.barry@aflegal.org
jacob.meckler@aflegal.org
202-964-3721

*Counsel for Plaintiff*

* *Pro Hac Vice*

## PROOF OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

/s/ *Nicole J. Moss*
Nicole J. Moss
Counsel of Record
