UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Michael Kascsak**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:23-cv-1373-DII |
| **Expedia, Inc.**, | § § § | |
| Defendant. | § | |

## JOINT ADVISORY REGARDING MOTION TO COMPEL HEARING

**I.   PARTIES' CONFERENCE**

Following the Court's Order of December 16, 2024 (Doc. 84), the Parties met and conferred via videoconference on January 7, 2025 in an effort to reduce the issues in dispute that will have to be resolved by the Court. Set forth below are the issues that remain in dispute that require the Court's intervention.

**II.   DEFENDANT'S MOTION TO COMPEL (DOC. 79, 80, 82)**

   **A.   Plaintiff's Text Messages with Plaintiff's Friends and Family[1]**

RFP No. 10: "All documents and tangible things concerning any communications with any other person about the facts concerning this Lawsuit, your allegations in this Lawsuit, or complaints about your treatment by Defendants"

RFP No. 35: All communications between you and David Krant that reference or relate to Expedia, your claims against Expedia, your experience with Expedia, your emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state, from January 2018 to present.

---

[1] Earlier this week, Plaintiff notified Expedia that he would be withdrawing his claim for emotional distress damages. Text messages related to Plaintiff's emotional distress should never have been redacted for relevance because they were responsive to specific requests for production aimed at discovering information related to a specific claim for damages. *See, e.g.*, RFP No. 34. However, in light of Plaintiff's decision to withdraw his claim for emotional distress damages, Expedia is no longer seeking to compel Plaintiff to un-redact text messages related to Plaintiff's emotional distress.

RFP No. 37: "All communications between you or anyone representing you (including your attorneys) and any third party, that reference Expedia, Michael Velasco, Allison Allen or Lisa Christensen, or documents or notes reflecting such communications."

### 1.     Defendant's Position

While a party may redact contents of a document on the basis of privilege and work-product, unilateral redactions for relevance are improper. "Redaction is . . . an alteration of potential evidence and a party should not take it upon him, her or itself to decide unilaterally what" the party considers irrelevant or nonresponsive. *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (Austin, M.J.)

All the concerns courts have regarding unilateral redactions for relevance have come to fruition here. Supplemental productions from Plaintiff and nonparty David Krant revealed that Plaintiff redacted numerous text messages as irrelevant that are directly responsive to Expedia's RFPs. Mot. Ex. F; Ex. G. Specifically, when pressed, Plaintiff made a supplemental production that revealed he had previously redacted text messages he had exchanged with his friends and family members about his job search—including his interview experience with Expedia—and this lawsuit. Ex. F. After making this supplemental production, Plaintiff assured Expedia that he had "re-reviewed" his text messages "to assure that no necessary context was redacted and no responsive communications left out." Ex. E at 2. But Expedia obtained text messages from nonparty David Krant that showed Plaintiff was still attempting to use redactions to conceal responsive text messages, including texts about his job search, this lawsuit, the potential windfall he could obtain through his lawsuit, and texts demonstrating that he was driving a Ferrari the entire time he was allegedly experiencing "immense pressure" as "the sole breadwinner of his family" because of Expedia's decision not to hire him. Ex. A; Ex. F; Ex. G. Plaintiff's "selectively applied unilateral redactions are precisely the type of redactions that [should] not only raise the suspicions of [Expedia]" about what additional responsive communications remain redacted "but also of this Court." *Austin Radiological Ass'n*, 292 F.R.D. at 387.

Moreover, nonparties in this case are now refusing to comply with document subpoenas requesting communications they had with Plaintiff during the relevant period because they contend those texts are "duplicative" of what Plaintiff has already produced. But neither those nonparties nor Expedia know what Plaintiff has produced in this case because thousands of pages of text messages have been redacted. Expedia now cannot even test the veracity of Plaintiff's representation that "no responsive communications [have been] left out," Ex. F, because nonparties—specifically, Plaintiff's friends with whom he communicated about his job search, Expedia, and this lawsuit throughout the relevant period—are now refusing to produce their communications with Plaintiff.

Plaintiff's offer to "run additional searches to identify other potentially responsive texts that had been missed by Plaintiff's search terms," is an empty gesture. Pl.'s Resp. at 1. Plaintiff did not previously "miss" responsive text messages based on insufficiently narrow search terms such that revised search terms would scoop up additional responsive communications. Plaintiff redacted communications that he has already located and produced and then asserted that those redacted communications were "nonresponsive, irrelevant, and personal," Ex. E, when several of those redacted communications were in fact directly responsive to numerous requests for production. Ex. F; Ex. G.

