UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL KASCSAK,<br>*Plaintiff* | § § § | |
| v. | § § | No.  1:23-CV-01373-DII |
| EXPEDIA, INC.,<br>*Defendant* | § § § | |

### ORDER

Before the Court are motions to compel filed by Defendant Expedia, Inc., Dkt. 79, and Plaintiff Michael Kascsak, Dkt. 81. The District Judge referred the motions to the undersigned for disposition. The Court set the motions for hearing, Dkt. 84, and after considering the parties' filings, the record as a whole, the applicable law, and the arguments made at the hearing, the Court announced its rulings, and the reasons for those rulings, on the record. This written order memorializes those oral rulings.

The Court **GRANTS IN PART and DENIES IN PART** Expedia's motion, Dkt. 79. More specifically, regarding the text messages sought, the Court **GRANTS** the motion as to responsive exchanges Kascsak had with his wife regarding Expedia and which were withheld by Kascsak based on his assertion of the spousal privilege, which the Court finds Kascsak has waived based on his selective production of similar communications. The Court **ORDERS** Kascsak to supplement his production consistent with the foregoing ruling no later than February 19, 2025. The Court **DENIES** the motion as to the remainder of issues relating to text messages. As for

Expedia's fee agreements and statements, the Court **GRANTS** the motion and **ORDERS** the parties to confer on a date certain, before trial (the 90-days-before-trial suggestion from counsel should serve as a good starting point for the discussion) by which Expedia will produce the non-privileged documents/records responsive to this request.

The Court likewise **GRANTS IN PART and DENIES IN PART** Kascsak's motion, Dkt. 81. The Court **GRANTS** the motion as to RFP 94 in full. As to RFPs 96 and 99, the Court **GRANTS** the motion **IN PART**, limiting Expedia's obligation to producing records related to individuals who were employed by, or considered for positions for, the Talent Acquisition department that Kascsak was being considered for, and, outside that department, individuals who were employed at, or considered for, organizationally comparable positions to the one Kascsak was considered for (i.e., "Senior Director"). The Court **ORDERS** Expedia to supplement its production consistent with the foregoing ruling no later than February 19, 2025. The Court **DENIES** the motion in all other respects.

SIGNED January 22, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE