UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Arturo Bruno, | § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | NO:  AU:23-CV-01183-DAE |
| Robert Donohoe, | | |
| Defendant. | | |

SCHEDULING ORDER

The scheduling recommendations provided by the parties on December 23, 2024 (Dkt no. 28) have been reviewed by the Court. Therefore, the following dates are entered to control the course of this case:

1.  The parties must mediate this case a second time on or before **April 25, 2025** and file a report in accordance with Rule 88 after the mediationis completed**.**

2.  The parties previously mediated this case on **April 4, 2024**. As such, there is no need for a written offer of settlement or a response, as that has already been performed.

3.  The parties shall file all motions to amend or supplement pleadings or to join additional parties by **October 21, 2025**.

4.  All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **October 21, 2025**.  Parties resisting claims for relief shall file their designation testifying experts and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **December 5, 2025.** All designations of rebuttal experts shall be designated within fourteen (14) days of receipt of the report of the opposing expert.

5.  An objection to the reliability of an expert's proposed testimony under

Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within thirty (30) days of receipt of the written report of the expert's proposed testimony, or within thirty (30) days of the expert's deposition, if a deposition is taken, whichever is later.

6.  The parties shall complete all discovery on or before **January 19, 2026**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.  All dispositive motions shall be filed no later than **February 18, 2026**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length.  Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e).  **If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.**

8.  If required, a hearing on dispositive motions will be set by the Court for a date after the deadline for responses and replies.

9.  The Court will set the case for trial by separate order.  The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

IT IS SO ORDERED.

DATED: Austin, Texas, January 22, 2025.

_____
DAVID ALAN EZRA
SENIOR U.S. DISTRICT JUDGE