Finally, Plaintiff's argument that he should not have to un-redact his text messages unless Expedia produces all its Slack chats is a transparent attempt at distraction. Expedia produced all Slack chats and emails that were responsive to Plaintiff's requests for production unredacted. If a specific message in a Slack chain was responsive to one of Plaintiff's document requests, Expedia produced the entire Slack chain, unredacted. If an email was responsive to one of Plaintiff's document requests, Expedia produced the entire email and all attachments unredacted, even if the email or the attachments contained information irrelevant to this case. Expedia did not redact any of its production for relevance because unilateral relevance redactions are impermissible. There is no comparison.

3

Redacting for relevance is not permissible. Supplemental production and third-party discovery underscore exactly why: Plaintiff's process for making relevance calls is flawed at best and strategic at worst. The Court should compel Plaintiff to un-redact his text messages with his friends and family in the text message threads he has already produced.

### 2. Plaintiff's Position

Expedia is demanding that Plaintiff produce information that Expedia itself is not willing to produce – the entire communication history (regardless of topic) between two or more custodians if even one relevant communication between those custodians is produced. In producing its own Slack messages, Expedia only produced those portions of communications it deemed relevant and in producing the very limited text messages it has agreed to produce from its custodians, Expedia has not produced the entire text history as it is demanding of Plaintiff, but only those texts it has deemed responsive and relevant.[2]

Further, Plaintiff substantively handled the production of his communications very similar to how Expedia has chosen to meet its discovery obligations. Like Expedia, Plaintiff ran search terms to identify potentially responsive text messages, reviewed the results of those keyword searches and produced texts that were determined to be responsive and relevant. The fact that procedurally Plaintiff collected his text messages in a different format (one large PDF that required redacting non-responsive portions of the text history) than Expedia collected its Slack messages, or to the limited extent they

---

[2] While Expedia has expressed the view that it has no obligation to produce any text messages from its employees because it considers their phones to be "personal devices," Plaintiff recently learned at the January 7, 2025 meet and confer that Expedia provides cell phones to at least some of its employees, such as Michael Davis Velasco, and that Expedia business is conducted on these devices. Yet Expedia has had made little to no effort to collect these business-related communications or to produce them in discovery in this case. Further, Expedia represents Mr. Velasco and is offering him as its 30(b)(6) representative, but has objected, both on Expedia's behalf and Mr. Velasco's behalf, to the subpoena served on him by Plaintiff for his text messages to producing all his text communications with other custodians such as Allison Allen. Notably the production of Mr. Velasco's texts did not contain the complete history of his communications with any individuals.

4

were collected, Expedia employee's text messages, does not create a different requirement for Plaintiff to produce his entire text histories than would be imposed on Expedia. To conclude otherwise places form over substance.

Plaintiff has offered to run search terms suggested by Expedia to attempt to identify additional text messages that may need to be produced or for the parties both to agree to produce their entire communication histories between relevant custodians, but Expedia has rejected that compromise.

An additional reason not to compel further production of Plaintiff's text messages is that since the filing of Expedia's Motion to Compel, Plaintiff has also withdrawn his claim for emotional distress damages. This development renders the production of additional text messages unnecessary. Expedia's primary argument until now has been based on its alleged need for additional text messages between Plaintiff and his friends, such as non-party David Krant, to further assess Plaintiff's claim for emotional distress damages, which as Expedia acknowledges, is no longer an issue. Plaintiff has made a reasonable effort to produce all text messages he believes are responsive to Expedia's requests and related to live claims in this case, but as noted above Plaintiff remains willing to run additional search terms suggested by Expedia, again something Expedia itself has not been willing to do for its own productions.

**Court's Ruling:**

Motion to Compel Production of Redacted Text Messages with Friends:

Granted: _____         Denied: _____

Modified as Follows:

### B.     Text Messages between Plaintiff and His Spouse

**RFP No. 36:** "All communications between you and your wife that reference or relate to Expedia, your experience with Expedia, your emotions, feelings, or mental state, or events that could reasonably be expected to affect your emotion, feelings or mental state, from January 2018 to the present."

5

**1.     Defendant's Position**

On January 14, 2025, Plaintiff's counsel informed Expedia's counsel that Plaintiff is dropping his claim for emotional distress damages, and will no longer be calling his wife, Jiman Kascsak, as a witness. Jiman Kascsak was designated as a witness with "knowledge of effect of adverse action on Plaintiff for damages" in Plaintiff's Initial Disclosures. Because Plaintiff has confirmed that he will not call Jiman Kascsak as a witness at trial, Expedia conditionally withdraws its Motion to Compel text messages between Plaintiff and Jiman Kascsak related to his alleged emotional distress, reserving the right to re-urge this Motion with respect to a larger subset of communications that Plaintiff exchanged with his wife should Plaintiff testify regarding his communications with his wife or otherwise waive the asserted marital privilege/spousal communication privilege.

However, Plaintiff is still refusing to produce the complete set of text messages that he exchanged with Jiman Kascsak that "reference or relate to Expedia, [and his] experience with Expedia . . . from January 2018 to the present." *See* RFP No. 36. Plaintiff produced a number of communications with Jiman responsive to this request, and now concedes that he has found additional texts with Jiman Kascsak related to Expedia. However, Plaintiff claims that he does not have to produce them because he has withdrawn his claim for emotional distress damages. Plaintiff's decision to drop his claim for emotional distress damages does not render the communications he had with his wife about Expedia—or this lawsuit—irrelevant, much less permit him to redact them.

To the extent Plaintiff continues to assert spousal privilege over these communications, he has already selectively and purposefully waived spousal privilege by producing a curated set of texts he exchanged with his wife that reference or relate to Expedia, and presumably intends to testify about those communications in his deposition and/or at trial. By doing so, Plaintiff has (at a minimum) waived spousal privilege with respect to communications he had with his wife *that reference or relate to*

6

*Expedia*. The Court should therefore compel Plaintiff to produce *all* text messages that he exchanged with Jiman Kascsak that "reference or relate to Expedia, [and his] experience with Expedia."

### 2. Plaintiff's Position

The Supreme Court has long recognized the marital privilege between spouses. There is no dispute that the communications at issue here are precisely the sort of private communications that fall within that privilege. Expedia is not arguing, and could not argue, that the text messages at issue involve a third-party because no marital privilege was asserted over those types of communications. The entire basis for Expedia's demand for Plaintiff's protected, private, communications with his wife was that Plaintiff intended to call Jiman Kascsak to testify about his emotional distress following the discrimination against him by Expedia. Now that Plaintiff has withdrawn Mrs. Kascsak as a witness, the purported need for additional text communications is no longer valid.

While Plaintiff did produce a limited number of communications with his wife related to his interview process at Expedia, these are not being relied upon to demonstrate emotional distress and present only a limited waiver of the spousal privilege as to factual information about the interview process at Expedia, nothing more. Notably, the last spousal communication produced was from October of 2023 and related to the fact that the Expedia job that had originally been verbally offered to Plaintiff was still open. No texts related to this lawsuit or information about Expedia beyond information related to the interview process has been produced and thus waived. To require more of Plaintiff at this time would be disproportionate to the needs of this case when he has already substantially complied with Expedia's request and has removed his claim for emotional distress damages.

> **Court's Ruling:**
>
> Motion to Compel Production of Spousal Text Messages related to Expedia:
>
> Granted: _____          Denied: _____
>
> Modified as Follows:

### C.     Fee Agreements and Statements

#### 1.     **Defendant's Position**

Notwithstanding his claim for attorney's fees and retention of nine attorneys across three law firms, Plaintiff continues to refuse to produce his fee agreements and fee statements. Plaintiff concedes his fee agreements and fee statements are relevant and identifies no particularly sensitive information that would warrant redaction, but nevertheless objects to producing them until after trial. The weight of authority demonstrates that Plaintiff's fee agreements and fee statements are discoverable now, during the discovery period, because Expedia is entitled to assess its potential liability before a full-blown trial on the merits. Accepting Plaintiff's argument that attorney's fees do not become relevant unless and until he prevails on the merits discourages settlement and the just, speedy, and inexpensive determination of disputes. Damages never become relevant until after liability is established, but courts do not bifurcate damages discovery from merits discovery, or block discovery into damages calculations until after trial. Plaintiff's argument would create an exception for attorney's fees and one unsupported by the plain language of Rule 26(b)(1), which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court should compel the production of Plaintiff's fee agreement and fee statements.

#### 2.     **Plaintiff's Position**

As Plaintiff explained in response to Expedia's Motion to Compel, the request for fee agreements is premature. "Courts have almost universally held that when a statute provides attorneys'

8

fees for a prevailing party, fee arrangements and expenses are not discoverable until liability is established." *Am. Civ. Rts. Union v. Martinez-Rivera*, 2015 WL 13650010, at *5 (W.D. Tex. Sept. 10, 2015) (White, M.J.) (collecting cases). Such agreements are conditionally relevant depending on a finding of liability. Until such a finding is made, fee agreements and expenses are not discoverable. Expedia's contention that it needs this information now so that it can assess the possible fee award it may have to pay ignores the fact that the hourly rates that Plaintiff will be able to claim are dependent not on his agreement with his counsel but on what Plaintiff can establish are reasonable rates in the Western District of Texas for attorneys of similar years of experience and qualifications and will also depend on the scope of the relief obtained. If Expedia is willing to stipulate that the rates and hours billed are what it will pay in attorneys' fees should Expedia be found liable under Title VII or Section 1981, Plaintiff would reconsider his position on the conditional relevancy of these documents, but as Expedia indicated no willingness to do so, the information sought is not currently relevant and should not be required to be produced in discovery.

> **Court's Ruling:**
>
> Motion to Compel Fee Agreements and Statements:
>
> Granted: _____          Denied: _____
>
> Modified as Follows:

### III.  PLAINTIFF'S MOTION TO COMPEL RFPS 94, 96, AND 99 (DOC. 81, 83, 85)

**A.     RFP 94:** Produce documents sufficient to show the names and most recent contact information that Expedia has for any recruiter or member of Expedia's Talent Acquisition teams whose employment with Expedia ended between June 1, 2022 and December 31, 2023 *See* EXP_00021457; EXP_00021455.

#### 1.     Plaintiff's Position

This Request seeks routine, middle of the road, standard discovery on the identity of potential witnesses with information about Expedia's use of race and sex as factors in its hiring process. Nothing

9

more or less than what Expedia is required to provide as part of Initial Disclosures. Documents produced in discovery, two of which are cited in this Request, suggest that Expedia, in pursuit of its race- and sex-based hiring goals, fired members of its talent acquisition team who did not hit these targets. These same documents (and many others) suggest that the illegal use of race and sex as factors in the hiring process was pervasive within Expedia's talent acquisition group and that at least some employees within Expedia had concerns about what they viewed as discriminatory practices. This Request seeks information on the identities of former employees within Expedia's Talent Acquisition teams for a limited period of time (18 months) so that Plaintiff can contact these individuals to determine if they have information relevant to this matter. Unsurprisingly, Expedia denies that it has fired any individuals in retaliation for expressing concerns about discrimination within Expedia or for failing to meet stated race- and sex-based hiring requirements, but Plaintiff should not have to simply take Expedia's word for this. A fair opportunity to uncover these facts and investigate these allegations is the purpose of discovery.

Expedia has no good faith basis for withholding this information. Objections to this Request appear intentionally designed to delay Plaintiff's ability to conduct a thorough investigation and to subpoena potential witnesses for deposition under the current case management schedule. First, Expedia's relevance objection is simply a boilerplate recitation that the documents sought "are not relevant to any claim or defense of any party" with no explanation or detail, no acknowledgment of the basis for the Request as set forth in the cited documents produced by Expedia, and without any effort to distinguish this Court's prior, binding opinion rejecting Expedia's overly narrow view of relevance. Second, the purported "privacy rights of Expedia employees who are not parties to this lawsuit" cannot be a basis for withholding this information when there is a protective order in place and no sensitive personal information such as SSNs, dates of birth, salary, or personnel files is being sought. Third, the fact that Expedia apparently would have preferred that this Request come in the

form of an Interrogatory, not a Request for Production, is not a basis to withhold the requested information. Plaintiff has made clear that if it would be less burdensome for Expedia to provide the requested information in a summary chart or spreadsheet as opposed to producing actual documents, he is willing to accept the requested information in that form. Expedia's refusal to compromise further lays bare its real strategic purpose of delaying and stymieing Plaintiff's discovery efforts.

### 2. Defendant's Position

Plaintiff demands contact information of *every single* former Talent Acquisition team member who left Expedia *for any reason*, so that he can contact these individuals and question them regarding the reasons that they left Expedia. This is far beyond a "middle of the road" request and far outside of Rule 26's requirement that a party identify individuals "likely to have discoverable information." Plaintiff's purported basis for this request is an anonymous email sent to Expedia in February 2023 that claimed "People have been fired for not hitting these [diversity] targets."[3] But this vague allegation from an anonymous source that fails to identify an alleged "fired" employee is completely untethered to Plaintiff's claims. The allegation was made months before Plaintiff applied to Expedia (therefore any individuals supposedly "fired" for the reason hypothesized in the anonymous email were not involved in his hiring process) and the individuals who were involved in Plaintiff's interview process have all been identified and are set to be deposed.

Plaintiff's request will inevitably subject former Expedia employees with no connection to this case to invasive questions, discovery requests, and depositions. The Court must balance the person's "legitimate claims of privacy against the need of the opponent for the discovery," *Choate v. State Farm Lloyds* (Mot. at 7) *quoting Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D. Cal. 1995), and even when

---

[3] *See* EXP_00021455 submitted *in camera* by Plaintiff on August 16, 2024.

11

courts resolve that balancing in favor of disclosure, they cabin the disclosure of private information to employees with relevant knowledge. *See, e.g.*, *Hitchcock v. Steak N Shake, Inc.*, No. CV SA-16-CA-00922-XR, 2017 WL 11037126, at *5 (W.D. Tex. May 25, 2017) (allowing discovery of information on employees who "witnessed this incident, rendered assistance to, came in contact with, or engaged in conversation with plaintiff") and cases cited in Resp. (Dkt. 83) at 5-6. "[A] wholesale request for the identities of <u>all</u> . . . employees in certain categories, simply in the hopes that interviewing them might lead to additional discoveries, is indeed an overbroad request properly characterized . . . as a fishing expedition." *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1166–67 (D. Colo. 2015); *see also* Resp. at 6.  Plaintiff's Motion should be denied.

---

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 94:

Granted: _____          Denied: _____

Modified as Follows:

---

**B.     RFP 96 :** Produce documents sufficient to show any referral awards given at Expedia from January 2022 until November 2023. *See* EXP_00011197.

   **1.     Plaintiff's Position**

Plaintiff is again requesting plainly relevant information related to his claims of discrimination at Expedia. Request 96 seeks information about referral awards given to employees related to race- and sex-based hiring referrals. Information on how many of these rewards were paid, to whom, and for how much is related to Expedia's DEI initiatives, its hiring processes, and its corporate mindset – all middle of the road with respect to this Court's findings on relevancy. Expedia regurgitates the relevancy objection, already rejected by this Court, that because allegedly no referral bonuses were paid for the specific Global Sourcing position Plaintiff applied for, information related to race- and

12

sex-based referral awards is not relevant. The Court should once again reject this inaccurate view of the scope of relevancy in a discrimination case.

The Court should also reject Expedia's "burden" objection as it is boilerplate, made with no required specificity or detail, and neither in Expedia's written objections nor in its later meet and confers has Expedia provided any information or details on what it has done to even attempt to locate or ascertain the difficulties, if any, in producing information on referral awards.

### 2. Defendant's Position

No referral bonus was paid in connection with the Global Sourcing position for which Plaintiff applied. Nevertheless, Expedia has agreed to produce documents reflecting its referral bonus policy during this time period. Documents "sufficient to show" whether and to what extent individual referral bonuses may have been paid related to *any other* hires—across the entire company during a two-year time period—are not relevant to this dispute. This request has no connection to Expedia's decision not to hire Plaintiff and his Motion to Compel regarding RFP 96 should be denied.

---

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 96:

Granted: _____          Denied: _____

Modified as Follows:

---

**C.     RFP 99:** Produce documents regarding any Expedia hiring or contracting process that was paused, suspended, delayed, and/or put on hold because of Expedia's diverse slate requirement from January 1, 2022 to present. Documents shall be produced even if the diverse slate requirement was not the sole or exclusive basis for any pause, suspension, delay, or hold in a hiring or contracting process.

### 1. Plaintiff's Position

Once again, the information being requested here is middle-of-the-road stuff with respect to relevancy. Documents produced in discovery and Plaintiff's own experience with Expedia suggest that

13

Expedia has placed candidates and positions on hold in order to pursue a more diverse slate of candidates. This Request seeks documents related to Expedia's practice of pausing, suspending, delaying or putting on hold candidates or positions for diversity reasons, and Expedia has articulated no good faith basis for failing to respond to this Request. First, Expedia's written objections are classic, inappropriate boilerplate and should be deemed forfeited. The entire objection consists of the following: "Expedia objects to this request because it is vague, overbroad, unduly burdensome, fails to identify documents with reasonable particularity, and seeks documents outside the bounds of proportional discovery, and that are not relevant to any claim or defense of any party." Second, meet and confers with Expedia made clear that it has not even attempted to investigate whether documents responsive to this Request could be produced, for example, by pulling a report from Expedia's WorkDay database, which is used to track hiring and open positions within Expedia, or from any other database or report that Expedia used to track compliance with its diverse slate requirements.

2. **Defendant's Position**

This request not only seeks documents that are not relevant and not proportional to the needs of the case, but is also impossibly vague and overbroad. It seeks documents related to hiring processes and decisions wholly unrelated to the employment decision at issue, that were made in different divisions, by different sourcers, recruiters and hiring managers, and involving different hiring processes and circumstances. Expedia hired over 9,500 employees during the requested almost 3-year time period. The fact that any particular hiring process was "delayed" in any of these over 9,500 hiring processes has no bearing on whether Expedia discriminated against Plaintiff. Plaintiff will have plenty of opportunities to probe the specifics of his own interview process when he deposes the individuals who made the decision not to hire him.

Moreover, as a practical matter it is not feasible to search for documents responsive to this vague and overbroad request. Plaintiff's request would require Expedia to determine, for those

thousands and thousands of hires—and potentially any *non*-hires, whether the process for each of those hires was "paused, suspended, delayed, and/or put on hold because of Expedia's diverse slate requirement…even if the diverse slate requirement was not the sole or exclusive basis" for the alleged delay. It is not possible for Expedia to determine whether a process was "paused, suspended, delayed, and/or put on hold" because each hiring process is unique and there is no set timeline or standard for how long it should take. Further, even if Expedia could somehow identify hires that were "delayed," it would be unable to determine the reasons (of which there may be many) for the purported delay without personal inquiry into each and every hiring process. This request is far outside the bounds of relevant discovery and not proportional to the needs of this case, and should be denied.

**Court's Ruling:**

Motion to Compel regarding Request for Production No. 99:

Granted: \_\_\_\_          Denied: \_\_\_\_

Modified as Follows:

Respectfully submitted,

By: ___*Nicole Jo Moss*___
    Nicole J. Moss, Esq. NC #31958*
    Adam P. Laxalt, Esq. NV #12426*
    Brian W. Barnes, Esq. CO #43040*
    Samuel D. Adkisson, Esq. VA #93362*
    Cooper & Kirk, PLLC
    1523 New Hampshire Ave., NW
    Washington, D.C. 20036
    nmoss@cooperkirk.com
    alaxalt@cooperkirk.com
    bbarnes@cooperkirk.com
    sadkisson@cooperkirk.com
    202-220-9600

    Alexander Liebmann, Esq. FL #1032726
    Max Schreiber, Esq. IN#37357-45*
    Liebmann & Liebmann, P.A.
    714 N. Spring St.
    Pensacola, FL 32501
    alex@liebmannlaw.net
    maxschreiber145@gmail.com
    845-270-3843

    Nicholas R. Barry, Esq. TN #031963*
    Jacob Meckler, Esq. DC #90005210*
    America First Legal Foundation
    611 Pennsylvania Ave SE #231
    Washington, D.C. 20003
    Nicholas.barry@aflegal.org
    Jacob.meckler@aflegal.org
    202-964-3721

    *\* Pro Hac Vice*

    *Counsel for Plaintiff*

    SCOTT DOUGLASS & MCCONNICO LLP
    303 Colorado Street, Suite 2400
    Austin, Texas 78701
    (512) 495-6300 Telephone
    (512) 495-6399 Facsimile

By: ___*Amy Lee Dashiell*___
    David D. Shank

        Texas Bar No. 24075056
        dshank@scottdoug.com

        Amy Lee Dashiell
        Texas Bar No. 90001564
        adashiell@scottdoug.com
        Lauren Ditty
        Texas Bar No. 24116290
        lditty@scottdoug.com
        Robert P. Earle
        Texas Bar No. 241245566
        rearle@scottdoug.com

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas using the CM/ECF system and thus served these papers on Defendants' counsel.

                                             _/s/ Nicole J. Moss_
                                                Nicole J. Moss
                                                Counsel of Record